# EXHIBIT B

Filing # 225078820 E-Filed 06/12/2025 09:03:07 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA
CIVIL DIVISION

TAMAMOI, LLC,
   Plaintiff,

vs.

CANAVERAL CROSSROADS, LLC; CRESCENT SOUND LTD., TRUSTEE OF TIERED LAND TRUST U/T/D SEPTEMBER 13, 2023; IAM IRREVOCABLE TRUST U/T/D JUNE 1, 2002; MARTIN FLYNN; HORTON S. JOHNSON *a/k/a* HORTON JOHNSON; MICHAEL MCPHILLIPS; HOMEMAKERS REAL ESTATE, LLC; CAPE CROSSING CONDOMINIUM ASSOCIATION, INC.; UNKNOWN TENANT #1; UNKNOWN TENANT #2; UNKNOWN TENANT #3; UNKNOWN TENANT #4; UNKNOWN TENANT #5; UNKNOWN TENANT #6; UNKNOWN TENANT #7; UNKNOWN TENANT #8; UNKNOWN TENANT #9; UNKNOWN TENANT #10; UNKNOWN TENANT #11; UNKNOWN TENANT #12; UNKNOWN TENANT #13; UNKNOWN TENANT #14; UNKNOWN TENANT #15; UNKNOWN TENANT #16; UNKNOWN TENANT #17; UNKNOWN TENANT #18; ALL OTHER UNKNOWN PARTIES CLAIMING INTERESTS BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAME UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS
   Defendant(s).
_____/

CASE NO. 052024CA023943XXCABC

DIVISION

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

THIS ACTION was heard before the Court on **June 6, 2025**, upon Plaintiff's Motion for Summary Judgment. Based on the evidence presented and being otherwise fully informed in the premises:

IT IS ADJUDGED that:

Filing 225078820   Page 1 of 7 – Uniform Final Judgment of Foreclosure   05-2024-CA-023943-XXCA-BC
TAMAMOI LLC v. CANAVERAL CROSSROADS
LLC, et al.

1. Plaintiff's Final Judgment is GRANTED. Service of process has been duly and regularly obtained over Defendants: CANAVERAL CROSSROADS, LLC; CRESCENT SOUND LTD., TRUSTEE OF TIERED LAND TRUST U/T/D SEPTEMBER 13, 2023; IAM IRREVOCABLE TRUST U/T/D JUNE 1, 2002; MARTIN FLYNN; HORTON S. JOHNSON *a/k/a* HORTON JOHNSON; MICHAEL MCPHILLIPS; HOMEMAKERS REAL ESTATE, LLC; CAPE CROSSING CONDOMINIUM ASSOCIATION, INC.; UNKNOWN TENANT #1 N/K/A KATHRYN MOORE; UNKNOWN TENANT #2 N/K/A ALBERT CHOWANSKY; UNKNOWN TENANT #3 N/K/A JOSEPH BONAVITA; UNKNOWN TENANT #4 N/K/A ANN BONAVITA; UNKNOWN TENANT #5 N/K/A DON ROBINSON; UNKNOWN TENANT #6 N/K/A RACHELLE ROBINSON; and ALL OTHER UNKNOWN PARTIES CLAIMING INTEREST BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAME UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS, hereinafter referred to as "Defendants."

2. **Amounts Due.** Plaintiff, TAMAMOI, LLC, whose address is 5060 SW Philomath Blvd, #516, Corvallis, OR 97333, is due the following amounts:

