**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**CANAVERAL CROSSROADS, LLC,**

Alleged Debtor.
_______________________________________/

Case No. 6:26-bk-05426-GER
Chapter 7 (Involuntary)

**DEBTOR'S ANSWER TO INVOLUNTARY PETITION AND CONSENT TO ENTRY OF ORDER FOR RELIEF**

Canaveral Crossroads, LLC (the "Debtor"), by and through undersigned counsel and pursuant to 11 U.S.C. § 303 and Rules 1011 and 1013 of the Federal Rules of Bankruptcy Procedure, answers the Involuntary Petition Against a Non-Individual (Official Form 205) filed against it on July 20, 2026 [Doc. 1] (the "Petition"), and states:

## PRELIMINARY STATEMENT

1. The Debtor does not contest the Petition. The Debtor consents to the entry of an order for relief against it under 11 U.S.C. § 303(h) and waives further notice and hearing on the entry of that order.

2. The Debtor does not, however, believe that liquidation under chapter 7 is in the best interests of creditors or of the estate. Contemporaneously with this Answer, the Debtor has filed its Motion to Convert Case from Chapter 7 to Chapter 11 Pursuant to 11 U.S.C. § 706(a) (the "Motion to Convert"), by which it exercises its statutory right to convert this case to a case under chapter 11 and to operate as a debtor in possession. The Debtor respectfully requests that the Court enter the order for relief and, immediately upon its entry, convert this case to chapter 11.

3. Except as expressly stated below, nothing in this Answer constitutes an admission of the validity, amount, priority, extent, perfection, secured status, or enforceability of any claim asserted by any petitioning creditor or any other party. The Debtor reserves all rights, claims, defenses, objections, setoffs, recoupments, counterclaims, and causes of action, including under 11 U.S.C. §§ 502, 506, 510, and 544 through 553, and under Rule 3007 of the Federal Rules of Bankruptcy Procedure.

## RESPONSES TO THE ALLEGATIONS OF THE PETITION

*(The numbered responses below correspond to the numbered items of Official Form 205.)*

4. **Item 1 (Chapter of the Bankruptcy Code).** Admitted that the Petition was filed under chapter 7 of the Bankruptcy Code. The Debtor states that this case should proceed under chapter 11 and respectfully refers the Court to the Motion to Convert filed contemporaneously herewith.

5. **Items 2 and 3 (Debtor's name; other names).** Admitted.

6. **Item 4 (Employer Identification Number).** Admitted that the Debtor has a federal Employer Identification Number. The Debtor will state its Employer Identification Number in the schedules and statements it files in this case.

7. **Items 5 and 6 (Debtor's address; website).** Admitted.

8. **Item 7 (Type of debtor).** Admitted. The Debtor is a Florida limited liability company.

9. **Item 8 (Type of debtor's business).** Admitted.

10. **Item 9 (Cases pending by or against affiliates).** Admitted that bankruptcy cases are pending as to the entities identified in Item 9. The Debtor is without knowledge sufficient to admit or deny the Petition's characterization of the relationship of each such entity to the Debtor and therefore denies the same.

11. **Item 10 (Venue).** Admitted.

12. **Item 11 (Allegations).** Responding to the allegations of Item 11:

(a) Admitted that the Debtor is a person against whom an order for relief may be entered under 11 U.S.C. § 303(a).

(b) Admitted that the Debtor is generally not paying its debts as they become due.

(c) Solely for purposes of the entry of an order for relief, and without admission for any other purpose, the Debtor does not contest the allegation that each petitioner is eligible to file the Petition under 11 U.S.C. § 303(b). The Debtor does not waive, and expressly reserves, all objections to the allowance, amount, classification, priority, extent, and secured status of the claims asserted by Horton S. Johnson, Jetton Investments Incorporated, and Cape Crossing Vacation Rentals, LLC, and all defenses, counterclaims, setoffs, recoupments, and avoidance claims relating to those claims and the transactions underlying them.

13. **Item 12 (Transfer of claim).** Admitted that the Petition discloses that a claim against the Debtor has been transferred to a petitioner. The Debtor is without knowledge sufficient to admit or deny the contents, accuracy, or sufficiency of the documents evidencing that transfer or of any statement required by Rule 1003(a) of the Federal Rules of Bankruptcy Procedure, and therefore denies the same and demands strict proof thereof, without prejudice to the entry of the order for relief to which the Debtor consents herein.

14. **Item 13 (Each petitioner's claim).** Admitted that each petitioner asserts a claim against the Debtor of the general nature described. The Debtor is without knowledge sufficient to admit or deny the amounts stated, the characterization of any claim as secured or unsecured, or the value of any lien, and therefore denies the same, reserving all rights under 11 U.S.C. §§ 502 and 506 and Rule 3007.

15. **Part 4 (Request for Relief).** The Debtor consents to the entry of an order for relief against it and requests that this case be converted to a case under chapter 11 immediately upon entry of that order.

**STATEMENT OF POSITION AND RESERVATION OF RIGHTS**

16. Because the Debtor does not controvert the Petition, an order for relief may be entered under 11 U.S.C. § 303(h) and Rule 1013 of the Federal Rules of Bankruptcy Procedure without trial on any contested issue. The Debtor asks that the order for relief be entered promptly so that the Debtor may proceed under chapter 11.

17. The Debtor is not a liquidating shell. Its assets include developed and undeveloped real property and related operating interests that have materially greater value as a going concern than in a forced chapter 7 sale, and the Debtor has prepared a plan of reorganization, disclosure statement, and supporting projections and liquidation analysis in anticipation of proceeding under chapter 11. The grounds for conversion are set out more fully in the Motion to Convert.

18. Nothing in this Answer waives, and the Debtor expressly preserves, the protections of 11 U.S.C. § 362 and all other rights, claims, defenses, and remedies available to the Debtor and, upon conversion, to the Debtor in possession and the estate.

WHEREFORE, Canaveral Crossroads, LLC respectfully requests that this Court (i) enter an order for relief against it under chapter 7 of title 11 of the United States Code; (ii) immediately upon entry of the order for relief, grant the Motion to Convert and convert this case to a case under chapter 11; and (iii) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of August, 2026,

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.
Florida Bar No. 367461
FROMANG & SMITH, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Primary email: chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2026, a true and correct copy of the foregoing Debtor's Answer to Involuntary Petition and Consent to Entry of Order for Relief was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all parties registered to receive such notice in this case.

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.