**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**CANAVERAL CROSSROADS, LLC,**

Alleged Debtor.
______________________________________/

Case No. 6:26-bk-05426-GER
Chapter 7 (Involuntary)

**DEBTOR'S MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11 PURSUANT TO 11 U.S.C. § 706(a)**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Canaveral Crossroads, LLC (the "Debtor"), by and through undersigned counsel and pursuant to 11 U.S.C. § 706(a) and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedure, moves the Court for entry of an order converting this case from a case under chapter 7 to a case under chapter 11 of the Bankruptcy Code, and in support states:

**BACKGROUND**

1. On July 20, 2026, Horton S. Johnson, Jetton Investments Incorporated, and Cape Crossing Vacation Rentals, LLC (the "Petitioning Creditors") commenced this case by filing an

Involuntary Petition Against a Non-Individual under chapter 7 of the Bankruptcy Code [Doc. 1] (the "Petition").

2. The Clerk issued the summons to the Debtor on July 24, 2026 [Doc. 4], and the summons and Petition were served on the Debtor's registered agent on July 31, 2026. The Debtor's time to respond under Rule 1011(b) of the Federal Rules of Bankruptcy Procedure therefore expires on August 21, 2026.

3. Contemporaneously with this Motion, the Debtor has filed its Answer to Involuntary Petition and Consent to Entry of Order for Relief (the "Answer"). The Debtor does not contest the Petition and consents to the entry of an order for relief under 11 U.S.C. § 303(h). No order for relief has been entered as of the filing of this Motion.

4. Also filed with the Petition was the Petitioning Creditors' Motion to Appoint Ross Johnston as Chapter 7 Trustee. That motion has not been granted.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

5. Section 706(a) of the Bankruptcy Code provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable."

6. This case has not previously been converted under 11 U.S.C. § 1112, § 1208, or § 1307. The condition on the Debtor's right to convert under § 706(a) is therefore satisfied.

7. Section 706(d) permits conversion only if the debtor may be a debtor under the chapter to which the case is converted. The Debtor is a Florida limited liability company, is a person eligible to be a debtor under chapter 7, and is accordingly eligible to be a debtor under chapter 11. See 11 U.S.C. §§ 101(41), 109(b), (d).

8. Rule 1017(f)(2) of the Federal Rules of Bankruptcy Procedure provides that converting a case under § 706(a) "requires a motion filed and served as required by Rule 9013." Rule 1017(f)(1) expressly excepts a conversion under § 706(a) from the contested-matter procedures of Rule 9014. This Motion is filed and served in accordance with Rule 9013.

9. Because the Petition remains pending and no order for relief has yet been entered, the Debtor requests that the Court enter the order for relief consented to in the Answer and, immediately upon its entry, convert this case to a case under chapter 11. To the extent the right of conversion under § 706(a) is exercisable only once an order for relief has been entered in an involuntary case, the Debtor exercises that right effective upon entry of the order for relief and requests that the Court so provide in a single order.

**CONVERSION IS SOUGHT IN GOOD FAITH AND SERVES CREDITORS**

10. The Debtor seeks conversion in good faith and for the purpose of reorganizing, paying creditors, and preserving going-concern value — not for delay or for any improper purpose. Cf. Marrama v. Citizens Bank of Mass., 549 U.S. 365 (2007) (bad-faith conduct may limit a debtor's ability to obtain conversion under § 706(a)).

11. The Debtor's principal assets are developed and undeveloped real property and related operating interests. Those assets are worth materially more operated and marketed over time under a plan than they would bring in a forced chapter 7 liquidation, in which secured claims, costs of sale, and administrative expenses would consume most or all of the proceeds and leave little or nothing for unsecured creditors.

12. The Debtor is prepared to proceed promptly. It has prepared a plan of reorganization, a disclosure statement, and supporting financial projections and a liquidation analysis, and it will file its schedules of assets and liabilities and statement of financial affairs within the time prescribed by Rule 1007(c) following entry of the order for relief.

13. Upon conversion, the Debtor will operate as a debtor in possession under 11 U.S.C. §§ 1107 and 1108; will comply with the duties of a debtor in possession under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the guidelines of the United States Trustee; will attend the meeting of creditors under 11 U.S.C. § 341; and will pay all quarterly fees due under 28 U.S.C. § 1930(a)(6).

14. Conversion prejudices no party in interest. The rights of the Petitioning Creditors and of all other creditors are preserved under 11 U.S.C. § 348, and any party that believes chapter 11 is not appropriate retains its remedies under 11 U.S.C. §§ 1104 and 1112.

## EFFECT ON THE PENDING MOTION TO APPOINT A CHAPTER 7 TRUSTEE

15. Upon conversion to chapter 11, the Debtor will operate as a debtor in possession and no chapter 7 trustee will serve. See 11 U.S.C. §§ 348(e), 1101(1), 1107, 1108. The Motion to Appoint Ross Johnston as Chapter 7 Trustee should therefore be denied as moot upon entry of an order granting this Motion, without prejudice to any party's right to seek relief under 11 U.S.C. § 1104.

## REQUEST FOR ENTRY WITHOUT HEARING

16. Conversion under § 706(a) is a right conferred on the Debtor by statute, and Rule 1017(f)(1) excludes such a conversion from the contested-matter procedures of Rule 9014. This Motion is served through the Court's CM/ECF system on the United States Trustee, counsel for the Petitioning Creditors, and all parties registered to receive electronic notice in this case, and bears the negative notice legend prescribed by Local Rule 2002-4. The Debtor respectfully requests that, absent a timely response, the Court enter the proposed order submitted herewith without further notice or hearing.

WHEREFORE, Canaveral Crossroads, LLC respectfully requests that this Court enter an order: (i) entering an order for relief against the Debtor under chapter 7 of title 11 of the United States Code, as consented to in the Answer; (ii) converting this case from a case under chapter 7 to a case under chapter 11 pursuant to 11 U.S.C. § 706(a), effective immediately upon entry of the order for relief; (iii) denying as moot the Motion to Appoint Ross Johnston as Chapter 7 Trustee; (iv) directing the Clerk to issue such notices and to set such deadlines and meetings as are required in a case under chapter 11; and (v) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of August, 2026,

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.
Florida Bar No. 367461
FROMANG & SMITH, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Primary email: chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2026, a true and correct copy of the foregoing Debtor's Motion to Convert Case from Chapter 7 to Chapter 11 Pursuant to 11 U.S.C. § 706(a) was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all parties registered to receive such notice in this case.

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.