**ORDERED.**

**Dated: September 10, 2026**



Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Canaveral Crossroads, LLC, | ) | Case No. 6:26-bk-05426-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER TO SHOW CAUSE WHY COURT SHOULD NOT ABSTAIN AND REMAND CASES TO THE FLORIDA STATE COURT**

THIS CASE came before the Court for entry of an appropriate order. On August 20, 2026, Debtor Canaveral Crossroads, LLC ("Debtor") filed the Notices of Removal,[1] attempting to remove two cases from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. The state court cases, captioned under case number 05-2025-CA-038877-XXCA-BC (the "Foreclosure Action") and case number 05-2025-CA-022944-XXCA-BC (the "Association Action"), were filed July 15, 2025 and April 1, 2025, respectively (the "State Court Actions"). The Notices of Removal detail the claims involved in the State Court Actions; the Foreclosure Action involves the foreclosure of a mortgage, and the Association Action involves

[1] *Defendant Canaveral Crossroads, LLC's Notice of Removal* (Doc. No. 8) (the "Foreclosure Action Notice"); *Defendant Canaveral Crossroads, LLC's Notice of Removal* (Doc. No. 9) (the "Association Action Notice") (collectively, the "Notices of Removal").

an action by a homeowner's association and condominium association for construction and development claims.

Regarding the Foreclosure Action, Debtor alleges that "[t]he Foreclosure Action seeks to enforce a lien upon, and to establish and liquidate a claim against, the Debtor and property in which the estate has or may have an interest, and its outcome will affect the administration, liquidation, and distribution of the estate."[2] Debtor consents to the entry of final orders.[3] Regarding the Association Action, Debtor alleges that the claims asserted in the Association Action "are, at a minimum, 'related to' the Bankruptcy Case, because they are asserted against the Debtor, seek to establish and liquidate liabilities that would be satisfied from property of the estate, and their resolution could conceivably affect the administration, liquidation, and distribution of the estate."[4] Debtor does not consent to the entry of final orders.[5]

A civil action may only be removed to a bankruptcy court when jurisdiction is established under 28 U.S.C. § 1334.[6] Regarding the Foreclosure Action, Debtor asserts that it is a "core proceeding,"[7] and for regarding the Association Action, Debtor asserts that the removed claims are "non-core 'related to' proceedings."[8] Regardless of whether either of the State Court Actions are core proceedings, the Court finds that they within this Court's "related to" jurisdiction under 28 U.S.C. § 1334(b) and strictly involve matters of state law that do not need to be litigated in this Court. And upon review of the Notices of Removal, the Court finds that the State Court Actions are ones in which permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) may be appropriate.[9]

---

[2] Foreclosure Action Notice ¶ 7.
[3] Foreclosure Action Notice ¶ 10.
[4] Association Action Notice ¶ 8.
[5] Association Action Notice ¶ 11.
[6] 28 U.S.C. § 1452(a).
[7] Foreclosure Action Notice ¶ 9.
[8] Association Action Notice ¶ 10.
[9] *See, e.g.*, *Orlando Gateway Partners, LLC v. Good Gateway, LLC (In re Orlando Gateway Partners, LLC)*, 555 B.R. 848, 853 & nn.25 & 27 (Bankr. M.D. Fla. 2016) (recognizing that "[p]ermissive abstention may be raised by the Court

The Court notes that Debtor should have filed an adversary proceeding in order to file the Notices of Removal rather than file the Notices of Removal in the main bankruptcy case.[10] Additionally, while Debtor referenced it would separately file the operative pleadings, substantive rulings, and any pending motions and responses from the State Court Actions within seven days of the filing of the Notices of Removal in accordance with Local Rule 9027-1, it failed to do so.[11]

For the foregoing reasons, it is **ORDERED** that Debtor shall appear before the Court on **October 14, 2026 at 1:30 p.m.** at the George C. Young Federal Courthouse, 400 West Washington Street, Sixth Floor, Courtroom D, Orlando, Florida 32801, to show cause why orders should not be entered pursuant to 28 U.S.C. § 1334(c)(1) abstaining and remanding the State Court Actions back to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

# # #

The Clerk's Office is directed to serve a copy of this Order on interested parties.

---

*sua sponte*" and that "[c]ourts consider numerous factors when deciding whether to permissively abstain from a proceeding" (first citing *Golf Club at Bridgewater, L.L.C. v. Whitney Bank (In re The Golf Club at Bridgewater, LLC)*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *4 (M.D. Fla. Mar. 22, 2013); and then citing *E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002))).

[10] *See* Fed. R. Bankr. P. 7001(j) (providing that "a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452" is a type of adversary proceeding).

[11] Debtor need not file any pleadings, substantive rulings, or other documents that are part of the record in the State Court Actions pending further order of the Court.