UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**CANAVERAL CROSSROADS, LLC,** Case No. 6:26-bk-05426-GER

Debtor. Chapter 11

_________________________________/

**PLAINTIFFS CAPE CROSSING TOWNHOMES HOMEOWNERS ASSOCIATION, INC.'S AND CAPE CROSSING CONDOMINIUM ASSOCIATION, INC.'S RESPONSE <u>IN SUPPORT OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND</u>**

Plaintiffs Cape Crossing Townhomes Homeowners Association, Inc. (the Townhomes Association) and Cape Crossing Condominium Association, Inc. (the Condominium Association) (collectively, the Plaintiffs), through undersigned counsel, respond to the Court's Order to Show Cause Why Court Should Not Abstain and Remand Cases to the Florida State Court (the Show-Cause Order). The Plaintiffs support the Court's abstention from, and remand of, the above-captioned removed Association Action to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida (the State Court).

The Association Action is a pre-petition state-court dispute concerning construction, development, fiduciary-duty, and property-rights claims arising from the design, construction, development, management, and turnover of the Cape Crossing Resort & Marina community. The Plaintiffs seek money damages and declaratory relief concerning the asserted Pedixon, LLC lien on common property. The claims are governed by Florida law, involve multiple non-debtor parties, and were commenced in the State Court long before the bankruptcy filing. Those considerations, together with judicial economy, comity, and the absence of any independent federal jurisdictional basis, favor permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b).

## BACKGROUND

On August 13, 2026, Canaveral Crossroads, LLC (the Debtor) filed a notice purporting to remove the Association Action to this Court under 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027.

The Debtor's removal notice identifies the Association Action as Cape Crossing Townhomes Homeowners Association, Inc., and Cape Crossing Condominium Association, Inc. v. Canaveral Crossroads, LLC, et al., Brevard County Case No. 05-2025-CA-022944-XXCA-BC. The action includes the Debtor and non-debtor defendants Martin C. Flynn, Jr., Horton S. Johnson, and Pedixon, LLC.

The operative First Amended Complaint asserts Florida-law claims for breach of fiduciary duty, conspiracy to breach fiduciary duty of loyalty, aiding and abetting breach of fiduciary duty, and declaratory judgment. The claims concern the development, management, and turnover of the Cape Crossing Resort & Marina community; seek money damages and disgorgement; and seek a declaration regarding the validity of Pedixon, LLC's asserted lien on common property. The Debtor characterizes the removed claims as non-core, related-to proceedings, except to the limited extent they may involve allowance or disallowance of claims against the estate.

On September 8, 2026, the Court entered an order for relief and converted the bankruptcy case from Chapter 7 to Chapter 11.

On September 10, 2026, the Court entered the Show-Cause Order. The Court found that the Association Action falls within related-to jurisdiction but strictly involves state-law matters that need not be litigated in this Court. The Court further determined that permissive abstention under 28 U.S.C. § 1334(c)(1) may be appropriate and directed the Debtor to show cause why the State Court Actions should not be remanded.

## ARGUMENT

A. The Court has express statutory authority to abstain and remand.

Section 1334(c)(1) provides that, in the interest of justice, comity with state courts, or respect for state law, a court may abstain from hearing a particular proceeding arising under, arising in, or related to a case under title 11. 28 U.S.C. § 1334(c)(1).

Section 1452(b) independently authorizes remand of a removed claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b).

The Eleventh Circuit has held that mandatory abstention may apply to state-law claims removed under § 1452(a). Christo v. Padgett, 223 F.3d 1324 (11th Cir. 2000). The Plaintiffs do not request a mandatory-abstention determination at this time. The Court can, and should, grant the narrower relief already identified in the Show-Cause Order: permissive abstention and equitable remand.

In this District, permissive abstention may be raised sua sponte. Courts consider, among other matters, the effect on estate administration; the predominance, difficulty, or unsettled character of state-law issues; the presence of a related state-court action; the

absence of an independent federal jurisdictional basis; the matter's remoteness from the main bankruptcy case; the feasibility of leaving claim liquidation to state court while reserving bankruptcy administration to this Court; non-debtor parties; comity; and prejudice. Orlando Gateway Partners, LLC v. Good Gateway, LLC (In re Orlando Gateway Partners, LLC), 555 B.R. 848 (Bankr. M.D. Fla. 2016).

