UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.
______________________________________/

**DEBTOR IN POSSESSION'S CHAPTER 11**
**CASE MANAGEMENT SUMMARY**

On July 20, 2026, three creditors filed an involuntary chapter 7 petition against Canaveral Crossroads, LLC. (Doc. 1). Canaveral Crossroads consented to the order for relief and moved to convert the case to chapter 11. (Docs. 11, 13). The court entered the order for relief and converted the case to chapter 11 on September 8, 2026. (Doc. 15). Canaveral Crossroads now operates its business and manages its property as a debtor in possession. *11 U.S.C. §§ 1107, 1108*.

Local Rule 2081-1(b) requires the eleven items of information set out below. The order for relief requires them within three business days of its entry. (Doc. 15 ¶ 7).

**1. Canaveral Crossroads developed Cape Crossing Resort & Marina, and it still owns the resort's amenities, lift station, and marks.**

Canaveral Crossroads is a Florida limited liability company formed in 2013. It developed Cape Crossing Resort & Marina, a planned mixed-use community of condominiums, townhomes, a marina, a restaurant, and related amenities in Merritt

Island, Brevard County, Florida. Canaveral Crossroads is the developer and declarant under the resort's recorded master, townhome, and condominium declarations.

Canaveral Crossroads owns the clubhouse, the common and public areas, the resort signage, the sewage lift station, the Cape Crossing Resort & Marina trade names and marks, and the resort land and units it has not sold. The only exceptions are the common-area parcels titled of record to the Cape Crossing Condominium Association, Inc. and to the Cape Crossing Townhomes Homeowners Association, Inc.

Canaveral Crossroads is not operating today. It has no employees and no revenue. Tiered Preferred, LLC is its sole member, and Tiered Capital, Inc. holds Tiered Preferred. Ross Johnston manages Canaveral Crossroads day to day as its Reorganization Manager.

**2. Canaveral Crossroads has one location, the resort, and it owns the property there.**

Canaveral Crossroads owns its resort property in Merritt Island in fee simple and conducts no business anywhere else. Its on-site address is 201 Ivory Coral Lane, Merritt Island, Florida 32953, and its office furniture, fixtures, and equipment are in the clubhouse. Canaveral Crossroads leases no real property and is a party to no

unexpired lease. Its mailing address is 4409 Hoffner Avenue #348, Orlando, Florida 32812, which is a mailbox, not an office.

**3. Canaveral Crossroads chose to reorganize rather than contest an involuntary liquidation.**

Canaveral Crossroads did not file this case. Horton S. Johnson, Jetton Investments Incorporated, and Cape Crossing Vacation Rentals, LLC filed it as an involuntary chapter 7 case, asserting claims of $9,233,666.56. (Doc. 1).

The petition rested on facts Canaveral Crossroads does not dispute. Its scheduled secured debt of $10,745,352.63 exceeds the $6,145,000.00 scheduled value of its real property by more than $4,600,000.00. Litigation in the Brevard County Circuit Court pressed it from several directions at once: Mr. Johnson's consent final judgment, the first-lien foreclosure brought by Paul Rene, Jr. as assignee of the Jetton Investments mortgage, the foreclosures of Tamamoi, LLC and the Carton Family Trust of 1992, and the associations' construction-defect action.

A chapter 7 trustee would have sold the resort property into a secured debt larger than its value, and unsecured creditors would have received nothing. The assets Canaveral Crossroads still owns — the amenities, the lift station, and the resort's name and marks — can produce recurring revenue for creditors under a plan. Liquidation would capture none of it. Canaveral Crossroads therefore consented to relief and asked to convert. (Docs. 11, 13).

**4. No officer, director, or insider received a salary or benefit from Canaveral Crossroads.**

Canaveral Crossroads paid no salary, wage, fee, or benefit to any officer, director, manager, member, or other insider, or to any relative of an insider. That was true on the petition date and throughout the year before it. Martin C. Flynn, Jr., its former president, received nothing, and neither did Tiered Preferred, LLC, its sole member.

Mr. Johnston has received nothing to date. Canaveral Crossroads will move to approve his compensation at $275.00 per hour under *11 U.S.C. § 363(b)*, and it will pay him nothing unless the court approves it.

**5. Canaveral Crossroads had no gross revenue this year or in either of the two years before it.**

Canaveral Crossroads reported gross revenue of $0.00 for its 2024 fiscal year, $0.00 for its 2025 fiscal year, and $0.00 for 2026 to date. The revenue its plan will depend on comes from license and access agreements it will enter into after confirmation.

**6. Canaveral Crossroads scheduled no priority claims, $10,745,352.63 in secured claims, and $13,261,162.37 in unsecured claims.**

<u>Priority creditors</u>

Canaveral Crossroads scheduled no priority claims. It owes no wages and no payroll or sales taxes. Whether any Brevard County ad valorem taxes or tax

certificates are outstanding on the resort parcels is not yet confirmed, and Canaveral Crossroads will schedule any it finds.

