UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.
_______________________________________/

## DEBTOR IN POSSESSION'S APPLICATION TO EMPLOY CHRISTOPHER L. SMITH AND FROMANG & SMITH, P.A. AS COUNSEL UNDER 11 U.S.C. § 327(a)

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

1. On July 20, 2026, three creditors filed an involuntary chapter 7 petition against Canaveral Crossroads, LLC. (Doc. 1). The court entered the order for relief and converted this case to chapter 11 on September 8, 2026. (Doc. 15).

Canaveral Crossroads now operates its business and manages its property as a debtor in possession. *11 U.S.C. §§ 1107, 1108.*

2. Canaveral Crossroads owns the common and public areas, the clubhouse, the lift station, and the trademarks, trade names, and signage of the Cape Crossing resort in Brevard County. It has no employees. Its restructuring is directed by its Chief Restructuring Officer, whose employment is the subject of a separate motion.

3. Canaveral Crossroads asks to employ Christopher L. Smith and Fromang & Smith, P.A. as its counsel. Smith appeared for Canaveral Crossroads on August 13, 2026. (Doc. 7). He prepared the answer and consent to the entry of the order for relief and the motion to convert this case to chapter 11. (Docs. 11, 13).

**A debtor in possession may employ an attorney who is disinterested and holds no adverse interest.**

4. The Bankruptcy Code lets a debtor in possession employ an attorney who neither holds nor represents an interest adverse to the estate and who is a disinterested person. *11 U.S.C. §§ 327(a), 1107(a).* The Code defines that term. *11 U.S.C. § 101(14).*

5. The rules require an application stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons

for the selection, the professional services to be rendered, any proposed arrangement for compensation, and the person's connections with the debtor, its creditors, any other party in interest, their attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. The rules also require a verified statement of the person to be employed. *Fed. R. Bankr. P. 2014(a)*. That statement accompanies this application. (Ex. A).

**Canaveral Crossroads cannot discharge the duties chapter 11 imposes on it without counsel.**

6. Fromang & Smith, P.A. will render the following services:

(a) advising Canaveral Crossroads on its rights, powers, and duties as a debtor in possession;

(b) preparing and filing the schedules of assets and liabilities, the statement of financial affairs, the list of equity security holders, the creditor matrix, the chapter 11 case management summary, and the monthly operating reports, and appearing at the initial debtor interview and at the meeting of creditors;

(c) prosecuting the two actions removed to this court on August 13, 2026 — the association action and the Rene and Jetton foreclosure. (Docs. 8, 9);

(d) objecting to claims and prosecuting the estate's claims and causes of action. *11 U.S.C. §§ 502, 544–553*;

(e) negotiating with the secured creditors over cash collateral, adequate protection, and the treatment of their liens;

(f) preparing, filing, and prosecuting a plan of reorganization and a disclosure statement through confirmation and consummation; and

(g) appearing at every hearing and rendering every other legal service a debtor in possession requires in a case under chapter 11.

**Smith already knows this case, and replacing him would cost the estate money it has spent.**

7. Smith is a member in good standing of The Florida Bar, Florida Bar No. 367461, and is admitted to practice before this court. He has practiced bankruptcy and insolvency law in this district for thirty-eight years. Canaveral Crossroads selected him because he has represented it since August 2026, because he prepared the answer, the consent to the order for relief, and the motion to convert, and because he is familiar with the resort, the associations, the secured claims, and the plan Canaveral Crossroads intends to propose. Substituting counsel now would duplicate work the estate has already paid for.

**Smith and his firm are disinterested and hold no interest adverse to the estate.**

8. Neither Smith nor Fromang & Smith, P.A. holds or represents an interest adverse to Canaveral Crossroads or to its estate, and each is a disinterested person. *11 U.S.C. §§ 101(14), 327(a)*. Neither is a creditor, an equity security holder, or an insider of Canaveral Crossroads. Neither is, and neither was within two years before July 20, 2026, a director, an officer, or an employee of Canaveral Crossroads. Neither holds an interest materially adverse to the estate or to any class of creditors or equity security holders.

9. Fromang & Smith, P.A. holds no prepetition claim against Canaveral Crossroads. It received no retainer, no prepetition payment, and no security for its fees. Smith discloses every connection he and the firm have in the verified statement filed with this application, and he will supplement that statement promptly if any of it changes. (Ex. A).

**The compensation is an hourly rate that remains subject to this court's review.**

10. Canaveral Crossroads proposes to compensate Smith at $500.00 per hour and to reimburse the firm's actual and necessary expenses. The firm employs no associates. Its paralegals bill at $225.00 per hour. Those are the firm's ordinary rates for work of this kind.

11. Canaveral Crossroads does not ask this court to fix the terms of employment under *11 U.S.C. § 328(a)*. It seeks employment under § 327(a), and compensation stays subject to review for reasonableness. Fromang & Smith, P.A. will be paid only on application, after notice and a hearing. *11 U.S.C. §§ 330, 331*; *Fed. R. Bankr. P. 2016*; *M.D. Fla. Bankr. L.R. 2016-1*. The firm will comply with the guidelines of the United States Trustee.

12. Fromang & Smith, P.A. has not agreed to share its compensation with any person other than the members and regular employees of the firm. *Fed. R. Bankr. P. 2016(b)*.

**Nothing in the rules delays approval of this employment.**

13. The rules bar this court from granting an application under Rule 2014 within twenty-one days after the filing of the petition, unless the relief is necessary to avoid immediate and irreparable harm. *Fed. R. Bankr. P. 6003(a)*. The petitioning creditors filed the petition on July 20, 2026, and that period closed on August 10, 2026. Rule 6003 no longer bears on this application.

14. Canaveral Crossroads asks that the employment be approved effective as of the date this court entered the order for relief. The estate came into existence on that date, and the duties of a debtor in possession attached to Canaveral Crossroads on that date.

A debtor in possession must have counsel to do what chapter 11 requires of it. Smith is disinterested, he holds no adverse interest, he has disclosed every connection, and he already knows this case. The Bankruptcy Code authorizes this employment and the estate needs it.

## RELIEF REQUESTED

The court should enter an order that:

(a) approves the employment of Christopher L. Smith and Fromang & Smith, P.A. as counsel for Canaveral Crossroads, LLC under *11 U.S.C. § 327(a)*, effective as of the date of the order for relief;

(b) approves the compensation arrangement stated in this application, with compensation and reimbursement of expenses subject to *11 U.S.C. §§ 330 and 331*; and

(c) grants any further relief this court finds proper.

Respectfully submitted this 15th day of September, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I filed the foregoing Debtor in Possession's Application to Employ Christopher L. Smith and Fromang & Smith, P.A. as Counsel Under 11 U.S.C. § 327(a) with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.