**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re: Case No. 6:26-bk-05426-GER
Chapter 7 (Involuntary)

**CANAVERAL CROSSROADS, LLC,**

Alleged Debtor.
_______________________________________/

## AMENDED AND RESTATED CORPORATE AUTHORIZATION

Canaveral Crossroads, LLC, the debtor and debtor in possession, files this Amended and Restated Corporate Authorization and states:

**1.** The Debtor is a Florida limited liability company. Tiered Capital, Inc. holds all of the membership interests in the Debtor and is the Debtor's manager. The Florida Division of Corporations still shows Tiered Preferred, LLC as manager of record on the Debtor's 2024 annual report; that record is wrong and is to be corrected. Martin C. Flynn, Jr. resigned as President in July 2026, and the Debtor has had no officer since that resignation. Ross Johnston serves as the Debtor's Chief Restructuring Officer. Where a filing or record of the Debtor calls him "Reorganization Manager" or "Authorized Liquidation Agent and Trustee," the reference is to that same office. Company Consent, Resolution 12.

**2.** Petitioning creditors filed an involuntary petition against the Debtor under chapter 7 on July 20, 2026. The Debtor has answered, consented to entry of the order for relief, and moved to convert this case to chapter 11 under 11 U.S.C. §

706(a). The court entered an order for relief under 11 U.S.C. § 303(h) and converted the case to chapter 11 on September 8, 2026. (Doc. 15). The Company has operated as a debtor in possession since that date.

**3. Tiered Capital, Inc., as sole member and manager, has authorized each of those acts, has appointed Ross Johnston the Debtor's Chief Restructuring Officer, and has ratified everything already done in the Debtor's name in this case. The authority runs from the Debtor's Operating Agreement dated May 6, 2013: § 4.1 vests all management in the Manager; § 4.7(g) empowers the Manager to appoint agents, define their duties, and fix their compensation; and § 5.3 requires the Members' consent, which Tiered Capital gives in the same instrument because it is both the sole Member and the Manager. Four documents are attached. The Written Consent of the Sole Member and Manager, taken without a meeting under Fla. Stat. §§ 605.0407(3) and 605.04073(2) and Operating Agreement § 5.6, is Exhibit A. The Action by Written Consent of the Board of Directors and Sole Shareholder of Tiered Capital, Inc., taken under Fla. Stat. §§ 607.0821 and 607.0704, is Exhibit B. Johnston's Acceptance of Appointment and Disclosure of Connections, sworn under penalty of perjury, is Exhibit C. The notarized Certificate of Incumbency and Authority is Exhibit D.**

**4.** Local Rule 1074-1(b) requires a certificate, resolution, or other documentation of authority when an attorney signs a voluntary petition for a non-individual debtor. No voluntary petition has been or will be filed in this case, so the rule does not apply by its terms. The Debtor files this Amended and Restated Corporate Authorization so that no question arises about the authority behind its answer, its consent to the order for relief, its motion to convert, its notices of removal, its schedules and statements, or the plan of reorganization and disclosure statement it files with this Amended and Restated Corporate Authorization.

Dated: September 15, 2026.

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Phone: (407) 999-9739 / Email: chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

The undersigned authorized representative of the Debtor approves the filing of the foregoing.

______________________________
Ross Johnston, Chief Restructuring Officer
Authorized Representative of the Debtor

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I filed this Amended and Restated Corporate Authorization with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire