UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.
_______________________________________/

**DEBTOR IN POSSESSION'S MOTION UNDER 11 U.S.C. § 363(b) TO APPROVE THE COMPENSATION OF ROSS JOHNSTON AS CHIEF RESTRUCTURING OFFICER**

1. On July 20, 2026, three creditors filed an involuntary chapter 7 petition against Canaveral Crossroads, LLC. (Doc. 1). The court entered the order for relief and converted this case to chapter 11 on September 8, 2026. (Doc. 15). Canaveral Crossroads now operates its business and manages its property as a debtor in possession. *11 U.S.C. §§ 1107, 1108.*

2. Canaveral Crossroads has no employees. Until the appointment described below it had no officer charged with the conduct of its restructuring. Its sole member and its manager is Tiered Capital, Inc.

3. On August 25, 2026, confirmed by amended and restated written consent on September 15, 2026, Tiered Capital, Inc., acting as sole member and as manager, appointed Ross Johnston Chief Restructuring Officer of Canaveral Crossroads by written consent. (Ex. 1). The board of directors and sole shareholder of Tiered Capital, Inc. approved the appointment and authorized Tiered Capital,

Inc. to make it in its capacity as sole member and manager. (Ex. 2). Johnston accepted the appointment and disclosed his interests and connections under penalty of perjury. (Ex. 3). A certificate of incumbency confirms that Johnston holds the office and that he is the sole person authorized to bind Canaveral Crossroads. (Ex. 4). Johnston's declaration in support of this motion states his qualifications, his duties, and the terms of his compensation. (Ex. 5).

4. The consent rests on the operating agreement, which vests all management of Canaveral Crossroads in the manager, empowers the manager to appoint agents of the company, define their duties, and establish their compensation, and requires the members' consent, which the same instrument supplies. Florida law commits the activities and affairs of a manager-managed limited liability company to its manager and permits action by written consent. *Fla. Stat. §§ 605.0105, 605.0407(3), 605.04073(2).*

**Johnston performs the work of the debtor in possession, and Canaveral Crossroads has no one else to do it.**

5. Johnston already holds the office. Corporate action installed him, and no order of this court is needed to put him there. This motion asks approval of his compensation alone. As the responsible officer of Canaveral Crossroads he will:

(a) sign, verify, and file the schedules, the statement of financial affairs, the list of equity security holders, the corporate ownership statement,

the creditor matrix, the initial debtor interview materials, and the monthly operating reports;

(b) perform the duties of a debtor in possession and operate the business. *11 U.S.C. §§ 521, 1106, 1107, 1108*;

(c) direct the professionals the estate employs and review their invoices;

(d) marshal and confirm title to the real property, the common and public areas, the clubhouse, the lift station, the reservation system, and the intellectual property;

(e) open and control the debtor-in-possession accounts and comply with the operating guidelines of the United States Trustee;

(f) prosecute, defend, settle, and compromise claims and causes of action, including objections to claims; and

(g) negotiate, file, and prosecute a plan of reorganization and a disclosure statement.

6. Without an officer, Canaveral Crossroads cannot sign a schedule, open a bank account, retain a professional, or propose a plan. A limited liability company acts through natural persons, and this one has none.

**The compensation is an hourly rate, paid on monthly statements the United States Trustee may test.**

7. Johnston is compensated at $275.00 per hour and reimbursed his reasonable and documented out-of-pocket expenses. The sole member fixed that rate under the operating agreement. Operating Agreement § 4.8; Company Consent, Resolution 6. (Ex. 1). Johnston receives no retainer, no success fee, no incentive compensation, and no equity interest. [Canaveral Crossroads estimates that Johnston will devote approximately ______ hours each month, and proposes a

cap of $__________ per month, with any excess payable only on further order of this court.]

8. Johnston will keep contemporaneous time records in tenth-of-an-hour increments, describe each task, and serve a monthly statement of his time and expenses on the United States Trustee, on counsel for the petitioning creditors, and on any committee appointed in this case. Any of them may object within fourteen days after service. Canaveral Crossroads may pay an amount no one objects to. It may pay a disputed amount only on order of this court. Every payment is interim and every payment is subject to disgorgement.

**Section 363(b) authorizes the compensation of the debtor's own officer.**

9. Paying the officer who runs the debtor is a use of estate property outside the ordinary course of business, and the Bankruptcy Code permits that use after notice and a hearing. *11 U.S.C. § 363(b)(1)*. A debtor in possession exercises the power the Code gives a trustee. *11 U.S.C. § 1107(a)*. A court approves the use when the debtor articulates a sound business reason for it.

10. The business reason here is plain. Canaveral Crossroads must have an officer, and the alternative to an officer at $275.00 an hour is an estate that cannot function or a trustee whose commission the estate would pay out of the same fund.

