**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**CANAVERAL CROSSROADS, LLC**, Case No. **6:26-bk-05426-GER**

Debtor. Chapter 11

_________________________________/

**PONSON TRUST'S MOTION FOR**
**LIMITED RELIEF FROM AUTOMATIC**
**STAY TO SEEK ADJUDICATION OF SPECIFIC**
**PERFORMANCE OF SETTLEMENT AGREEMENT**

James N. Ponson and Martha E. Ponson, solely as co-trustees of the James N. Ponson & Martha E. Ponson Revocable Living Trust (the Trust), move under 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001(a), Federal Rule of Bankruptcy Procedure 9014, and Middle District of Florida Local Bankruptcy Rule 4001-1(c) for an order modifying the stay, to the extent it applies, to permit the Trust to seek an adjudication of specific-performance rights under the January 2026 Settlement Agreement in the pre-petition Brevard County state-court proceeding, or another court with proper jurisdiction. The Trust requests the following narrowly limited relief:

1. Permission to prosecute the settlement-enforcement motion filed in James N. Ponson and Martha E. Ponson, as co-trustees v. IMQA Investments Incorporated, Brevard County Circuit Court Case No. 05-2023-CA-018897, to the extent that matter remains pending and the state court retains jurisdiction, or to commence a procedurally proper enforcement action if it does not;

2. Permission to obtain rulings concerning the settlement's validity, the parties' performance obligations, the conditions governing conveyance of Unit 506, and the availability of specific performance against the proper parties, including the debtor only insofar as the bankruptcy court expressly authorizes; and

3. An express reservation requiring further bankruptcy-court authorization before the Trust executes on any judgment against the debtor, compels conveyance of an interest in property of the estate, continues a foreclosure sale affecting estate property, collects a money award from the debtor, or otherwise takes an act outside the limited relief granted.

## BACKGROUND

4. Canaveral Crossroads, LLC, made a June 2, 2021 promissory note payable to the Trust. The June 2021 loan agreement separately contemplated a conveyance of the condominium unit and an assignment of the note upon conveyance. The Trust states that neither the promised transfer nor payment of the note has occurred. This motion seeks relief concerning settlement performance, not adjudication or collection of the note balance.

5. The unit is Condominium Unit 506, Cape Crossing, as described in the January 12, 2026 Settlement Agreement. Attach the full legal description from the signed agreement as Exhibit A. The settlement names Canaveral Crossroads, LLC, IMQA Investments, Inc., Jetton Investments Inc., and the Trust as parties.

6. Section 1.1 calls for IMQA to execute and record a quitclaim deed of its interest to the Trust.

7. Sections 2.1-2.4 contemplate a foreclosure process and, if Jetton or its designee obtains title through that process, delivery of a certificate of title and a special warranty deed to the Trust, with related mortgage-satisfaction steps.

8. The settlement does not itself demonstrate that Jetton has acquired title or that Canaveral owned the unit on the petition date.

9. Under § 3.2, the Trust's assignment of its rights concerning the 2021 note is conditioned upon receipt of specified deeds and the certificate of title, and the Trust's note rights are reserved pending those conditions. Section 3.3 contains a broad immediate general release, while § 3.4 expressly addresses nonperformance and the Trust's note rights. The motion does not ask this Court to decide those merits issues or the validity and effect of any state-court dismissal.

10. On May 19, 2026, the Trust filed a motion in Case No. 05-2023-CA-018897 seeking enforcement of the settlement, including specific performance or measures advancing foreclosure and the contemplated transfer.

11. Canaveral's bankruptcy petition was filed July 20, 2026, and the case was converted to Chapter 11 on September 8, 2026. Debtor’s schedules list Movant as non-priority general unsecured creditor and note a promissory note in the amount of $356,000.00.

9. The Trust does not assume that the unit is estate property. Under 11 U.S.C. § 541(a)(1), (d), the estate takes the debtor's actual legal or equitable interests; the title chain and applicable law must be examined. The Trust seeks a cautious modification because the requested state litigation may involve the debtor as a settlement party or

affect a claimed estate interest. The requested order should not determine title, estate status, or the rights of nondebtor parties without appropriate process.

CAUSE FOR LIMITED RELIEF

10. Section 362(d)(1) permits the Court, after notice and hearing, to modify or condition the stay for cause. The Trust asks to pursue a focused adjudication of prepetition settlement obligations already placed before the Brevard County Circuit Court. The agreement identifies particular deed and foreclosure-related duties of IMQA and Jetton; a determination of their performance and the state proceeding's procedural status may narrow the issues presented in this bankruptcy case. The Trust will not use state litigation as a vehicle for collecting the note from the debtor.

11. Without tailored relief, the Trust faces uncertainty whether litigating settlement enforcement against the debtor or seeking relief related to the unit would violate 11 U.S.C. § 362(a)(1), (3), or (6). The settlement recognizes the unit as unique and authorizes a request for equitable relief in the event of breach. That contractual provision does not resolve the merits or override the automatic stay, but supports allowing a forum to determine the parties' rights subject to bankruptcy safeguards.

