UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.
_______________________________________/

**AMENDED DEBTOR IN POSSESSION'S MOTION UNDER 11 U.S.C. § 363(b) TO APPROVE THE COMPENSATION OF ROSS JOHNSTON AS CHIEF RESTRUCTURING OFFICER**

Canaveral Crossroads amends its motion (Doc. 50) to attach the five exhibits the motion cites and the proposed order, to state the cap on Johnston's compensation that paragraph 7 left open, and to disclose in paragraph 15 that Johnston also serves as Chief Restructuring Officer of the affiliate debtor Sherwood Construction, Inc. In every other respect the motion is unchanged. Doc. 50 is the same paper first docketed as Doc. 35, which the clerk did not process because the docket event did not match the paper.

1. On July 20, 2026, three creditors filed an involuntary chapter 7 petition against Canaveral Crossroads, LLC. (Doc. 1). The court entered the order for relief and converted this case to chapter 11 on September 8, 2026. (Doc. 15). Canaveral Crossroads now operates its business and manages its property as a debtor in possession. *11 U.S.C. §§ 1107, 1108.*

2. Canaveral Crossroads has no employees. Until the appointment described below it had no officer charged with the conduct of its restructuring. Its sole member and its manager is Tiered Capital, Inc.

3. On August 25, 2026, confirmed by amended and restated written consent on September 15, 2026, Tiered Capital, Inc., acting as sole member and as manager, appointed Ross Johnston Chief Restructuring Officer of Canaveral Crossroads by written consent. (Ex. 1). Horton S. Johnson, the sole director of Tiered Capital, Inc., approved the appointment and authorized Tiered Capital, Inc. to make it in its capacity as sole member and manager. (Ex. 2). Johnston accepted the appointment and disclosed his interests and connections under penalty of perjury. (Ex. 3). A certificate of incumbency confirms that Johnston holds the office and that he is the sole person authorized to bind Canaveral Crossroads. (Ex. 4). Johnston’s declaration in support of this motion states his qualifications, his duties, and the terms of his compensation. (Ex. 5).

4. The consent rests on the operating agreement, which vests all management of Canaveral Crossroads in the manager, empowers the manager to appoint agents of the company, define their duties, and establish their compensation, and requires the members’ consent, which the same instrument supplies. Florida law commits the activities and affairs of a manager-managed

limited liability company to its manager and permits action by written consent. *Fla. Stat. §§ 605.0105, 605.0407(3), 605.04073(2).*

**Johnston performs the work of the debtor in possession, and Canaveral Crossroads has no one else to do it.**

5. Johnston already holds the office. Corporate action installed him, and no order of this court is needed to put him there. This motion asks approval of his compensation alone. As the responsible officer of Canaveral Crossroads he will:

(a) sign, verify, and file the schedules, the statement of financial affairs, the list of equity security holders, the corporate ownership statement, the creditor matrix, the initial debtor interview materials, and the monthly operating reports;

(b) perform the duties of a debtor in possession and operate the business. *11 U.S.C. §§ 521, 1106, 1107, 1108*;

(c) direct the professionals the estate employs and review their invoices;

(d) marshal and confirm title to the real property, the common and public areas, the clubhouse, the lift station, the reservation system, and the intellectual property;

(e) open and control the debtor-in-possession accounts and comply with the operating guidelines of the United States Trustee;

(f) prosecute, defend, settle, and compromise claims and causes of action, including objections to claims; and

(g) negotiate, file, and prosecute a plan of reorganization and a disclosure statement.

6. Without an officer, Canaveral Crossroads cannot sign a schedule, open a bank account, retain a professional, or propose a plan. A limited liability company acts through natural persons, and this one has none.

**The compensation is an hourly rate, paid on monthly statements the United States Trustee may test.**

7. Johnston is compensated at $275.00 per hour and reimbursed his reasonable and documented out-of-pocket expenses. The sole member fixed that rate under the operating agreement. Operating Agreement § 4.8; Company Consent, Resolution 6. (Ex. 1). Johnston receives no retainer, no success fee, no incentive compensation, and no equity interest. His compensation is capped. In any calendar quarter, Canaveral Crossroads will pay him for no more than 300 hours of his time, or $82,500.00 at his hourly rate. Canaveral Crossroads may pay for time beyond the cap only on further order of this court.

8. Johnston will keep contemporaneous time records in tenth-of-an-hour increments, describe each task, and serve a monthly statement of his time and expenses on the United States Trustee, on counsel for the petitioning creditors, and on any committee appointed in this case. Any of them may object within fourteen days after service. Canaveral Crossroads may pay an amount no one objects to. It may pay a disputed amount only on order of this court. Every payment is interim and every payment is subject to disgorgement.

**Section 363(b) authorizes the compensation of the debtor's own officer.**

9. Paying the officer who runs the debtor is a use of estate property outside the ordinary course of business, and the Bankruptcy Code permits that use

after notice and a hearing. *11 U.S.C. § 363(b)(1)*. A debtor in possession exercises the power the Code gives a trustee. *11 U.S.C. § 1107(a)*. A court approves the use when the debtor articulates a sound business reason for it.

10. The business reason here is plain. Canaveral Crossroads must have an officer, and the alternative to an officer at $275.00 an hour is an estate that cannot function or a trustee whose commission the estate would pay out of the same fund. Installing an experienced restructuring officer is the exercise of ordinary business judgment.

**If this court treats Johnston as a professional person, section 327(a) supplies the alternative.**

11. A court of this district approved the retention of a chief restructuring officer under *11 U.S.C. § 327(a)* coupled with *11 U.S.C. § 105(a)* rather than under § 363, and made his compensation subject to *11 U.S.C. § 330*, because the person retained there was an outside accountant and his firm, engaged to render professional services to the estates. *In re Blue Stone Real Estate, Construction & Development Corp.*, 392 B.R. 897, 906–08 (Bankr. M.D. Fla. 2008). The same court cautioned that its order required no approval of every change in management, because the ordinary replacement of an officer who is not a professional needs none. *Id.* at 907 n.12.

