**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**CANAVERAL CROSSROADS, LLC,**

Debtor.
_______________________________________/

Case No. 6:26-bk-05426-GER
Chapter 11

**SECOND AMENDED AND RESTATED CORPORATE AUTHORIZATION**

Canaveral Crossroads, LLC, the debtor and debtor in possession, files this Second Amended and Restated Corporate Authorization to attach Exhibits A through D, which its Amended and Restated Corporate Authorization (Doc. 46) described but did not include, and to conform the caption to the chapter 11 case. It states:

**1.** The Debtor is a Florida limited liability company. Tiered Capital, Inc. holds all of the membership interests in the Debtor and is the Debtor's manager. The Debtor was reinstated on September 15, 2026, and the records of the Florida Division of Corporations show Tiered Capital, Inc. as its manager. Martin C. Flynn, Jr. resigned as President in July 2026, and the Debtor has had no officer since that resignation. Ross Johnston serves as the Debtor's Chief Restructuring Officer. Where a filing or record of the Debtor calls him "Reorganization Manager" or "Authorized Liquidation Agent and Trustee," the reference is to that same office. Company Consent, Resolution 12.

**2.** Petitioning creditors filed an involuntary petition against the Debtor under chapter 7 on July 20, 2026. The Debtor has answered, consented to entry of the order for relief, and moved to convert this case to chapter 11 under 11 U.S.C. § 706(a). The court entered an order for relief under 11 U.S.C. § 303(h) and converted the case to chapter 11 on September 8, 2026. (Doc. 15). The Company has operated as a debtor in possession since that date.

**3.** Tiered Capital, Inc., as sole member and manager, has authorized each of those acts, has appointed Ross Johnston the Debtor's Chief Restructuring Officer, and has ratified everything already done in the Debtor's name in this case. The authority runs from the Debtor's Operating Agreement dated May 6, 2013: § 4.1 vests all management in the Manager; § 4.7(g) empowers the Manager to appoint agents, define their duties, and fix their compensation; and § 5.3 requires the Members' consent, which Tiered Capital gives in the same instrument because it is both the sole Member and the Manager. Four documents are attached. The Written Consent of the Sole Member and Manager, taken without a meeting under Fla. Stat. §§ 605.0407(3) and 605.04073(2) and Operating Agreement § 5.6, is Exhibit A. The Action by Written Consent of the Sole Director of Tiered Capital, Inc., taken under Fla. Stat. § 607.0821, is Exhibit B. Johnston's Acceptance of Appointment and Disclosure of Connections, sworn under penalty of perjury, is

Exhibit C. The Certificate of Incumbency and Authority, declared under penalty of perjury, is Exhibit D.

**4.** Local Rule 1074-1(b) requires a certificate, resolution, or other documentation of authority when an attorney signs a voluntary petition for a non-individual debtor. No voluntary petition has been or will be filed in this case, so the rule does not apply by its terms. The Debtor files this Second Amended and Restated Corporate Authorization so that no question arises about the authority behind its answer, its consent to the order for relief, its motion to convert, its notices of removal, its schedules and statements, or the plan of reorganization and disclosure statement it filed. (Docs. 37, 49).

Dated: September 29, 2026.

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Phone: (407) 999-9739 / Email: chris@fromangsmith.com

Counsel for Canaveral Crossroads, LLC

The undersigned authorized representative of the Debtor approves the filing of the foregoing.

________________________________________
Ross Johnston, Chief Restructuring Officer
Authorized Representative of the Debtor

**CERTIFICATE OF SERVICE**

I certify that on September 29, 2026, I filed this Second Amended and Restated Corporate Authorization, with Exhibits A through D, with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire

# EXHIBIT A

Written Consent of the Sole Member and Manager of Canaveral Crossroads, LLC — Appointment of Chief Restructuring Officer

**WRITTEN CONSENT OF THE SOLE MEMBER AND MANAGER OF CANAVERAL CROSSROADS, LLC**

*Appointment of Chief Restructuring Officer*
Effective September 15, 2026

---

The undersigned, TIERED CAPITAL, INC., a Florida corporation, being the sole Member and the Manager of CANAVERAL CROSSROADS, LLC, a Florida limited liability company (the "**Company**"), acting by written consent without a meeting under Section 5.6 of the Company's Operating Agreement dated May 6, 2013 (as amended, the "**Operating Agreement**"), and under sections 605.0105, 605.0407(3), and 605.04073(2), Florida Statutes, and waiving notice under Sections 5.4 and 5.5 of the Operating Agreement, adopts the following recitals and resolutions:

**RECITALS**

A. The Company is a manager-managed Florida limited liability company, Florida Department of State Document No. L13000061486. Operating Agreement § 1.1.

