UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.
_______________________________________/

**DEBTOR IN POSSESSION'S AMENDED APPLICATION TO EMPLOY CHRISTOPHER L. SMITH AND FROMANG & SMITH, P.A. AS COUNSEL UNDER 11 U.S.C. § 327(a)**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Canaveral Crossroads amends its application (Doc. 36) to attach the verified statement the application cited as Exhibit A, which was not filed with it; to disclose that its counsel also represents its affiliate and its parent; to disclose the parent's

guaranty of counsel's allowed fees and ask this court to approve it; and to state the rate for associates. In every other respect the application is unchanged.

1. On July 20, 2026, three creditors filed an involuntary chapter 7 petition against Canaveral Crossroads, LLC. (Doc. 1). The court entered the order for relief and converted this case to chapter 11 on September 8, 2026. (Doc. 15). Canaveral Crossroads now operates its business and manages its property as a debtor in possession. *11 U.S.C. §§ 1107, 1108*.

2. Canaveral Crossroads owns the common and public areas, the clubhouse, the lift station, and the trademarks, trade names, and signage of the Cape Crossing resort in Brevard County. It has no employees. Its restructuring is directed by its Chief Restructuring Officer, whose employment is the subject of a separate motion.

3. Canaveral Crossroads asks to employ Christopher L. Smith and Fromang & Smith, P.A. as its counsel. Smith appeared for Canaveral Crossroads on August 13, 2026. (Doc. 7). He prepared the answer and consent to the entry of the order for relief and the motion to convert this case to chapter 11. (Docs. 11, 13).

**A debtor in possession may employ an attorney who is disinterested and holds no adverse interest.**

4. The Bankruptcy Code lets a debtor in possession employ an attorney who neither holds nor represents an interest adverse to the estate and who is a disinterested person. *11 U.S.C. §§ 327(a), 1107(a)*. The Code defines that term. *11 U.S.C. § 101(14)*.

5. The rules require an application stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and the person's connections with the debtor, its creditors, any other party in interest, their attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. The rules also require a verified statement of the person to be employed. *Fed. R. Bankr. P. 2014(a)*. That statement accompanies this application. (Ex. A).

**Canaveral Crossroads cannot discharge the duties chapter 11 imposes on it without counsel.**

6. Fromang & Smith, P.A. will render the following services:

(a) advising Canaveral Crossroads on its rights, powers, and duties as a debtor in possession;

(b) preparing and filing the schedules of assets and liabilities, the statement of financial affairs, the list of equity security holders, the creditor matrix, the chapter 11 case management summary, and the monthly operating reports, and appearing at the initial debtor interview and at the meeting of creditors;

(c) prosecuting the two actions removed to this court on August 13, 2026 — the association action and the Rene and Jetton foreclosure. (Docs. 8, 9);

(d) objecting to claims and prosecuting the estate's claims and causes of action. *11 U.S.C. §§ 502, 544–553*;

(e) negotiating with the secured creditors over cash collateral, adequate protection, and the treatment of their liens;

(f) preparing, filing, and prosecuting a plan of reorganization and a disclosure statement through confirmation and consummation; and

(g) appearing at every hearing and rendering every other legal service a debtor in possession requires in a case under chapter 11.

**Smith already knows this case, and replacing him would cost the estate money it has spent.**

7. Smith is a member in good standing of The Florida Bar, Florida Bar No. 367461, and is admitted to practice before this court. He has practiced bankruptcy and insolvency law in this district for thirty-eight years. Canaveral Crossroads selected him because he has represented it since August 2026, because he prepared the answer, the consent to the order for relief, and the motion to convert, and because he is familiar with the resort, the associations, the secured claims, and the plan Canaveral Crossroads intends to propose. Substituting counsel now would duplicate work the estate has already paid for.

**Smith and his firm are disinterested and hold no interest adverse to the estate.**

8. Neither Smith nor Fromang & Smith, P.A. holds or represents an interest adverse to Canaveral Crossroads or to its estate, and each is a disinterested

person. *11 U.S.C. §§ 101(14), 327(a)*. Neither is a creditor, an equity security holder, or an insider of Canaveral Crossroads. Neither is, and neither was within two years before July 20, 2026, a director, an officer, or an employee of Canaveral Crossroads. Neither holds an interest materially adverse to the estate or to any class of creditors or equity security holders.

9. Fromang & Smith, P.A. holds no prepetition claim against Canaveral Crossroads. It received no retainer, no prepetition payment, and no security for its fees. The parent of Canaveral Crossroads, Tiered Capital, Inc., guarantees payment of the fees this court allows, on the terms stated in paragraphs 15 and 16. Smith discloses every connection he and the firm have in the verified statement attached to this application, and he will supplement that statement promptly if any of it changes. (Ex. A).

