# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor 1 Canaveral Crossroads, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court **Middle District of Florida**

Case number: **26−05426**

FILED
**U.S. Bankruptcy Court**
**Middle District of Florida**
9/25/2026
**Jose A. Rodriguez, Clerk**

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Michael McPhillips

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Faro & Crowder, P.A.

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Michael McPhillips
Name

Phil A. DAniello, Esq.
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, FL. 32804

Contact phone 3217848158

Contact email jcrowder@farolaw.com

Uniform claim identifier (if you use one):

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____________

**7. How much is the claim?**

$ 3500000.00

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Offset of Johnson Claim

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: ____________

**Basis for perfection:** ____________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ ____________

**Amount of the claim that is secured:** $ ____________

**Amount of the claim that is unsecured:** $ ____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ ____________

**Annual Interest Rate** (when case was filed) ______ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ____________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 9/25/2026
MM / DD / YYYY

/s/ J Christopher Crowder
Signature

Print the name of the person who is completing and signing this claim:

Name: J Christopher Crowder
First name Middle name Last name

Title:

Company: Faro & Crowder, P.A.
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 700 N Wickham Rd, Unit 205
Number Street
Melbourne, FL 32935
City State ZIP Code

Contact phone 3217848158 Email jcrowder@farolaw.com

Attachment to Official Form 410 - Proof of Claim

**United States Bankruptcy Court, Middle District of Florida**
**In re Canaveral Crossroads, LLC, Debtor**
**Case No. 6:26-bk-05426-GER**

**Claimant:** Michael McPhillips, individually
**Nature of claim:** Disputed, contingent, and unliquidated claim for reimbursement or contribution arising from alleged individual guaranty liability
**Claim amount:** Unliquidated; see below
**Claimant's mailing address and notice address:** 310 Lagoon Way, Merritt Island FL, 32952

Statement of basis

1. Horton S. Johnson filed a complaint against the debtor, Martin C. Flynn, Jr., and Michael McPhillips in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida, Case No. 05-2025-CA-013106-XXCA-BC. Count II alleges that McPhillips is liable under a November 19, 2015 guaranty for obligations of the debtor under a construction loan note originally stated in a maximum principal amount of $1,200,000. Count III requests a deficiency judgment against the guarantors following foreclosure of collateral. The attached guaranty identifies McPhillips individually as a guarantor. The complaint and guaranty are incorporated solely to identify the asserted basis of this claim, not as admissions of their allegations or the amount demanded.

2. McPhillips asserts, in his individual capacity any claim for reimbursement or contribution against the debtor arising from an enforceable payment he is required to make on account of the debtor's obligation under the first note and guaranty, subject to the governing documents and applicable law. He disputes liability and the amount alleged to be due in the state-court action and reserves all defenses, offsets, credits, and objections. This filing does not assert a claim on the separate 2021 second note.

Contingency, amount, and priority

3. The amount of this claim cannot presently be determined from the materials available. It depends on the enforceable amount, if any, of the debtor's first-note obligation; payments, collateral proceeds, settlements, and other credits; the outcome of the guaranty litigation; and any amount McPhillips pays or becomes obligated to pay. The complaint's demand is not adopted as the amount of this claim. **B**

4. The guaranty states in paragraph 4 that subrogation and claims against the borrower based on a guarantor's payment are restricted until the indebtedness is paid in full. McPhillips does not assert an unconditional, presently payable subrogation claim. Any

reimbursement or contribution claim remains subject to 11 U.S.C. § 502(e), and any later subrogation or subordination question remains subject to 11 U.S.C. § 509 and the enforceable terms of the guaranty. No duplicate recovery is sought.

5. Unless supported by additional documentation establishing a lien or statutory priority in McPhillips's favor, this claim is asserted as general unsecured, contingent, disputed, and unliquidated. No lien, priority, or specific dollar amount is asserted by this attachment.

**This is McPhillips's own asserted claim. It is not a proof of Johnson's claim filed on Johnson's behalf under 11 U.S.C. § 501(b) and Bankruptcy Rule 3005.**