**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | Case No. 6:26-bk-05426-GER<br>Chapter 11 |
| CANAVERAL CROSSROADS, LLC,<br>SHERWOOD CONSTRUCTION, INC., | Jointly Administered with<br>Case No. 6:26-bk-05428-GER |
| Debtors.<br>_______________________________/ | |

# DEBTOR'S OBJECTION TO CLAIM 3-2 OF BILLD EXCHANGE, LLC ON AN EXTENSION OF CREDIT THAT FLORIDA FORBIDS ITS COURTS TO ENFORCE

(Applies to Sherwood Construction, Inc., Case No. 6:26-bk-05428-GER, only)

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 within thirty days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Billd Exchange, LLC asks to be paid $1,105,049.38 on a state-court judgment. The judgment enforces money Billd advanced to Sherwood Construction, Inc., and Billd's own Purchase Statements price that money at

0.0997 and 0.1096 percent per day, or 36.39 and 40.00 percent per annum. When Billd extended six of those advances, it charged a fee that carried them past 45 percent. Florida makes it a crime to charge more than 25 percent, and it commands that no extension of credit made in violation of the statute "shall be an enforceable debt in the courts of this state." *Fla. Stat. § 687.071(2), (7).* The statute does not ask whether the borrower pleaded usury, whether it defaulted, or whether a court has entered judgment. It asks one question: whether the credit was made in violation of any provision of the section. This credit was. No court may enforce it, and the Bankruptcy Code disallows a claim that applicable law will not enforce. *11 U.S.C. § 502(b)(1).*

Sherwood objects to the following claims and concedes no amount of either. *M.D. Fla. Bankr. L.R. 3007-1(a).*

| | |
|---|---|
| Claim 3-2 — Billd Exchange, LLC (unsecured, judgment) | $1,105,049.38 |
| Claim 3-1 — Billd Exchange, LLC (superseded by Claim 3-2) | $1,037,706.64 |
| Amount conceded | $0.00 |

**Billd's claim is a judgment entered on the credit Billd extended.**

1. Billd, Sherwood, and Tiered Capital, Inc. signed a Master Contractor Agreement effective September 21, 2023. (Ex. 2, MCA, signature page). Billd paid Sherwood's material suppliers, and Sherwood promised "to pay Billd Exchange the full Purchase Amount and Finance Charges as set forth in each Purchase

Statement." (Id. §§ 2, 3(a)). Billd paid each supplier the Purchase Amount "less any applicable Purchase Fee," so Sherwood owed back more than Billd advanced before any Finance Charge accrued. (Id. §§ 2, 4(c)). Each Purchase Statement called for seventeen weekly payments, the full Purchase Amount at maturity 120 days out, and Finance Charges at a stated "daily Contract Rate." (Id., Ex. B). Finance Charges accrued at that rate on the whole Purchase Amount until it was paid, before maturity and after. (Id. § 4(c)).

2. Billd sued Sherwood, Tiered, and Martin C. Flynn, Jr. in the Ninth Judicial Circuit, Orange County, Case No. 2024-CA-006465-O. The Purchase Statements attached to its complaint as Composite Exhibit B state a daily Contract Rate of 0.0997 or 0.1096 percent. (Ex. 3). On April 15, 2026, on Billd's motion for summary judgment, the court entered a final judgment against Sherwood and Tiered, jointly and severally, for $1,001,051.75 in principal and $64,964.00 in prejudgment interest, a total of $1,066,015.75, and reserved fees and costs. (Ex. 1, Part 2 ¶¶ 1–2). Billd's own claim on the same debt in Flynn's case divides that "principal" into $842,967.33 advanced, $147,302.36 of Finance Charges, and $10,782.06 of fees, across thirty-eight advances. (Ex. 2, Part 2 at 1).

3. On May 21, 2026, Sherwood and Tiered moved to set the judgment aside as void under *Fla. R. Civ. P. 1.540(b)(4)* because *Fla. Stat. § 687.071(7)* withdrew the court's power to enforce Billd's debt. (Ex. 4). Sherwood's petition stayed the

motion as to Sherwood. On September 3, 2026, the state court denied as moot, as to Sherwood, the companion motion to stay enforcement, citing the automatic stay, and permitted Tiered to set its identical motion for hearing. (Ex. 5 ¶¶ 1, 4). No court has decided whether Billd's credit violated *Fla. Stat. § 687.071*.

4. Claim 3-2 asserts the $1,066,015.75 judgment plus $39,033.63 of post-judgment interest, computed through September 23, 2026. (Ex. 1, Part 3). It amends Claim 3-1, which computed that interest on the principal alone. (Ex. 1, line 4).

