In re Canaveral Crossroads, LLC and Sherwood Construction, Inc.
Case No. 6:26-bk-05426-GER, jointly administered with Case No. 6:26-bk-05428-GER

*Debtor's Objection to Claim 3-2 of Billd Exchange, LLC*

# EXHIBIT 4

Defendants Sherwood Construction, Inc. and Tiered Capital, Inc.'s Motion to Set Aside the April 15, 2026 Final Judgment (May 21, 2026) and Reply (July 16, 2026).

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

BILLD EXCHANGE, LLC,
a Delaware limited liability company,

Plaintiff,

v.

Case No. 2024-CA-006465-O
Division 22

SHERWOOD CONSTRUCTION, INC.,
a Florida corporation; TIERED CAPITAL, INC., a Florida corporation; and MARTIN C. FLYNN, JR., an individual,

Defendants.
_________________________________/

**DEFENDANTS SHERWOOD CONSTRUCTION, INC. AND TIERED CAPITAL, INC.'S MOTION TO SET ASIDE THE APRIL 15, 2026 FINAL JUDGMENT AS VOID UNDER FLORIDA RULE OF CIVIL PROCEDURE 1.540(b)(4) AND TO DISMISS THIS ACTION WITH PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FLA. STAT. § 687.071(7)**

Defendants Sherwood Construction, Inc. ("Sherwood") and Tiered Capital, Inc. ("Tiered") move under Florida Rule of Civil Procedure 1.540(b)(4) to set aside the April 15, 2026 Final Judgment (the "Final Judgment") as void for lack of subject-matter jurisdiction, and to dismiss this action with prejudice under Fla. Stat. § 687.071(7). The grounds follow.

## PROCEDURAL BACKGROUND

**1.** Plaintiff Billd Exchange, LLC ("Billd") sued Sherwood, Tiered, and Martin C. Flynn, Jr. on the Master Contractor Agreement (the "MCA") Sherwood and Tiered each signed, the thirty-eight Purchase Statements issued under the MCA, and the Personal Guaranty Flynn signed in favor of Billd.

**2.** On March 25, 2026, this Court held a hearing on Billd's Motion for Summary Judgment as to Sherwood and Tiered. On April 15, 2026, this Court entered the Final Judgment against Sherwood and Tiered jointly and severally for $1,001,051.75 in principal and $64,964.00 in prejudgment interest under § 55.03 — a total of $1,066,015.75, plus statutory post-judgment interest, fees, and costs to be determined.

**3.** On April 1, 2026 — fourteen days before the Final Judgment was entered — Billd filed Proof of Claim 10-1 against Flynn, individually, in *In re Martin Flynn*, Case No. 6:26-bk-00399-LVV (Bankr. M.D. Fla.). Proof of Claim 10-1 asserts the same $1,001,051.75 obligation that underlies this action and itemizes every Purchase Statement Billd issued to Sherwood, by date, term, principal, finance charge, and fee. The proof of claim is attached as *Exhibit A*.

**4.** Christopher Smith, Esq., of Fromang & Smith, P.A., is filing contemporaneously a Notice of Appearance as counsel for Sherwood and Tiered. This Motion is the first relief Sherwood and Tiered seek through new counsel, and the relief

sought goes to this Court's authority to have entered the Final Judgment in the first place.

## LEGAL STANDARD

**5.** A judgment entered without subject-matter jurisdiction is void, not merely voidable. *Mannino v. Mannino, 980 So.2d 575 (2008).* A void judgment may be set aside at any time on motion. Fla. R. Civ. P. 1.540(b)(4); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (objection “may be raised at any stage in the litigation, even after trial and the entry of judgment”). Subject-matter jurisdiction “can never be forfeited or waived.” *United States v. Cotton*, 535 U.S. 625, 630 (2002).

**6.** Subject-matter jurisdiction is conferred by the constitution and the legislature — never by the parties. *State Farm Florida Insurance Company v. Roof Pros Storm ... , 346 So.3d 163 (2022)* (“subject-matter jurisdiction cannot be conferred by agreement of the parties”); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (“No action of the parties can confer subject-matter jurisdiction upon a [ ] court.”).

