UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re<br><br>Canaveral Crossroads, LLC and<br>Sherwood Construction, Inc.,<br><br>Debtors. | Chapter 11<br>Case No. 6:26-bk-05426-GER<br>Case No. 6:26-bk-05428-GER<br><br>Jointly Administered *under*<br>Case No. 6:26-bk-05426-GER |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS' APPLICATIONS TO EMPLOY FROMANG & SMITH, P.A. AS COUNSEL**

Guy A. Van Baalen, the Acting United States Trustee for Region 21, by and through his undersigned counsel, objects to the Debtors' Applications to Employ Christopher L. Smith of Fromang & Smith, P.A. as Debtors' Counsel (Canaveral Doc. 57; Sherwood Doc. 27) filed by Canaveral Crossroads, LLC ("Canaveral") and Sherwood Construction, Inc. ("Sherwood") (collectively "Debtors"), and in support thereof states as follows:

**BACKGROUND AND STATUS OF CASES**

1. On July 20, 2026 (the "Petition Date"), an involuntary petition under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") was filed, naming Canaveral Crossroads, LLC as the Debtor. Petitioning creditors consisted of Horton S. Johnson, Jetton Investments, Inc., and Cape Crossing Vacation Rentals, LLC.

2. On August 26, 2026, Canaveral filed a Motion to Convert the involuntary Chapter 7 to a voluntary Chapter 11. (Doc. 13.) The motion was granted on September 8, 2026. (Doc. 15.) The meeting of creditors under Section 341 was scheduled for October 7, 2026. The United States

Trustee has not appointed a committee of unsecured creditors in Canaveral's case, nor has it requested an examiner or trustee under Section 1104.

3. On July 20, 2026, an involuntary petition under Chapter 7 of the Bankruptcy Code was also filed against Sherwood Construction, Inc. in Case Number 6:26-bk-05428-GER. Petitioning creditors consisted of Horton S. Johnson, Cape Crossing Vacation Rentals, LLC, and IMQA Investments, Inc.

4. Sherwood filed a Motion to Convert the involuntary Chapter 7 to a voluntary Chapter 11 (Doc. 7) on August 27, 2026, and was granted on September 8, 2026 (Doc. 8). The meeting of creditors under section 341 was scheduled for October 7, 2026, to coincide with Canaveral's meeting.[1]

5. Canaveral is a development corporation that developed Cape Crossing Resort & Marina, a planned mixed-use community of condominiums, townhomes, a marina, a restaurant, and related amenities in Merritt Island, Brevard County, Florida. Canaveral's assets include real property of $6,155,055.00 and total liabilities of $24,006,515.00. (Canaveral Doc. 56.)

6. Sherwood is a general contractor that builds residential and commercial projects for third-party owners. Sherwood has not performed construction work or received revenue since October 2024. Sherwood values its assets, consisting solely of claims against third parties, at $13,873,000.00. Sherwood's liabilities are $11,204,267.06 all of which are unsecured. (Sherwood Doc. 13.)

7. Sherwood is listed as a creditor of Canaveral with a claim of $4,500,000.00.[2] (Sherwood Doc. 13, 19.)

[1] The meetings of creditors were continued to October 19, 2026.
[2] On Canaveral's Plan of Reorganization, the claim is listed as $4,400,000.00. It is unclear of the accurate amount (Canaveral Doc. 37 at 8,13.)

8. In response to question 21 of each of their Statements of Financial Affairs ("SOFA"), both Debtors indicated that they have no officers, no directors, and no stockholders who directly or indirectly own, control or hold five percent or more of the Debtors' voting or equity securities. (Canaveral Doc. 39 at 9; Sherwood Doc. 20 at 9.)

9. On September 29, 2026, the Debtors filed a Motion for Joint Administration with Canaveral designated as the lead case. The Court entered its Order Granting the Motion for Joint Administration the following day. (Canaveral Doc. 58, 61.)

