UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CANAVERAL CROSSROADS, LLC and | Case No. 6:26-bk-05426-GER |
| SHERWOOD CONSTRUCTION, INC., | Case No. 6:26-bk-05428-GER |
| Debtors. | Jointly Administered under |
| _______________________________________/ | Case No. 6:26-bk-05426-GER |

**SUPPLEMENTAL VERIFIED STATEMENT OF CHRISTOPHER L. SMITH UNDER FED. R. BANKR. P. 2014(a) (CANAVERAL — SUPPLEMENTING DOC. 57)**

1. I supplement the verified statement I filed as Exhibit A to the amended application of Canaveral Crossroads, LLC to employ me and Fromang & Smith, P.A. as its counsel. (Doc. 57). On October 8, 2026, the United States Trustee filed a limited objection to that application. (Doc. 71). This statement adds my trial experience, explains why both debtors need trial counsel, describes my work in the state courts for Tiered Capital, Inc. and the companies it owns, and discloses the conflict waiver that Canaveral Crossroads and Tiered Capital signed on October 7, 2026. My earlier statement remains true except where this statement changes it. *Fed. R. Bankr. P. 2014(a)*.

2. I have tried cases in Florida courts for more than forty years and have been a member of the Bars of Florida and the Middle District of Florida since

1983. For most of my career I represented clients in private practice. From 2017 to 2023 I prosecuted for the Office of the State Attorney for the Ninth Judicial Circuit, first in its Homicide Division, then as Deputy Bureau Chief in Osceola County, and then as Felony Bureau Chief and Intake Bureau Chief. My trial record includes more than one hundred first-degree murder and capital cases. I am death qualified to defend capital cases. I have previously been admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Eleventh Circuit, and the United States District Courts for the Middle and Northern Districts of Florida.

3. Canaveral Crossroads needs that experience. Its reorganization turns on contested litigation: the two actions I removed to this court (Docs. 8, 9), the objections to claims, and the estate's own claims and causes of action.

4. Canaveral's affiliate, Sherwood Construction, needs substantial litigation. It holds no real property and no cash; its assets are claims for money owed. Its first amended plan identifies five significant and two lesser collection actions: the Cherry Village and Trent Development claims, the Boatworks claim, the Key Colony Beach Club claim, the Surfside Point claim, the claim on the bond of notary Janelle Morea, the Pitkanen turnover claim, and the tort claim against PEDIXON, LLC, et al. Sherwood Construction expects that success in any one of its major actions, even partial success, will pay its non-insider unsecured creditors

in full. Sherwood Construction does not have the money to retain litigation counsel. My six months of due diligence before filing the Tiered Capital, Inc. action against PEDIXON, LLC allowed me to become familiar with the facts essential to these causes of action.

5. My work in the state courts to date has been narrow. I represent Tiered Capital, Inc. and its subsidiaries in the actions described below. In none of them do I represent any client against either debtor, and in none of them does any client of mine assert a claim against either debtor.

(a) In the following actions involving Canaveral Crossroads or Sherwood Construction, my only filing has been a suggestion of bankruptcy: *Tamamoi, LLC v. Canaveral Crossroads, LLC*, No. 05-2024-CA-023943; *Carton Family Trust of 1992 v. Crescent Sound Ltd.*, No. 05-2024-CA-038140; *IMQA Investments, Inc. v. Ponson*, No. 05-2025-CA-010481; *Holiday v. Cape Crossing Vacation Rentals, LLC*, No. 05-2024-CA-058378; *August P. LLC v. Canaveral Crossroads, LLC*, No. 05-2025-CA-028155; *Maxwell v. Canaveral Crossroads, LLC*, No. 05-2025-CA-028113; and *Cape Crossing Condominium Ass'n v. Canaveral Crossroads, LLC*, No. 05-2026-CA-035316, all in the Circuit Court for Brevard County; *Anderson v. Canaveral Crossroads, LLC*, No. 05-2025-CC-028238 (Fla. Brevard Cnty. Ct.); *McPhillips v. Canaveral Crossroads, LLC*, No. 26-CA-000886 (Fla. 13th Cir. Ct., Hillsborough Cnty.); *Ebenezer Stone, LLC v. Sherwood Construction, Inc.*, No. 2024-CA-004682-O (Fla. 9th Cir. Ct., Orange Cnty.); *Reyes Florida Carpentry, Inc. v. Austin Commons, LP*, No. 35-2024-CA-001619 (Fla. 5th Cir. Ct., Lake Cnty.); and *650 85th LLC v. PEDIXON LLC*, No. 2025-CA-000518-M (Fla. 16th Cir. Ct., Monroe Cnty.). Each action is stayed as to the debtor. *11 U.S.C. § 362(a)*. I also filed suggestions of bankruptcy in *Cape Crossing Townhomes Homeowners Ass'n v. Canaveral Crossroads, LLC*, No. 05-2025-CA-022944, and *Rene v. Canaveral Crossroads, LLC*, No. 05-2025-CA-038877, both in the Circuit Court for Brevard County, and then I

removed both to this court, because the gravamen of both cases is property owned by Canaveral Crossroads and essential to its reorganization.

