# EXHIBIT 1

## Conflict Waiver and Consent to Joint Representation
## Canaveral Crossroads, LLC
## Executed October 7, 2026

# CONFLICT WAIVER AND CONSENT TO JOINT REPRESENTATION

**Sherwood Construction, Inc. — Case No. 6:26-bk-05428-GER**

**Effective October 7, 2026**

This Conflict Waiver is made by Sherwood Construction, Inc., debtor in possession ("Sherwood"), and by its sole shareholder, Tiered Capital, Inc. ("Tiered"), in favor of Christopher L. Smith, Esq. and Fromang & Smith, P.A. (together, "Counsel").

## 1. Background

1. Sherwood is the debtor in Case No. 6:26-bk-05428-GER. Canaveral Crossroads, LLC ("Canaveral") is the debtor in Case No. 6:26-bk-05426-GER. Both cases are pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and are jointly administered.
2. Tiered is the sole shareholder of Sherwood and the sole member and manager of Canaveral. The two Debtors have the same owner.
3. Counsel represents both Debtors, subject to court approval, and also represents Tiered.
4. Sherwood holds a claim against Canaveral for materials and work Sherwood billed to Canaveral (the "Intercompany Debt"). Canaveral and Sherwood agree that the Intercompany Debt is $4.400.000.00, that this is the amount Canaveral owes Sherwood, and that this is the amount Sherwood agrees it is owed. Neither Debtor disputes the existence of the Intercompany Debt or the agreed amount.
5. Sherwood's current books and Canaveral's books did not agree on the balance of the Intercompany Debt. To reconcile them, the Debtors went back to December 31, 2021, the last date on which Canaveral paid Sherwood. The agreed billed balance on that date was $3,174,507.14. That figure did not include the 14% for general conditions, overhead and profit to which Sherwood was entitled. Adding the 14%, or $444,431.00, brings the balance to $3,618,938.14. The Debtors then applied simple interest at 4.8% a year, the rate Canaveral's unsecured claimants received at that time (see, for example, Claims 5-1 and 8-1), from December 31, 2021, to July 20, 2026, the date the involuntary petition was filed against Canaveral. That interest is $790,970.98, for a total of $4,409,909.12. The Debtors agreed to fix the Intercompany Debt at $4,400,000.00, and Sherwood will not seek the $9,909.12 difference. This agreement is subject to court approval.

## 2. The potential conflict

On the Intercompany Debt, Sherwood is the creditor and Canaveral is the debtor. Sherwood recognizes that, in principle, its position on that debt differs from Canaveral's: a creditor wants its claim allowed and paid, and a debtor may want it reduced or subordinated. Because neither Debtor disputes the debt, that difference is a potential conflict, not an actual one.

## 3. Section 327

1. **Standard.** Counsel may be employed by a debtor in possession only if Counsel does not hold or represent an interest adverse to the estate and is a disinterested person. 11 U.S.C. §§ 327(a), 1107(a), 101(14).
2. **Representation of the obligor.** Counsel's representation of Canaveral, the obligor on Sherwood's largest receivable, is the interest the United States Trustee may examine under § 327(a). In Canaveral's case, § 327(c) provides that Counsel is not disqualified solely because Counsel also represents Sherwood as a creditor, absent an objection and a finding of actual conflict.

3. **No actual conflict.** Canaveral states that no actual conflict exists. The Intercompany Debt is undisputed, both Debtors take the same position on its existence and amount, and Counsel will assert no position for either Debtor that is adverse to the other.
4. **The Court decides.** Canaveral and Tiered acknowledge that this Waiver does not bind the Court or the United States Trustee. Whether Counsel may be employed is for the Court to decide under § 327. Counsel will disclose this Waiver, the Intercompany Debt and Counsel's representation of Sherwood and Tiered in a supplemental verified statement under Fed. R. Bankr. P. 2014(a).

**4. Scope of the waiver**

1. Canaveral waives the potential conflict described in Section 2 and consents to Counsel's representation of both Debtors, including on the scheduling, allowance and plan treatment of the Intercompany Debt in the agreed amount.
2. **If the debt becomes disputed.** If any party in interest objects to the Intercompany Debt, seeks to subordinate or recharacterize it, or if the Debtors' positions on it diverge, Counsel will not represent either Debtor in that dispute. That dispute will be handled for the Debtors by separate conflicts counsel, subject to court approval. Counsel may continue to represent both Debtors on all other matters.
3. **Tiered.** Tiered's guaranty of Counsel's fees gives Tiered no right to direct or regulate Counsel's professional judgment for either Debtor. *R. Regulating Fla. Bar 4-1.8(f)*. Tiered has relinquished decision-making control of Canaveral for the pendency of the case and takes instructions from the Chief Restructuring Officer.

**5. Confidentiality and withdrawal**

Information given to Counsel on a joint matter may be shared between the Debtors. If an actual conflict develops beyond the dispute described in Section 4.2, Counsel will say so promptly and may withdraw from one or both representations on that matter, subject to court approval. Canaveral agrees Counsel may then continue to represent Sherwood on matters not adverse to Canaveral.

**6. Informed consent**

Canaveral and Tiered have read this Waiver, have had the opportunity to consult independent counsel, and give their informed consent. *R. Regulating Fla. Bar 4-1.7.*

**CANAVERAL CROSSROADS, LLC, debtor in possession**

By: ______________________
Ross Johnston, Chief Restructuring Officer
Date: October 7, 2026

**TIERED CAPITAL, INC., as sole member and manager of Canaveral Crossroads, LLC**

By: ______________________
Horton S. Johnson, Authorized Agent
Date: October 7, 2026

**Acknowledged:**

By: ______________________
Christopher L. Smith, Esq., Fromang & Smith, P.A.
Date: October 7, 2026