**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| Canaveral Crossroads, LLC and | ) | Case No. 6:26-bk-05426-GER |
| Sherwood Construction, Inc., | ) | Case No. 6:26-bk-05428-GER |
| | ) | |
| Debtors. | ) | Jointly Administered under |
| | ) | Case No. 6:26-bk-05426-GER |

**DEBTORS' MEMORANDUM IN SUPPORT OF EMPLOYING CHRISTOPHER L. SMITH IN BOTH CASES AND IN RESPONSE TO THE UNITED STATES TRUSTEE'S LIMITED OBJECTION (DOC. 71)**

The United States Trustee raises no objection to Mr. Smith's qualifications and would not oppose his employment in either case alone. (Doc. 71 at 10). The limited objection rests on one fact: Sherwood Construction holds an unsecured claim against Canaveral Crossroads. (Doc. 71 ¶¶ 16–18). The Debtors reconciled that claim, agreed its amount, and bound themselves in writing to use separate conflicts counsel if anyone ever disputes it. An agreed claim is a potential conflict, not an actual one, and one counsel serves both estates better and costs each less.

**1. Section 327(c) disqualifies counsel only for an actual conflict, and an agreed intercompany claim is not one.**

Representation of a creditor does not disqualify a debtor's counsel unless the court finds "an actual conflict of interest." *11 U.S.C. § 327(c)*. No rule forbids one counsel for affiliated debtors with claims between them. The Tenth Circuit,

affirming a disqualification on its facts, declined to hold "such simultaneous representation of related estates in bankruptcy is per se prohibited," because "each such application must be evaluated on its own merits." *Interwest Bus. Equip., Inc. v. U.S. Tr. (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 318–19 (10th Cir. 1994). The Third Circuit likewise refused to hold, for a trustee of jointly administered estates, "that interdebtor claims mandate disqualification . . . in every instance." *In re BH & P Inc.*, 949 F.2d 1300, 1312 (3d Cir. 1991). That court drew the line at parties who did business with the debtor "recently enough to be potential targets for the recovery of assets of the estate"; "[a]ny more remote potential conflict should not result in disqualification." *Id.* at 316 (quoting *In re McKinney Ranch Assocs.*, 62 B.R. 249, 255 (Bankr. C.D. Cal. 1986)).

The facts here show no actual conflict. Sherwood Construction's claim is for construction work it billed to Canaveral Crossroads. The Debtors reconciled their books to December 31, 2021, the last day Canaveral Crossroads paid Sherwood Construction. They took the billed balance of $3,174,507.14, added the 14% contract allowance for overhead and profit, and applied 4.8% simple interest, the rate Canaveral Crossroads' other unsecured creditors then received. (Doc. 73, Ex. 1 § 1). The Debtors fixed the claim at $4,400,000.00, subject to this court's approval. (*Id.*). Neither Debtor disputes it. The Plan places the claim in Class 8, paid pro rata with every other general unsecured claim. (Doc. 37). Canaveral Crossroads made

no transfer to Sherwood Construction within the one-year reach-back for insiders. *11 U.S.C. § 547(b)(4)(B)*.

Nor does anything support the subordination or recharacterization the United States Trustee posits. (Doc. 71 ¶ 31). The claim is trade debt for work performed and billed, and equitable subordination requires inequitable conduct no one has identified. *In re Mobile Steel Co.*, 563 F.2d 692, 699–700 (5th Cir. 1977).

The Eleventh Circuit decisions the United States Trustee cites turned on facts absent here. In *Prince*, the firm failed to disclose its own role in moving $600,000 of the debtor's property to his wife shortly before bankruptcy, was itself a creditor, and represented the wife during the case. *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 358, 361 (11th Cir. 1994). In *Jennings*, the firm failed to make its Rule 2014 disclosures, one debtor depleted assets subject to another debtor's secured claim, and a $500,000 intercompany loan disappeared from the books "without any money changing hands." *Quarles & Brady LLP v. Maxfield (In re Jennings)*, 199 F. App'x 845, 847–49 (11th Cir. 2006). Mr. Smith disclosed the claim, the reconciliation, and the waiver. (Doc. 73). The claim is unsecured, and Canaveral Crossroads has paid Sherwood Construction nothing since 2021.

If anyone ever disputes the claim, Mr. Smith will represent neither Debtor in that dispute, and separate conflicts counsel, employed with this court's approval,

will handle it. (Doc. 73, Ex. 1 § 4). This court keeps its power to deny compensation if a disqualifying conflict ever arises. *11 U.S.C. § 328(c)*.

**2. One counsel serves both estates better and costs each less.**

Sherwood Construction holds no real property and no cash. Its assets are claims in seven collection actions, five of them significant, and it can pay litigation counsel only from what those actions recover. (Doc. 73 ¶ 4). Tiered Capital, Inc. guarantees Mr. Smith's allowed fees in both cases. (Doc. 57, Ex. A, Ex. 1). A corporation may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). Retention in only one case, as the United States Trustee proposes, would leave the other Debtor to find a lawyer it cannot pay.

The Debtors' litigation overlaps. Sherwood Construction's objection to Billd's claim raises the same usury defense Mr. Smith is pressing in state court, and Sherwood Construction's plan joins it as a plaintiff in tort claims against PEDIXON, LLC, whose claim Canaveral Crossroads is contesting in this court. (Doc. 73 ¶¶ 5(c), 6; Doc. 66). Mr. Smith spent six months investigating those transactions before he took the related tort action. (Doc. 73 ¶ 6). Two firms would bill twice to learn one record. Where estates pursue the same recovery, their interests "are unified and identical; they do not conflict and are not adverse." *In re Covenant Fin. Grp. of Am., Inc.*, 243 B.R. 450, 458 (Bankr. N.D. Ala. 1999).

This court should overrule the limited objection and approve Mr. Smith's employment in both cases.

Respectfully submitted this 12th day of October, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for the Debtors

## CERTIFICATE OF SERVICE

I certify that on October 12, 2026, I filed this memorandum with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case and in Case No. 6:26-bk-05428-GER.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
chris@fromangsmith.com
Counsel for the Debtors