**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

CANAVERAL CROSSROADS, LLC,
SHERWOOD CONSTRUCTION, INC.,

Debtors.
_______________________________/

Case No. 6:26-bk-05426-GER
Chapter 11

Jointly Administered with
Case No. 6:26-bk-05428-GER

**DEBTOR'S AMENDED OBJECTION TO CLAIM 6-1 OF MICHAEL McPHILLIPS AS A CONTINGENT CLAIM FOR REIMBURSEMENT UNDER 11 U.S.C. § 502(e)(1)(B)**

(Applies to Canaveral Crossroads, LLC, Case No. 6:26-bk-05426-GER, only)

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 within thirty days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Michael McPhillips guaranteed Canaveral Crossroads' construction loan from Horton S. Johnson. Johnson is suing him on that guaranty in Brevard County,

and McPhillips denies that he owes anything. McPhillips nevertheless filed Claim 6-1 for $3,500,000, to be paid by Canaveral Crossroads if he loses that lawsuit and pays Johnson. The Bankruptcy Code requires the court to disallow a co-obligor's claim for reimbursement or contribution to the extent the claim "is contingent as of the time of allowance or disallowance." *11 U.S.C. § 502(e)(1)(B)*.

The Court overruled Canaveral Crossroads' original objection to allow this amended one, which restates the objection and corrects its service. (Docs. 67, 70).

Canaveral Crossroads objects to the following claim and concedes no amount of it at this time. Disallowance now leaves McPhillips free to seek allowance later, if he pays Johnson and his claim becomes fixed. *11 U.S.C. § 502(e)(2)*.

| | |
|---|---|
| Claim 6-1 — Michael McPhillips (unsecured; guarantor's reimbursement or contribution) | $3,500,000.00 |
| Allowed at this time | $0.00 |

**McPhillips's claim rests on a guaranty he is contesting in state court.**

1. On November 19, 2015, Canaveral Crossroads signed a Construction Loan Note payable to Johnson in the maximum principal amount of $1,200,000. Martin C. Flynn, Jr. and McPhillips signed a Guaranty Agreement the same day. Each of them, jointly and severally, "irrevocably and unconditionally fully guarantees" the payment of every obligation of Canaveral Crossroads under the loan documents. (Ex. 2, ¶ 1).

2. The guaranty makes McPhillips liable to Johnson "as if the Indebtedness constituted the direct and primary obligation of the Guarantors." (Ex. 2, ¶ 4). It calls itself "an absolute, direct, immediate and unconditional guarantee of payment and not of collectability." (*Id.* ¶ 11). In the same paragraph that makes him primarily liable, McPhillips waived "any claim based on any right of subrogation, any claim for unjust enrichment or any other theory that would entitle a Guarantor to a claim against the Borrower based on any payment made hereunder or otherwise on account of the Indebtedness until the Indebtedness is paid in full." (*Id.* ¶ 4). He also subordinated to Johnson every debt Canaveral Crossroads owes him. (*Id.* ¶ 9).

3. Johnson sued Canaveral Crossroads, Flynn, and McPhillips in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, in Case No. 05-2025-CA-013106. On April 7, 2025, the state court entered a consent final judgment against Canaveral Crossroads for $5,997,023.46. Johnson's counts against McPhillips remain pending: Count II seeks to hold him liable on the guaranty, and Count III seeks a deficiency judgment after foreclosure. (Ex. 1, Attach. ¶ 1). McPhillips "disputes liability and the amount alleged to be due in the state-court action." (*Id.* ¶ 2).

4. Johnson's claim on the guaranteed debt is already in this case. Canaveral Crossroads scheduled Johnson's First Note claim at $3,608,845.31, did

not mark it contingent, unliquidated, or disputed, and listed McPhillips as a codebtor on it. (Doc. 33, Sched. D, line 2.1; Sched. H, line 2.6). A claim scheduled that way is deemed filed. *11 U.S.C. § 1111(a)*.

**Claim 6-1 demands $3,500,000 and then disclaims any amount.**

5. On September 25, 2026, McPhillips filed Claim 6-1. (Ex. 1). Box 7 states the claim as $3,500,000, and box 8 gives its basis as "Offset of Johnson Claim." (*Id.* at 2). The attachment tells a different story. It describes a "[d]isputed, contingent, and unliquidated claim for reimbursement or contribution arising from alleged individual guaranty liability" in an amount that is "[u]nliquidated." (*Id.*, Attach. at 1). The amount "cannot presently be determined" because it depends on "the outcome of the guaranty litigation; and any amount McPhillips pays or becomes obligated to pay." (*Id.* ¶ 3). The attachment asserts "[n]o lien, priority, or specific dollar amount." (*Id.* ¶ 5). It concedes that "[a]ny reimbursement or contribution claim remains subject to 11 U.S.C. § 502(e)." (*Id.* ¶ 4).

