# EXHIBIT 2

# GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (this "Guaranty"), made as of November 14, 2015, by Martin C. Flynn, Jr. ("Flynn") and Michael McPhillips ("McPhillips"), jointly and severally, (Flynn and McPhillips are individually and collectively referred to herein as the "Guarantors"), for the benefit of HORTON S. JOHNSON, (the "Lender"), whose address is P. O. Box 1511, Orlando, FL 32802.

A. Lender has made a loan (the "Loan") to CANAVERAL CROSSROADS, LLC, a Florida limited liability company ("Borrower"), which loan is evidenced by that certain Construction Loan Note dated the date hereof in the maximum amount of $1,200,000.00 from Borrower payable to the order of Lender (the "Note") and which is secured by, among other things, that certain Assignment of Lease (the "Assignment of Lease") dated the date hereof (the Note, the Assignment of Lease, this Guaranty and any other instruments or documents now or hereafter evidencing, guaranteeing or securing the indebtedness evidenced by the Note are hereinafter referred to as the "Loan Documents").

B. Guarantors are affiliates of Borrower and each Guarantor believes it shall substantially benefit, directly or indirectly, from Lender's making the Loan to Borrower.

C. As a condition to making the Loan, Lender has required Guarantors to guarantee to Lender the obligations of Borrower under the Loan Documents and certain other items as herein set forth.

NOW, THEREFORE, in order to induce the Lender to grant the Loan and in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Guarantor in his, her, or its respectable individual and or fiduciary capacity hereby jointly and severally covenants and agrees as follows:

1. Each Guarantor irrevocably and unconditionally fully guarantees the due, prompt and complete performance of each and every one of the following obligations: (a) the payment and performance by the Borrower of each and every obligation of the Borrower due under the Loan Documents and any instrument, document or agreement now or hereafter securing the Loan Documents; and (b) the due, prompt and complete payment of all costs and expenses (including, without limitation, reasonable attorneys' fees) incurred by the Lender in collection of the enforcement of this Guaranty against the Guarantors (the obligations described in this Paragraph 1 are hereinafter collectively referred to as the "Indebtedness").

2. Each Guarantor hereby grants to the Lender, in the sole discretion of the Lender, and without notice to any Guarantor, the power and authority to deal in any lawful manner with the Indebtedness and the other obligations guaranteed hereby, and without limiting the generality of the foregoing, further power and authority, from time to time:

(a) to renew, compromise, extend, accelerate or otherwise change the time or place of payment of or to otherwise change the terms of the Indebtedness;

a/

(b) to modify or to waive any of the terms of the Note and/or any other obligations guaranteed hereby;

(c) to take and hold security for the payment of the Indebtedness and/or performance of the other obligations guaranteed hereby and to impair, exhaust, exchange, enforce, waive or release any such security;

(d) to direct the order or manner of sale of any such security as the Lender, in its sole discretion, may determine;

(e) to grant any indulgence, forbearance or waiver with respect to the Indebtedness or any of the other obligations guaranteed hereby;

(f) to release or waive rights against any one or more Guarantors without releasing or waiving any rights against any other Guarantor; and/or

(g) to agree to any valuation by the Lender of any collateral securing payment of any of the Indebtedness in any proceedings under the United States Bankruptcy Code concerning the Lender or the Guarantors.

The liability of each Guarantor hereunder shall not be affected, impaired or reduced in any way by any action taken by the Lender under the foregoing provisions or any other provision hereof, or by any delay, failure or refusal of the Lender to exercise any right or remedy either may have against the Borrower or any other person, firm or corporation, including other guarantors, if any, liable for all or any part of the Indebtedness or any of the other obligations guaranteed hereby.

3. On or before ninety (90) days after the expiration of each fiscal year of each Guarantor, such Guarantor shall send to the Lender copies of the balance sheet and income statement of such Guarantor for such fiscal year.