| CATEGORY | AMOUNT |
| --- | --- |
| Principal due on the note secured by the mortgage foreclosed: | $270,768.44 |
| Interest on the note and mortgage from May 1, 2023 – July 31, 2023 | $6,776.71 |
| Interest on the note and mortgage from August 1, 2023 – November 30, 2024 (per diem: $135.53) | $65,056.43 |
| Interest on the note and mortgage from December 1, 2024 – June 6, 2025 *(188 days at $135.53 per diem interest)* | $25,479.64 |
| Pre-acceleration Late Charges | $361.26 |
| Pre-acceleration Servicing Fees | $255.00 |
| Unapplied Funds | ($2,493.30) |
| **SUB-TOTAL** | **$366,204.18** |
| Attorney's Fees – Standard Foreclosure Flat Fee | $5,400.00 |
| Additional Attorney's Fees – Non-Standard Flat Fees: Additional Complaint Counts | $4,500.00 |
| Additional Attorney's Fees – Non-Standard Flat Fees: Draft and revise Note Allonge and Assignment of Mortgage for each of 9 units | $1,350.00 |
| Additional Attorney's Fees – Non-Standard Hourly Fees Finding as to reasonable number of hours: 53 Find as to reasonable hourly rate: $330.00 | $17,490.00 |
| **SUB-TOTAL** | **$28,740.00** |
| Service Cost- Statutory Postage: Motion For Default | $11.61 |
| Service Cost- Statutory Postage: Amended Complaint | $34.20 |
| Service Cost- Service of Process | $2,373.75 |
| Service Cost- Service of Process | $339.25 |

| Filing Cost- Complaint Filing Fee | $2,008.42 |
|---|---|
| Filing Cost- Court Summons | $258.75 |
| Filing Cost- Notice of Dropping Parties | $27.95 |
| Title Cost- Title Search | $860.00 |
| Title Cost- Title Update | $150.00 |
| FedEx Cost | $14.51 |
| **SUB-TOTAL** | **$6,078.24** |
| **GRAND TOTAL** | **$401,022.42** |

The grand total sum referenced above must bear interest from this date forward at the current rate of 9.15% per year, and subject to change as set forth in section 55.03, Florida Statutes.

3.      **Lien on Property.**  Plaintiff holds a lien for the grand total sums set forth in Paragraph 2 herein, which lien is superior in dignity to any right, title, interest or claim of the Defendant(s) named herein, and any person, corporation or entities claiming by, through, under or against these Defendant(s), encumbering the subject property located in Brevard County, Florida, more particularly described as:

**CONDOMINIUM UNIT 403, CAPE CROSSING, A CONDOMINIUM, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORD BOOK 8418, PAGE 1832, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA.**

**Mortgage recorded on June 4, 2019, in Book 8455 at Page 722 of the Public Records of Brevard County, Florida.**

Property Address: **202 Ivory Coral Lane, Unit 403, Merritt Island, FL 32953**

4.      **Sale of Property.**  If the total sum with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court must sell the subject property to the highest bidder for cash, except as prescribed in Paragraph 5, at public sale on **August 20, 2025 at 11:00 A.M.,** after having first given notice as required by section 45.031, Florida Statutes. Public auctions for foreclosures are held in person at the Brevard County Government Center-North, Brevard Room, 518 South Palm Avenue, Titusville, FL 32796, beginning at 11:00 A.M., on the prescribed date.

5.      **Costs.**  Plaintiff must advance all subsequent costs of this action and must be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If plaintiff is the purchaser, the clerk must credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

All subsequent amounts advanced by Plaintiff to protect its mortgage lien, including but not limited to sale fees and cost of publication; post-judgment advances for property taxes and insurance, property preservation costs; post-judgment attorney's fees and costs and post-judgment bankruptcy attorney fees and costs, shall be set forth by Plaintiff or Plaintiff's counsel via affidavit(s), and the Clerk shall increase the amount due Plaintiff under Paragraph 2 by the amount set forth in such affidavit(s) without further order of the Court.

6.      **Section 718 and 720, Fla. Stat., Entitlement.**   If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under section 718 and 720, Florida Statutes, and as such is only responsible to pay 1% of the subject mortgage or 12 months of regular periodic assessments, at the time certificate of title is issued vesting title to Plaintiff, its successors or assigns.  Plaintiff, its successors or assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

7.      **Distribution of Proceeds.**   On filing the certificate of title, the Clerk must distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this court.