B. The relevant factors strongly favor permissive abstention and equitable remand.

State law predominates. The operative pleading presents Florida-law claims for breach of fiduciary duty, civil conspiracy, aiding and abetting, and declaratory relief. The claims arise from the development, management, and turnover of a Florida planned community and from an asserted lien on common property. They arose independently of the bankruptcy case, are governed by Florida substantive law, and do not assert a Bankruptcy Code cause of action.

The State Court is the appropriate forum. The Association Action was pending in the Circuit Court for Brevard County before removal. That court is fully competent to adjudicate Florida-law construction and development claims, including the factual record, damages evidence, and defenses applicable to all parties.

Multiple non-debtor defendants remain central to the litigation. The Association Action includes defendants other than the Debtor. Retaining the action here would either require the Court to adjudicate a predominantly state-law dispute involving non-debtor parties or fracture the litigation into parallel proceedings. Remand avoids that inefficiency and the risk of inconsistent results.

The action is, at most, related to the Chapter 11 case. The Debtor's own removal notice identifies the claims as non-core related-to proceedings, subject only to the ordinary possibility that any resulting liability could be addressed in the claims-allowance process. A potential impact on estate administration does not require this Court to liquidate a prepetition state-law dispute. The State Court may determine liability and damages, while this Court retains authority over claim allowance, the automatic stay, estate administration, and all other core bankruptcy matters.

Abstention and remand promote efficient administration rather than delay it. Preserving the Association Action in its original court permits one tribunal to resolve the state-law claims against all defendants. It also avoids requiring this Court to duplicate a state-court litigation record or to supervise an action involving non-debtor parties and claims governed by state law. See In re Orlando Gateway Partners, LLC, 555 B.R. 848 (abstaining where state-law issues predominated and the state tribunal was the better forum to resolve the dispute).

Comity and respect for Florida law favor remand. The State Court has a substantial interest in resolving disputes concerning Florida planned-community and condominium governance, fiduciary obligations of developer-appointed directors, title to common property, and the validity of an asserted lien against that property. These interests align with the statutory basis for discretionary abstention.

The removal posture reinforces the equitable case for remand. The Show-Cause Order notes that the Debtor filed its notice of removal in the main bankruptcy case rather than by adversary proceeding and did not timely separately file the operative state-court pleadings, substantive rulings, and pending motions and responses referenced in the notice. The Plaintiffs do not seek relief based solely on those deficiencies. They do, however, underscore that retaining this state-law action in bankruptcy court would not promote orderly or efficient adjudication.

Remand will not impair this Court's control of the Chapter 11 case. Remand should be without prejudice to the Plaintiffs seeking any stay relief that may be required for further prosecution of claims against the Debtor. This Court retains authority over the automatic stay, claim allowance, estate administration, and all other core bankruptcy matters. Any claim ultimately asserted by either Plaintiff against the estate remains subject to the Bankruptcy Code and the claims process.

WHEREFORE, the Plaintiffs respectfully request that the Court:

1. Abstain from hearing the Association Action pursuant to 28 U.S.C. § 1334(c)(1).
2. Remand the Association Action, Brevard County Case No. 05-2025-CA-022944-XXCA-BC, to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, pursuant to 28 U.S.C. § 1452(b).
3. Provide that remand is without prejudice to either Plaintiff seeking any stay relief necessary to proceed against the Debtor and without prejudice to this Court's jurisdiction over claim allowance and estate administration.
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Counsel for Cape Crossing Townhomes
Homeowners Association, Inc. and Cape
Crossing Condominium Association, Inc.

September 11, 2026

/s/ J. Christopher Crowder
J. Christopher Crowder,
FBN 50562
Faro & Crowder, P.A.

700 N. Wickham Road
Suite 205
Melbourne, FL 32935
321-784-8158
Jcrowder@farolaw.com
farolawpleadings@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2026, I served a true and correct copy of the foregoing through the Court's CM/ECF system on all registered users and by any additional method required by applicable rule or order.

/s/ J. Christopher Crowder
J. Christopher Crowder,