Secured creditors and their collateral

Six liens encumber the resort real property. Canaveral Crossroads disputes two of them.

| Creditor | Collateral | Amount | Status |
|---|---|---|---|
| Horton S. Johnson — first note | Construction-loan mortgage on the resort real property | $3,608,845.31 | Undisputed |
| Horton S. Johnson — second note | Judgment lien on the resort real property; consent final judgment, Brevard Cir. Ct. No. 05-2025-CA-013106, recorded May 13, 2025, O.R. Book 10333, Page 2373 | $2,388,178.15 | Undisputed |
| Paul Rene, Jr., as assignee of the Jetton Investments, Inc. mortgage | First-lien mortgage on the resort real property, O.R. Book 8176, Page 930 | $1,468,484.37 | Undisputed |
| Tamamoi, LLC | Mortgage on Cape Crossing units | $2,469,844.80 | Disputed |
| PEDIXON LLC | Balloon mortgage on the resort real property, O.R. Book 9731, Page 1341 | $500,000.00 | Disputed in full |
| The Carton Family Trust of 1992 | Mortgage and fixture filing on one resort unit valued at $550,000.00 | $310,000.00 | Undisputed |
| **Total** | | **$10,745,352.63** | |

Unsecured creditors

Canaveral Crossroads will schedule $13,261,162.37 in general unsecured claims. Insiders and affiliates hold $10,068,158.73 of that total: Sherwood Construction, Inc. holds $4,400,000.00, Martin C. Flynn, Jr. holds $3,900,000.00, and Cape Crossing Vacation Rentals, LLC holds $1,768,158.73. Sherwood

Construction is itself a debtor before this court. *In re Sherwood Construction, Inc.*, No. 6:26-bk-05428-GER (Bankr. M.D. Fla. 2026).

Non-insiders hold the remaining $3,193,003.64, most of it on promissory notes. The associations' construction-defect claims and four other litigation claims are contingent, unliquidated, and disputed, and their amounts are unknown. The secured creditors may also hold unsecured deficiency claims in amounts not yet determined.

Scheduled liabilities total $24,006,515.00. Canaveral Crossroads will file its schedules and statement of financial affairs by September 22, 2026.

**7. The estate's fixed assets are the resort real property and its furnishings; its only current asset is $55.00 in cash.**

<u>Fixed assets</u>

The resort real property — the clubhouse, the common and public areas, the signage, the lift station, and the remaining land, buildings, and units — is scheduled at $6,145,000.00. The office furniture, fixtures, and computer equipment in the clubhouse are scheduled at $10,000.00.

<u>Current assets</u>

Canaveral Crossroads holds $55.00 in a Bank of America, N.A. checking account. It has no accounts receivable and no inventory.

Intangibles and claims

Canaveral Crossroads owns the Cape Crossing Resort & Marina trade names and marks and their goodwill. It also holds avoidance claims over prepetition transfers of resort units and other causes of action. Each of these is scheduled at an undetermined value.

Every value stated here is the estimate of Canaveral Crossroads, not an appraisal. Canaveral Crossroads will obtain appraisals of the real property and the marks before confirmation. Scheduled assets total $6,155,055.00.

**8. Canaveral Crossroads has no employees and owes no wages.**

Canaveral Crossroads had no employees on the petition date and has none now. It owes no wages, salaries, or commissions.

**9. Canaveral Crossroads has no payroll or sales tax obligations.**

With no payroll and no sales, Canaveral Crossroads incurs no payroll or sales tax obligations, and none is past due.

**10. Canaveral Crossroads anticipates no request for emergency relief.**

Canaveral Crossroads will file no emergency motion in the first fourteen days of this case. It has no revenue to protect, no payroll to meet, and no cash collateral to use. It will file, on regular notice, an application to employ its counsel under *11 U.S.C. § 327(a)* and a motion to approve the employment of Mr. Johnston under *11 U.S.C. § 363(b)*.

**11. Canaveral Crossroads will reorganize around the assets it owns; it will not sell or surrender them.**

Canaveral Crossroads will propose a plan of reorganization. The plan will fund distributions from recurring revenue: charges for access to the clubhouse and common areas, a lift station access fee, and licenses of the resort's name and marks. The unit owners will pay those charges, and so will the restaurant and the two marina operations at the resort.

The plan will restructure the secured debt rather than refinance it. Canaveral Crossroads is negotiating consensual treatment of the claims of Mr. Johnson, its largest secured creditor. It will object to the disputed claims of PEDIXON LLC and Tamamoi, LLC. It will ask the court to confirm the plan under *11 U.S.C. § 1129(b)* over any class that rejects it.

Canaveral Crossroads will file its plan and disclosure statement within the exclusive period, which ends on January 6, 2027. *11 U.S.C. § 1121(b)*.

**Canaveral Crossroads will appear on both matters set for October 14, 2026.**

The court set the initial status conference for October 14, 2026, at 1:30 p.m. (Doc. 17). It set its order to show cause why it should not abstain from and remand the two removed state-court actions for the same hour. (Doc. 16). Canaveral Crossroads will appear on both through counsel.

The debts of Canaveral Crossroads exceed the limits for a small business debtor and for subchapter V. *11 U.S.C. §§ 101(51D), 1182(1)*. This case therefore proceeds as a standard chapter 11 case.

Respectfully submitted this 15th day of September, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I filed this Debtor in Possession's Chapter 11 Case Management Summary through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.