Installing an experienced restructuring officer is the exercise of ordinary business judgment.

**If this court treats Johnston as a professional person, section 327(a) supplies the alternative.**

11. A court of this district approved the retention of a chief restructuring officer under *11 U.S.C. § 327(a)* coupled with *11 U.S.C. § 105(a)* rather than under § 363, and made his compensation subject to *11 U.S.C. § 330*, because the person retained there was an outside accountant and his firm, engaged to render professional services to the estates. *In re Blue Stone Real Estate, Construction & Development Corp.*, 392 B.R. 897, 906–08 (Bankr. M.D. Fla. 2008). The same court cautioned that its order required no approval of every change in management, because the ordinary replacement of an officer who is not a professional needs none. *Id.* at 907 n.12.

12. Johnston stands on the second side of that line. He is not a firm engaged to render professional services to the estate. He is an officer of Canaveral Crossroads, appointed by its member under the operating agreement, exercising the debtor's own powers — the powers Canaveral Crossroads would exercise through some natural person no matter who held the office. He has held that office before. Johnston served as chief restructuring officer of a chapter 11 debtor, directed that company through its case, and continued to operate it as its president after its plan

was confirmed. (Ex. 5). A person who runs the company on both sides of confirmation is its officer, not a professional the estate engages. Canaveral Crossroads seeks approval under § 363(b) because the estate pays him, not because the appointment itself requires leave. If this court concludes that Johnston is a professional person, Canaveral Crossroads asks in the alternative that his employment be approved under *11 U.S.C. §§ 327(a) and 105(a)*, at the same rate and on the same disclosures, with compensation under *11 U.S.C. §§ 330 and 331*.

**Canaveral Crossroads discloses now the connections a party in interest would otherwise raise.**

13. The petitioning creditors moved to appoint Ross Johnston as the chapter 7 trustee in this case. (Doc. 1). That motion is moot on conversion. Johnston never accepted an appointment as trustee and never acted as one. The three creditors who proposed him proposed him because he is qualified, and the United States Trustee never appointed him.

14. Horton S. Johnson signed the corporate consents as Authorized Agent of Tiered Capital, Inc. Johnson is also one of the three petitioning creditors, he holds two secured claims against Canaveral Crossroads, and he holds the unsecured balance of one of the notes. Canaveral Crossroads states that here rather than leaving it to be found.

15. Johnston is not a member, a manager, a shareholder, or a holder of any equity interest in Canaveral Crossroads or in Tiered Capital, Inc., and he holds no claim against Canaveral Crossroads. (Exs. 3, 5).

16. The consent appointing Johnston preserves his fiduciary duties. While this case is pending, those duties run to Canaveral Crossroads, to its estate, and to its creditors, and nothing in the consent limits them. (Ex. 1, Res. 8). No direction from the parent displaces the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or an order of this court. (Ex. 1, Res. 12).

17. Canaveral Crossroads will disclose Johnston's identity, his affiliations, and his compensation in any plan it proposes, and it will carry the burden the statute places on it there. *11 U.S.C. § 1129(a)(5).*

**Notice.**

18. Canaveral Crossroads serves this motion on the United States Trustee, on counsel for the petitioning creditors, and on every party registered to receive electronic notice in this case, and it gives the twenty-one days' notice the rules require for a proposed use of property of the estate outside the ordinary course of business. *Fed. R. Bankr. P. 2002(a)(2)*. A motion of this kind is not on this court's negative notice list, so this motion carries no negative notice legend. *M.D. Fla.*

*Bankr. L.R. 2002-4*. If a party in interest objects, the court should set the motion for hearing.

Canaveral Crossroads has no officer and no employees. Someone must sign its schedules, control its accounts, and propose its plan. Ross Johnston will do that work at an hourly rate below what a trustee's commission would cost this estate, and every connection a party could raise appears on the face of this motion. The Bankruptcy Code authorizes the payment and the estate's business judgment supports it.

## RELIEF REQUESTED

The court should enter an order that:

(a) approves under 11 U.S.C. § 363(b) the payment of Ross Johnston, the Chief Restructuring Officer of Canaveral Crossroads, LLC, from property of the estate on the terms stated in this motion, effective as of September 8, 2026;

(b) approves his compensation at $275.00 per hour, together with reimbursement of his reasonable and documented out-of-pocket expenses, payable on the monthly statement procedure stated in this motion and subject to review and disgorgement;

(c) if this court concludes that Johnston is a professional person, approves his employment in the alternative under 11 U.S.C. §§ 327(a) and 105(a), with compensation under 11 U.S.C. §§ 330 and 331; and

(d) grants any further relief this court finds proper.

Respectfully submitted this 15th day of September, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I filed the foregoing Debtor in Possession's Motion Under 11 U.S.C. § 363(b) to Approve the Compensation of Ross Johnston as Chief Restructuring Officer with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.