12. The proposed limitation protects the estate: this motion does not request a finding that the Trust holds a perfected security interest, does not invoke § 362(d)(2) based on lack of equity, and does not authorize execution, foreclosure, transfer of estate property, or monetary recovery against Canaveral. If the state court determines specific performance is appropriate, any act involving debtor or estate property must return to this Court for further relief. The bankruptcy court retains authority over estate-property and claims-administration questions; all parties may present defenses, including release, dismissal, title, and feasibility of performance.

13. In the alternative, if the Court concludes that the stay does not apply to identified litigation solely against nondebtor IMQA or Jetton concerning their own non-estate interests, the Trust requests a correspondingly narrow clarification, without a ruling that any particular deed or foreclosure act is authorized against estate property. If material facts concerning title or the prior litigation cannot be established on this record, the Trust requests an evidentiary hearing or leave to supplement rather than an unconditional transfer authorization.

REQUESTED ORDER AND SERVICE

14. The Trust requests entry of an order modifying the stay solely to permit the Trust to prosecute or commence a procedurally proper proceeding to determine settlement-specific performance rights concerning Unit 506, including as against Canaveral only to the extent expressly permitted by the order, without permission to enforce against the

debtor or estate property absent a further bankruptcy-court order. The Trust also requests such other relief as the Court finds appropriate within that limitation.

15. Evidence and exhibits. Exhibit A: complete executed January 2026 settlement agreement (with legal description). Exhibit B: May 19, 2026 motion to enforce settlement. Exhibit C: operative orders and docket entries establishing the state action's present posture [to be obtained]. Exhibit D: current title/foreclosure records and relevant bankruptcy schedules [to be obtained]. If relying on indebtedness or note default, attach the loan writings and an accurate indebtedness statement as required by Local Rule 4001-1(c)(1); this motion does not seek stay relief based on equity or establish debt amount. File a supporting declaration for disputed factual assertions where appropriate.

16. Service and hearing. Serve this motion in the manner required by Rules 4001(a)(1) and 9014(b), including the debtor or debtor in possession, debtor's counsel, the United States Trustee, any appointed unsecured-creditors' committee or the Rule 1007(d) list if applicable, and any additional party required by court order or local practice. Give reasonable notice and an opportunity for hearing. The Trust does not request ex parte relief or waiver of the 14-day effectiveness stay under Rule 4001(a)(4) on this record.

WHEREFORE, the Trust requests that the Court grant limited relief on the terms stated in paragraphs 1-3 and 14, or set an evidentiary hearing and grant such narrower relief as the record warrants.

Respectfully submitted,

/s/ J. Christopher Crowder
J. Christopher Crowder
FBN 50562
Faro & Crowder, P.A.
700 N. Wickham Road
Suite 205
Melbourne, FL 32937
321-784-8158
JCrowder@farolaw.com

CERTIFICATE OF SERVICE

I certify that on September 28, 2026, I served this motion on all parties on the attached matrix.

/s/ J. Christopher Crowder
J. Christopher Crowder

Label Matrix for local noticing
113A-6
Case 6:26-bk-05426-GER
Middle District of Florida
Orlando
Mon Sep 28 19:20:51 EDT 2026

Canaveral Crossroads, LLC
4409 Hoffner Avenue, #348
Orlando, FL 32812-2331

Cape Crossing Condominium Association, Inc
700 N. Wickham Road
Suite 205
Melbourne, FL 32935-8840

Cape Crossing Townhome Association, Inc
700 N Wickham Rd
Unit 205
Melbourne, FL 32935-8840

Cape Crossing Vacation Rentals, LLC
4409 Hoffner Avenue, #348
Orlando, FL 32812-2331

Jetton Investments Incorporated
116 S Magnolia Ave
Suite 3E
Ocala, FL 34471-1178

Horton S. Johnson
2523 Kissam Court
Belle Isle, FL 32809-3587

Grace E. Robson
Orlando
, FL

Tamamoi LLC
3550 Engineering Dr. Suite 260
Peachtree Corners, GA 30092-2871

August P, LLC -
c/o WhiteBird, PLLC
1701 Highway A1A, Suite 208
Vero Beach, FL 32963-2250

Cape Crossing Condominium
Association, Inc.
c/o Eric M. Rodriguez, Esq.
1565 US Highway 1
Sebastian, FL 32958-3895

Cape Crossing Condominium Association, Inc -
c/o Beacon Management & Consulting, Inc.
333 17th Street
Suite F
Vero Beach, FL 32960-5636

Cape Crossing Condominium Association, Inc.
Cape Crossing Townhome Association, Inc.
Faro & Crowder,P.A.
700 N.Wickham Road, Suite 205
Melbourne,FL 32935-8840

Cape Crossing Master Association, Inc.
4409 Hoffner Avenue #348
Orlando, FL 32812-2331