12. Johnston stands on the second side of that line. He is not a firm engaged to render professional services to the estate. He is an officer of Canaveral Crossroads, appointed by its member under the operating agreement, exercising the debtor's own powers — the powers Canaveral Crossroads would exercise through some natural person no matter who held the office. He has held that office before. Johnston served as chief restructuring officer of a chapter 11 debtor, directed that company through its case, and continued to operate it as its president after its plan was confirmed. (Ex. 5). A person who runs the company on both sides of confirmation is its officer, not a professional the estate engages. Canaveral Crossroads seeks approval under § 363(b) because the estate pays him, not because the appointment itself requires leave. If this court concludes that Johnston is a professional person, Canaveral Crossroads asks in the alternative that his employment be approved under *11 U.S.C. §§ 327(a) and 105(a)*, at the same rate and on the same disclosures, with compensation under *11 U.S.C. §§ 330 and 331*.

**Canaveral Crossroads discloses now the connections a party in interest would otherwise raise.**

13. The petitioning creditors moved to appoint Ross Johnston as the chapter 7 trustee in this case. (Doc. 1). That motion is moot on conversion. Johnston never accepted an appointment as trustee and never acted as one. The

three creditors who proposed him proposed him because he is qualified, and the United States Trustee never appointed him.

14. Horton S. Johnson signed the corporate consents as Authorized Agent of Tiered Capital, Inc. Johnson is also one of the three petitioning creditors, he holds two secured claims against Canaveral Crossroads, and he holds the unsecured balance of one of the notes. Canaveral Crossroads states that here rather than leaving it to be found.

15. Johnston is also the Chief Restructuring Officer of Sherwood Construction, Inc., the debtor in *In re Sherwood Construction, Inc.*, No. 6:26-bk-05428-GER. Sherwood Construction is an affiliate of Canaveral Crossroads, both companies are owned by Tiered Capital, Inc., and a motion to administer the two cases jointly is pending. Sherwood Construction holds a scheduled claim against Canaveral Crossroads of $4,400,000.00; its own schedules state $4,500,000.00. Sherwood Construction has asked the court in its case to approve Johnston’s compensation there as five percent of what that estate actually collects on its recovery matters, which include its claims against Canaveral Crossroads, and its proposed plan would make him its plan administrator. The estates remain separate. Johnston will disclose any conflict between them promptly to this court, to the United States Trustee, and to the parties, and will follow the court’s direction on how it is handled. (Ex. 5).

16. Johnston is not a member, a manager, a shareholder, or a holder of any equity interest in Canaveral Crossroads or in Tiered Capital, Inc., and he holds no claim against Canaveral Crossroads. (Exs. 3, 5).

17. The consent appointing Johnston preserves his fiduciary duties. While this case is pending, those duties run to Canaveral Crossroads, to its estate, and to its creditors, and nothing in the consent limits them. (Ex. 1, Res. 8). No direction from the parent displaces the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or an order of this court. (Ex. 1, Res. 12).

18. Canaveral Crossroads will disclose Johnston's identity, his affiliations, and his compensation in any plan it proposes, and it will carry the burden the statute places on it there. *11 U.S.C. § 1129(a)(5)*.

**Notice.**

19. Canaveral Crossroads serves this motion on the United States Trustee, on counsel for the petitioning creditors, and on every party registered to receive electronic notice in this case, and it gives the twenty-one days' notice the rules require for a proposed use of property of the estate outside the ordinary course of business. *Fed. R. Bankr. P. 2002(a)(2)*. A motion of this kind is not on this court's negative notice list, so this motion carries no negative notice legend. *M.D. Fla.*

*Bankr. L.R. 2002-4*. If a party in interest objects, the court should set the motion for hearing. A proposed order is attached. (Ex. 6).

Canaveral Crossroads has no officer and no employees. Someone must sign its schedules, control its accounts, and propose its plan. Ross Johnston will do that work at an hourly rate below what a trustee's commission would cost this estate, and every connection a party could raise appears on the face of this motion. The Bankruptcy Code authorizes the payment and the estate's business judgment supports it.

**RELIEF REQUESTED**

The court should enter an order that:

(a) approves under 11 U.S.C. § 363(b) the payment of Ross Johnston, the Chief Restructuring Officer of Canaveral Crossroads, LLC, from property of the estate on the terms stated in this motion, effective as of September 8, 2026;

(b) approves his compensation at $275.00 per hour, capped at 300 hours in any calendar quarter absent further order of this court, together with reimbursement of his reasonable and documented out-of-pocket expenses, payable on the monthly statement procedure stated in this motion and subject to review and disgorgement;

(c) if this court concludes that Johnston is a professional person, approves his employment in the alternative under 11 U.S.C. §§ 327(a) and 105(a), with compensation under 11 U.S.C. §§ 330 and 331; and

(d) grants any further relief this court finds proper.

Respectfully submitted this 29th day of September, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I filed the foregoing Amended Debtor in Possession's Motion Under 11 U.S.C. § 363(b) to Approve the Compensation of Ross Johnston as Chief Restructuring Officer, with Exhibits 1 through 6, with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.