B. The undersigned holds one hundred percent (100%) of the Membership Interests in the Company and is the Company's Manager. The Florida Division of Corporations still shows Tiered Preferred, LLC as the Company's manager of record on the 2024 annual report. That record is wrong, and the Company will correct it when it is reinstated. No other person holds a Membership Interest in the Company.

C. Under Operating Agreement § 4.1, the day-to-day operations of the Company are conducted by the Manager and all management of the Company is vested in the Manager, who has "full and complete authority, power, and discretion to make any and all decisions and to do any and all things that the Manager shall deem to be reasonably required to accomplish the business and objectives of the Company." Approval or action taken by the Manager constitutes approval or action by the Company and binds each Member.

D. Under Operating Agreement § 4.7, only the Manager and agents of the Company authorized by the Manager have authority to bind the Company, and the Manager's enumerated powers include "[t]he appointment of employees and agents of the Company, the defining of their duties, and the establishment of their annual compensation." Operating Agreement § 4.7(g). Section 605.0407(3), Florida Statutes, likewise commits matters relating to the activities and affairs of a manager-managed limited liability company exclusively to its manager.

E. Operating Agreement § 4.3 reserves certain actions to the Managing Member, and § 5.3 provides that, unless otherwise specifically provided in the Operating Agreement, no action may be taken or authorized on the part of the Manager without the Members' consent. The undersigned is both the sole Member and the Manager and executes this Consent in both capacities, so that no separate act of any other person is required.

F. On July 20, 2026, Horton S. Johnson, Jetton Investments Incorporated, and Cape Crossing Vacation Rentals, LLC filed an involuntary petition against the Company under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Middle

District of Florida, Orlando Division, styled *In re Canaveral Crossroads, LLC*, No. 6:26-bk-05426-GER (the "**Bankruptcy Case**").

G. On August 20, 2026 the Company filed its Answer to Involuntary Petition and Consent to Entry of Order for Relief (Doc. 11) and its Motion to Convert Case from Chapter 7 to Chapter 11 Pursuant to 11 U.S.C. § 706(a), by which the Company consented to the entry of an order for relief and elected to proceed under chapter 11 as a debtor in possession under 11 U.S.C. §§ 1107 and 1108. The court entered an order for relief under 11 U.S.C. § 303(h) and converted the Bankruptcy Case to a case under chapter 11 on September 8, 2026 (Doc. 15). The Company has operated as a debtor in possession since that date.

H. The Company has no employees and no officer charged with the conduct of its restructuring. The undersigned has determined that the interests of the Company, its estate, and its creditors are best served by the appointment of a single responsible officer to direct the Company's restructuring, to serve as the Company's authorized representative in the Bankruptcy Case, and to bind the Company in that capacity.

I. The Florida Department of State administratively dissolved the Company on September 26, 2025 for failure to file its annual report. A dissolved limited liability company continues in existence. Fla. Stat. § 605.0714(5). The Company will file articles of reinstatement, which relate back to and take effect as of the date of the administrative dissolution, so that the Company may resume its activities and affairs as if the dissolution had not occurred. Fla. Stat. § 605.0715(4).

J. ROSS JOHNSTON is qualified by experience to serve in that capacity and is willing to serve.

**RESOLUTIONS**

**1.** **Appointment. ROSS JOHNSTON** is appointed **Chief Restructuring Officer** of the Company, effective as of the date first written above (the "**Effective Date**"). The Chief Restructuring Officer is an officer and agent of the Company appointed under Operating Agreement § 4.7(g). He is not a Member, a Manager, or the Managing Member of the Company, and this Consent neither admits him as a Member nor transfers to him any Membership Interest, capital account, or right to Distributions.