**The compensation is an hourly rate that remains subject to this court's review.**

10. Canaveral Crossroads proposes to compensate Smith at $500.00 per hour and to reimburse the firm's actual and necessary expenses. Associates the firm engages on this matter bill at $400.00 per hour, and its paralegals bill at $225.00 per hour. The original application said the firm employs no associates; this amendment corrects it. Those are the firm's ordinary rates for work of this kind.

11. Canaveral Crossroads does not ask this court to fix the terms of employment under *11 U.S.C. § 328(a)*. It seeks employment under § 327(a), and compensation stays subject to review for reasonableness. Fromang & Smith, P.A. will be paid only on application, after notice and a hearing. *11 U.S.C. §§ 330, 331*; *Fed. R. Bankr. P. 2016*; *M.D. Fla. Bankr. L.R. 2016-1*. The firm will comply with the guidelines of the United States Trustee.

12. Fromang & Smith, P.A. has not agreed to share its compensation with any person other than the members and regular employees of the firm. *Fed. R. Bankr. P. 2016(b)*.

Smith also represents the affiliate and the parent of Canaveral Crossroads, and he stands on neither side of the intercompany claim.

13. Smith represents Sherwood Construction, Inc., the debtor in *In re Sherwood Construction, Inc.*, No. 6:26-bk-05428-GER, a chapter 11 case pending in this court, and Sherwood Construction has applied to employ him. (Sherwood Doc. 15). Tiered Capital, Inc. owns both debtors, and they have moved for joint administration. Sherwood Construction holds a claim against Canaveral Crossroads, scheduled here at $4,400,000.00 and in its own case at $4,500,000.00. (Doc. 33 at 17; Sherwood Doc. 19 at 10). Smith will not represent either debtor in any dispute over the allowance, amount, setoff, compromise, or plan treatment of that claim. If the claim is disputed, each debtor will apply to employ separate

counsel for that matter. Representing a creditor does not by itself disqualify a professional. *11 U.S.C. § 327(c)*.

14. Smith also represents Tiered Capital, Inc., the sole member and manager of Canaveral Crossroads. He does not represent Tiered Capital in any matter adverse to this estate, including the cancellation of its membership interest under the plan Canaveral Crossroads filed. (Doc. 37). If the interests of Tiered Capital and this estate conflict in any matter, he will disclose it promptly and withdraw from one representation or the other. He does not represent Horton S. Johnson, the sole director of Tiered Capital and one of the petitioning creditors. Matthew Leibert represents Mr. Johnson. (Doc. 1).

The parent guarantees counsel's allowed fees on terms that cost the estate nothing.

15. Tiered Capital, Inc. guarantees payment of the fees and expenses this court allows the firm, to the extent the estate does not pay them within thirty days after allowance. (Ex. A, Ex. 1). It pays only amounts this court has allowed. For as long as this case is pending, it relinquishes decision-making control over the conduct of the case and acts on the instructions of the chief restructuring officer in any matter concerning it. It has no right to direct or regulate counsel's professional judgment, and it receives no privileged information of Canaveral Crossroads except as Canaveral Crossroads authorizes. Any claim it holds for what it pays is

subordinated to every other claim against the estate, including every administrative expense. *11 U.S.C. § 510(a)*.

16. Because the guarantor keeps a subordinated right to be repaid, a payment under the guaranty could be characterized as credit extended to the estate. To the extent it is, Canaveral Crossroads asks this court to authorize it. The terms cost the estate nothing: the guarantor pays only fees this court allows, its claim stands behind every other claim, and it gives up control of the case while the case is pending. *11 U.S.C. §§ 105(a), 364(b)*. The guaranty is disclosed here as the Code and the rules require. *11 U.S.C. § 329; Fed. R. Bankr. P. 2016(b)*.

**Nothing in the rules delays approval of this employment.**

17. The rules bar this court from granting an application under Rule 2014 within twenty-one days after the filing of the petition, unless the relief is necessary to avoid immediate and irreparable harm. *Fed. R. Bankr. P. 6003(a)*. The petitioning creditors filed the petition on July 20, 2026, and that period closed on August 10, 2026. Rule 6003 no longer bears on this application.

18. Canaveral Crossroads asks that the employment be approved effective as of the date this court entered the order for relief. The estate came into existence on that date, and the duties of a debtor in possession attached to Canaveral Crossroads on that date.

A debtor in possession must have counsel to do what chapter 11 requires of it. Smith is disinterested, he holds no adverse interest, he has disclosed every connection, his allowed fees are guaranteed on terms that cost the estate nothing, and he already knows this case. The Bankruptcy Code authorizes this employment and the estate needs it.