**Billd's credit violated section 687.071.**

5. An "extension of credit" is "to make or renew a loan of money or any agreement for forbearance to enforce the collection of such loan." *Fla. Stat. § 687.071(1)(d).* Billd paid money for Sherwood's account and took back Sherwood's promise to repay it with Finance Charges at a daily rate on a fixed maturity. That is a loan of money, whatever Billd calls it. Florida regulates the charge for "any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money, or other obligation." *Fla. Stat. § 687.03(1).*

6. Florida measures interest per annum. *Fla. Stat. § 687.02(1).* Billd's printed daily rates convert as follows:

| | |
|---|---|
| 0.0997% per day × 365 | 36.39% per annum |
| 0.1096% per day × 365 | 40.00% per |

| | |
|---|---|
| | annum |
| Criminal threshold, § 687.071(2) | 25.00% per annum |

Both rates exceed the line the Legislature drew in *Fla. Stat. § 687.071(2)*, and both understate the charge. The weekly payments did not reduce the Purchase Amount, so the daily rate ran on the full amount for the full term. And the Purchase Amount carried a Purchase Fee that Billd never advanced, so the Finance Charge ran on money Sherwood never received. (Ex. 2, MCA §§ 2, 4(c) & Ex. B).

7. Billd chose the rate, printed it on every Purchase Statement, and accrued it on every advance. It charged and took that interest willfully and knowingly. *Fla. Stat. § 687.071(2)*. Its own claim schedule records $147,302.36 of Finance Charges on $842,967.33 advanced. (Ex. 2, Part 2 at 1).

**The six advances Billd extended on May 21, 2024 carried interest above 45 percent.**

8. On May 21, 2024, a day or two before six Cherry Village advances came due, Billd had Sherwood sign Modified Purchase Statements. Each pushed maturity about sixty days out, to July 21 or July 24, 2024, and each added a Modification Fee of 2 percent of the principal extended, $10,782.06 on $539,103.00. (Ex. 3; Ex. 2, Part 2 at 1). The Contract Rate kept running through the extension. (Ex. 2, MCA § 4(c)). An agreement to forbear on a loan is its own extension of credit. *Fla. Stat. § 687.071(1)(d)*. Florida measures that credit at its

inception, adding any fee to the stated rate and spreading the fee over the stated term. *Fla. Stat. § 687.03(3)*; *St. Petersburg Bank & Trust Co. v. Hamm*, 414 So. 2d 1071, 1073 (Fla. 1982). Measured that way, each extension crossed the felony line in *Fla. Stat. § 687.071(3)*:

| | |
|---|---|
| Stated rate, 0.0997% per day × 365 | 36.39% |
| 2% Modification Fee spread over the 59- or 60-day extension | 12.17–12.37% |
| Effective rate per annum | 48.56–48.76% |
| Felony threshold, § 687.071(3) | 45.00% |

Spread instead over each advance's entire life, from January to July 2024, the same fee still yields 40.45 percent. (Ex. 6).

9. Taken as one loan, the thirty-eight advances over their stated terms, with the six extensions and their fees, carried 39.60 percent per annum. (Ex. 6). How long Sherwood took to pay does not change the measure. The statute computes the rate "upon the assumption that the debt will be paid according to the agreed terms." *Fla. Stat. § 687.03(3).*

**Section 687.071(7) speaks to the credit and to the courts, and nothing a borrower does or fails to do can change either.**

10. The statute reads: "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state." *Fla. Stat. § 687.071(7).* The subject of the sentence is the extension of credit. Its condition is a violation of any provision of the section. Its command runs to "the

courts of this state." It makes no exception for a debt reduced to judgment, a defense not pleaded, or a borrower that did not appear. A court may not write those exceptions into it.

11. The command reaches principal as well as interest. *Jersey Palm-Gross, Inc. v. Paper*, 658 So. 2d 531, 534 (Fla. 1995). A lender "cannot seek to recover the unpaid principal on a criminally usurious loan, whether by proof of claim, set-off, counterclaim or otherwise." *Stein v. Lavay (In re Omni Capital Group, Ltd.)*, 157 B.R. 712, 720 (Bankr. S.D. Fla. 1993).

12. A judgment is the means by which a court enforces a debt. Billd's judgment orders that "execution issue," compels fact information sheets, and retains jurisdiction for proceedings supplementary. (Ex. 1, Part 2 ¶¶ 1, 5–6). Each is enforcement of Billd's debt in a court of this state, the act the statute forbids. Because the command runs to the courts, Sherwood could not waive it, default it away, or consent around it. "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Florida applies the same rule to its own courts, and the defense of lack of subject-matter jurisdiction "may be raised at any time." *JJJTB, Inc. v. Schmidt*, 415 So. 3d 129, 132 (Fla. 2025) (quoting *Fla. R. Civ. P. 1.140(h)(2)*).