**7.** The Court has an independent duty to satisfy itself of subject-matter jurisdiction before reaching the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (“The requirement that jurisdiction be established as a

threshold matter … is inflexible and without exception.”); e.g. *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804); *JJJTB, Inc. v. Schmidt*, 415 So. 3d 129, 132 (Fla. 2025) (“lack of jurisdiction of the subject matter[] may be raised at any time”); *FQS Enterprise, LLC v. B & K Factor, Inc.*, 407 So. 3d 585 (Fla. 3d DCA 2025) (“it can — and should — be raised sua sponte by a court”) (Gooden, J., specially concurring).

## ARGUMENT

*Section 687.071(7) withdraws from every Florida court the power to enforce a debt that violates Florida's criminal usury statute.*

**8.** Florida criminalizes usury at two thresholds: § 687.071(2) (interest “exceeding 25 percent per annum but not in excess of 45 percent per annum” — second-degree misdemeanor) and § 687.071(3) (interest “exceeding 45 percent per annum” — third-degree felony loansharking).

**9.** Section 687.071(7) then directs the courts: “No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.” Fla. Stat. § 687.071(7) (emphasis added). The actor whose conduct is restrained is “the courts.” The Legislature did not condition the disability on pleading, proof, waiver, or election. The Legislature wrote a flat command to the judiciary.

**10.** Two canons of construction govern. First, the Court is not at liberty to add words that were not placed there originally or to ignore words that were placed there. *Pleus v. Crist*, 14 So. 3d 941, 945 (Fla. 2009); accord *Bruner v. GC-GW, Inc.*, 880 So. 2d 1244, 1246 (Fla. 1st DCA 2004). Second, criminal-usury debts are void, not voidable. *Mannino v. Mannino, 980 So.2d 575 (2008).*; *Wilensky v. Fields*, 267 So. 2d 1 (Fla. 1972). § 687.071(7) therefore operates at the level of judicial competence — not as a private defense the borrower may waive.

**11.** The pre-1969 cases that treated usury as a waivable affirmative defense — *Yaffee v. Int'l Co.*, 80 So. 2d 910 (Fla. 1955); *Sodi, Inc. v. Salitan*, 68 So. 2d 882 (Fla. 1953); *Mackey v. Thompson*, 153 Fla. 210, 14 So.2d 571 (1943) — each construed the pre-1969 civil-usury statute, not the criminal-usury statute the Legislature enacted in chapter 69-135. The 1969 enactment added four features the prior regime did not contain: criminalization of the conduct, § 687.071(2)–(4); designation of the lender's records as contraband, § 687.071(5); testimonial use-immunity, § 687.071(6); and the forum-court withdrawal of judicial authority, § 687.071(7). The pre-1969 "waivable defense" gloss does not survive the new statute.

**12.** *Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1 (Fla. 1971), is not to the contrary. *Gunn Plumbing* involved a routine note dispute in which the rate did

not approach the criminal threshold; the Court enforced a stipulation by which the borrower waived an "affirmative defense of usury"; and the Court did not address § 687.071(7). A decision is not authority for a proposition it did not confront.

*Billd's MCA charges interest at criminal-usury rates on its face under § 687.071(2).*

**13.** Florida computes usury on a per annum basis. Fla. Stat. § 687.02. Each MCA Purchase Statement attached to Billd's complaint as Composite Exhibit C states a "Finance Charge" as a per-day rate. Two rates appear: 0.0997% per day and 0.1096% per day. Multiplying by 365 produces the per annum equivalents:

**0.0997% × 365 = 36.39% per annum**, and **0.1096% × 365 = 40.00% per annum**.

**14.** Both rates exceed § 687.071(2)'s 25% per annum criminal-usury threshold. Billd drafted the Purchase Statements; Billd printed the daily rates; Billd computed and accrued the resulting Finance Charges; Sherwood and Tiered owed at the stated rates. Billd, in writing, charged interest above the threshold. See *Northwood SG, LLC v. Builder Fin. Corp.*, 76 So. 3d 3, 5 (Fla. 4th DCA 2011) (elements of usury).