10. Both Debtors' sole owner is Tiered Capital, Inc. (Canaveral Doc. 48 at 2; Sherwood Doc. 13 at 3.)

11. On September 15, 2026, Canaveral filed an Application to Employ (Canaveral Doc. 36) which was amended on September 29, 2026. (Canaveral Doc. 57.) The application was filed on 14-day negative notice. As a result, this Objection is timely filed.

12. On September 15, 2026, Sherwood filed an Application to Employ (Sherwood Doc. 15) which was amended on September 29, 2026. (Sherwood Doc. 26.) The application was filed on 14-day negative notice. As a result, this Objection is timely filed.

13. Joint administration was approved on September 30, 2026, as a result both cases are proceeding under the name and number of Canaveral.

## OBJECTION

### I. Common Representation of the Debtors is Impermissible Because Counsel Cannot Represent Two Estates with Materially Adverse Interests.

14. A debtor in possession possesses the rights and powers of a trustee and, therefore, its employment of professionals is governed by 11 U.S.C. § 327. *See* 11 U.S.C. §§ 1107(a), 327(a). Section 327(a) permits a debtor in possession to employ attorneys only if those attorneys "do not hold or represent an interest adverse to the estate" and are "disinterested persons." 11 U.S.C. §

327(a). A "disinterested person" includes a person who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders" by reason of a relationship or connection with the debtor or "for any other reason." 11 U.S.C. § 101(14)(C).

15. The Eleventh Circuit defines a "materially adverse interest" to include an economic interest that would tend to diminish the value of the estate, create an actual or potential dispute in which the estate is a rival claimant, or otherwise create a predisposition or bias against the estate. *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C.* (*In re Prince*), 40 F.3d 356, 361 (11th Cir. 1994); *see also In re Fundamental Long Term Care, Inc*., 81 F.4th 1264, 1320–21 (11th Cir. 2023.) Thus, Section 327(a) requires more than counsel's subjective belief that counsel can unbiasedly and fairly represent both clients. Counsel must be capable of providing each Debtor with independent and undivided professional judgment.

16. That requirement cannot be satisfied here. Sherwood asserts, or is scheduled as holding, a substantial unsecured claim against Canaveral in the approximate amount of $4,500,000.00. (Sherwood Doc 19.) Accordingly, the two bankruptcy estates are not merely affiliated entities pursuing common bankruptcy relief. One estate is a creditor of the other. Every dollar that Sherwood succeeds in establishing and recovering on its claim potentially increases the assets available to Sherwood and its creditors while simultaneously reducing the assets available for distribution to the creditors of Canaveral. Conversely, minimizing, subordinating, compromising, recharacterizing, or disallowing Sherwood's claim benefits Canaveral's estate at the direct expense of Sherwood's estate.

17. The Eleventh Circuit addressed closely analogous circumstances in *Quarles & Brady LLP v. Maxfield* (*In re Jennings*), 199 F. App'x 845 (11th Cir. 2006.) There, one firm represented eleven related Chapter 11 debtors whose cases had been jointly administered. The

bankruptcy court found conflicts arising from transactions and claims among the related debtors, including a $500,000 intercompany loan. The Eleventh Circuit affirmed the firm's disqualification because the competing interests deprived the individual estates of "unbiased, independent assessments of the available and outstanding claims." *Id.* at 848. The court emphasized that an attorney's inability to independently evaluate claims on behalf of an estate constitutes actual prejudice to the debtor and relied upon Prince's warning against placing bankruptcy counsel in the position of having to "serve too many masters." *Id.* (citing *Prince*, 40 F.3d at 360, 361.)

18. The conflict here is as concrete as *Jennings*. Counsel represents both the entity responsible for maximizing recovery on the unsecured claim and the entity whose estate benefits by minimizing that same claim. Counsel cannot simultaneously determine, on behalf of Sherwood, whether the claim should be pursued in full while independently determining, on behalf of Canaveral, whether the same claim should be objected to, reduced, subordinated, recharacterized, compromised, or otherwise challenged. The estates therefore have competing economic interests concerning an existing creditor-debtor relationship, not merely a hypothetical possibility that their interests may diverge at some later date.