(b) *Johnson v. Canaveral Crossroads, LLC*, No. 05-2025-CA-013106 (Fla. 18th Cir. Ct., Brevard Cnty.). Mr. Johnson is the plaintiff. Before I became counsel for Canaveral Crossroads, it consented, through separate counsel, to the entry of judgment in that action. I was not involved in that consent and had no contact with the counsel who gave it. My only involvement in the action was filing Canaveral Crossroads' suggestion of bankruptcy. The action is stayed as to Canaveral Crossroads. *11 U.S.C. § 362(a)*.

(c) *Billd Exchange, LLC v. Sherwood Construction, Inc.*, No. 2024-CA-006465-O (Fla. 9th Cir. Ct., Orange Cnty.). I represent defendants Sherwood Construction and Tiered Capital. A judgment was entered against them while prior counsel represented them. I moved to set it aside, and I raised the defense that Billd's extension of credit is usurious. Sherwood Construction raises the same usury issue in its objection to Billd's Claim 3-2 in its case. The action is stayed as to Sherwood Construction. *11 U.S.C. § 362(a)*.

(d) *Johnson v. Dixon*, No. 2026-CA-007213-O (Fla. 9th Cir. Ct., Orange Cnty.). I represent plaintiff Tiered Capital in this tort action against Kenneth Dixon, PEDIXON, LLC, ZPD, LLC, and others. Mr. Johnson is a co-plaintiff, and Matthew A. Leibert represents him. Neither debtor is a party.

(e) *PEDIXON, LLC v. Flynn*, No. 2025-CA-002359-CI (Fla. 9th Cir. Ct., Osceola Cnty.). I represent Tiered Capital as a third-party defendant. Mr. Johnson, individually and as trustee, sued Tiered Capital and Homemakers Real Estate LLC in that action for indemnification, and Mr. Leibert represents him. Mr. Johnson is a petitioning creditor in both cases. (Doc. 1). Neither debtor is a party to the third-party claim.

6. My knowledge of the essential facts, necessary for my state-court filings, provides the basis for the effectiveness and efficiency of my representation of the debtors. Before I agreed to take the tort action described in paragraph 5(d), I

spent six months on investigative due diligence into the transactions behind it. Sherwood Construction's plan provides for its participation, as a plaintiff, in tort claims against PEDIXON, LLC and ZPD, LLC arising from the same transactions, and its objection to Billd's claim raises the same usury issue I am raising in the action described in paragraph 5(c). That work gives me the reasonable inquiry the rules require before I sign a pleading on these claims. *Fed. R. Bankr. P. 9011(b)*; *Fla. R. Gen. Prac. & Jud. Admin. 2.515(a)*. Litigation of this kind needs counsel who has already done that work and who will carry the case until it produces a recovery.

7. I bill hourly in both cases, and my fees remain subject to this court's review. *11 U.S.C. §§ 330, 331*. Tiered Capital, Inc. has guaranteed payment of my allowed fees, whatever the source of the money it uses to pay them. (Doc. 57, Ex. A, Ex. 1). As a practical matter, Tiered Capital has no money of its own. It depends on the outcome of these lawsuits to meet its obligations, including that guaranty, and Sherwood Construction can pay my fees in its case only from what it recovers.

8. I remain a shareholder of Fromang & Smith, P.A. I expect to leave the firm within thirty days and to practice on my own. Before I leave, I will file a further supplemental statement, and each debtor will amend its application to employ my new practice in place of Fromang & Smith, P.A. No firm this court has not approved will seek compensation for my services in either case.

9. Mr. Johnson appears in three of these actions. He is the plaintiff against Canaveral Crossroads in the action described in paragraph 5(b), aligned with Tiered Capital in the action described in paragraph 5(d), and adverse to Tiered Capital in the action described in paragraph 5(e). I do not represent Mr. Johnson in any matter.

10. Sherwood Construction holds a claim against Canaveral Crossroads for materials and work it billed to Canaveral Crossroads. The debt was complete and mature, except for interest, by December 31, 2021. The two debtors reconciled their books back to December 31, 2021, the last date on which Canaveral Crossroads paid Sherwood Construction, and agreed to fix the claim at $4,400,000.00, subject to this court's approval. Neither debtor disputes the claim or that amount. Sherwood Construction scheduled the claim at $4,500,000.00. (Sherwood Doc. 19).

11. On October 7, 2026, Canaveral Crossroads, acting through its chief restructuring officer, Ross Johnston, and Tiered Capital signed a written waiver of that potential conflict and a consent to my representation of both debtors. (Ex. 1).

12. Under the waiver, if any party in interest objects to the claim, seeks to subordinate or recharacterize it, or if the debtors' positions on it diverge, I will represent neither debtor in that dispute. Separate conflicts counsel, employed

subject to this court's approval, will handle any such matter. The waiver does not bind this court or the United States Trustee. Whether I may be employed is for this court to decide. *11 U.S.C. § 327(a), (c).*

13. Beyond what appears in this statement and in my earlier statements, I know of no connection with Canaveral Crossroads, LLC, its creditors, any other party in interest, their attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. I will supplement this statement promptly if anything in it changes.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 12, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for Canaveral Crossroads, LLC

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2026, I filed this supplemental verified statement with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case and in Case No. 6:26-bk-05428-GER.

/s/ Christopher L. Smith

Christopher L. Smith, Esq.

Florida Bar No. 367461