6. Claim 6-1 refers to "[t]he attached guaranty," but McPhillips attached neither the guaranty nor Johnson's complaint. (Ex. 1). A claim based on a writing must include a copy of the writing. *Fed. R. Bankr. P. 3001(c)(1)*. Claim 6-1 therefore carries no presumption of validity or amount. *Fed. R. Bankr. P. 3001(f)*. Canaveral Crossroads attaches the guaranty so the court has it. (Ex. 2).

**Section 502(e)(1)(B) requires the court to disallow a guarantor's contingent claim against the principal debtor.**

7. The Bankruptcy Code directs disallowance of a co-obligor's contingent claim in mandatory terms:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that— . . . (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution[.]

*11 U.S.C. § 502(e)(1)(B)*.

8. Congress enacted the provision for one purpose: "to prevent[ ] competition between a creditor and his guarantor for the limited proceeds of the estate." *In re Hemingway Transport, Inc.*, 993 F.2d 915, 923 (1st Cir. 1993). It bars "redundant recoveries on identical claims against insolvent estates." *Id.* The statute has three elements: the claim is one for reimbursement or contribution, the claimant is liable with the debtor on a creditor's claim, and the claim is contingent when the court rules on it. *In re Provincetown-Boston Airlines, Inc.*, 72 B.R. 307, 309 (Bankr. M.D. Fla. 1987). Canaveral Crossroads must come forward with substantial evidence on each element. Once it does, "the ultimate risk of nonpersuasion as to the allowability of the claim resides with the party asserting the claim." *Hemingway*, 993 F.2d at 925. McPhillips's own claim and the guaranty supply that evidence on all three elements.

**McPhillips claims reimbursement or contribution.**

9. McPhillips's own attachment calls Claim 6-1 a "claim for reimbursement or contribution arising from alleged individual guaranty liability." (Ex. 1, Attach. at 1). A guarantor who pays the principal's debt looks to the principal for reimbursement, and that is the only right Claim 6-1 asserts. McPhillips's own words satisfy the first element.

**McPhillips is liable with Canaveral Crossroads on Johnson's claim.**

10. The guaranty makes McPhillips liable to Johnson, as a primary obligor and jointly and severally with Flynn, on the same debt Canaveral Crossroads owes Johnson. (Ex. 2, ¶¶ 1, 4, 11). Johnson holds a claim on that debt in this case. (Doc. 33, Sched. D, line 2.1). McPhillips cannot avoid this element by denying that he owes Johnson. His claim exists only on the premise that he is liable, and if he is not liable he has no claim at all. A claimant who seeks reimbursement of whatever it "may be ultimately adjudged liable" to pay is "necessarily 'liable with the debtor.'" *In re Charter Co.*, 862 F.2d 1500, 1503 (11th Cir. 1989). The bankruptcy court in this district disallowed an underwriter's indemnity claim while the underwriter's motion to dismiss the underlying class action was still pending. *Provincetown-Boston*, 72 B.R. at 309–10.

**McPhillips's claim is contingent today.**

11. A contingent claim "has not yet accrued and . . . is dependent upon some future event that may never happen." *Provincetown-Boston*, 72 B.R. at 310. McPhillips has paid Johnson nothing. His right to reimbursement depends on two events that have not happened and may never happen: a judgment against him on the guaranty, and his payment of it. The Eleventh Circuit held claims of the same kind contingent because they "depend entirely on the success of the plaintiffs against the appellants in the still-pending Missouri litigation." *Charter*, 862 F.2d at 1503. The court refused to allow claims that were "merely estimated and purely contingent." *Id.* at 1502.

12. The guaranty pushes the contingency further out. Even after he pays, McPhillips waived any claim against Canaveral Crossroads based on his payment "until the Indebtedness is paid in full." (Ex. 2, ¶ 4). McPhillips acknowledges the restriction and disclaims "an unconditional, presently payable subrogation claim." (Ex. 1, Attach. ¶ 4). By its own terms, Claim 6-1 is contingent today, and the statute requires its disallowance.