4. The Guarantors agree that if any of the Indebtedness is not fully and timely paid or performed according to the tenor of the Loan Documents, whether by acceleration or otherwise, the Guarantors shall immediately upon receipt of written demand therefor from the Lender pay all of the Indebtedness hereby guaranteed in like manner as if the Indebtedness constituted the direct and primary obligation of the Guarantors. The Guarantors shall not have any right of subrogation as a result of any payment hereunder or any other payment made by the Guarantors or a Guarantor on account of the Indebtedness, and each Guarantor hereby waives, releases and relinquishes any claim based on any right of subrogation, any claim for unjust enrichment or any other theory that would entitle a Guarantor to a claim against the Borrower based on any payment made hereunder or otherwise on account of the Indebtedness until the Indebtedness is paid in full.

6. This Guaranty and the obligations of the Guarantors hereunder shall be continuing and irrevocable until the Indebtedness has been satisfied in full. Notwithstanding the foregoing or anything else set forth herein, and in addition thereto, if at any time all or any part of any payment received by the Lender from a Guarantor under or with respect to this Guaranty is or must be rescinded or returned for any reason whatsoever (including, without limitation, determination that said payment was a voidable preference or fraudulent transfer under

insolvency, bankruptcy or reorganization laws), then Guarantors' obligations hereunder shall, to the extent of the payment rescinded or returned, be deemed to have continued in existence, notwithstanding such previous receipt of payment by the Lender, and Guarantors' obligations hereunder shall continue to be effective or be reinstated as to such payment, all as though such previous payment to the Lender had never been made. The provisions of the foregoing sentence shall survive termination of this Guaranty, and shall remain a valid and binding obligation of each Guarantor until satisfied.

7. Each Guarantor hereby waives notice of acceptance of this Guaranty by the Lender, and this Guaranty shall immediately be binding upon each Guarantor. Any Guarantor who executes this Agreement shall be fully bound hereby regardless of whether or not any other Guarantor subsequently executes this Guaranty.

8. Each Guarantor hereby waives and agrees not to assert or take advantage of:

(a) any right to require the Lender to proceed against any other person or to proceed against or exhaust any security held by the Lender at any time or to pursue any other remedy in the Lenders power before proceeding against any one or more Guarantors hereunder;

(b) any right to require the Lender to proceed against the Borrower or any other person or to proceed against or exhaust any security held by the Borrower at any time or to pursue any other remedy in the power of the Lender before proceeding against any one or more Guarantors hereunder;

(c) the defense of the statute of limitations in any action hereunder or in any action for the collection of the Indebtedness or the performance of any other obligations guaranteed hereby;

(d) any defense that may arise by reason of the incapacity, lack of authority, death or disability of any other person or persons or the failure of the Lender to file or enforce a claim against the estate (in administration, bankruptcy or any other proceeding) of any other person or persons;

(e) demand, presentment for payment, notice of non-payment, protest, notice of protest and all other notices of any kind, including, without limitation, notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of the Lender or any endorser or creditor of either the Lender or any Guarantor or on the part of any other person whomsoever under this or any other instrument in connection with any obligation or evidence of indebtedness held by the Lender or in connection with the Indebtedness;

(f) any defense based upon an election of remedies by the Lender, and until the Indebtedness is paid in full, the right of Guarantors to proceed against the Lender for reimbursement, or both, or if contrary to the express agreement of the parties;

(g) any election by the Lender to exercise any right or remedy it may have against the Borrower or any security held by the Lender, including, without limitation, the right to foreclose upon any such security by judicial or non-judicial sale, without affecting or

impairing in any way the liability of Guarantors hereunder, except to the extent the Indebtedness has been paid, and until the Indebtedness is paid in full, any default arising out of the absence, impairment or loss of any right of reimbursement, contribution or subrogation or any other right or remedy of the Guarantors against the Borrower or any such security whether resulting from such election by the Lender or otherwise. The Guarantors understand that if all or any part of the liability of the Borrower to the Lender for the Indebtedness is secured by real property the Guarantors shall be liable for the full amount of their liability hereunder, notwithstanding foreclosure on such real property by trustee sale or any other reason impairing the Guarantors' right to proceed against the Borrower; and

(h) all duty or obligation on the part of the Lender to perfect, protect, not impair, retain or enforce any security for the payment of the Indebtedness or performance of any of the other obligations guaranteed hereby.