8.      **Right of Redemption / Right of Possession.**   On filing the certificate of sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of lis pendens must be foreclosed of all estate or claim in the property and Defendant's right of redemption as prescribed by section 45.0315, Florida Statutes, must be terminated, except as to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes; and claims or rights under chapter 718 or chapter 720, Florida Statutes, if any; and except as to the UNITED STATES OF AMERICA, which as a lien holder shall have the right to exercise its right of redemption pursuant to 26 U.S.C. Section 7425 and/or Title 28, United States Code, Section 2410(c), within 120 days from the date of sale.  On the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property, subject to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes

9.      **Attorney's Fees.**   The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

The court finds, based on the affidavits/testimony presented and on inquiry of counsel for the Plaintiff that the hours stated in Paragraph 2 were reasonably expended by Plaintiff's counsel and that the hourly rate stated in Paragraph 2 is appropriate. Plaintiff's counsel represents that the attorneys' fees awarded does not exceed its contract fee with the plaintiff. The court finds that there is/are no reduction or enhancement factors for consideration by the court under *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

10. **Breach of Guaranty.** The court finds that Plaintiff is entitled to an award of damages for breach of guaranty for the grand total sums set forth in Paragraph 2 herein.

Judgment is hereby entered in favor of the Plaintiff against Defendant(s), MARTIN FLYNN, HORTON S. JOHNSON *a/k/a* HORTON JOHNSON, and MICHAEL MCPHILLIPS, for breach of guaranty.

11. **Jurisdiction Retained.** The court retains jurisdiction of this action to enter further orders or judgments that are proper, including, without limitation, an award of attorney's fees and costs, a deficiency judgment, writs of possession, orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE CLERK **NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED.** IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CONTACT THE CLERK OF THE COURT AT 518 SOUTH PALM AVENUE, TITUSVILLE, FL 32780, WITHIN **10 DAYS AFTER THE SALE** TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (BREVARD COUNTY LEGAL AID, INC., 1038 HARVIN WAY, SUITE 100, ROCKLEDGE, FL 32955, TELEPHONE: (321) 631-2500), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT BREVARD COUNTY LEGAL AID, INC., YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

STATUTORY REQUIRED LANGUAGE ABOVE, IN ACCORDANCE WITH SECTION 45.031, FLORIDA STATUTES, IS IN ALL CAPITAL LETTERS.

*It is further ORDERED and ADJUDGED that within 5 days from the date of eservice of this Order/Judgment the moving party shall:*

*1. Furnish a copy of this Order/Judgment to each self-represented party by U.S. Mail, first class, postage paid and*

*2. File a certificate signed by the moving party's counsel that delivery of this Order/Judgment has been made as set forth herein.*

DONE and ORDERED at the Moore Justice Center, Viera, Brevard County, Florida, on Wednesday, June 11, 2025.



05-2024-CA-023943 06/11/2025 05:02:23 PM

Samuel Bookhardt III, Judge
05-2024-CA-023943 06/11/2025 05:02:23 PM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies have been furnished via filing with the Florida Courts E-Filing Portal on Thursday, June 12, 2025.

DIXON, AUDREY JAYNE
adixon@mtglaw.com
serviceFL@mtglaw.com

WULFF, ELIZABETH A
ewulff@mtglaw.com

RATCLIFFE, MIRANDA S
Miranda@PinoLawGroup.com
Ljp@PinoLawGroup.com
AdminPLG@PinoLawGroup.com

MOSES, ALISON J
alisonplaw@gmail.com
alisonpitkanen@gmail.com

JOHNSON, BAYLOR S
johnsonb@urbanthier.com
sayyed@urbanthier.com
efiling@urbanthier.com

CROWDER, J CHRISTOPHER
jcrowder@farolaw.com
farolawpleadings@gmail.com

MATTINGLY, KARENA JOY
kmattingly@beckerlawyers.com
Cofoservicemail@beckerlawyers.com
COFOEfile@beckerlawyers.com

Annalise Hayes DeLuca
adeluca@mtglaw.com
servicefl@mtglaw.com

Laurence J. Pino
ljp@pinolawgroup.com
Sean@pinolawgroup.com
Cathy@pinolawgroup.com

05-2024-CA-023943 06/12/2025 08:55:31 AM

Valerie Mackey, Judicial Assistant
05-2024-CA-023943 06/12/2025 08:55:31 AM