Cape Crossing Townhome Homeowners Associatio
c/o Beacon Management & Consulting, Inc.
333 17th Street
Suite F
Vero Beach, FL 32960-5636

Cape Crossing Townhomes Homeowners
Association, Inc.
c/o D. John Rhodeback, Esq.
1565 US Highway 1
Sebastian, FL 32958-3895

David Anderson -
c/o WhiteBird, PLLC
1701 Highway A1A, Suite 208
Vero Beach, FL 32963-2250

David C. & Kathryne E. McPhillips
4907 Bayshore Blvd #116
Tampa, FL 33611-3875

David McPhillips -
700 N Wickham Rd, Unit 205
Melbourne, FL 32935-8840

FBC Holdings, LLC
310 Lagoon Way
Merritt Island, FL 32953-4132

James N. Ponson as Trustee of the Ponson Tru
700 N Wickham Rd, Unit 205
Melbourne, FL 32935-8840

Jean Horning
222 Morton Lane
Winter Springs, FL 32708-3612

Jerry Holliday
c/o Jason Berger, Esq.
Cole, Scott & Kissane, P.A.
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, FL 33301-5060

Jetton Investments, Inc.
c/o Paul Rene, Jr.
116 S Magnolia Ave, Suite 3E
Ocala, FL 34471-1178

Kathi Myers -
3648 Crescent Park Blvd
Orlando, FL 32812-3825

Kuberneo, CPA -
5979 Vineland Road, Ste 304
Orlando, FL 32819-7856

(c)MARIA BROOKS
10800 SE 17TH CIR APT 3
VANCOUVER WA 98664-6206

Martin C. Flynn, Jr.
14556 Saint Georges Hill Dr
Orlando, FL 32828-8035

Michael McPhillips
310 Lagoon Way
Merritt Island, FL 32953-4132

Michael McPhillips
Phil A. DAniello, Esq.
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL. 32804-7133

NuView IRA fbo Theresa Spano
280 S Ronald Reagan Blvd, Ste 200
Longwood, FL 32750-5403

PEDIXON LLC
c/o Kenneth Dixon
1627 East Vine Street, Suite E
Kissimmee, FL 34744-3719

Pino Law Group PLLC
c/o Dr. Laurence J. Pino, Esq.
99 S. New York Avenue
Winter Park, FL 32789-4233

Ponson, Martha E. Revocable Living Trust
c/o Aaron B. Thalwitzer, Esq.
Gordon & Thalwitzer
299 N. Orlando Ave.
Cocoa Beach, FL 32931-2916

Robert and Joann Maxwell -
c/o WhiteBird, PLLC
1701 Highway A1A, Suite 208
Vero Beach, FL 32963-2250

Sanjeev Hans -
6410 Rockingtree Lane
Orlando, FL 32819-4187

Shane Sarver -
4488 Heaton Park Trail
Viera, FL 32955-6760

Sherwood Construction, Inc.
4409 Hoffner Avenue #348
Orlando, FL 32812-2331

Tamamoi, LLC
c/o McMichael Taylor Gray, LLC
3550 Engineering Dr, Suite 260
Peachtree Corners, GA 30092-2871

The Carton Family Trust of 1992
c/o McMichael Taylor Gray, LLC
3550 Engineering Dr, Suite 260
Peachtree Corners, GA 30092-2871

Tiered Capital, Inc.
4409 Hoffner Avenue #348
Orlando, FL 32812-2331

Yann Le Lourec
130 Coco Plum Dr, Apt 401
Marathon, FL 33050-4028

United States Trustee - ORL7/13 +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Phil A D'Aniello +
Fassett Anthony & Taylor PA
1325 West Colonial Drive
Orlando, FL 32804-7133

Lindsey A Savastano +
McMichael Taylor Gray, LLC
3550 Engineering Drive
Ste 260
Peachtree Corners, GA 30092-2871

J Christopher Crowder +
Faro & Crowder PA
700 N Wickham Road, Suite 205
Melbourne, FL 32935-8840

Audrey M Aleskovsky +
DOJ-Ust
Office of the United States Trustee
George C. Young Federal Building and Cou
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Matthew Leibert +
Urban Thier & Federer, P.A.
5782A S. Semoran Blvd.
Orlando, FL 32822-4819

Christopher Smith +
Fromang and Smith, P.A.
4767 New Broad Street
Orlando, FL 32814-6405

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Maria Brooks
10800 SE 17th Cir #A3
Vancouver, WA 98664

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Michael McPhillips | (d)Cape Crossing Vacation Rentals, LLC<br>4409 Hoffner Avenue #348<br>Orlando, FL 32812-2331 | (d)Horton S. Johnson<br>2523 Kissam Court<br>Belle Isle, FL 32809-3587 |
| (u)Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF<br>--------------------------------------------<br>Note: Entries with a '-' at the end of the<br>name have filed a claim in this case | End of Label Matrix<br>Mailable recipients 48<br>Bypassed recipients 4<br>Total 52 | |