# EXHIBIT 1

Written Consent of the Sole Member and Manager of Canaveral Crossroads, LLC
Appointment of Chief Restructuring Officer
Effective September 15, 2026

**WRITTEN CONSENT OF THE SOLE MEMBER AND MANAGER OF CANAVERAL CROSSROADS, LLC**

*Appointment of Chief Restructuring Officer*
Effective September 15, 2026

---

The undersigned, TIERED CAPITAL, INC., a Florida corporation, being the sole Member and the Manager of CANAVERAL CROSSROADS, LLC, a Florida limited liability company (the "**Company**"), acting by written consent without a meeting under Section 5.6 of the Company's Operating Agreement dated May 6, 2013 (as amended, the "**Operating Agreement**"), and under sections 605.0105, 605.0407(3), and 605.04073(2), Florida Statutes, and waiving notice under Sections 5.4 and 5.5 of the Operating Agreement, adopts the following recitals and resolutions:

**RECITALS**

A. The Company is a manager-managed Florida limited liability company, Florida Department of State Document No. L13000061486. Operating Agreement § 1.1.

B. The undersigned holds one hundred percent (100%) of the Membership Interests in the Company and is the Company's Manager. The Florida Division of Corporations still shows Tiered Preferred, LLC as the Company's manager of record on the 2024 annual report. That record is wrong, and the Company will correct it when it is reinstated. No other person holds a Membership Interest in the Company.

C. Under Operating Agreement § 4.1, the day-to-day operations of the Company are conducted by the Manager and all management of the Company is vested in the Manager, who has "full and complete authority, power, and discretion to make any and all decisions and to do any and all things that the Manager shall deem to be reasonably required to accomplish the business and objectives of the Company." Approval or action taken by the Manager constitutes approval or action by the Company and binds each Member.

D. Under Operating Agreement § 4.7, only the Manager and agents of the Company authorized by the Manager have authority to bind the Company, and the Manager's enumerated powers include "[t]he appointment of employees and agents of the Company, the defining of their duties, and the establishment of their annual compensation." Operating Agreement § 4.7(g). Section 605.0407(3), Florida Statutes, likewise commits matters relating to the activities and affairs of a manager-managed limited liability company exclusively to its manager.

E. Operating Agreement § 4.3 reserves certain actions to the Managing Member, and § 5.3 provides that, unless otherwise specifically provided in the Operating Agreement, no action may be taken or authorized on the part of the Manager without the Members' consent. The undersigned is both the sole Member and the Manager and executes this Consent in both capacities, so that no separate act of any other person is required.

F. On July 20, 2026, Horton S. Johnson, Jetton Investments Incorporated, and Cape Crossing Vacation Rentals, LLC filed an involuntary petition against the Company under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Middle

District of Florida, Orlando Division, styled *In re Canaveral Crossroads, LLC*, No. 6:26-bk-05426-GER (the "**Bankruptcy Case**").

G. On August 20, 2026 the Company filed its Answer to Involuntary Petition and Consent to Entry of Order for Relief (Doc. 11) and its Motion to Convert Case from Chapter 7 to Chapter 11 Pursuant to 11 U.S.C. § 706(a), by which the Company consented to the entry of an order for relief and elected to proceed under chapter 11 as a debtor in possession under 11 U.S.C. §§ 1107 and 1108. The court entered an order for relief under 11 U.S.C. § 303(h) and converted the Bankruptcy Case to a case under chapter 11 on September 8, 2026 (Doc. 15). The Company has operated as a debtor in possession since that date.

H. The Company has no employees and no officer charged with the conduct of its restructuring. The undersigned has determined that the interests of the Company, its estate, and its creditors are best served by the appointment of a single responsible officer to direct the Company's restructuring, to serve as the Company's authorized representative in the Bankruptcy Case, and to bind the Company in that capacity.

I. The Florida Department of State administratively dissolved the Company on September 26, 2025 for failure to file its annual report. A dissolved limited liability company continues in existence. Fla. Stat. § 605.0714(5). The Company will file articles of reinstatement, which relate back to and take effect as of the date of the administrative dissolution, so that the Company may resume its activities and affairs as if the dissolution had not occurred. Fla. Stat. § 605.0715(4).

J. ROSS JOHNSTON is qualified by experience to serve in that capacity and is willing to serve.

## RESOLUTIONS

**1.** **Appointment. ROSS JOHNSTON** is appointed **Chief Restructuring Officer** of the Company, effective as of the date first written above (the "**Effective Date**"). The Chief Restructuring Officer is an officer and agent of the Company appointed under Operating Agreement § 4.7(g). He is not a Member, a Manager, or the Managing Member of the Company, and this Consent neither admits him as a Member nor transfers to him any Membership Interest, capital account, or right to Distributions.

**2.** **Grant of authority.** The Chief Restructuring Officer is vested with full authority to direct and control the business, management, and affairs of the Company, and to exercise on the Company's behalf every power of the Manager under Operating Agreement §§ 4.1 and 4.7(a) through (k). Without limiting that grant, he is authorized, in the name and on behalf of the Company:

(a) to act as the Company's authorized representative and responsible officer in the Bankruptcy Case, and to execute, verify, declare under penalty of perjury, and file the Company's schedules of assets and liabilities, statement of financial affairs, list of equity security holders, corporate ownership statement, creditor matrix, initial debtor interview materials, monthly operating reports, and any declaration required by Official Form 202 or otherwise;

(b) to perform the duties of the debtor and of the debtor in possession under 11 U.S.C. §§ 521, 1106, 1107, and 1108, and to operate the Company's business;

(c) to employ and discharge attorneys, accountants, financial advisors, brokers, appraisers, managing agents, and other professionals for the Company, to fix and pay their compensation from Company funds, and to execute engagement agreements and retention applications, in each case subject to any approval of the Bankruptcy Court required by 11 U.S.C. §§ 327, 328, 330, and 331;

(d) to open, close, and maintain the Company's debtor-in-possession bank accounts, to designate and remove signatories on them, and to receive, hold, and disburse the Company's funds, in compliance with the operating guidelines of the United States Trustee;

(e) to institute, prosecute, defend, settle, compromise, withdraw, abandon, and appeal any Proceeding, contested matter, adversary proceeding, claim, or cause of action in the Company's name, including objections to claims under 11 U.S.C. § 502 and claims and causes of action under 11 U.S.C. §§ 544 through 553;