**2.** **Grant of authority.** The Chief Restructuring Officer is vested with full authority to direct and control the business, management, and affairs of the Company, and to exercise on the Company's behalf every power of the Manager under Operating Agreement §§ 4.1 and 4.7(a) through (k). Without limiting that grant, he is authorized, in the name and on behalf of the Company:

(a) to act as the Company's authorized representative and responsible officer in the Bankruptcy Case, and to execute, verify, declare under penalty of perjury, and file the Company's schedules of assets and liabilities, statement of financial affairs, list of equity security holders, corporate ownership statement, creditor matrix, initial debtor interview materials, monthly operating reports, and any declaration required by Official Form 202 or otherwise;

(b) to perform the duties of the debtor and of the debtor in possession under 11 U.S.C. §§ 521, 1106, 1107, and 1108, and to operate the Company's business;

(c) to employ and discharge attorneys, accountants, financial advisors, brokers, appraisers, managing agents, and other professionals for the Company, to fix and pay their compensation from Company funds, and to execute engagement agreements and retention applications, in each case subject to any approval of the Bankruptcy Court required by 11 U.S.C. §§ 327, 328, 330, and 331;

(d) to open, close, and maintain the Company's debtor-in-possession bank accounts, to designate and remove signatories on them, and to receive, hold, and disburse the Company's funds, in compliance with the operating guidelines of the United States Trustee;

(e) to institute, prosecute, defend, settle, compromise, withdraw, abandon, and appeal any Proceeding, contested matter, adversary proceeding, claim, or cause of action in the Company's name, including objections to claims under 11 U.S.C. § 502 and claims and causes of action under 11 U.S.C. §§ 544 through 553;

(f) to negotiate, propose, file, prosecute, amend, modify, withdraw, and consummate a plan of reorganization and a disclosure statement, to solicit and accept votes on a plan, and to execute every document contemplated by a confirmed plan;

(g) to use, sell, lease, transfer, and abandon property of the estate; to obtain credit and incur indebtedness and to grant liens securing it; and to assume, assume and assign, or reject executory contracts and unexpired leases, in each case subject to any approval of the Bankruptcy Court required by 11 U.S.C. §§ 363, 364, 365, and 554;

(h) to take possession of, maintain, reconstruct, and control the Company's books, records, accounting systems, and financial data; to obtain, maintain, and adjust the Company's insurance; and to prepare, execute, and file the Company's federal, state, and local tax returns and reports;

(i) to execute and deliver, in the Company's name, any deed, mortgage, satisfaction, note, guaranty, lease, contract, certificate, application, pleading, affidavit, verification, or other instrument he deems necessary or appropriate to any of the foregoing; and

(j) to do every other act necessary or appropriate to carry out the foregoing.

3. **Actions reserved by Operating Agreement § 4.3.** To the extent any action authorized above falls within Operating Agreement § 4.3 — including the approval of a merger, conversion, or the application of an elective statute (§ 4.3(d)) and the sale, exchange, transfer, Distribution, or other Disposition of all or substantially all of the Company Property (§ 4.3(h)) — the undersigned, as Managing Member and as sole Member, authorizes and directs the Chief Restructuring Officer to take that action on the Company's behalf and concurs in it. This Consent does *not* authorize the amendment of the Operating Agreement (§ 4.3(g)), the admission of an Additional Member (§ 4.3(a)), or a change in the business or purpose of the Company (§ 4.3(c)), each of which remains reserved to the undersigned.

4. **Members' consent under § 5.3.** The undersigned, as sole Member, consents under Operating Agreement §§ 5.3 and 5.6 to every action authorized by this Consent and to every action taken by the Chief Restructuring Officer within the authority granted here, and waives any further Members' consent as to those actions.

5. **Sole authorized signatory.** From the Effective Date, the Chief Restructuring Officer is the sole person authorized to contract for and bind the Company. Every prior designation of a person authorized to contract for and bind the Company — including the resolution adopted at the special meeting of Members held February 20, 2015, designating Martin C. Flynn, Jr., Horton S. Johnson, and Michael McPhillips as Managers authorized to contract for and bind the Company — is superseded to the extent inconsistent with this Consent. Any bank, title insurer, governmental body, or other person may rely conclusively on this Consent and on the Certificate of Incumbency and Authority delivered with it.