## RELIEF REQUESTED

The court should enter an order that:

(a) approves the employment of Christopher L. Smith and Fromang & Smith, P.A. as counsel for Canaveral Crossroads, LLC under *11 U.S.C. § 327(a)*, effective as of the date of the order for relief;

(b) approves the compensation arrangement stated in this application, with compensation and reimbursement of expenses subject to *11 U.S.C. §§ 330* and *331*;

(c) approves the guaranty of Tiered Capital, Inc. (Ex. A, Ex. 1), including its subordination, and, to the extent the guaranty involves credit extended to the estate, authorizes it under *11 U.S.C. §§ 105(a) and 364(b)*; and

(d) grants any further relief this court finds proper.

Respectfully submitted this 29th day of September, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com

Counsel for Canaveral Crossroads, LLC

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I filed the foregoing Debtor in Possession's Amended Application to Employ Christopher L. Smith and Fromang & Smith, P.A. as Counsel Under 11 U.S.C. § 327(a), with Exhibit A, with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.

# EXHIBIT A

Verified Statement of Christopher L. Smith
Under Fed. R. Bankr. P. 2014(a)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Case No. 6:26-bk-05426-GER

CANAVERAL CROSSROADS, LLC, Chapter 11

Debtor.
______________________________________/

**VERIFIED STATEMENT OF CHRISTOPHER L. SMITH UNDER FED. R. BANKR. P. 2014(a) (EXHIBIT A TO APPLICATION, DOC. 36)**

1. I am a shareholder of Fromang & Smith, P.A., 4767 New Broad Street, Orlando, Florida 32814. I make this statement in support of the application of Canaveral Crossroads, LLC to employ me and my firm as its counsel. (Doc. 36). The application cites this statement as its Exhibit A, which was not filed with it. I file it now. *Fed. R. Bankr. P. 2014(a)*.

2. I am a member in good standing of The Florida Bar, Florida Bar No. 367461, and I am admitted to practice before this court.

3. Neither I nor the firm is a creditor, an equity security holder, or an insider of Canaveral Crossroads. Neither of us is, and neither of us was within two years before July 20, 2026, a director, an officer, or an employee of Canaveral Crossroads. I am a disinterested person. *11 U.S.C. § 101(14)*.

4. The firm holds no prepetition claim against Canaveral Crossroads. It received no retainer, no prepetition payment, and no security for its fees. Tiered

Capital, Inc., the sole member and manager of Canaveral Crossroads, has guaranteed payment of the fees and expenses this court allows the firm in this case, to the extent the estate does not pay them. The guaranty is attached as Exhibit 1. Tiered Capital pays only amounts this court has allowed, and only after allowance. For as long as this case is pending, Tiered Capital relinquishes decision-making control over the conduct of the case and will act on the instructions of the chief restructuring officer in any matter concerning it, has no right to direct or regulate my professional judgment, and receives no privileged information of Canaveral Crossroads except as Canaveral Crossroads authorizes. Any claim Tiered Capital holds for what it pays is subordinated to every other claim against the estate. 11 U.S.C. § 510(a). No other person has paid the firm or agreed to pay it for services in this case. *11 U.S.C. § 329; Fed. R. Bankr. P. 2016(b)*.

5. After inquiry, my connections and the firm's connections with Canaveral Crossroads, its affiliates, its creditors, any other party in interest, their attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee are these:

(a) I represent Canaveral Crossroads in this case and appeared for it on August 13, 2026. (Doc. 7). I also represent it in state-court matters, two of which I removed to this court. (Docs. 8, 9).

(b) I represent Sherwood Construction, Inc., the debtor in *In re Sherwood Construction*, *Inc.*, No. 6:26-bk-05428-GER, a chapter 11 case pending in this court, and I have applied to be employed as its

counsel. (Sherwood Doc. 15). Sherwood Construction is an affiliate of Canaveral Crossroads. Tiered Capital, Inc. owns both. The two debtors have moved for joint administration of their cases.

(c) Sherwood Construction holds a claim against Canaveral Crossroads, scheduled in this case at $4,400,000.00 and in its own case at $4,500,000.00. (Doc. 33 at 17; Sherwood Doc. 19 at 10). I will not represent either debtor in any dispute over the allowance, amount, setoff, compromise, or plan treatment of that claim. If the claim is disputed, each debtor will apply to employ separate counsel for that matter, and I will disclose the dispute promptly to this court and to the United States Trustee.

(d) I represent Tiered Capital, Inc., the sole member and manager of Canaveral Crossroads and the sole shareholder of Sherwood Construction. I do not represent Tiered Capital in any matter adverse to this estate, and I will not while I represent Canaveral Crossroads. The plan Canaveral Crossroads filed cancels Tiered Capital's membership interest. (Doc. 37). I do not represent Tiered Capital in connection with that treatment. Tiered Capital is also the guarantor of the firm's allowed fees described in paragraph 4. If a matter arises in which the interests of Tiered Capital and this estate conflict, I will disclose it promptly and withdraw from one representation or the other.