13. Billd will answer that Sherwood waived usury by not pleading it, and that its debt merged into the judgment. Waiver and preclusion govern what a party may raise. Section 687.071(7) governs what a court may do. When a legislature withdraws a court's power to act on a class of claims, the court's judgment on such a claim "was not merely erroneous but was beyond its power, void, and subject to collateral attack." *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940). The state court in *Kalb* had "general jurisdiction over foreclosures," yet its judgment was a nullity because a statute forbade it to proceed. Id. at 439. Merger does not change the debt. "[T]he merger of a claim into a judgment does not change its nature so far as provability is concerned." *Pepper v. Litton*, 308 U.S. 295, 305 (1939). The debt behind Billd's judgment is the same thirty-eight extensions of credit, and the statute declares that credit unenforceable in every court of the state. The waiver cases Billd cited in the state court treat usury as the borrower's personal defense; none construes the command in *Fla. Stat. § 687.071(7)*. (Ex. 4).

**This court looks behind the judgment to the credit it enforces, and the Bankruptcy Code requires it to disallow the claim.**

14. A bankruptcy court "has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry." *Pepper*, 308 U.S. at 305. The court "may look behind

the judgment to determine the essential nature of the liability for purposes of proof and allowance." *Id.* at 305–06. The claim in *Pepper* was a state-court judgment, and the Supreme Court sustained its disallowance because the bankruptcy court "has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." *Id.* at 308. The Second Circuit applied *Pepper* to look behind confessed state-court judgments and disallow them where the debtor owed no valid obligation on the underlying notes. *Margolis v. Nazareth Fair Grounds & Farmers Mkt., Inc.*, 249 F.2d 221, 223–25 (2d Cir. 1957). A judgment-based claim may also be challenged on the ground that the rendering court lacked jurisdiction over "the subject matter of the suit." *Heiser v. Woodruff*, 327 U.S. 726, 736 (1946). Behind Billd's judgment are its own Purchase Statements, and on their face they price the credit above 25 percent. (¶¶ 6–9).

15. The Bankruptcy Code reaches the same result without regard to the judgment's validity. Section 502(b)(1) disallows a claim to the extent it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *11 U.S.C. § 502(b)(1).* That provision makes available in bankruptcy "any defense to a claim that is available outside of the bankruptcy context." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). Outside bankruptcy, Billd could collect this debt only through a

Florida court, whether by suit on the Purchase Statements or by execution on its judgment, and Florida law forbids every Florida court to enforce it. A claim that no court of the state may enforce is unenforceable under applicable law.

16. The Arizona clause in the Master Contractor Agreement does not change the answer. (Ex. 2, MCA § 23). Billd chose to sue in Florida and took its judgment from a Florida court. Whether a Florida court may enforce this credit is a question of Florida law, and the Legislature answered it. Parties cannot contract a power into a court any more than they can consent one into it. *Ins. Corp. of Ireland*, 456 U.S. at 702. And Florida honors a chosen law only when the chosen state has a "normal relationship with the transaction." *Cont'l Mortg. Invs. v. Sailboat Key, Inc.*, 395 So. 2d 507, 508 (Fla. 1981). Billd is a Delaware company based in Austin, Texas. Sherwood is a Florida corporation. The materials went to Florida projects. (Ex. 1, Part 2 ¶¶ 3–4; Ex. 2, Part 2 at 1). Arizona has no relationship to this credit.

**In any event, Claim 3-2 counts interest that accrued after the petition.**

17. A claim is fixed "as of the date of the filing of the petition," and the court disallows it to the extent it is "for unmatured interest." *11 U.S.C. § 502(b), (b)(2).* The petition was filed July 20, 2026. (Sherwood Doc. 1; Sherwood Doc. 8 at 1). Claim 3-2 runs post-judgment interest for 162 days, through September 23, 2026, at $240.95 per day on Billd's own calculation. (Ex. 1, Part 3). Through the

petition date, 96 days of interest come to $23,131.04. Claim 3-2 overstates the claim by $15,902.59, and on no theory can it exceed $1,089,146.79.