*Billd's own Proof of Claim 10-1 carries the rate from the misdemeanor band of § 687.071(2) into the felony loansharking band of § 687.071(3).*

**15.** Proof of Claim 10-1's Outstanding Balance schedule itemizes thirty-eight Purchase Statements / loans. For each loan Billd discloses the Processed Date (when funded), the Maturity Date (when contractually due in full), the Total Principal, the Total Finance Charge, the Total Fees, and the Total Outstanding Balance. The aggregate matches Billd's headline claim of $1,001,051.75:

- Total Principal: $842,967.33
- Total Finance Charges: $147,302.36
- Total Fees: $10,782.06
- Total Outstanding Balance: $1,001,051.75

**16.** Florida defines interest broadly. “Interest” includes the consideration “reserve[d], charge[d], or take[n] for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money.” Fla. Stat. § 687.03 (emphasis added). Fees are interest. *In re Boling*, 2008 WL 5100204, at *9 (Bankr. M.D. Fla. July 24, 2008) (savings clause did not save 82% interest on “a plain vanilla loan”).

**17.** Adding fees to the Finance Charge and annualizing each loan over Billd's own contractual term (Processed Date → Maturity Date) — treating interest as simple, not compound, which understates the rate — produces the following per-loan APRs across the 38 loans Billd has reduced to a Proof of Claim:

| Metric | Min | Median | Weighted Avg | Max |
|---|---|---|---|---|
| Simple APR (interest only) | 34.45% | 49.54% | 41.95% | 80.34% |
| All-in APR (interest + fees) | 38.52% | 49.54% | 44.55% | 80.34% |
| Wt. avg term (days) | — | — | 158.3 | — |

**18.** The five most usurious loans Billd's claim data exposes are these:

| Loan ID | Issued | Maturity | Days | Principal | All-in APR |
|---|---|---|---|---|---|
| Cherry Village_MF_62 | 5/30/2024 | 9/27/2024 | 120 | $9,891.79 | 80.34% |
| Cherry Village_MF_61 | 5/24/2024 | 9/21/2024 | 120 | $14,584.67 | 77.99% |
| Austin Commons_MF_36 | 5/2/2024 | 8/30/2024 | 120 | $8,668.44 | 70.93% |
| Austin Commons_MF_35 | 4/25/2024 | 8/23/2024 | 120 | $16,916.53 | 68.58% |
| Austin Commons_MF_34 | 4/23/2024 | 8/21/2024 | 120 | $3,084.81 | 68.57% |

**19.** More than half of Billd's thirty-eight loans, by count, sit on the felony side of § 687.071(3)'s 45% per annum line. The portfolio's median APR is 49.54%; the weighted-average APR is 44.55%; the maximum is 80.34%. This is loansharking by the statutory definition the Florida Legislature put on the books in 1969 and has never repealed.

*The MCA's savings clause cannot rescue rates this far above the lawful maximum.*

**20.** Billd's MCA contains a usury savings clause at § 26(e). A savings clause is "one factor to be considered in the overall determination of whether the lender intended to exact a usurious interest rate." *Jersey Palm-Gross, Inc. v. Paper*, 658 So. 2d 531, 535 (Fla. 1995). Proper utilization is found only where the usury arises from "a remote and unanticipated contingency." Id. A daily rate of 0.1096% printed in the Purchase Statement is not a remote contingency; it is the printed deal. *In re Boling*, 2008 WL 5100204, at *9 (savings clause did not save plainly usurious loan).

*MCA § 23's Arizona choice-of-law clause cannot supply this Court with power the Florida Legislature withdrew, and fails on its own terms in any event.*

**21.** Billd will rely on MCA § 23, which selects Arizona law. The argument fails twice.

**22.** First and dispositively, § 687.071(7) is not a substantive choice-of-law rule; it is a forum-court restriction. By its terms, it does not bar enforcement "under Florida law" — it bars enforcement "in the courts of this state." No contractual designation of Arizona substantive law can confer on a Florida court a power the Florida Legislature has withdrawn. *Insurance Corp. of Ireland*, 456 U.S. at 702.[1]

[1] On traditional choice-of-law analysis, the Arizona clause fails. Florida applies foreign law to defeat usury only where the foreign jurisdiction has a "normal relation" to the transaction. *Continental*

**23.** And independently, Florida courts decline to apply foreign law that contravenes Florida public policy. *Mazzoni farms, Inc. v. E.I. Dupont De Nemours & Co., 761 So.2d 306, 311 (Fla. 2000)*. The strongest signal of Florida public policy is a Florida criminal statute. § 687.071.