19. Although Section 327(c) provides that representation of a creditor does not *per se* disqualify a professional, that protection does not extend to an actual conflict of interest. It does not cure the issue presented before the Court. Where an objection is raised, "the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c). The Middle District of Florida has enforced that distinction finding an actual conflict where counsel's simultaneous obligations required counsel to advocate inconsistent positions for different clients. *Forizs & Dogali, P.A. v. Siegel* (*In re Diamond*), No. 8:12-CV-253-T-23, 2012 WL 4356266, at *3–4 (M.D. Fla. Sept. 24, 2012) (affirming the bankruptcy court's ruling of disqualification of

simultaneous representation when it required counsel to advocate opposing positions regarding the treatment of same claim – thereby creating an actual conflict of interest.) Here, the creditor-debtor relationship between the two estates presents precisely the type of divided loyalty that Section 327(c) does not permit.

**II. Joint Administration Does Not Eliminate the Conflict Because Each Debtor Retains a Separate Bankruptcy Estate.**

20. The fact that these cases are jointly administered does not alter the analysis. Joint administration is a procedural mechanism; it does not merge separate bankruptcy estates or eliminate the fiduciary obligations owed by each debtor in possession to its respective estate and creditors.

21. The Eleventh Circuit expressly recognized this distinction in *Reider v. FDIC* (*In re Reider*), 31 F.3d 1102, 1109-12 (11th Cir. 1994.) The court explained that joint administration is intended to promote administrative convenience through matters such as a common docket and combined notices, but it "does not create substantive rights." *Id*. at 1109. Unless substantive consolidation is separately ordered, the estates remain legally distinct. *Id*. The Middle District of Florida's own Local Rule similarly distinguishes joint administration from consolidation and specifically directs that jointly administered cases are not captioned as "Consolidated." Bankr. M.D. Fla. L.R. 1015-1(c)(2).

22. Accordingly, Sherwood's estate remains distinct from Canaveral's estate. Counsel therefore owes independent duties to two separate estates whose economic interests diverge over a substantial unsecured obligation. Administrative convenience cannot transform those opposing economic interests into aligned interests, nor can joint administration excuse counsel from Section 327(a)'s requirement of disinterestedness.

23. Indeed, *Jennings* is particularly instructive because the related debtors there were likewise administered together. Nevertheless, the Eleventh Circuit affirmed disqualification once intercompany transactions and claims placed the individual estates in opposing positions. *In re Jennings*, 199 F. App'x at 847–48. Administrative affiliation did not eliminate counsel's obligation to evaluate independently the claims and defenses belonging to each estate. The same principle controls here.

## III. The Significance of the Intercompany Claim Requires Independent Counsel for the Affected Estates.

24. The claim triggering this conflict is significant. In Canaveral, the claim is 18.75% of its total debts. In Sherwood, the claim is 40.20% of its total assets. The magnitude of the intercompany claim reinforces the need for independent representation. This is not an incidental trade payable or a nominal accounting entry having no meaningful effect on distributions. Sherwood is allegedly owed approximately $4,500,000.00 from Canaveral. The allowance and treatment of that unsecured claim may materially affect recoveries in both cases, voting on any Chapter 11 plan, classification and treatment of claims, negotiations concerning plan terms, potential avoidance or recharacterization issues, and the ultimate allocation of value between the two estates.

25. Those decisions require counsel to exercise independent professional judgment for each estate. Counsel for Sherwood must determine whether maximizing that estate requires aggressive enforcement of the intercompany claim. Counsel for Canaveral must independently determine whether the claim should be challenged and whether minimizing or eliminating it would enhance recoveries for Canaveral's other creditors. One attorney cannot provide both independent assessments without necessarily tempering the advocacy owed to one client for the benefit of the other.

26. As the Eleventh Circuit explained in *Prince*, bankruptcy counsel should not be placed in the position of having to serve competing masters. *In re Prince*, 40 F.3d at 361. And in *Jennings*, the Eleventh Circuit specifically affirmed disqualification where common representation deprived related debtor estates of independent evaluation of claims among them. *In re Jennings*, 199 F. App'x at 845. That is precisely the danger presented here.