**Allowing Claim 6-1 would count Johnson's debt twice.**

13. Johnson's First Note claim and Claim 6-1 rest on one debt. If the court allowed both, the estate would answer for the same dollars twice, once to Johnson and again to McPhillips, at the expense of every unsecured creditor sharing pro

rata. A $3,500,000 allowed claim would also vote on the plan on a debt that Johnson already votes. That is the double recovery the statute exists to prevent. *Hemingway*, 993 F.2d at 923.

14. Estimation does not save the claim. The Eleventh Circuit read the statute to carry the policy that "the bankrupt's estate should not be burdened by estimated claims contingent in nature." *Charter*, 862 F.2d at 1502.

Section 502(e)(1) applies "[n]otwithstanding subsections (a), (b), and (c)," so the court disallows a contingent co-obligor claim rather than estimating it. *11 U.S.C. § 502(e)(1)*.

**Disallowance now preserves McPhillips's rights if he later pays Johnson.**

15. Disallowance under section 502(e)(1)(B) is not a permanent forfeiture. A claim for reimbursement or contribution "that becomes fixed after the commencement of the case shall be determined, and shall be allowed . . . or disallowed . . . the same as if such claim had become fixed before the date of the filing of the petition." *11 U.S.C. § 502(e)(2)*. A guarantor facing disallowance may fix his claim by paying the creditor himself, "leaving the entity as the sole holder of a claim against the estate based on that debt." *Hemingway*, 993 F.2d at 923–24.

16. If McPhillips loses in state court and pays Johnson, he may then ask the court to allow what he paid, subject to the guaranty's waiver and subordination

and to every defense Canaveral Crossroads holds. Until then, he has no claim to allow.

17. This objection asks the court to decide only the allowance of Claim 6-1. It does not ask the court to decide whether McPhillips is liable on the guaranty, a question pending before the state court. Canaveral Crossroads reserves every other objection to Claim 6-1, including objections to any amount McPhillips later asserts, and every claim and defense it holds against McPhillips.

## RELIEF REQUESTED

Claim 6-1 is a guarantor's claim for reimbursement that remains contingent, and the Bankruptcy Code disallows it until McPhillips pays. The law requires the court to:

a. sustain this objection;

b. disallow Claim 6-1 in its entirety under *11 U.S.C. § 502(e)(1)(B)*;

c. provide that the disallowance is without prejudice to McPhillips's seeking allowance, under *11 U.S.C. § 502(e)(2)*, of a claim for reimbursement that becomes fixed by his payment to Johnson, subject to every defense of Canaveral Crossroads, including the waiver and subordination in the guaranty; and

d. if McPhillips timely files a response, set this objection for hearing.

Respectfully submitted this 12th day of October, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Fromang & Smith, P.A.

4767 New Broad Street
Orlando, Florida 32814
(407) 999-9739
chris@fromangsmith.com
Counsel for the Debtors in Possession

EXHIBITS

Exhibit 1. Claim 6-1, filed by Michael McPhillips on September 25, 2026, with its attachment.

Exhibit 2. Guaranty Agreement made as of November 19, 2015, by Martin C. Flynn, Jr. and Michael McPhillips for the benefit of Horton S. Johnson.

CERTIFICATE OF SERVICE

I certify that on October 12, 2026, I filed this amended objection with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case and in Case No. 6:26-bk-05428-GER, including the United States Trustee. Counsel for the Debtors in Possession filed it, and no trustee has been appointed in either case. On the same day, I served this amended objection, its notice, and its exhibits by first-class United States mail, postage prepaid, on the person who signed Claim 6-1, on the person Michael McPhillips designated in Part 1, box 3, of the claim to receive notices, and on McPhillips himself, at the addresses stated in the claim. I thereby served this amended objection and its notice on every person Fed. R. Bankr. P. 3007(a) and M.D. Fla. Bankr. L.R. 3007-1(b) require to be served.

*Signer of Claim 6-1 (Part 3):*
J. Christopher Crowder, Esq.
Faro & Crowder, P.A.
700 N. Wickham Road, Unit 205
Melbourne, Florida 32935

*Notice party designated on Claim 6-1, Part 1, box 3:*
Michael McPhillips
c/o Phil A. D'Aniello, Esq.
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, Florida 32804

*The claimant, at the address in the claim's attachment (ZIP code as corrected on the Court's mailing matrix):*
Michael McPhillips
310 Lagoon Way
Merritt Island, Florida 32953

/s/ Christopher L. Smith
Christopher L. Smith, Esq.