9. Until the Indebtedness is paid in full, all existing and future indebtedness of the Borrower to the Guarantors or to any person controlled or owned in whole or in part by any of the Guarantors and, the right of the Guarantors to withdraw or to cause or permit any person controlled or owned in whole or in part by any of the Guarantors to withdraw any capital invested by any Guarantor or such person in the Borrower, is hereby subordinated to the Indebtedness at any time after a default exists under the Indebtedness. Furthermore, at any time after a default exists under the Indebtedness, without the prior written Consent of the Lender, such subordinated indebtedness shall not be paid and such capital shall not be withdrawn in whole or in part nor shall any Guarantor accept or cause or permit any person controlled or owned in whole or in part by a Guarantor to accept any payment of or on account of any such subordinated indebtedness or as a withdrawal of capital. Any payment received by the Guarantors in violation of this Guaranty shall be received by the person to whom paid in trust for the Lender, and Guarantors shall cause the same to be paid to the Lender immediately on account of the Indebtedness. No such payment shall reduce or affect in any manner the liability of the Guarantors under this Guaranty.

10. The amount of each Guarantor's liability and all rights, powers and remedies of the Lender hereunder shall be cumulative and not alternative and such rights, powers and remedies shall be in addition to all rights, powers and remedies given to the Lender under the Loan Documents, any document or agreement relating in any way to the terms and provisions thereof or otherwise by law. With respect to each Guarantor, this Guaranty is in addition to and exclusive of the guaranty of any other Guarantor executing this Guaranty or any other person or entity which guarantees the Indebtedness and/or the other obligations guaranteed hereby.

11. The liability of each Guarantor under this Guaranty shall be an absolute, direct, immediate and unconditional guarantee of payment and not of collectability. The obligations of each Guarantor hereunder are independent of the obligations of the Borrower or any other party which may be initially or otherwise responsible for performance or payment of the obligations hereunder guaranteed and each other Guarantor, and, in the event of any default hereunder, a separate action or actions may be brought and prosecuted against any one or more Guarantors, whether or not the Borrower is joined therein or a separate action or actions are brought against the Borrower. The Lender may maintain successive actions for other defaults. The Lender's rights hereunder shall not be exhausted by its exercise of any of their rights or remedies or by

any such action or by any number of successive actions until and unless the Indebtedness has been paid in full.

12. The Lender, in its sole discretion, may at any time enter into agreements with the Borrower or with any other person to amend, modify or change the Loan Documents or any document or agreement relating in any way to the terms and provisions thereof, or may at any time waive or release any provision or provisions thereof and, with reference thereto, may make and enter into all such agreements as the Lender may deem proper or desirable, without any notice or further assent from any Guarantor and without in any manner impairing or affecting this Guaranty or any of the rights of the Lender or each Guarantor's obligations hereunder.

13. The Guarantors hereby agree to pay to the Lender, upon demand, reasonable attorneys' fees and all costs and other expenses which the Lender expends or incurs in collecting or compromising the Indebtedness or in enforcing this Guaranty against each Guarantor whether or not suit is filed, including, without limitation, all costs, attorneys' fees and expenses incurred by the Lender in connection with any insolvency, bankruptcy, reorganization, arrangement or other similar proceedings involving a Guarantor which in any way affect the exercise by the Lender of its rights and remedies hereunder. Any and all such costs, attorneys' fees and expenses not so paid shall bear interest at an annual interest rate equal to the lesser of (i) 18%, or (ii) the highest rate permitted by applicable law, from the date incurred by the Lender until paid by the Guarantors.

14. Each Guarantor hereby represents and warrants to Lender as follows:

(a) Organization, Etc. Borrower is a limited liability company, validly organized, existing and in good standing under the laws of the State of Florida, has full power and authority to own its property and conduct its business substantially as presently conducted by it and is duly qualified to do business in the State of Florida.