(f) to negotiate, propose, file, prosecute, amend, modify, withdraw, and consummate a plan of reorganization and a disclosure statement, to solicit and accept votes on a plan, and to execute every document contemplated by a confirmed plan;

(g) to use, sell, lease, transfer, and abandon property of the estate; to obtain credit and incur indebtedness and to grant liens securing it; and to assume, assume and assign, or reject executory contracts and unexpired leases, in each case subject to any approval of the Bankruptcy Court required by 11 U.S.C. §§ 363, 364, 365, and 554;

(h) to take possession of, maintain, reconstruct, and control the Company's books, records, accounting systems, and financial data; to obtain, maintain, and adjust the Company's insurance; and to prepare, execute, and file the Company's federal, state, and local tax returns and reports;

(i) to execute and deliver, in the Company's name, any deed, mortgage, satisfaction, note, guaranty, lease, contract, certificate, application, pleading, affidavit, verification, or other instrument he deems necessary or appropriate to any of the foregoing; and

(j) to do every other act necessary or appropriate to carry out the foregoing.

3. **Actions reserved by Operating Agreement § 4.3.** To the extent any action authorized above falls within Operating Agreement § 4.3 — including the approval of a merger, conversion, or the application of an elective statute (§ 4.3(d)) and the sale, exchange, transfer, Distribution, or other Disposition of all or substantially all of the Company Property (§ 4.3(h)) — the undersigned, as Managing Member and as sole Member, authorizes and directs the Chief Restructuring Officer to take that action on the Company's behalf and concurs in it. This Consent does *not* authorize the amendment of the Operating Agreement (§ 4.3(g)), the admission of an Additional Member (§ 4.3(a)), or a change in the business or purpose of the Company (§ 4.3(c)), each of which remains reserved to the undersigned.

4. **Members' consent under § 5.3.** The undersigned, as sole Member, consents under Operating Agreement §§ 5.3 and 5.6 to every action authorized by this Consent and to every action taken by the Chief Restructuring Officer within the authority granted here, and waives any further Members' consent as to those actions.

5. **Sole authorized signatory.** From the Effective Date, the Chief Restructuring Officer is the sole person authorized to contract for and bind the Company. Every prior designation of a person authorized to contract for and bind the Company — including the resolution adopted at the special meeting of Members held February 20, 2015, designating Martin C. Flynn, Jr., Horton S. Johnson, and Michael McPhillips as Managers authorized to contract for and bind the Company — is superseded to the extent inconsistent with this Consent. Any bank, title insurer, governmental body, or other person may rely conclusively on this Consent and on the Certificate of Incumbency and Authority delivered with it.

6. **Compensation.** Under Operating Agreement § 4.8, the undersigned, as sole Member, fixes the Chief Restructuring Officer's compensation at $275.00 per hour, together with reimbursement of his reasonable and documented out-of-pocket expenses incurred on the Company's behalf. No compensation or reimbursement shall be paid except as permitted by the Bankruptcy Code or by order of the Bankruptcy Court, and this Consent is without prejudice to the right of the United States Trustee or any party in interest to be heard on that compensation.

7. **Indemnification and advancement.** The Company shall indemnify the Chief Restructuring Officer, as an agent of the Company, for all costs, losses, liabilities, and damages paid or accrued by him in connection with the business of the Company or because he is such an agent, to the fullest extent provided or allowed by the law of Florida, and shall advance his costs of participation in any Proceeding. Operating Agreement § 4.5. The Company may procure and maintain directors' and officers' liability insurance covering him. Every obligation under this resolution is subject to the Bankruptcy Code and to any order of the Bankruptcy Court.

8. **Standard of care; fiduciary duties.** The Chief Restructuring Officer's duty of care is that stated in Operating Agreement § 4.9, and he is entitled to the protections of that section in relying on the Company's records and on information, opinions, reports, and statements of persons selected with reasonable care. Nothing in this Consent limits the fiduciary duties he owes, while the Bankruptcy Case is pending, to the Company, its estate, and its creditors.

9. **Term; resignation; removal.** The Chief Restructuring Officer serves until the earliest of (a) his written resignation delivered to the undersigned, (b) his removal by written consent of the sole Member, (c) the effective date of a confirmed plan in the Bankruptcy Case that provides otherwise, or (d) the appointment of a trustee under 11 U.S.C. § 1104 or the conversion of the Bankruptcy Case to a case under chapter 7, upon which his authority is limited to that which a responsible officer of the debtor may lawfully exercise.

10. **Reinstatement and correction of the public record. The Chief Restructuring Officer is authorized to file articles of reinstatement with the Florida Department of State under Fla. Stat. § 605.0715, to pay the reinstatement fee and every delinquent annual report fee, to name Tiered Capital, Inc. as the Company's manager of record, and to state the**

**Company's principal address as 201 Ivory Coral Lane, Merritt Island, Florida 32953 and its mailing address as 4409 Hoffner Avenue #348, Orlando, Florida 32812. The undersigned, as sole Member and Manager, consents to that filing.**

11. **Ratification.** Every action heretofore taken by or on behalf of the Company in connection with the Bankruptcy Case — including the Answer to Involuntary Petition and Consent to Entry of Order for Relief and the Motion to Convert Case from Chapter 7 to Chapter 11 filed August 20, 2026, the two Notices of Removal, the engagement of Fromang & Smith, P.A. as the Company's counsel, the Case Management Summary, the list of twenty largest unsecured creditors, the corporate ownership statement, the list of equity security holders, the creditor matrix, the Company's schedules and statement of financial affairs, the initial debtor interview materials, and the plan of reorganization and disclosure statement — is ratified, approved, and confirmed in all respects.