6. **Compensation.** Under Operating Agreement § 4.8, the undersigned, as sole Member, fixes the Chief Restructuring Officer's compensation at $275.00 per hour, together with reimbursement of his reasonable and documented out-of-pocket expenses incurred on the Company's behalf. No compensation or reimbursement shall be paid except as permitted by the Bankruptcy Code or by order of the Bankruptcy Court, and this Consent is without prejudice to the right of the United States Trustee or any party in interest to be heard on that compensation.

7. **Indemnification and advancement.** The Company shall indemnify the Chief Restructuring Officer, as an agent of the Company, for all costs, losses, liabilities, and damages paid or accrued by him in connection with the business of the Company or because he is such an agent, to the fullest extent provided or allowed by the law of Florida, and shall advance his costs of participation in any Proceeding. Operating Agreement § 4.5. The Company may procure and maintain directors' and officers' liability insurance covering him. Every obligation under this resolution is subject to the Bankruptcy Code and to any order of the Bankruptcy Court.

8. **Standard of care; fiduciary duties.** The Chief Restructuring Officer's duty of care is that stated in Operating Agreement § 4.9, and he is entitled to the protections of that section in relying on the Company's records and on information, opinions, reports, and statements of persons selected with reasonable care. Nothing in this Consent limits the fiduciary duties he owes, while the Bankruptcy Case is pending, to the Company, its estate, and its creditors.

9. **Term; resignation; removal.** The Chief Restructuring Officer serves until the earliest of (a) his written resignation delivered to the undersigned, (b) his removal by written consent of the sole Member, (c) the effective date of a confirmed plan in the Bankruptcy Case that provides otherwise, or (d) the appointment of a trustee under 11 U.S.C. § 1104 or the conversion of the Bankruptcy Case to a case under chapter 7, upon which his authority is limited to that which a responsible officer of the debtor may lawfully exercise.

10. **Reinstatement and correction of the public record. The Chief Restructuring Officer is authorized to file articles of reinstatement with the Florida Department of State under Fla. Stat. § 605.0715, to pay the reinstatement fee and every delinquent annual report fee, to name Tiered Capital, Inc. as the Company's manager of record, and to state the**

**Company's principal address as 201 Ivory Coral Lane, Merritt Island, Florida 32953 and its mailing address as 4409 Hoffner Avenue #348, Orlando, Florida 32812. The undersigned, as sole Member and Manager, consents to that filing.**

**11.** **Ratification.** Every action heretofore taken by or on behalf of the Company in connection with the Bankruptcy Case — including the Answer to Involuntary Petition and Consent to Entry of Order for Relief and the Motion to Convert Case from Chapter 7 to Chapter 11 filed August 20, 2026, the two Notices of Removal, the engagement of Fromang & Smith, P.A. as the Company's counsel, the Case Management Summary, the list of twenty largest unsecured creditors, the corporate ownership statement, the list of equity security holders, the creditor matrix, the Company's schedules and statement of financial affairs, the initial debtor interview materials, and the plan of reorganization and disclosure statement — is ratified, approved, and confirmed in all respects.

**12.** **One office.** Where a filing or record of the Company identifies Ross Johnston as "Reorganization Manager" or as "Authorized Liquidation Agent and Trustee," that reference is to the same office as the Chief Restructuring Officer appointed by this Consent, and the Company shall conform those references by amendment.

**13.** **No displacement of the Bankruptcy Court.** Nothing in this Consent authorizes any act for which approval of the Bankruptcy Court is required without that approval, and nothing in it diminishes the authority of the Bankruptcy Court, the United States Trustee, or any trustee or examiner appointed in the Bankruptcy Case.

**14.** **Further assurances; counterparts; governing law.** The undersigned shall execute every further document and take every further action necessary or appropriate to carry out this Consent. This Consent may be executed in counterparts and delivered by electronic transmission, each of which is an original and all of which together constitute one instrument, and is governed by the laws of the State of Florida. It is filed with the records of the Company maintained under Operating Agreement § 1.7.

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date first written above.