(e) Horton S. Johnson, one of the petitioning creditors, is the sole director of Tiered Capital and signed, as its authorized agent, the consents that appointed the chief restructuring officer of Canaveral Crossroads. I do not represent Mr. Johnson. Matthew Leibert represents him and the other petitioning creditors. (Doc. 1).

(f) Beyond what appears above, I know of no connection with any of those persons. The firm may, in unrelated matters, represent or have represented parties that are also creditors of this estate. I will supplement this statement promptly if a search discloses one.

6. I will charge $500.00 per hour for my time. Any associate the firm engages on this matter will charge $400.00 per hour, and the firm's paralegals charge $225.00 per hour. The application states that the firm employs no

associates. (Doc. 36 ¶ 10). This paragraph corrects it. The firm will seek reimbursement of its actual and necessary expenses and will be paid only on application, after notice and a hearing. *11 U.S.C. §§ 330, 331*.

7. The firm has not agreed to share its compensation with any person other than the members and regular employees of the firm. *11 U.S.C. § 504; Fed. R. Bankr. P. 2016(b)*.

8. I will supplement this statement promptly if anything in it changes.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 29, 2026.

/s/ Christopher L. Smith

Christopher L. Smith, Esq.

Florida Bar No. 367461

**EXHIBIT 1**

**FEE GUARANTY**

Effective September 28, 2026

Tiered Capital, Inc., a Florida corporation (the "Guarantor"), gives this guaranty to Fromang & Smith, P.A. ("Counsel").

Counsel represents Canaveral Crossroads, LLC, the debtor in Case No. 6:26-bk-05426-GER, and Sherwood Construction, Inc., the debtor in Case No. 6:26-bk-05428-GER, both pending in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), subject to the Court's approval of its employment. Each is a "Debtor." The Guarantor owns all of the equity of each Debtor. Neither estate may have cash to pay the fees the Court allows. The Guarantor gives this guaranty so that each Debtor has counsel.

1. **Guaranty.** The Guarantor guarantees payment of the fees and expenses the Court allows Counsel in either case under 11 U.S.C. §§ 330 and 331, to the extent the Debtor's estate does not pay them within thirty days after the order allowing them is entered.

2. **Allowed amounts only.** The Guarantor owes nothing on any amount the Court has not allowed. Counsel will not ask the Guarantor to pay any amount before the Court allows it, and will not accept payment of any amount the Court disallows. If an allowed amount is later reduced or disgorged, Counsel will refund the difference to the Guarantor.

3. **Subordination.** Any claim the Guarantor holds against either Debtor or either estate for an amount it pays under this guaranty, by subrogation, reimbursement, contribution, indemnity, or otherwise, is subordinated to every other claim against that estate, including every administrative expense and every general unsecured claim. The Guarantor will receive nothing on such a claim until every other claim against that estate is paid in full. This is a subordination agreement enforceable under 11 U.S.C. § 510(a).

4. **No decision-making control.** For as long as either case is pending, the Guarantor relinquishes decision-making control over the conduct of that case. The Debtor acts through its Chief Restructuring Officer, and the Guarantor will not direct the Debtor's positions in the case. Where the case calls for action by the Guarantor as owner or manager of the Debtor, the Guarantor will act on the instructions of the Debtor's Chief Restructuring Officer. Counsel's duties run to the Debtors alone. The Guarantor has no right to direct or regulate Counsel's professional judgment, and Counsel will not disclose either Debtor's confidential or privileged information to the Guarantor except as that Debtor authorizes. Fla. R. Prof. Conduct 4-1.8(f).

5. **Disclosure.** The Guarantor consents to disclosure of this guaranty to the Court, the United States Trustee, and every party in interest in either case.

6. **Term.** This guaranty continues until the Guarantor ends it by written notice to Counsel. A notice ends the guaranty only for services rendered after Counsel receives it. Counsel will file a notice of any termination in each case.

7. **Governing law.** Florida law governs this guaranty.

TIERED CAPITAL, INC., a Florida corporation

Horton S. Johnson
By: Horton S. Johnson, Sole Director
Date: Sept. 28, 2026

**ACCEPTED:**

FROMANG & SMITH, P.A.

_______________________________
By: Christopher L. Smith, Esq.
Date: 9/28/26, 2026

**CONSENT OF THE DEBTORS**

Each Debtor, having been informed of this guaranty and its terms, consents to the payment of Counsel's allowed fees and expenses by the Guarantor on these terms.

CANAVERAL CROSSROADS, LLC

_______________________________
By: Ross Johnston, Chief Restructuring Officer
Date: 9/28/26, 2026

SHERWOOD CONSTRUCTION, INC.

_______________________________
By: Ross Johnston, Chief Restructuring Officer
Date: 9/28/26, 2026