18. Claim 3-2 amends and supersedes Claim 3-1, which should be disallowed so the register carries one claim on one debt.

19. The judgment reserves attorney's fees and costs "to be determined," and Claim 3-2 asserts none. (Ex. 1, Part 2 ¶ 2). Sherwood objects to any amendment that adds them, for three reasons. First, fees and costs of collecting an extension of credit made in violation of section 687.071 are part of the debt the statute bars from enforcement, and they fall with it. *Fla. Stat. § 687.071(7)*; *Jersey Palm-Gross*, 658 So. 2d at 534. Second, no court has fixed them, and no state court may now fix them against Sherwood. The petition stayed "the commencement or continuation" of any judicial proceeding against Sherwood begun before the case, and a state court that proceeds in the face of a bankruptcy stay acts without power, and what it enters is void. *11 U.S.C. § 362(a)(1)*; *Kalb*, 308 U.S. at 438–39. Third, an amendment filed after the claims bar date must survive "careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment." *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985). Billd filed two claims on this judgment, and neither asserted fees or costs. Billd also holds a claim for the same debt against Flynn on his guaranty, and it pursues Tiered on the same judgment. (Ex. 2; Ex. 5 ¶¶ 2–3). Billd may collect the debt no

more than once, and any recovery from either must be credited against any allowed claim here.

20. This objection seeks only disallowance. Sherwood reserves every claim that requires an adversary proceeding, including recovery of the Finance Charges and fees Billd collected. *Fed. R. Bankr. P. 3007(b).* The violation appears on the face of Billd's own Purchase Statements, so the court can decide it on the documents. If Billd disputes a fact, an evidentiary hearing will resolve it. *Fed. R. Bankr. P. 9014.*

RELIEF REQUESTED

Florida forbids its courts to enforce this debt, and the Bankruptcy Code forbids this court to allow it. The law requires the court to:

a. sustain this objection;

b. determine that the extensions of credit underlying Claim 3-2 were made in violation of *Fla. Stat. § 687.071* and are not an enforceable debt in the courts of this state;

c. determine that the April 15, 2026 final judgment is unenforceable against Sherwood and its estate;

d. disallow Claim 3-2 in its entirety under *11 U.S.C. § 502(b)(1)*;

e. disallow Claim 3-1 as superseded;

f. in the alternative, disallow $15,902.59 of postpetition interest under *11 U.S.C. § 502(b)(2)*, allow Claim 3-2 at no more than $1,089,146.79, and require credit for any recovery from Tiered Capital, Inc. or Martin C. Flynn, Jr.; and

g. if Billd timely files a response, set a preliminary hearing to fix a schedule for any evidentiary hearing.

Respectfully submitted this 6th day of October, 2026.

/s/ Christopher L. Smith

Christopher L. Smith, Esq.

Florida Bar No. 367461

Fromang & Smith, P.A.

4767 New Broad Street

Orlando, Florida 32814

(407) 999-9739

chris@fromangsmith.com

Counsel for the Debtors in Possession

EXHIBITS

| | |
|---|---|
| Exhibit 1. | Claim 3-2 of Billd Exchange, LLC, filed September 23, 2026, with the April 15, 2026 Final Judgment (Part 2) and interest statement (Part 3). |
| Exhibit 2. | Claim 10-1 of Billd Exchange, LLC in In re Martin Charles Flynn, Jr., No. 6:26-bk-00399-LVV, filed April 1, 2026, with the Master Contractor Agreement, Purchase Statement form (Ex. B), and Outstanding Balance schedule. |
| Exhibit 3. | Purchase Statements and Modified Purchase Statements, Composite Exhibit B to Billd's complaint in Case No. 2024-CA-006465-O. |
| Exhibit 4. | Defendants Sherwood Construction, Inc. and Tiered Capital, Inc.'s Motion to Set Aside the April 15, 2026 Final Judgment (May 21, 2026) and Reply (July 16, 2026). |

| | |
|---|---|
| Exhibit 5. | Order Denying in Part Defendants’ Motion to Stay Enforcement (Sept. 3, 2026). |
| Exhibit 6. | Stated-Term Usury Analysis of Billd’s thirty-eight advances and six modifications, computed from Exhibits 2 and 3 and Billd’s payment ledger. |

CERTIFICATE OF SERVICE

I certify that on October 6, 2026, I filed this objection with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case and in Case No. 6:26-bk-05428-GER. On the same day, I served this objection and its exhibits by first-class United States mail on the person Billd Exchange, LLC designated on Claim 3-2 to receive notices, as *Fed. R. Bankr. P. 3007(a)(2)(A)* requires:

Brian A. Eves, Esq.

Sivyer Barlow Watson & Haughey, P.A.

401 East Jackson Street, Suite 2225

Tampa, Florida 33602

/s/ Christopher L. Smith

Christopher L. Smith, Esq.