*The April 15, 2026 Final Judgment is void; Rule 1.540(b)(4) requires this Court to set it aside.*

**24.** This Court is obliged to determine whether it had subject-matter jurisdiction before reaching the merits on Billd's MSJ. *Steel Co.*, 523 U.S. at 94 ("a court 'may not assume jurisdiction in order to declare it'"). On the record — the printed contract rate, the Composite Exhibit C Purchase Statements, and Proof

---

*Mortgage Investors v. Sailboat Key, Inc.*, 395 So. 2d 507, 512 (Fla. 1981). The relevant indicia point away from Arizona at every turn:

- **Lender domicile.** Billd is organized under *Delaware* law. MCA preamble; Final Judgment ¶ 1.
- **Lender principal place of business.** *Austin, Texas* — 3800 N. Lamar Boulevard, Suite 210, Austin, Texas 78756. Billd recites that address itself in paragraph 3 of the Final Judgment.
- **Borrower domicile.** Florida — Sherwood and Tiered are Florida corporations.
- **Place of performance.** Florida — Billd financed materials delivered to Florida construction projects (Austin Commons and Cherry Village). Proof of Claim 10-1 itemizes every Purchase Statement by project.
- **Arizona presence.** The address Billd gives for its Arizona office is an executive-suites/virtual-office space; on-site photographs of the directory and door signage at that address show the suite occupied by an unrelated tenant. Billd has no Billd-branded reception, employees, books, records, or operations in Arizona. The Arizona contact is a paper fiction.

A virtual-office address cannot supply the "normal relation" that the Florida Supreme Court demands. Id at 512; See *Pinnacle Port Cmty. Ass'n v. Orenstein*, 952 F.2d 375, 378–79 (11th Cir. 1992) (paper or pretextual contacts insufficient). Florida law applies.

of Claim 10-1 — the underlying debt is criminally usurious and § 687.071(7) bars its enforcement. The Final Judgment therefore is void, not merely voidable. *Mannino v. Mannino, 980 So.2d 575 (2008).* . Rule 1.540(b)(4) is the cure, and it is available now. *Arbaugh*, 546 U.S. at 506.

**25.** Continued enforcement compounds rather than cures the defect. Paragraph 5 of the Final Judgment orders Sherwood and Tiered to complete Florida Rule of Civil Procedure 1.560(c) Fact Information Sheets within forty-five days; paragraph 6 retains jurisdiction for proceedings supplementary and post-judgment discovery; paragraph 2 directs further proceedings on fees and costs. Each of those is a further exercise of the very power § 687.071(7) denies. A court that lacks jurisdiction to enter judgment also lacks jurisdiction to enforce it.

**26.** The unenforceability of the principal obligation governs the guaranty as well. "Generally speaking, the liability of a surety is coextensive with that of its principal." *Arbor Club, Inc. v. Omega Constr. Co.*, 565 So. 2d 357, 359 (Fla. 4th DCA 1990). Flynn's Personal Guaranty cannot supply enforceability the underlying loans lack.

## CERTIFICATION OF CONFERRAL

**27.** Counsel for Sherwood and Tiered conferred with counsel for Billd before filing. The motion presents a question of subject-matter jurisdiction that the parties cannot resolve by agreement; counsel for Billd opposes the relief requested.

## RELIEF REQUESTED

The law, applied to Billd's own contract terms and Billd's own claim data, requires the following:

1. The Court must vacate the April 15, 2026 Final Judgment as void under Florida Rule of Civil Procedure 1.540(b)(4) for lack of subject-matter jurisdiction;
2. The Court must stay all enforcement of the Final Judgment — including the Rule 1.560(c) Fact Information Sheet obligation, proceedings supplementary, post-judgment discovery, execution, and adjudication of fees and costs — pending disposition of this Motion;
3. The Court must dismiss this action with prejudice under Fla. Stat. § 687.071(7); and
4. The Court may grant such further relief as the Court deems necessary or proper to give effect to the Florida Legislature's command that no court of this state enforce a debt made in violation of § 687.071.