**IV. Common Ownership Does Not Eliminate the Debtors' Adverse Interests.**

27. The Debtors may contend that the obligation owed by Canaveral to Sherwood presents no meaningful conflict because both entities are owned by the same parent. That argument conflates common ownership with substantive consolidation. Affiliated entities do not cease to exist as separate debtors merely because they share a common parent.

28. While some creditors may have claims against both Debtors, their creditor bodies are not identical. Since the Debtors owe fiduciary duties to their own estates, they each need counsel to advise them on how to fulfill these competing duties.

29. The Eleventh Circuit's decision in *Eastgroup Properties v. Southern Motel Associates, Ltd.*, 935 F.2d 245, 248-50 (11th Cir. 1991), illustrates the distinction. There, the debtors were commonly owned and shared officers, yet the Court treated their assets and liabilities as separate unless substantive consolidation was warranted. Indeed, the Eleventh Circuit explained that substantive consolidation results in the pooling of the entities' assets and liabilities and the elimination of intercorporate liabilities. *Id.* at 248. Common ownership was merely one factor relevant to whether substantive consolidation should occur; it did not itself merge the entities or extinguish obligations existing between them.

30. No order substantively consolidating these estates has been entered here. Accordingly, the fact that Sherwood and Canaveral share a parent does not eliminate Sherwood's

claim against Canaveral or the adverse economic interests generated by that claim. If the claim is allowed and recovered, value is transferred to Sherwood's estate for the benefit of its creditors and removed from the pool otherwise available to Canaveral's other creditors. The common ownership of the Debtors does not make their respective creditor constituencies identical.

31. More importantly, any contention that the intercompany obligation should be disregarded, reduced, recharacterized, subordinated, or otherwise denied because of the Debtors' affiliation or shared parent underscores rather than eliminates the conflict. Counsel for Sherwood must independently evaluate whether the obligation is valid and should be enforced for the benefit of Sherwood's estate. Counsel for Canaveral must independently determine whether grounds exist to challenge that same obligation for the benefit of Canaveral's estate. Those interests are directly opposed.

32. Thus, the relevant inquiry is not whether the Debtors ultimately share an equity owner. It is whether counsel can independently determine, on behalf of one estate, whether to enforce an obligation while simultaneously determining, on behalf of the obligated estate, whether that obligation should be resisted. Section 327 does not permit common ownership to substitute for the independent professional judgment owed to each bankruptcy estate.

33. Accordingly, because Sherwood is the majority unsecured creditor of Canaveral, common counsel cannot independently advocate the interests of both estates with respect to the allowance, treatment, enforcement, compromise, or payment of that obligation. The conflict implicates the core requirements of §§ 327(a) and 101(14), falls squarely within the concerns identified by the Eleventh Circuit in *Prince* and *Jennings*, and is not eliminated merely because the cases have been jointly administered. The Court should therefore sustain the objection to common representation and require the affected Debtors to obtain separate, conflict-free counsel.

As a result, the United States Trustee objects to the employment of Fromang & Smith, P.A. in both cases – but would not oppose retention in only one of these cases.

WHEREFORE, for the reasons stated above, the United States Trustee objects to the Applications to Employ and requests that this Court (i) enter an order denying at least one of the Applications and (ii) grant such further relief as this Court deems just and equitable.

DATED: October 8, 2026

Respectfully submitted,

Guy Van Baalen
Acting United States Trustee, Region 21

*/s/Audrey Aleskovsky*
Audrey Aleskovsky, Trial Attorney
Florida Bar No.: 103236
Office of the United States Trustee
U.S. Department of Justice
George C. Young Federal Building
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6068
Email: Audrey.M.Aleskovsky@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 8, 2026, I have caused a true and correct copy of the foregoing Objection to be served through CM/ECF on parties having appeared electronically in the instant matter, and by U.S. Mail on the Debtor at the following address:

Sherwood Construction, Inc.
5526 Hansel Avenue
Orlando, FL 32809

Canaveral Crossroads, LLC
4409 Hoffner Avenue, #348
Orlando, FL 32812

*/s/Audrey M. Aleskovsky*
Audrey M. Aleskovsky, Trial Attorney