(b) Authority and Enforceability. Borrower has full power and authority to enter into and to perform its obligations under the Loan Documents to which it is a party. The execution and delivery of the Loan Documents and all other documents contemplated by the Loan Documents to which Borrower is a party and the performance and observance of the indebtedness thereunder have been duly authorized by all necessary action on the part of Borrower. The Loan Documents constitute, and any other document required by the Loan Documents to which Borrower is a party will constitute, when executed and delivered by Borrower to Lender, legal, valid and binding obligations of Borrower enforceable in accordance with their respective terms. In addition, this Guaranty and the other Loan Documents constitute, and any other document required by the Loan Documents to which any Guarantor is a party will constitute, when executed by any Guarantor to Lender, legal, valid, and binding obligations of the Guarantors enforceable in accordance with their respective terms.

(c) No Conflict. The execution and delivery by any Guarantor of the Loan Documents to which he is a party and consummation of all the transactions contemplated hereby and thereby, do not and will not conflict with, or be in contravention of, any law, order, rule or regulation applicable to such Guarantor or any agreement or instrument to which such Guarantor is a party or by which any of his properties or assets are bound or affected, and will not result in

the creation of any lien, charge or encumbrance of any nature upon the assets or properties other than those contemplated hereby and by the other Loan Documents

(d) Litigation. There is no action, suit, legal proceeding or other proceeding pending or threatened (or, to the best knowledge of each Guarantor, any basis therefor) against any Guarantor affecting the properties or assets of any Guarantor and involving the validity or enforceability of this Guaranty or the other Loan Documents. Guarantors are not in default with respect to any order of any court, arbitrator or governmental body and Guarantors are not subject to or a party to any order of any court or governmental body arising out of any action, suit or proceeding. For the purposes of this Section, the term "governmental body" includes any federal, state, municipal or other governmental department, commission, board, bureau, agency or instrumentality, domestic or foreign, and the term "order" includes any order, writ, injunction, decree, judgment, award, determination, direction or demand.

15. Should any one or more provisions of this Guaranty be determined to be illegal or unenforceable, all other provisions nevertheless shall be effective.

16. No provision of this Guaranty or right of the Lender hereunder can be waived nor can any Guarantor be released from such Guarantor's obligations hereunder except by a writing duly executed by the Lender. This Guaranty may not be modified, amended, revised, revoked, terminated, changed or varied in any way whatsoever except by the express terms of a writing duly executed by the Lender.

17. When the context and construction so require, all words used in the singular herein shall be deemed to have been used in the plural, and the masculine shall include the feminine and neuter and vice versa. The word "person" as used herein shall include any individual, company, firm, association, partnership, corporation, trust or other legal entity of any kind whatsoever.

18. If any or all of the Indebtedness is assigned by the Lender, this Guaranty shall automatically be assigned therewith in whole or in part, as applicable, without the need of any express assignment and when so assigned, each Guarantor shall be bound as set forth herein to the assignee(s) without in any manner affecting such Guarantor's liability hereunder for any part of the Indebtedness retained by the Lender.

19. The Guarantor's obligations under this Guaranty may not be assigned to a third party without the prior written approval of Lender.

20. Each Guarantor is jointly and severally liable with each other Guarantor.

21. This Guaranty shall inure to the benefit of and bind the heirs, legal representatives, administrators, executors, successors and assigns of the Lender and Guarantors.

22. This Guaranty shall be governed by and construed in accordance with the laws of the State of Florida without regard to principles of conflicts of law, except to the extent that any of such laws may now or hereafter be preempted by Federal law, in which case, such Federal law shall so govern and be controlling. In any action brought under or arising out of this Guaranty, each Guarantor hereby consents to the jurisdiction of any competent court within the State of

Florida and consents to service of process by any means authorized by the laws of such state. Except as provided in any other written agreement now or at any time hereafter in force between the Lender and any Guarantor, this Guaranty shall constitute the entire agreement of Guarantors with the Lender with respect to the subject matter hereof, and no representation, understanding, promise or condition concerning the subject matter hereof shall be binding upon the Lender or any Guarantor unless expressed herein.