12. **One office.** Where a filing or record of the Company identifies Ross Johnston as "Reorganization Manager" or as "Authorized Liquidation Agent and Trustee," that reference is to the same office as the Chief Restructuring Officer appointed by this Consent, and the Company shall conform those references by amendment.

13. **No displacement of the Bankruptcy Court.** Nothing in this Consent authorizes any act for which approval of the Bankruptcy Court is required without that approval, and nothing in it diminishes the authority of the Bankruptcy Court, the United States Trustee, or any trustee or examiner appointed in the Bankruptcy Case.

14. **Further assurances; counterparts; governing law.** The undersigned shall execute every further document and take every further action necessary or appropriate to carry out this Consent. This Consent may be executed in counterparts and delivered by electronic transmission, each of which is an original and all of which together constitute one instrument, and is governed by the laws of the State of Florida. It is filed with the records of the Company maintained under Operating Agreement § 1.7.

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date first written above.

TIERED CAPITAL, INC.,
*a Florida corporation,*
*as sole Member and as Manager of Canaveral Crossroads, LLC*

Horton S. Johnson
______________________________
Horton S. Johnson, Authorized Agent

---

**ACCEPTED:**

---

Ross Johnston, Chief Restructuring Officer
Canaveral Crossroads, LLC

# EXHIBIT 2

Action by Written Consent of the Sole Director
of Tiered Capital, Inc.
Effective September 15, 2026

**ACTION BY WRITTEN CONSENT**
**OF THE SOLE DIRECTOR OF**
**TIERED CAPITAL, INC.**

*a Florida corporation*
Effective September 15, 2026

---

The undersigned, being the sole director of **TIERED CAPITAL, INC.**, a Florida corporation (**"Tiered Capital"**), acting by written consent in lieu of a meeting under section 607.0821, Florida Statutes, and waiving all notice of the time, place, and purpose of such a meeting, adopts the following recitals and resolutions:

**RECITALS**

A. Tiered Capital owns all of the Membership Interests in CANAVERAL CROSSROADS, LLC, a Florida limited liability company, Florida Department of State Document No. L13000061486 (the "Company"), and is the Company's Manager.

B. The Company was reinstated on September 15, 2026, and the records of the Florida Division of Corporations show Tiered Capital, Inc. as the Company's manager.

C. An involuntary petition was filed against the Company on July 20, 2026 in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, styled *In re Canaveral Crossroads, LLC,* No. 6:26-bk-05426-GER (the **"Bankruptcy Case"**). On August 20, 2026 the Company answered the petition, consented to the entry of an order for relief, and moved under 11 U.S.C. § 706(a) to convert the Bankruptcy Case to a case under chapter 11 so that the Company may operate as a debtor in possession. The court entered an order for relief under 11 U.S.C. § 303(h) and converted the Bankruptcy Case to a case under chapter 11 on September 8, 2026 (Doc. 15).

D. The Company has no employees and no officer charged with the conduct of its restructuring. Tiered Capital has determined that the interests of the Company and of Tiered Capital are best served by the appointment of a single responsible officer of the Company to direct the restructuring and to serve as the Company's authorized representative in the Bankruptcy Case.

E. **ROSS JOHNSTON** is qualified by experience to serve in that capacity and is willing to serve.

**RESOLUTIONS**

**1.** **Approval of the appointment.** The appointment of Ross Johnston as Chief Restructuring Officer of Canaveral Crossroads, LLC, on the terms set out in the Written Consent of the

Sole Member and Manager of Canaveral Crossroads, LLC of even date (the **"Company Consent"**), is approved in all respects.

2. **Execution of the Company Consent. Tiered Capital is authorized, in its capacity as the sole Member and as the Manager of the Company, to execute and deliver the Company Consent and to take every further action contemplated by it.**

3. **Authorized Agent. HORTON S. JOHNSON is designated the Authorized Agent of Tiered Capital for the purposes of these resolutions, and is authorized to execute and deliver, in the name of Tiered Capital and in Tiered Capital's capacity as the sole Member and the Manager of the Company, the Company Consent** and any certificate, consent, instrument, or other document necessary or appropriate to carry out these resolutions. Any person may rely conclusively on his signature in that capacity.

4. **Further assurances.** The officers of Tiered Capital and the Authorized Agent are authorized to take all further action and to execute all further documents they deem necessary or appropriate to carry out the purpose and intent of these resolutions.

5. **Ratification.** All action heretofore taken by Tiered Capital or by the Authorized Agent in connection with the subject matter of these resolutions is ratified, approved, and confirmed in all respects.

6. **Effectiveness; counterparts.** This consent is effective on the date first written above, is filed with the minutes of Tiered Capital, and may be executed in counterparts and delivered electronically, each of which is an original and all of which together constitute one instrument.

IN WITNESS WHEREOF, the undersigned has executed this Action by Written Consent as of the date first written above.

TIERED CAPITAL, INC.,
*a Florida corporation*

Horton S. Johnson
_______________________________________________
By: Horton S. Johnson, Sole Director
Date signed: Sept. 24, 2026

# EXHIBIT 3

Acceptance of Appointment as Chief Restructuring Officer and
Disclosure of Connections
Ross Johnston
Effective September 15, 2026

# ACCEPTANCE OF APPOINTMENT AS CHIEF RESTRUCTURING OFFICER AND DISCLOSURE OF CONNECTIONS

*Canaveral Crossroads, LLC*
Effective September 15, 2026

---

The undersigned, **ROSS JOHNSTON**, states as follows:

**1.** I have read the Written Consent of the Sole Member and Manager of Canaveral Crossroads, LLC dated September 15, 2026 (the **"Consent"**), by which I am appointed Chief Restructuring Officer of Canaveral Crossroads, LLC (the **"Company"**). I accept the appointment and agree to serve on the terms stated in the Consent.

**2.** I understand that the Company is the subject of *In re Canaveral Crossroads, LLC*, No. 6:26-bk-05426-GER, pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and that I will act as the Company's authorized representative and responsible officer in that case, including by signing and verifying its schedules, statements, reports, and declarations under penalty of perjury.