TIERED CAPITAL, INC.,
*a Florida corporation,*
*as sole Member and as Manager of Canaveral Crossroads, LLC*

[signature]
Horton S. Johnson, Authorized Agent

**ACCEPTED:**

Ross Johnston, Chief Restructuring Officer
Canaveral Crossroads, LLC

# EXHIBIT B

Action by Written Consent of the Sole Director
of Tiered Capital, Inc.

**ACTION BY WRITTEN CONSENT**
**OF THE SOLE DIRECTOR OF**
**TIERED CAPITAL, INC.**

*a Florida corporation*
Effective September 15, 2026

---

The undersigned, being the sole director of **TIERED CAPITAL, INC.**, a Florida corporation (**"Tiered Capital"**), acting by written consent in lieu of a meeting under section 607.0821, Florida Statutes, and waiving all notice of the time, place, and purpose of such a meeting, adopts the following recitals and resolutions:

**RECITALS**

A. Tiered Capital owns all of the Membership Interests in CANAVERAL CROSSROADS, LLC, a Florida limited liability company, Florida Department of State Document No. L13000061486 (the "Company"), and is the Company's Manager.

B. The Company was reinstated on September 15, 2026, and the records of the Florida Division of Corporations show Tiered Capital, Inc. as the Company's manager.

C. An involuntary petition was filed against the Company on July 20, 2026 in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, styled *In re Canaveral Crossroads, LLC,* No. 6:26-bk-05426-GER (the **"Bankruptcy Case"**). On August 20, 2026 the Company answered the petition, consented to the entry of an order for relief, and moved under 11 U.S.C. § 706(a) to convert the Bankruptcy Case to a case under chapter 11 so that the Company may operate as a debtor in possession. The court entered an order for relief under 11 U.S.C. § 303(h) and converted the Bankruptcy Case to a case under chapter 11 on September 8, 2026 (Doc. 15).

D. The Company has no employees and no officer charged with the conduct of its restructuring. Tiered Capital has determined that the interests of the Company and of Tiered Capital are best served by the appointment of a single responsible officer of the Company to direct the restructuring and to serve as the Company's authorized representative in the Bankruptcy Case.

E. **ROSS JOHNSTON** is qualified by experience to serve in that capacity and is willing to serve.

**RESOLUTIONS**

**1. Approval of the appointment.** The appointment of Ross Johnston as Chief Restructuring Officer of Canaveral Crossroads, LLC, on the terms set out in the Written Consent of the

Sole Member and Manager of Canaveral Crossroads, LLC of even date (the **"Company Consent"**), is approved in all respects.

**2.** **Execution of the Company Consent. Tiered Capital is authorized, in its capacity as the sole Member and as the Manager of the Company, to execute and deliver the Company Consent and to take every further action contemplated by it.**

**3.** **Authorized Agent. HORTON S. JOHNSON is designated the Authorized Agent of Tiered Capital for the purposes of these resolutions, and is authorized to execute and deliver, in the name of Tiered Capital and in Tiered Capital's capacity as the sole Member and the Manager of the Company, the Company Consent** and any certificate, consent, instrument, or other document necessary or appropriate to carry out these resolutions. Any person may rely conclusively on his signature in that capacity.

**4.** **Further assurances.** The officers of Tiered Capital and the Authorized Agent are authorized to take all further action and to execute all further documents they deem necessary or appropriate to carry out the purpose and intent of these resolutions.

**5.** **Ratification.** All action heretofore taken by Tiered Capital or by the Authorized Agent in connection with the subject matter of these resolutions is ratified, approved, and confirmed in all respects.

**6.** **Effectiveness; counterparts.** This consent is effective on the date first written above, is filed with the minutes of Tiered Capital, and may be executed in counterparts and delivered electronically, each of which is an original and all of which together constitute one instrument.

IN WITNESS WHEREOF, the undersigned has executed this Action by Written Consent as of the date first written above.