Respectfully submitted this 21st day of May, 2026,

**FROMANG & SMITH, P.A.**
4767 New Broad Street
Orlando, Florida 32814

Telephone: (407) 999-9739
Email: chris@fromangsmith.com

By: /s/ Christopher L. Smith
**CHRISTOPHER L. SMITH, ESQ.**
Florida Bar No. 367461
*Counsel for Defendants*
*Sherwood Construction, Inc.*
*and Tiered Capital, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on May 21, 2026, I filed the foregoing with the Clerk of the Court using the Florida Courts E-Filing Portal, which will serve a Notice of Electronic Filing on all counsel of record, including counsel for Plaintiff Billd Exchange, LLC, and on counsel for Co-Defendant Martin C. Flynn, Jr.

/s/ Christopher L. Smith
**CHRISTOPHER L. SMITH, ESQ.**
Florida Bar No. 367461

Filing # 252616815 E-Filed 07/16/2026 01:01:12 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**

BILLD EXCHANGE, LLC,
a Delaware limited liability company,

Plaintiff,

v.

Case No. 2024-CA-006465-O
Division 22

SHERWOOD CONSTRUCTION, INC., a Florida corporation; TIERED CAPITAL, INC., a Florida corporation; and MARTIN C. FLYNN, JR., an individual,

Defendants.
_________________________________________/

**DEFENDANTS SHERWOOD CONSTRUCTION, INC. AND TIERED CAPITAL, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE THE APRIL 15, 2026 FINAL JUDGMENT AS VOID**

Billd opposes vacatur with two well-crafted defenses: that Sherwood Construction, Inc. ("Sherwood") and Tiered Capital, Inc. ("Tiered") waived the affirmative defense of usury by not pleading it, and that an Arizona choice-of-law clause displaces Florida's usury law. Both defenses, however, assume the one thing that Tiered's motion presents as a threshold concern — whether this court had power to enter judgment on Billd's complaint. Each defense begs the question, and ignores that *Fla. Stat. § 687.071(7)* withdrew from this court the power to

proceed with enforcement of Billd's claims. The law requires the court to vacate the void judgment and dismiss.

**Billd's two defenses assume the very jurisdiction the motion denies.**

Billd frames the motion as an untimely effort to resurrect a waived affirmative defense. That framing mistakes the motion. Sherwood and Tiered do not ask the court to weigh usury as a defense on the merits. They deny the court's power to have entertained Billd's complaint at all.[1]

Both of Billd's responses and their motion to show cause presuppose a court clothed with subject-matter jurisdiction. Waiver presupposes a defense the litigant could have raised in a competent forum. Choice of law presupposes a forum with power to choose. Remove the premise, and both answers collapse. Well articulated as they are, each commits the circular fallacy of assuming its own conclusion, i.e., that this court had jurisdiction to enforce the Billd loans.

[1] Even a nonparty witness can raise subject-matter jurisdiction. The Supreme Court held that a nonparty may resist a subpoena, and defend against a civil-contempt citation, by challenging the court's subject-matter jurisdiction over the underlying action. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 80 (1988) ("if a district court does not have subject-matter jurisdiction over the underlying action … then the process is void and an order of civil contempt based on refusal to honor it must be reversed"). Billd's July 7, 2026 motion to hold the defendants in contempt therefore rises or falls with the same jurisdictional question presented here.

**Section 687.071(7) commands the courts, not the borrower, and no litigant can waive, default, or contract into the court a power the Legislature withheld.**

Significantly, when a legislature removes an entire type of claim from a court's power to act, then the legislature speaks in jurisdictional terms. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). Florida asks the same question in terms of class: subject-matter jurisdiction "concerns the power of the trial court to deal with a class of cases to which a particular case belongs." *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994). Billd's own authority states the test: "a challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested in a particular case." *Ricci v. Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC*, 276 So. 3d 5, 7 (Fla. 4th DCA 2019) (quoting *In re Adoption of D.P.P.*, 158 So. 3d 633, 636-37 (Fla. 5th DCA 2014)). Here the statute precludes a court from granting any remedy to any claim that violate 687.071.

The statute directs the judiciary: "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state." *Fla. Stat. § 687.071(7)*. The actor restrained is "the courts." The Legislature conditioned the disability on nothing — not pleading, not proof, not election, not appeal. Section 687.071(7) therefore satisfies every formulation of the

test. It speaks to "the courts of this state," and it withdraws from them an entire class of claims — every debt arising from a criminally usurious extension of credit.