23. All notices, demands, requests or other communications to be sent by one party to the other hereunder or required by law shall be in writing and shall be deemed to have been validly given or served by delivery of same in person to the addressee or by depositing same with Federal Express for next business day delivery or by depositing same in the United States mail, postage prepaid, registered or certified mail, return receipt requested, addressed as follows:

Lender:

Horton S. Johnson
P. O. Box 1511
Orlando, FL 32802

Guarantors:

Martin C. Flynn, Jr.
522 S. Hunt Club, Blvd., #228
Apopka, FL 32703

Michael McPhillips
P. O. Box 540337
Merritt Island, FL 32954

All notices, demands and requests shall be effective upon such personal delivery or upon being deposited with Federal Express or in the United States mail as required above. However, with respect to notices, demands or requests so deposited with Federal Express or in the United States mail, the time period in which a response to any such notice, demand or request must be given shall commence to run from the next business day following any such deposit with Federal Express or, in the case of a deposit in the United States mail as provided above, the date on the return receipt of the notice, demand or request reflecting the date of delivery or rejection of the same by the addressee thereof. Rejection or other refusal to accept or the inability to deliver because of changed address of which no notice was given shall be deemed to be receipt of the notice, demand or request sent. By giving to the other party hereto at least 30 days' written notice thereof in accordance with the provisions hereof, the parties hereto shall have the right from time to time to change their respective addresses and each shall have the right to specify as its address any other address within the United States of America.

24. Each Guarantor hereby agrees that this Guaranty, the Indebtedness and all other obligations guaranteed hereby shall remain in full force and effect at all times hereinafter until paid and/or performed in full notwithstanding any action or undertakings by, or against, the Lender, any Guarantor, and/or any partner and/or member in the Lender in any proceeding in the United States Bankruptcy Court, including, without limitation, any proceeding relating to

valuation of collateral, election or imposition of secured or unsecured claim status upon claims by the Lender pursuant to any Chapter of the Bankruptcy Code or the Rules of Bankruptcy Procedure as same may be applicable from time to time.

**25. EACH PARTY TO THIS AGREEMENT HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (a) ARISING UNDER THIS GUARANTY, INCLUDING, WITHOUT LIMITATION, ANY PRESENT OR FUTURE AMENDMENT HEREOF, OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THE GUARANTY OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION IS NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF ANY RIGHT THEY MIGHT OTHERWISE HAVE TO TRIAL BY JURY.**

26. This Guaranty may be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, with the same effect as if all parties hereto had signed the same signature page. Any signature page of this Guaranty may be detached from any counterpart of this Guaranty without impairing the legal effect of any signatures thereon and may be attached to another counterpart of this Guaranty identical in form hereto but having attached to it one or more additional signature pages. Execution by any Guarantor shall bind such Guarantor regardless of whether any one or more other Guarantors execute this Guaranty.

**(SIGNATURES APPEAR ON THE FOLLOWING PAGE)**

IN WITNESS WHEREOF, the undersigned Guarantors have executed this Guaranty Agreement as of the day and year first above written.

GUARANTORS:

Martin C. Flynn, Jr., Individually

Michael McPhillips, Individually

STATE OF FLORIDA )
) ss.
COUNTY OF ORANGE )

The foregoing instrument was acknowledged before me this 19th day of November, 2015, by Martin C. Flynn, Jr.

WITNESS my hand and official seal.

My commission expires:

Notary Public State of Florida
Jessica McPhillips
My Commission FF 102354
Expires 04/14/2018

Notary Public, State of Florida

STATE OF FLORIDA )
) ss.
COUNTY OF ORANGE )

The foregoing instrument was acknowledged before me this 19th day of November, 2015, by Michael McPhillips, individually.

WITNESS my hand and official seal.

My commission expires:

Notary Public State of Florida
Jessica McPhillips
My Commission FF 102354
Expires 04/14/2018

Notary Public, State of Florida