**3.** I understand and agree that, while that case is pending, I owe fiduciary duties to the Company, its estate, and its creditors, and that I must exercise the authority granted to me consistently with those duties and with 11 U.S.C. §§ 1107 and 1108.

**4.** I am not a member, manager, or holder of any equity interest in the Company or in Tiered Capital, Inc., and I hold no claim against the Company. There is no exception.

**5.** I am also the Chief Restructuring Officer of Sherwood Construction, Inc., an affiliate of the Company that holds a claim against it, on the terms stated in my declaration filed in the bankruptcy case. Beyond that, my connections with the Company, its affiliates, its creditors, the petitioning creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee are none, beyond those stated in that declaration.

**6.** I will promptly supplement this disclosure if any of the foregoing changes.

**7.** I understand that my compensation is subject to the Bankruptcy Code and to any order of the Bankruptcy Court, that no compensation or reimbursement may be paid to me except as so permitted, and that the United States Trustee and any party in interest may be heard on it.

**8.** I will furnish, on request, a statement of my qualifications and of the duties I am to perform, together with the terms of my compensation, for use in any application to employ

me, in any disclosure required by 11 U.S.C. § 1129(a)(5), and in any disclosure statement filed in the case.

9. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26th, 2026

Ross Johnston

# EXHIBIT 4

Certificate of Incumbency and Authority
Canaveral Crossroads, LLC
Effective September 15, 2026

**CERTIFICATE OF INCUMBENCY AND AUTHORITY**
**CANAVERAL CROSSROADS, LLC**
Effective September 15, 2026

---

The undersigned, HORTON S. JOHNSON, the Authorized Agent of TIERED CAPITAL, INC., a Florida corporation, which is the sole Member and the Manager of CANAVERAL CROSSROADS, LLC, a Florida limited liability company, Florida Department of State Document No. L13000061486 (the "**Company**"), certifies as follows:

**1.** The Company is a manager-managed Florida limited liability company, duly organized and validly existing under the laws of the State of Florida.

**2.** **Tiered Capital, Inc. holds one hundred percent (100%) of the Membership Interests in the Company and is the Company's Manager. No other person holds a Membership Interest in the Company. The Florida Division of Corporations still shows Tiered Preferred, LLC as the Company's manager of record on the 2024 annual report; that record is wrong and will be corrected on reinstatement.**

**3.** **I am the Authorized Agent of Tiered Capital, Inc., and I am authorized to execute this Certificate on its behalf and on behalf of the Company.**

**4.** Attached as **Exhibit A** is a true, correct, and complete copy of the Written Consent of the Sole Member and Manager of Canaveral Crossroads, LLC dated September 15, 2026 (the "**Consent**"). The Consent was duly adopted, has not been amended, modified, revoked, or rescinded, and is in full force and effect as of the date of this Certificate.

**5.** The person named below has been duly appointed to, and on the date of this Certificate holds, the office of the Company set opposite his name, and the signature set opposite his name is his genuine signature. He is the sole person authorized to contract for and bind the Company:

Name: Ross Johnston
Office: Chief Restructuring Officer
Specimen signature: [signature]

**6.** Any bank, title insurer, governmental body, or other person may rely on this Certificate until it receives written notice of its revocation from the undersigned.

7. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the date first written above.

TIERED CAPITAL, INC.,
*a Florida corporation,*
*as sole Member and as Manager of Canaveral Crossroads, LLC*

Horton S. Johnson, Authorized Agent

# EXHIBIT 5

Amended Declaration of Ross Johnston in Support of the Motion
to Approve His Compensation as Chief Restructuring Officer

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.

______________________________________/

**AMENDED DECLARATION OF ROSS JOHNSTON IN SUPPORT OF THE MOTION TO APPROVE HIS COMPENSATION AS CHIEF RESTRUCTURING OFFICER**

1. On August 25, 2026, confirmed by amended and restated written consent on September 15, 2026, Tiered Capital, Inc., the sole member and the manager of Canaveral Crossroads, LLC, appointed me Chief Restructuring Officer of Canaveral Crossroads by written consent. I accepted that appointment and I serve on the terms the consent states.

2. This amended declaration supersedes my declaration filed as Doc. 47 and attaches the exhibit that declaration cited. I make it to furnish my qualifications, the duties I am to perform, and the terms of my compensation, for use in the motion to approve my compensation and in any disclosure *11 U.S.C. § 1129(a)(5)* requires.

**My qualifications.**

3. I have worked in corporate restructuring, workouts, and asset-backed lending since 2005. I am the Managing Partner of ARG Investments in Winter

Park, Florida, an asset-backed lending and real estate development firm, where I have worked since 2005. I am the Senior Managing Director of C-Acquire Consulting, a corporate restructuring and workout practice, where I have worked since 2007. I have held the office I now hold at Canaveral Crossroads once before, and I held it through a chapter 11 case from beginning to end. I joined OCE Landfill Management, Inc. as a management consultant in December 2011, became its Chief Financial Officer in February 2012 and its President in July 2012, and served as its Chief Restructuring Officer from November 2012 to December 2014. I directed that company through its chapter 11 case. After its plan was confirmed I continued to operate the company, and I have served as its President and Trustee since January 2015. I hold a Bachelor of Arts in business and managerial economics from the University of Colorado at Boulder and a Master of Business Administration from the Masagung Graduate School of Management at the University of San Francisco. I completed the Advanced Management Program at Harvard Business School and the LEAD program in corporate innovation at the Stanford University Graduate School of Business. I have served as Chairman of the Planning and Zoning Board of the City of Winter Park since 2014. A copy of my professional profile is attached as Exhibit A.