TIERED CAPITAL, INC.,
*a Florida corporation*

Horton S. Johnson
_______________________________________

By: Horton S. Johnson, Sole Director
Date signed: Sept. 24, 2026

# EXHIBIT C

Acceptance of Appointment as Chief Restructuring Officer and Disclosure of Connections — Ross Johnston

**ACCEPTANCE OF APPOINTMENT AS CHIEF RESTRUCTURING OFFICER AND DISCLOSURE OF CONNECTIONS**

*Canaveral Crossroads, LLC*
Effective September 15, 2026

---

The undersigned, **ROSS JOHNSTON**, states as follows:

**1.** I have read the Written Consent of the Sole Member and Manager of Canaveral Crossroads, LLC dated September 15, 2026 (the **"Consent"**), by which I am appointed Chief Restructuring Officer of Canaveral Crossroads, LLC (the **"Company"**). I accept the appointment and agree to serve on the terms stated in the Consent.

**2.** I understand that the Company is the subject of *In re Canaveral Crossroads, LLC*, No. 6:26-bk-05426-GER, pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and that I will act as the Company's authorized representative and responsible officer in that case, including by signing and verifying its schedules, statements, reports, and declarations under penalty of perjury.

**3.** I understand and agree that, while that case is pending, I owe fiduciary duties to the Company, its estate, and its creditors, and that I must exercise the authority granted to me consistently with those duties and with 11 U.S.C. §§ 1107 and 1108.

**4.** I am not a member, manager, or holder of any equity interest in the Company or in Tiered Capital, Inc., and I hold no claim against the Company. There is no exception.

**5.** I am also the Chief Restructuring Officer of Sherwood Construction, Inc., an affiliate of the Company that holds a claim against it, on the terms stated in my declaration filed in the bankruptcy case. Beyond that, my connections with the Company, its affiliates, its creditors, the petitioning creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee are none, beyond those stated in that declaration.

**6.** I will promptly supplement this disclosure if any of the foregoing changes.

**7.** I understand that my compensation is subject to the Bankruptcy Code and to any order of the Bankruptcy Court, that no compensation or reimbursement may be paid to me except as so permitted, and that the United States Trustee and any party in interest may be heard on it.

**8.** I will furnish, on request, a statement of my qualifications and of the duties I am to perform, together with the terms of my compensation, for use in any application to employ

me, in any disclosure required by 11 U.S.C. § 1129(a)(5), and in any disclosure statement filed in the case.

9. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26th, 2026

______________________________

Ross Johnston

# EXHIBIT D

Certificate of Incumbency and Authority — Canaveral Crossroads, LLC

**CERTIFICATE OF INCUMBENCY AND AUTHORITY**
**CANAVERAL CROSSROADS, LLC**
Effective September 15, 2026

---

The undersigned, HORTON S. JOHNSON, the Authorized Agent of TIERED CAPITAL, INC., a Florida corporation, which is the sole Member and the Manager of CANAVERAL CROSSROADS, LLC, a Florida limited liability company, Florida Department of State Document No. L13000061486 (the **"Company"**), certifies as follows:

**1.** The Company is a manager-managed Florida limited liability company, duly organized and validly existing under the laws of the State of Florida.

**2.** **Tiered Capital, Inc. holds one hundred percent (100%) of the Membership Interests in the Company and is the Company's Manager. No other person holds a Membership Interest in the Company. The Florida Division of Corporations still shows Tiered Preferred, LLC as the Company's manager of record on the 2024 annual report; that record is wrong and will be corrected on reinstatement.**

**3.** **I am the Authorized Agent of Tiered Capital, Inc., and I am authorized to execute this Certificate on its behalf and on behalf of the Company.**

**4.** Attached as **Exhibit A** is a true, correct, and complete copy of the Written Consent of the Sole Member and Manager of Canaveral Crossroads, LLC dated September 15, 2026 (the **"Consent"**). The Consent was duly adopted, has not been amended, modified, revoked, or rescinded, and is in full force and effect as of the date of this Certificate.

**5.** The person named below has been duly appointed to, and on the date of this Certificate holds, the office of the Company set opposite his name, and the signature set opposite his name is his genuine signature. He is the sole person authorized to contract for and bind the Company:

Name: Ross Johnston
Office: Chief Restructuring Officer
Specimen signature: ______________________

**6.** Any bank, title insurer, governmental body, or other person may rely on this Certificate until it receives written notice of its revocation from the undersigned.

7. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the date first written above.

TIERED CAPITAL, INC.,
*a Florida corporation,*
*as sole Member and as Manager of Canaveral Crossroads, LLC*

Horton S. Johnson, Authorized Agent