Subject-matter jurisdiction is uniquely unwaivable, because it concerns a court's constitutional or statutory authority to hear a class of cases, and the parties cannot confer that authority on a court. *JJJTB, Inc. v. Schmidt*, 415 So. 3d 129, 132 (Fla. 2025). Without subject-matter jurisdiction, a court's proceedings are "absolutely void in the strictest sense of the term." *Id.* at 134 (Canady, J., concurring) (quoting *Roberts v. Seaboard Sur. Co.*, 29 So. 2d 743, 748 (Fla. 1947)).

A court that finds itself without jurisdiction "cannot proceed at all in any cause"; its "only function remaining … is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The requirement to establish jurisdiction "is inflexible and without exception." *Id.* at 94-95.

Because the disability runs to the court, nothing Sherwood or Tiered did, or failed to do, can cure the defect. A litigant may waive a personal defense, but a litigant cannot manufacture judicial power the Legislature declined to grant. Stated otherwise, no action of the parties can confer subject-matter jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Florida law is the same: the power to adjudicate the class of cases to which a case belongs cannot be conferred by the acquiescence or consent of the parties. *Lovett v. Lovett*, 93 Fla. 611, 112 So. 768 (1927).

**Billd's waiver cases construe the pre-1969 civil-usury statute, which carried no command to the courts, and none reaches section 687.071(7).**

When a statute speaks, it displaces the judicial gloss that came before it. A later enactment "supersedes" a court's earlier decisions to the contrary, which stand "wrongly decided." *State v. Maisonet-Maldonado*, 308 So. 3d 63, 66 (Fla. 2020). Where the statute's language is clear, a court gives it "its plain meaning" and does not "look behind the statute's plain language for legislative intent or resort to rules of statutory construction." *Id.* at 68. Section 687.071(7) speaks clearly. Its command withdraws judicial power, and the pre-1969 waiver gloss did not survive it.

*Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1 (Fla. 1971), does not govern. *Gunn* involved a routine note whose rate did not approach the criminal threshold; the court enforced a stipulation waiving "the affirmative defense of usury"; and the court never addressed *Fla. Stat. § 687.071(7)*. A decision is not authority for a proposition it did not confront.

*Cerrito v. Kovitch*, 423 So. 2d 1008 (Fla. 4th DCA 1982), *Padgett v. First Federal Savings & Loan Ass'n*, 329 So. 2d 313 (Fla. 1976), and *Ivy Chase*

*Apartment Property, LLC v. Ivy Chase Apartments, Ltd.*, 352 So. 3d 33 (Fla. 2d DCA 2022), each treat civil usury as the borrower's personal, waivable privilege. *Fla. Stat. §§ 687.02–.03*. None construes the criminal-usury statute the Legislature enacted in chapter 69-135, which added criminalization of the conduct, designation of the lender's records as contraband, testimonial use-immunity, and — decisively — the withdrawal of judicial authority in *Fla. Stat. § 687.071(7)*.

*Viridis Corp. v. TCA Global Credit Master Fund, LP*, 721 F. App'x 865, 873 (11th Cir. 2018), is the only case Billd cites that touched a criminal rate, and it proves the point. The court allowed waiver because the borrower had signed a release and because the *pre-1969 decisions* treat usury as "purely a personal defense." *Beck-Ford Construction, LLC v. TCA Global Credit Master Fund, LP*, 240 F. Supp. 3d 1256, 1279-1280 (S.D. Fla. 2017). Neither court cited section 687.071(7), and neither asked whether the statute had withdrawn the court's power. A court that assumes its jurisdiction without deciding it makes a "drive-by jurisdictional ruling" that carries no precedential weight on the question. *Steel Co.*, 523 U.S. at 91; *Arbaugh*, 546 U.S. at 511. *Viridis* is no authority that section 687.071(7)'s command can be waived. A federal court's *Erie* prediction does not fix the jurisdiction of Florida's own courts.