**The duties I am to perform.**

4. I direct the restructuring of Canaveral Crossroads and act as its responsible officer in this case. I will:

(a) sign, verify, and file the schedules, the statement of financial affairs, the list of equity security holders, the corporate ownership statement, the creditor matrix, the initial debtor interview materials, and the monthly operating reports;

(b) perform the duties of a debtor in possession and operate the business. *11 U.S.C. §§ 521, 1106, 1107, 1108*;

(c) direct the professionals the estate employs and review their invoices;

(d) marshal and confirm title to the real property, the common and public areas, the clubhouse, the lift station, the reservation system, and the intellectual property;

(e) open and control the debtor-in-possession accounts and comply with the operating guidelines of the United States Trustee;

(f) prosecute, defend, settle, and compromise claims and causes of action, including objections to claims; and

(g) negotiate, file, and prosecute a plan of reorganization and a disclosure statement.

**The terms of my compensation.**

5. I am paid $275.00 per hour for my time, and I am reimbursed my reasonable and documented out-of-pocket expenses. I receive no retainer, no success fee, no incentive compensation, and no equity interest of any kind. My compensation is capped at 300 hours in any calendar quarter, or $82,500.00 at my hourly rate. I will accept payment for time beyond the cap only on further order of this court.

6. I will keep contemporaneous time records in tenth-of-an-hour increments and describe each task. I will serve a monthly statement of my time and expenses on the United States Trustee, on counsel for the petitioning creditors, and on any committee appointed in this case. I understand that every payment to me is interim, that it is subject to review by this court, and that I must disgorge any amount this court disallows.

**My interests and connections.**

7. I am not a member, a manager, a shareholder, or a holder of any equity interest in Canaveral Crossroads, LLC or in Tiered Capital, Inc. I hold no claim against Canaveral Crossroads.

8. The petitioning creditors moved to appoint me as the chapter 7 trustee in this case on July 20, 2026. (Doc. 1). I did not solicit that nomination, I never accepted an appointment as trustee, and I never acted as trustee in this case. The petitioning creditors have no control over my judgment as an officer of Canaveral Crossroads.

9. Horton S. Johnson signed the corporate consents appointing me, as Authorized Agent of Tiered Capital, Inc. Johnson is one of the three petitioning creditors and holds claims against Canaveral Crossroads. I state that here so that no party has to discover it.

10. I am also the Chief Restructuring Officer of Sherwood Construction, Inc., the debtor in *In re Sherwood Construction, Inc.*, No. 6:26-bk-05428-GER, a chapter 11 case pending in this court. Sherwood Construction is an affiliate of Canaveral Crossroads; Tiered Capital, Inc. owns both companies. Sherwood Construction holds a claim against Canaveral Crossroads, scheduled in this case at $4,400,000.00 and in its own case at $4,500,000.00, and a motion to administer the two cases jointly is pending. Sherwood Construction has asked the court in its case to approve my compensation there as five percent of what its estate actually collects on its recovery matters, and those matters include its claims against Canaveral Crossroads. Its proposed plan would also make me its plan administrator. The two estates remain separate. If their interests conflict, including on the allowance or payment of Sherwood Construction's claim against Canaveral Crossroads, I will disclose the conflict promptly to this court, to the United States Trustee, and to the parties, and I will follow the court's direction on how it is handled.

11. I have met Laurence J. Pino. His firm, Pino Law Group, is a scheduled creditor of Canaveral Crossroads and its registered agent. I have no business, financial, or professional relationship with him or with his firm. Beyond that and what appears above, my connections with Canaveral Crossroads, its affiliates, its creditors, the petitioning creditors, any other party in interest, their

respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee are none.

12. While this case is pending, I owe fiduciary duties to Canaveral Crossroads, to its estate, and to its creditors. No direction from Tiered Capital, Inc. displaces those duties, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or an order of this court. I will exercise my own judgment.

13. I will supplement this declaration promptly if anything in it changes.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26th, 2026.

________________________________

Ross Johnston
Chief Restructuring Officer
Canaveral Crossroads, LLC

# EXHIBIT A

Professional Profile of Ross Johnston




## Ross Johnston · 3rd

Management Consultant - Bankruptcy & Restructuring Specialist

Winter Park, Florida, United States · Contact info

500+ connections

Message

ARG Investments

Stanford University Graduate School of Business

## About

| | |
|---|---|
| OCE Environmental Technologies: | Dec 2011 - Present |
| • President & Trustee: | Jan 2015 - Present |
| • Chief Restructuring Office (CRO): | Nov 2012 – Dec 2014 |
| • President: | July 2012 - Nov 2012 |
| • Chief Financial Officer: | Feb 2012 - Jun 2012 |
| • Management Consultant: | Dec 2011 – Jan 2012 |

Behavioral Support Services: Director (July 2015 - Present)

ARG Investments: Managing Director (June 2005 - Present)

Recent Client Engagement:
- Engineering & Computer Simulations (ECS): Marketing Consultant
- Avancent Cloud Computing: Marketing Consultant
- Mojo Interactive: Customer Acquisition Marketing Consultant
- TekGiants Cloud Computing: Chief Marketing Officer - Consultant
- Network Solutions (Reston, VA): Customer Acquisition Marketing Consultant

Specialties: cloud computing, virtual enterprise, mobile commerce, social media, social media, digital content distribution and management, social network platform development

Ross Johnston
Management Consultant - Bankruptcy & Restructuring Specialist

## Experience

### Managing Partner
ARG Investments
Jan 2005 - Present · 20 yrs 10 mos
WInter Park, FL

Asset-Backed Lending & Real Estate Development

### Senior Managing Director
C-Acquire Consulting
2007 - Present · 18 yrs 10 mos
West Palm Beach, Florida, United States

Corporate Restructuring & Workout Specialists

### President & Trustee
OCE Landfill Management, Inc.
Dec 2011 - Present · 13 yrs 11 mos
Mount Dora, FL

### Chief Marketing Officer
tekGIANTS, Inc.
Dec 2010 - 2012 · 1 yr 2 mos
Greater Orlando

Cloud Computing/Virtual Enterprise - subject matter experts on SMB movement to Cloud Computing.