**A choice-of-law clause cannot enlarge a Florida court's subject-matter jurisdiction, and Billd's choice-of-law cases presuppose a court with power to enforce.**

Each of the cases Billd cites presupposes a competent forum with jurisdiction to enforce the obligation. *Continental Mortgage Investors v. Sailboat Key, Inc.*, 395 So. 2d 507 (Fla. 1981), *Morgan Walton Properties, Inc. v. International City Bank & Trust Co.*, 404 So. 2d 1059 (Fla. 1981), *Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So. 2d 1166 (Fla. 1985), and *L'Arbalete, Inc. v. Zaczac*, 474 F. Supp. 2d 1314 (S.D. Fla. 2007), all answer a different question: which sovereign's law supplies the rule of decision for an enforceable obligation.

Section 687.071(7) speaks earlier in the sequence. It removes the forum's power before any choice-of-law question is reached. A private agreement to apply Arizona law cannot confer on a Florida court authority the Florida Legislature withdrew. If the parties cannot confer subject-matter jurisdiction by consent, they cannot confer it by choosing another State's law.

**The unique nature of a subject-matter-jurisdiction challenge required the court to stop and test its own power, indulging Billd's allegations with no presumption of truth.**

Once the jurisdictional concern is raised — by a party or by the court on its own motion — the court should cease every other activity except determining its jurisdiction. The defect "can — and should — be raised sua sponte by a court." *FQS Enterprise, LLC v. B & K Factor, Inc.*, 407 So. 3d 585 (Fla. 3d DCA 2025)

(Gooden, J., specially concurring). Lack of subject-matter jurisdiction "may be raised at any time." *JJJTB*, 415 So. 3d at 132.

The court must decide the question without regard to any procedural bar — forfeiture, res judicata, collateral estoppel, waiver, repose, or limitation. Billd's timeliness and waiver arguments are procedural bars of exactly that kind, and a procedural bar cannot reach a question of judicial power.

On this inquiry Billd's allegations earn no presumption of accuracy, truth, or validity. The court weighs the evidence both within and without the pleadings to ascertain whether it has power to act. On a factual challenge to jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is free to weigh the evidence outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

**Billd's own documents establish the jurisdictional fact on their face.**

Each Purchase Statement Billd attached to its complaint states a per-day Finance Charge of 0.0997% and 0.1096% — 36.39% and 40.00% per annum — both above the 25%-per-annum criminal-usury threshold. *Fla. Stat. § 687.071(2)*. Florida computes usury per annum. *Fla. Stat. § 687.02*.

Billd's own Proof of Claim 10-1 carries loans into the felony loansharking band of *Fla. Stat. § 687.071(3)*: across the 38 loans, the all-in annual percentage

rate runs to a 49.54% median and an 80.34% maximum. Billd drafted the rates, printed them, and accrued them. Intent is beside the point; the documents are the fact, and the fact is independently verifiable from Billd's own filings.

**Billd's bond argument fails because a void judgment secures nothing.**

Billd answers the stay motion with a single refrain — no bond, no stay — (Billd's Response in Opposition, Motion to Stay, at ¶¶ 4, 8-12) (citing *PS Capital*, *Charter Schools USA*, *Greenbriar*, *Mellon*, *Barnett*, and *Wycoff)*. Every one of the cases Billd presents presupposes a valid, enforceable judgment. A supersedeas bond protects a judgment creditor's interest in a collectible debt.

*Fla. Stat. § 687.071(7)* declares this debt unenforceable "in the courts of this state." No bond can breathe enforceability into a debt the Legislature declared unenforceable. The court need not reach the bond question, because a void judgment creates nothing to secure.

## RELIEF REQUESTED

The court's first and only remaining task is to determine whether it ever had power to enter judgment on Billd's complaint. Billd's own documents answer that question: the extensions of credit violate *Fla. Stat. § 687.071*, and section 687.071(7) withdrew the court's authority to enforce them. The law requires the court to vacate the April 15, 2026 Final Judgment as void and to dismiss Billd's complaint.

Respectfully submitted this 16th day of July, 2026.

FROMANG & SMITH, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Email: chris@fromangsmith.com

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.
Florida Bar No. 367461
Counsel for Defendants
Sherwood Construction, Inc. and
Tiered Capital, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 16, 2026, I filed the foregoing with the Clerk of the Court using the Florida Courts E-Filing Portal, which serves a Notice of Electronic Filing on all counsel of record, including counsel for Plaintiff Billd Exchange, LLC, and counsel for Co-Defendant Martin C. Flynn, Jr.

/s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.
Florida Bar No. 367461