### Co-Founder and Chief Revenue Officer
Blue Media Zone
Nov 2008 - Dec 2011 · 3 yrs 2 mos
Orange County, California, United States

Bluetooth based file to file advertising platform for mobile phones

### Vice President, Business Development
Dotster
Sep 2007 - Sep 2009 · 2 yrs 1 mo
Portland, Oregon Metropolitan Area

### Director of Business Development
CNET Networks
Dec 2004 - Dec 2007 · 3 yrs 1 mo
San Francisco Bay Area



**Ross Johnston**
Management Consultant - Bankruptcy & Restructuring Specialist

**Stanford University Graduate School of Business**
LEAD Program, Corporate Innovation
2015 – 2016

**Harvard Business School**
Advanced Management Program (AMP), Business Administration and Management, General
2000 – 2001

**University of San Francisco - Masagung Graduate School of Management**
Master of Business Administration (MBA), Marketing/Marketing Management, General
1999 – 2000

Activities and societies: Bay Area Venture Capital Award Finalist - Bluetooth File Transfer Enhancement

**University of Colorado at Boulder**
Bachelor of Arts (B.A.), Business/Managerial Economics

Activities and societies: Economics Club Chairman

Ross Johnston
Management Consultant - Bankruptcy & Restructuring Specialist

## Licenses & certifications

**Series 3 - National Commodities Futures Examination**
FINRA

**Series 6 - Investment Company and Variable Contracts Products Representative Examination (IR)**
FINRA

Show all →

## Volunteering

**Leadership**
Center for Faith & Work, Gotham Program, New York City / Orlando, FL
Sep 2015 - Present · 10 yrs 2 mos
Education

## Skills

Social Media

Mobile Commerce

Show all →

## Languages

Spanish

## Organizations

**City of Winter Park**
Chairman - City Planning & Zoning Board (P&Z) · Jan 2014 – Present

# EXHIBIT 6

Proposed Order

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CANAVERAL CROSSROADS, LLC,

Debtor.
_______________________________________/

Case No. 6:26-bk-05426-GER
Chapter 11

**ORDER APPROVING THE COMPENSATION OF ROSS JOHNSTON AS CHIEF RESTRUCTURING OFFICER UNDER 11 U.S.C. § 363(b)**

THIS CASE came before the court on the Amended Debtor in Possession's Motion Under 11 U.S.C. § 363(b) to Approve the Compensation of Ross Johnston as Chief Restructuring Officer [Doc. ____] (the "Motion"). The Debtor served the Motion on the United States Trustee, on counsel for the petitioning creditors, and on every party registered to receive electronic notice, and it gave the notice Fed. R. Bankr. P. 2002(a)(2) requires. The court reviewed the Motion, the written consents, the certificate of incumbency, and Johnston's amended declaration filed with it as exhibits, and the record, and finds as follows:

A. The Debtor has no employees and no officer other than the Chief Restructuring Officer. It requires a responsible officer to perform the duties of a debtor in possession under 11 U.S.C. §§ 521, 1106, 1107, and 1108.

B. Tiered Capital, Inc., the Debtor's sole member and manager, appointed Ross Johnston Chief Restructuring Officer by written consent adopted under the Debtor's operating agreement and under Fla. Stat. §§ 605.0105, 605.0407(3), and 605.04073(2).

C. Johnston holds no equity interest in the Debtor or in Tiered Capital, Inc., and he holds no claim against the Debtor. He disclosed his connections, including his nomination as chapter 7 trustee by the petitioning creditors and his office as Chief Restructuring Officer of the affiliate debtor Sherwood Construction, Inc., a creditor of the Debtor, under penalty of perjury.

D. Johnston holds the office of Chief Restructuring Officer by corporate action, and no order of this court is required to appoint him. The compensation of the Chief Restructuring Officer is a use of property of the estate outside the ordinary course of business, the Debtor articulated a sound business reason for that use, and the use is in the best interests of the estate and its creditors. 11 U.S.C. §§ 363(b)(1), 1107(a).

Accordingly, it is

**ORDERED:**

1. The Motion is GRANTED.

2. The Debtor is authorized under 11 U.S.C. § 363(b) to pay Ross Johnston, its Chief Restructuring Officer, from property of the estate on the terms stated in the Motion, effective as of September 8, 2026. This order approves no appointment.

3. Johnston is compensated at $275.00 per hour and is reimbursed his reasonable and documented out-of-pocket expenses. He receives no retainer, no success fee, no incentive compensation, and no equity interest. The Debtor may pay Johnston for no more than 300 hours of his time in any calendar quarter absent further order of the court.

4. Johnston must keep contemporaneous time records in tenth-of-an-hour increments describing each task, and must serve a monthly statement of his time and expenses on the United States Trustee, on counsel for the petitioning creditors, and on any committee appointed in this case. Those parties have fourteen days after service to object. The Debtor may pay an amount to which no party objects. The Debtor may pay a disputed amount only on further order of the court.

5. Every payment to Johnston is interim, remains subject to review by the court, and is subject to disgorgement.

6. Johnston owes fiduciary duties to the Debtor, to its estate, and to its creditors while this case is pending. No direction from Tiered Capital, Inc. displaces those duties, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or an order of this court.

7. Johnston must supplement his declaration promptly if any disclosure in it changes.

8. This order approves no compensation under 11 U.S.C. § 328(a) and makes no finding that Johnston is or is not a professional person under 11 U.S.C. § 327(a).

DONE AND ORDERED in Orlando, Florida, on ______________________.

###

Attorney Christopher L. Smith is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.