In re Canaveral Crossroads, LLC and Sherwood Construction, Inc.

Case No. 6:26-bk-05426-GER, jointly administered with Case No. 6:26-bk-05428-GER

Debtor’s Objection to Claim 7-1 of Cherry Village GP, LLC

# EXHIBIT 1

Claim 7-1 of Cherry Village GP, LLC, filed September 28, 2026, with the complaint in No. 25-1562-I, the Promissory Note, and the balance sheets attached to the complaint (Part 2).

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sherwood Construction, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court | **Middle District of Florida** |
| Case number: | **26−05428** |

FILED
**U.S. Bankruptcy Court**
**Middle District of Florida**
9/28/2026
**Jose A. Rodriguez, Clerk**

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Cherry Village GP, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Cherry Village GP, LLC<br>Name | <br>Name |
| c/o Joseph R. Prochaska<br>Reno & Cavanaugh, PLLC<br>424 Church Street Suite 2910<br>Nashville, TN 37219 | |
| Contact phone 6292550208 | Contact phone ____ |
| Contact email jprochaska@renocavanaugh.com | Contact email ____ |

Uniform claim identifier (if you use one): ____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ____ Filed on ____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____

Case 6:26-bk-05428-GER Claim 7-1 Filed 10/12/26 Page 2 of 7

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____________

**7. How much is the claim?**

$ 1681224.34

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Money loaned

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: ____________

**Basis for perfection:** ____________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ ____________

**Amount of the claim that is secured:** $ ____________

**Amount of the claim that is unsecured:** $ ____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ ____________

**Annual Interest Rate** (when case was filed) ______ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ____________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________

Case 6:26-bk-05428-GER Doc 9-1 Filed 10/13/26 Page 4 of 27

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 9/28/2026
MM / DD / YYYY

/s/ Joseph R Prochaska
Signature

Print the name of the person who is completing and signing this claim:

Name: Joseph R Prochaska
First name Middle name Last name

Title: Attorney in Fact

Company: Reno and Cavanaugh PLLC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 424 Church Street Suite 2910
Number Street
Nashville, TN 37219
City State ZIP Code

Contact phone 6292550208 Email jprochaska@renocavanaugh.com

**E-FILED**
**11/6/2025 2:33 PM**
**CLERK & MASTER**
**DAVIDSON CO. CHANCERY CT.**

**IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **CHERRY VILLAGE GP, LLC,**<br>**Plaintiff,**<br><br>**v.**<br><br>**SHERWOOD CONSTRUCTION, INC., and MARTIN C. FLYNN, JR.,**<br>**Defendants.** | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | **CASE NO. ______________** |

**<u>COMPLAINT FOR BREACH OF CONTRACT FOR DEFAULT ON PROMISSORY NOTE AND FOR FRAUD</u>**

**COMES NOW** Cherry Village GP, LLC (the "General Partner" or the "Plaintiff"), by counsel, and for its Complaint against Defendants Sherwood Construction, Inc. ("SCI") and Martin C. Flynn, Jr. ("Flynn") alleges as follows:

**<u>PARTIES</u>**

1. General Partner is a Florida limited liability company with its administrative office in Nashville, Tennessee.

2. Defendant Sherwood Construction, Inc. ("SCI") is a Florida corporation, whose registered agent for service of process is Laurence Pino, 99 S. New York Ave. Winter Park, Florida 32789.

3. Defendant Martin C. Flynn, Jr. is a resident of Florida, residing at 14556 Saint Georges Hill Drive, Orlando, Florida 32828.

**<u>JURISDICTION AND VENUE</u>**

4. This Court has jurisdiction over the subject matter which is the basis for this cause of action, as the General Partner is headquartered in Davidson County, Tennessee; the payments on the promissory note at issue were due and payable in Davidson County, Tennessee; and a

substantial part of the of the events, misrepresentations, and omissions giving rise to the causes of action occurred in Davidson County, Tennessee, or were made to the General Partner in Davidson County, Tennessee.

5. Personal jurisdiction is proper as the promissory note provides for payment in Davidson County, Tennessee and provides that Tennessee law governs and controls the terms of the promissory note. The Defendants purposefully conducted business with an entity headquartered in Tennessee, availed themselves of the laws of the State of Tennessee, and engaged in tortious acts and omissions directed at an entity headquartered in the State of Tennessee.

6. Venue is proper in Davidson County pursuant to Tenn. Code Ann. §20-4-101 et. seq.

**<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>**

7. On January 24, 2024, SCI executed that certain Promissory Note (the "Note"), in the original principal amount of $1,345,726.29 in favor of The; a true and correct copy of the Note is attached hereto as ***Exhibit 1***.

8. Under the terms of the Note, all payments by SCI to General Partner are to be made to General Partner at its headquarters in Nashville, Tennessee.

9. SCI had contracted with Cherry Village, LP, a Florida limited partnership headquartered in Davidson County, Tennessee to renovate a 147 unit multifamily affordable housing development (the "Renovation"). General Partner is the general partner of Cherry Village, LP.

10. The president and sole shareholder of SCI is Flynn.

11. SCI and Flynn, as its president, represented to the General Partner that they were both experienced in performing the type of renovations needed at the housing development and that they had the financial strength to complete the Renovation.

12. SCI and Flynn started on the Renovation in February 2023. Throughout 2023 and into 2024 SCI and Flynn mismanaged the project. The Renovation fell further and further behind schedule, because SCI and Flynn employed an incompetent set of subcontractors, who could not perform work according to the schedule or the standards required.

13. SCI and Flynn represented to General Partner that SCI and Flynn could not complete the Renovation without additional financial support, and they requested a loan from General Partner in the amount of $1,345,726.29, as evidenced by the Note.

14. To induce the extension of credit evidenced by the Note, SCI and Flynn provided General Partner with various statements of financial condition of SCI, including (a) a Balance Sheet as of December 31, 2022 (the "2022 Balance Sheet"), a true and correct copy of which is attached hereto as ***Exhibit 2****;* (b) a Balance Sheet as of December 31, 2021 (the "2021 Balance Sheet"), a true and correct copy of which is attached hereto as ***Exhibit 3***; and (c) a Balance Sheet for the periods ended December 31, 2019 and December 31, 2020 (the "2020 Balance Sheet"), a true and correct copy of which is attached hereto as ***Exhibit 4***. Collectively, the 2022 Balance Sheet, 2021 Balance Sheet, and the 2020 Balance Sheet are referred to as the "SCI Balance Sheets."

15. The SCI Balance Sheets were each prepared by, reviewed by, approved by, and submitted by Flynn to General Partner.

16. The SCI Balance Sheets were materially false, as each overstated the assets of SCI and understated the liabilities of SCI, but SCI and Flynn did not disclose these misrepresentations to General Partner.

17. In extending the loan evidenced by the Note to SCI, General Partner relied on the SCI Balance Sheets and the representations by SCI and Flynn about how the funds from the Note would be used. General Partner would not have advanced funds to SCI without the representations by SCI and Flynn that the Note proceeds would be used to complete the Renovation.

18. SCI and Flynn did not use the Note proceeds for the Renovation, but instead diverted those proceeds away from the Renovation and away from SCI, using them for the personal financial purposes of Flynn.

**COUNT I: BREACH OF CONTRACT**

19. The allegations in paragraphs 1 to 18 of the Complaint are incorporated herein by reference.

20. The Note matured on August 1, 2024.

21. No payments were made on the Note by SCI either prior to or after August 1, 2024.

22. SCI did not pay the outstanding balance on the Note at maturity, and so is in default under the terms of the Note.

23. While interest did not accrue on the Note prior to SCI's maturity default, interest since then has accrued at the highest lawful rate then in effect. As of August 1, 2024, the date of default, the highest lawful interest rate in effect in Tennessee was 12.50% per annum, or at the rate of $467.27 per day.

24. Between August 1, 2024 and November 6, 2025, interest totaled $215,876.93.

25. As of November 6, 2025, the total outstanding due under the Note is $1,561,603.22, not including attorneys' fees, costs of collection, and other allowable charges.

**COUNT II: FRAUD**

26. The allegations in paragraphs 1 to 25 of the Complaint are incorporated herein by reference.

27. In order to obtain the Loan from General Partner, SCI and Flynn represented that SCI had a net worth in excess of $6,500,000. This representation was false.

28. In order to obtain the Loan from General Partner, SCI and Flynn represented that the Note Proceeds would be used for the Renovation, and that SCI had the ability to repay the Note based upon SCI's balance sheets and work in progress. These representations were false.

29. SCI and Flynn knew when they obtained the Loan that SCI was insolvent and that the assets on the SCI Balance Sheets were materially overstated, while the liabilities were materially understated.

30. At the time the General Partner extended the Loan to SCI, Flynn was in a desperate personal financial condition. Flynn needed General Partner to believe that SCI was solvent when it was not, in order to obtain the Loan proceeds and then to divert those Loan proceeds from SCI's business to Flynn's personal obligations.

31. Once SCI obtained the funds from General Partner, Flynn siphoned off most, if not all, of the Loan proceeds to use for his own personal purposes.

32. Neither SCI nor Flynn ever had any intention of repaying the Note.

33. General Partner was unaware of the true intentions of SCI and Flynn in obtaining the Loan, but instead relied upon the false statements and promises of SCI and Flynn that they

would use the Loan proceeds for the Renovation, that SCI was solvent and capable of repaying the Note, and that SCI and Flynn would in fact repay the Note.

34. The false statements, false promises, and fraud by SCI and Flynn have damaged General Partner.

**COUNT III: UNJUST ENRICHMENT AND DECLARATORY JUDGMENT**

35. The allegations in paragraphs 1 to 36 of the Complaint are incorporated herein by reference.

36. At all times relevant, Flynn used the corporate form of SCI as a sham or mere instrumentality to enrich himself. In doing so, Flynn (together with SCI) failed to observe corporate formalities, intermingled funds, and used SCI as Flynn's personal piggy bank.

37. The diversion of the Loan proceeds by Flynn to his personal matters, instead of toward the Renovation, has unjustly enriched Flynn, and General Partner is entitled to recover from Flynn under theories sounding in unjust enrichment.

38. General Partner is entitled to a declaration that SCI's corporate veil should be pierced so as to assert liability directly against Flynn for all amounts due under the Note and for all damages suffered by General Partner as a result of the tortious actions and fraud of SCI against General Partner.

**WHEREFORE**, General Partner prays that this Court:

(a) grant General Partner judgment on its claims for a money judgment against SCI for the breach of the Note in the principal amount of $1,345,726.29 plus accrued interest as of November 6, 2025 in the amount of $215,876.93, plus interest accruing from November 6, 2025 at the rate of 12.5% per annum or $467.27 per day together with the attorney's fees, expenses, and costs of collection associated with this lawsuit;

(b) grant General Partner a judgment against Flynn and SCI for the damages caused to General Partner by the fraud perpetrated upon General Partner by Flynn and SCI;

(c) grant General Partner judgment against Flynn for the unjust enrichment Flynn obtained from General Partner;

(d) pierce the corporate veil of SCI such that Flynn is directly liable to General Partner for all amounts owed by SCI to General Partner, and grant General Partner judgment against Flynn in such amounts; and

(e) grant General Partner such other and further relief that the Court deems appropriate.

Respectfully Submitted,

**RENO & CAVANAUGH, PLLC**

_*/s/ Joseph R. Prochaska*______
Joseph R. Prochaska (BPR# 12760)
424 Church Street, Suite 2910
Nashville, Tennessee 37219
Telephone: (629) 255-0208
Email: jprochaska@renocavanaugh.com

Attorneys for Cherry Village GP, LLC

# PROMISSORY NOTE

$1,345,726.29 January 24, 2024

**FOR VALUE RECEIVED**, the undersigned, **SHERWOOD CONSTRUCTION, INC.**, a Florida corporation ("**Borrower**"), promises to pay to the order of **CHERRY VILLAGE GP, LLC,** a Florida limited liability company ("**Lender**"), in lawful currency of the United States of America, at its principal office in Nashville, Tennessee, or at such other place as the holder from time to time may designate in writing, the principal sum of **ONE MILLION THREE HUNDRED FORTY-FIVE THOUSAND SEVEN HUNDRED TWENTY-SIX AND 29/100 DOLLARS ($1,345,726.29) ("Principal"),** with no interest thereon. Principal shall be payable as follows:

The entire unpaid principal shall be due and payable on August 1, 2024 (the "**Maturity Date**").

The whole of the Principal sum shall bear, after default, interest at the highest lawful rate then in effect pursuant to applicable law, or at the rate provided herein in the event no highest rate is provided by applicable law.

Upon default hereunder, upon the failure to pay outstanding Principal at the Maturity Date, then at the election of the legal holder hereof, at any time thereafter made and without demand or notice, the owner and holder of this Note shall have the right to declare all sums unpaid hereon at once due and payable. In the event of such default, and the same is placed in the hands of an attorney for collection, or a suit is filed hereon, or if the proceedings are held in bankruptcy, receivership, or the reorganization of Borrower, or other legal or judicial proceedings for the collection hereof, Borrower agrees to pay in addition to the owner and holder of this Note, all costs of collection, including reasonable attorneys' fees.

Borrower and all endorsers and signers hereof, and each of them, expressly waive presentment for payment, notice of nonpayment, protest, notice of protest, brining of suit, and diligence in taking any action to claim the amounts owing hereunder and are and shall be jointly and severally, directly and primarily, liable for the amount of all sums owing and to be owing hereon and agree that this Note, or any payment hereunder, may be extended from time to time without affecting such liability.

This Note shall be governed by and construed under the laws of the State of Tennessee, except as such may be pre-empted by applicable law or regulation of the United States of America governing the charging or receiving of interest.

EXHIBIT
tabbies
1



4860-9222-9788, v. 1

The provisions hereof shall be binding upon the parties, their successors and assigns. The provisions hereof are severable such that the invalidity or unenforceability of any provision hereof shall not affect the validity or enforceability of the remaining provisions.

**IN WITNESS WHEREOF**, Borrower, intending to be legally bound hereby, has duly executed this Promissory Note as of the day and year first written above.

**BORROWER:**

**SHERWOOD CONSTRUCTION, INC.,**
a Florida corporation

By: __________________________
Martin C. Flynn, Jr., President



4860-9222-9788, v. 1

3:51 PM
01/30/23
Accrual Basis

# Sherwood Construction Inc. (New)
## Balance Sheet
### As of December 31, 2022

| | Dec 31, 22 |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | 149,811.01 |
| Accounts Receivable | |
| Accounts Receivable | 981,899.52 |
| Total Accounts Receivable | 981,899.52 |
| Other Current Assets | |
| Allow. for uncollectible accts. | -54,431.18 |
| Deposits - CD | 1,750,000.00 |
| Due from Tiered Capital | 475,301.12 |
| Prepaid Insurance | 10,139.66 |
| Prepaid Loan Fees | 30,500.00 |
| Retainage Receivable | 668,200.68 |
| Surety Bonds | 650.00 |
| Total Other Current Assets | 2,880,360.28 |
| Total Current Assets | 4,012,070.81 |
| Fixed Assets | 37,788.00 |
| Other Assets | |
| Notes Receivable - AGPM (BW) | 1,443,000.00 |
| Notes Receivable - CCVR | 440,300.00 |
| Notes Receivable - KCBC | 681,621.09 |
| Stock Investment (CCR) | 3,005,523.17 |
| Total Other Assets | 5,570,444.26 |
| **TOTAL ASSETS** | **9,620,303.07** |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| Accounts Payable | 443,916.35 |
| Total Accounts Payable | 443,916.35 |
| Credit Cards | 244,366.22 |
| Total Current Liabilities | 688,282.57 |
| Long Term Liabilities | |
| Due to Factors Construction | 277,494.29 |
| Notes Payable - Ken Dixon | 1,100,000.00 |
| Notes Payable - Ken Dixon ($1M) | 1,000,000.00 |
| Total Long Term Liabilities | 2,377,494.29 |
| Total Liabilities | 3,065,776.86 |
| Equity | |
| Additional paid in Capital | 490,008.00 |
| Capital Stock | 100.00 |
| Retained Earnings | 5,032,481.90 |
| Net Income | 1,031,936.31 |
| Total Equity | 6,554,526.21 |
| **TOTAL LIABILITIES & EQUITY** | **9,620,303.07** |

DRAFT

EXHIBIT
tabbies
2

3:51 PM
01/30/23
Accrual Basis

# Sherwood Construction Inc. (New)
## Balance Sheet
### As of December 31, 2022

| | Dec 31, 22 |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | 149,811.01 |
| Accounts Receivable | |
| Accounts Receivable | 981,899.52 |
| Total Accounts Receivable | 981,899.52 |
| Other Current Assets | |
| Allow. for uncollectible accts. | -54,431.18 |
| Deposits - CD | 1,750,000.00 |
| Due from Tiered Capital | 475,301.12 |
| Prepaid Insurance | 10,139.66 |
| Prepaid Loan Fees | 30,500.00 |
| Retainage Receivable | 668,200.68 |
| Surety Bonds | 650.00 |
| Total Other Current Assets | 2,880,360.28 |
| Total Current Assets | 4,012,070.81 |
| Fixed Assets | 37,788.00 |
| Other Assets | |
| Notes Receivable - AGPM (BW) | 1,443,000.00 |
| Notes Receivable - CCVR | 440,300.00 |
| Notes Receivable - KCBC | 681,621.09 |
| Stock Investment (CCR) | 3,005,523.17 |
| Total Other Assets | 5,570,444.26 |
| **TOTAL ASSETS** | 9,620,303.07 |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| Accounts Payable | 443,916.35 |
| Total Accounts Payable | 443,916.35 |
| Credit Cards | 244,366.22 |
| Total Current Liabilities | 688,282.57 |
| Long Term Liabilities | |
| Due to Factors Construction | 277,494.29 |
| Notes Payable - Ken Dixon | 1,100,000.00 |
| Notes Payable - Ken Dixon ($1M) | 1,000,000.00 |
| Total Long Term Liabilities | 2,377,494.29 |
| Total Liabilities | 3,065,776.86 |
| Equity | |
| Additional paid in Capital | 490,008.00 |
| Capital Stock | 100.00 |
| Retained Earnings | 5,032,481.90 |
| Net Income | 1,031,936.31 |
| Total Equity | 6,554,526.21 |
| **TOTAL LIABILITIES & EQUITY** | 9,620,303.07 |

DRAFT

## Sherwood Construction, Inc.

Balance Sheet as of 12/31/2021

| | | | | |
|---|---|---|---|---|
| **Assets** | | | | |
| Cash | | $ 144,679 | | |
| Project Recievables | | 442,713 | | |
| Other Accounts Recievable | | 710,517 | | |
| Costs in Excess of Billings | | 901,658 | | |
| Prepaid Insurance | | 19,404 | | |
| Total Current Assets | | | $ 2,218,971 | |
| | | | | |
| Investment in Canaveral Crossings | | 3,005,523 | | |
| Fixed Assets - Net | | 38,305 | | |
| Total Other Assets | | | $ 3,043,828 | |
| Total Assets | | | | $ 5,262,799 |
| | | | | |
| **Liabilities** | | | | |
| Accounts Payable | $ 407,293 | | | |
| Billings in Excess of Costs | 160,112 | | | |
| Current Loans Payable | 16,760 | | | |
| Total Current Liabilities | | 584,165 | | |
| | | | | |
| Equipment Loans Payable | 26,988 | | | |
| Long Term Loans Payable | 400,000 | | | |
| Stockholder Loans Payable | 230,870 | | | |
| Total Other Liabilities | | 657,859 | | |
| Total Liabilities | | | $ 1,242,024 | |
| **Equity** | | | | |
| Capital Stock | | 100 | | |
| Additional Paid in Capital | | 490,008 | | |
| Retained Earnings | | 2,792,570 | | |
| Current Earnings | | 738,097 | | |
| Total Equity | | | $ 4,020,775 | |
| Total Liabilities and Equity | | | | $ 5,262,799 |

## Sherwood Construction, Inc.

Income Statement for the 12 month Period ending 12/31/2021

| | | | | |
|---|---|---|---|---|
| **Revenue** | | | | |
| Contract Revenues Earned | $11,446,586 | | | |
| Costs of Revenues | 9,966,314 | | | |
| Gross Margin | | 1,480,272 | | |
| Expenses -Selling, General and Administrative | | 851,975 | | |
| | | | 628,297 | |
| Other Revenues | | | 109,800 | |
| Net Income | | | | $ 738,097 |

EXHIBIT

3

# Sherwood Construction
**WIP Report**
**As of 12/31/2021**

| | Total Contract | | From Inception Through Dec., 31 2021 | | | | At December 31, 2021 | | | At December 31, 2021 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Job | Total Contract Price | Estimated Total Cost | Estimated Total Profit | Cost to Date | Percent Complete | Billed to Date | Billed % | Profit Earned to Date | Revenues Earned to Date | Billings in Excess of Earned Revenue | Earned Revenue in Excess of Billings |
| Boatworks | 11,545,802 | 10,104,886 | 1,440,916 | 9,327,493 | 92.31% | 10,817,668 | 93.69% | 1,330,063 | 10,657,556 | 160,112 | - |
| Discovery Blue | 539,684 | 454,163 | 85,521 | 454,163 | 100.00% | 539,684 | 100.00% | 85,521 | 539,684 | - | - |
| John Curry | 518,011 | 449,974 | 68,037 | 449,974 | 100.00% | 518,011 | 100.00% | 68,037 | 518,011 | - | - |
| KCBC Building | 8,239,405 | 6,838,706 | 1,400,699 | 5,383,637 | 78.72% | 5,899,214 | 71.60% | 1,102,673 | 6,486,310 | - | 587,096 |
| Ocean Reef | 1,203,270 | 1,047,985 | 155,285 | 1,118,033 | 106.68% | 969,135 | 80.54% | 165,664 | 1,283,697 | - | 314,562 |
| Jolly Roger | 185,960 | 86,110 | 99,850 | 86,110 | 100.00% | 185,960 | 100.00% | 99,850 | 185,960 | - | - |
| Cherry Village * | 6,724,492 | 5,581,328 | 1,143,164 | - | 0.00% | - | 0.00% | 0 | 0 | - | - |
| Amelia Village | 2,270,000 | 1,884,100 | 385,900 | - | 0.00% | - | 0.00% | 0 | 0 | - | - |
| | 31,226,624 | 26,447,252 | 4,779,372 | 16,819,410 | | 18,929,672 | | 2,851,808 | 19,671,218 | 160,112 | 901,658 |
| | | | | | | | | | | - | - |
| | | | | | | | | | **Adjustment at 12/31/21** | **160,112** | **901,658** |

**Sherwood Construction, Inc.**
**Balance Sheet**
For the Periods Ended December, 31, 2019 and December 31, 2020

**Assets**

| | 12/31/2020 | | 12/31/2019 | |
|---|---|---|---|---|
| Current Assets | | | | |
| Cash | $ 425,535 | | $ 10,537 | |
| Accounts Receivable | 2,663,985 | | 895,936 | |
| Allowance for Doubtful Accounts | - | | (795,442) | |
| Costs in Excess of Billings | 64,322 | | 2,095,657 | |
| Loan to Shareholder | - | | 30,000 | |
| Deposit | 2,500 | | 1,500 | |
| Suspense-Keys | - | | 10,000 | |
| Total Current Assets | | $ 3,156,342 | | $ 2,248,188 |
| Fixed Assets | | | | |
| Machine and Equipment | 4,500 | | - | |
| Net Fixed Assets | | 4,500 | | - |
| Other Assets | | | | |
| Investment in Canaveral Crossing Resorts, Inc. | 2,454,507 | | - | |
| Loan To: | | | | |
| Canaveral Crossroads | - | | 201,906 | |
| Tri-Star Development | - | | 16,792 | |
| 650 85th | - | | 5,990 | |
| M Flynn | - | | 42,603 | |
| Total Other Assets | | 2,454,507 | | 267,291 |
| Total Assets | | $ 5,615,349 | | $ 2,515,479 |

**Liabilities and Partner's Capital**

| | 12/31/2020 | | 12/31/2019 | |
|---|---|---|---|---|
| Current Liabilities | | | | |
| Accounts Payable | $ 1,400,154 | | $ 705,575 | |
| Billings in Excess of Cost | 1,404,104 | | 172,446 | |
| Credit Card | - | | 35,300 | |
| Subcontractor: Cape Crossing - Retainage | - | | 78,502 | |
| Subcontractor: Cape Crossing - Subcontractors | 2,682 | | 193,350 | |
| Deposits Payable | 4,000 | | - | |
| SBA Loan (PPP) | 109,800 | | - | |
| Total Current Liabilities | | $ 2,920,740 | | $ 1,185,173 |
| Long-term Liabilities | | | | |
| Loan From: | | | | |
| W. Johnson | - | | 614,000 | |
| Tri-Star Affordable Development | - | | 248,250 | |
| FBC Holdings | - | | 60,617 | |
| Tiered Capital | 40,000 | | - | |
| C McPhillips | - | | 51,000 | |
| JS Constr | - | | 22,074 | |
| WM Holdings | - | | 36,667 | |
| SBA | 8,000 | | - | |
| CapeCrossVacRent | - | | 117,785 | |
| Total Long-term Liabilities | | 48,000 | | 1,150,393 |
| Shareholders' Equity | | | | |
| Capital Stock | 100 | | 100 | |
| Additional Paid-In Capital | 490,008 | | 490,008 | |
| Retained Earnings | (310,195) | | (299,642) | |
| Current Earnings | 2,466,696 | | (10,553) | |
| Total Partners' Capital | | 2,646,609 | | 179,913 |
| Total Liabilities and Partners' Capital | | $ 5,615,349 | | $ 2,515,479 |

Prepared for management purposes only - financial statements are unaudited and unreviewed

EXHIBIT 4

tabbies

Sherwood Construction, Inc.
Statement of Revenues, Expenses
And Partner's Capital
For the Periods Ended December 31, 2019 and December 31, 2020

| | 12/31/2020 | 12/31/2019 |
|---|---|---|
| Contract Revenues Earned | $ 11,940,899 | $ 9,395,563 |
| Cost of Revenues | 9,889,393 | 8,915,444 |
| Gross Margin | 2,051,506 | 480,119 |
| Selling, General and Administrative Expenses | 838,090 | 542,172 |
| Other Revenue / (Expense) | 1,253,280 | 51,500 |
| Net Income | 2,466,696 | (10,553) |
| Partners' Capital | | |
| Capital Stock | 100 | 100 |
| Additional Paid-In Capital | 490,008 | 490,008 |
| Retained Earnings | (310,195) | (299,642) |
| Partners' Capital | $ 2,646,609 | $ 179,913 |

Sherwood Construction, Inc.
Statement of Cash Flows
For the Periods Ended December 31, 2019 and December 31, 2020

| | 12/31/2020 | 12/31/2019 |
|---|---|---|
| Cash Flows Provided / (Used) by Operating Activities: | | |
| Net income | $ 2,466,696 | $ (10,553) |
| Adjustments to reconcile net income to net cash provided / (used) by operating activities: | | |
| (Increase) / Decrease in: | | |
| Accounts Receivable | (1,768,049) | 685,746 |
| Allowance for Doubtful Accounts | (795,442) | - |
| Costs in Excess of Billings | 2,031,335 | (947,751) |
| Loan to Shareholder | 30,000 | - |
| Deposit | (1,000) | (1,500) |
| Suspense-Keys | 10,000 | (10,000) |
| Increase / (Decrease) in: | | |
| Accounts Payable | 694,579 | 200,652 |
| Billings in Excess of Cost | 1,231,658 | (88,955) |
| Credit Card | (35,300) | 35,300 |
| Subcontractor: Cape Crossing - Retainage | (78,502) | (287,098) |
| Subcontractor: Cape Crossing - Subcontractors | (190,668) | 193,350 |
| Suspense | - | (16,709) |
| Deposits Payable | 4,000 | - |
| Net Cash Provided / (Used) by Operating Activities | 3,599,307 | (247,518) |
| Cash Flows Provided / (Used) by Investing Activities: | | |
| Fixed Asset Acquisitions | (4,500) | - |
| Investment in Canaveral Crossing Resorts, Inc. | (2,454,507) | - |
| Net Cash Provided / (Used) by Investing Activities | (2,459,007) | - |
| Cash Flows Provided / (Used) by Financing Activities: | | |
| Changes in Notes Receivable: | | |
| Canaveral Crossroads | 201,906 | (46,579) |
| Tri-Star Development | 16,792 | - |
| CapeCrossVacRent | - | 6,518 |
| 650 85th | 5,990 | (4,078) |
| M Flynn | 42,603 | (42,603) |
| Changes in Notes Payable: | | |
| W. Johnson | (614,000) | - |
| Tri-Star Affordable Development | (248,250) | (26,273) |
| FBC Holdings | (60,617) | (1,914) |
| Tiered Capital | 40,000 | - |
| C McPhillips | (51,000) | 51,000 |
| JS Constr | (22,074) | (18,178) |
| WM Holdings | (36,667) | 6,667 |
| SBA | 8,000 | - |
| SBA Loan (PPP) | 109,800 | - |
| Shareholders | - | (8,150) |
| CapeCrossVacRent | (117,785) | 117,785 |
| Net Cash Provided / (Used) by Financing Activities: | (725,302) | 34,195 |
| Increase / (Decrease) in Cash | 414,998 | (213,323) |
| Cash at Beginning of Period | 10,537 | 223,860 |
| Cash at End of Period | $ 425,535 | $ 10,537 |

Sherwood Construction, Inc.
Cost of Revenues
For the Periods Ended December 31, 2019 and December 31, 2020
Schedule I

| | 12/31/2020 | 12/31/2019 |
|---|---|---|
| Cost of Goods Sold | $ 9,889,393 | $ 8,915,444 |
| | $ 9,889,393 | $ 8,915,444 |

Sherwood Construction, Inc.
Selling, General, and Administrative Expenses
For the Periods Ended December 31, 2019 and December 31, 2020
Schedule II

| | 12/31/2020 | 12/31/2019 |
|---|---|---|
| Advertising | $ 56 | $ - |
| Bank Charges | 3,131 | 1,863 |
| Business License and Permits | 2,287 | 3,121 |
| Contributions | - | 3,000 |
| Development Prospects | 15,421 | 6,802 |
| Insurance - General | 45,986 | 86,967 |
| Interest Expense | 1,038 | 4,098 |
| Office Expense | 148,949 | 110,205 |
| Payroll Expenses | 330,651 | 262,388 |
| Postage and Freight | - | 47 |
| Professional Fees | 107,702 | 32,303 |
| Other Project Costs | 182,615 | 26,685 |
| Meals and Entertainment | 254 | 3,606 |
| Caya Place - General Requirements | - | 1,087 |
| Total General and Administrative Expenses | $ 838,090 | $ 542,172 |

## Sherwood Construction, Inc.

Work-in-Process Schedule and Financials (12/31/2020) - Revenues and Costs Tie-out

| | | REVENUES | | |
|---|---|---|---|---|
| | $ | 27,940,472 | | WIP Schedule - 12/31/2020 - Total Invoice-to-Date |
| | | (1,404,104) | | *Less Billings-in-Excess of Costs* |
| **Subtotal** | | 26,536,368 | A | |
| | $ | 14,767,916 | | WIP Schedule - 12/31/2019 - Total Invoice-to-Date |
| | | (172,446) | | *Less Billings-in-Excess of Costs* |
| **Subtotal** | | 14,595,470 | B | |
| **(A - B)** | **$** | **11,940,899** | C | Work-in-Process (Recalculated Revenues - 12/31/2020) |
| | **$** | **11,940,899** | D | Total Contract Revenues Earned (Statement of Revenues, Expenses and Partners Capital - 12/31/2020) |
| **(C - D)** | | - | | **Reconciling Difference** |

| | | COSTS | | |
|---|---|---|---|---|
| | $ | 24,034,474 | | WIP Schedule - 12/31/2020 - Total Cost-to-Date |
| | | (64,322) | | *Less Costs-in-Excess of Billings* |
| **Subtotal** | | 23,970,152 | E | |
| | $ | 16,176,416 | | WIP Schedule - 12/31/2019 - Total Cost-to-Date |
| | | (2,095,657) | | *Less Costs-in-Excess of Billings* |
| **Subtotal** | | 14,080,759 | F | |
| **(E - F)** | **$** | **9,889,393** | G | Work-in-Process (Recalculated Costs - 12/31/2020) |
| | **$** | **9,889,393** | H | Total Cost of Revenues (Statement of Revenues, Expenses and Partners Capital - 12/31/2020) |
| **(G - H)** | | - | | **Reconciling Difference** |

## Sherwood Construction, Inc.

Work-in-Process Schedule and Financials (12/31/2019) - Revenues and Costs Tie-out

| | | | | |
|---|---|---|---|---|
| | | **REVENUES** | | |
| | $ | 14,767,916 | | WIP Schedule - 12/31/2019 - Total Invoice-to-Date |
| | | (172,446) | | *Less Billings-in-Excess of Costs* |
| **Subtotal** | | 14,595,470 | A | |
| | $ | 5,461,307 | | WIP Schedule - 12/31/2018 - Total Invoice-to-Date |
| | | (261,401) | | *Less Billings-in-Excess of Costs* |
| **Subtotal** | | 5,199,906 | B | |
| **(A - B)** | **$** | **9,395,563** | C | Work-in-Process (Recalculated Revenues - 12/31/2019) |
| | **$** | **9,395,563** | D | Total Contract Revenues Earned (Statement of Revenues, Expenses and Partners Capital - 12/31/2019) |
| **(C - D)** | | - | | **Reconciling Difference** |
| | | **COSTS** | | |
| | $ | 16,176,416 | | WIP Schedule - 12/31/2019 - Total Cost-to-Date |
| | | (2,095,657) | | *Less Costs-in-Excess of Billings* |
| **Subtotal** | | 14,080,759 | E | |
| | $ | 6,313,222 | | WIP Schedule - 12/31/2018 - Total Cost-to-Date |
| | | (1,147,906) | | *Less Costs-in-Excess of Billings* |
| **Subtotal** | | 5,165,315 | F | |
| **(E - F)** | **$** | **8,915,444** | G | Work-in-Process (Recalculated Costs - 12/31/2019) |
| | **$** | **8,915,444** | H | Total Cost of Revenues (Statement of Revenues, Expenses and Partners Capital - 12/31/2019) |
| **(G - H)** | | - | | **Reconciling Difference** |

**NAME OF CONTRACTOR:** Sherwood Construction, Inc.
**REPORT DATE:** 12/31/20

| JOB DESCRIPTION | TOTAL CONTRACT PRICE | ESTIMATED TOTAL COST | ESTIMATED TOTAL PROFITS | COST TO DATE | BILLED TO TO DATE | PERCENT COMPLETE | PROFIT EARNED TO DATE | REVENUES EARNED TO DATE | BILLINGS IN EXCESS EARN. REV. | EARN. REV. IN EXCESS BILLINGS | COST TO COMPLETE | LEFT TO BILL | GROSS PROFIT % | FUTURE PROFIT TO EARN | PURE JOB BORROW |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Boatworks | $10,940,457 | $9,596,892 | $1,343,565 | $3,708,618 | 5,086,461 | 38.64% | $519,207 | $4,227,825 | $858,636 | $0 | $5,888,273 | $5,853,996 | 12.28% | $824,358 | $34,277 |
| DiscoveryBlue - Ferrucci | $539,684 | $450,631 | $89,053 | $366,245 | 374,300 | 81.27% | $72,377 | $438,622 | $0 | $64,322 | $84,386 | $165,384 | 16.50% | $16,676 | $0 |
| John Curry | $496,617 | $422,124 | $74,493 | $345,625 | 417,056 | 81.88% | $60,993 | $406,618 | $10,438 | $0 | $76,499 | $79,561 | 15.00% | $13,500 | $0 |
| KCBC-Building | $7,562,382 | $6,301,985 | $1,260,397 | $1,276,645 | 2,027,141 | 20.26% | $255,329 | $1,531,974 | $495,167 | $0 | $5,025,340 | $5,535,241 | 16.67% | $1,005,068 | $0 |
| Ocean Reef | $1,053,370 | $877,808 | $175,562 | $583,795 | 700,555 | 66.51% | $116,759 | $700,554 | $1 | $0 | $294,013 | $352,815 | 16.67% | $58,803 | $0 |
| Jolly Roger | $389,809 | $331,338 | $58,471 | $24,765 | 68,998 | 7.47% | $4,370 | $29,135 | $39,862 | $0 | $306,573 | $320,812 | 15.00% | $54,101 | $0 |
| Amelia Village | $2,304,109 | $2,021,148 | $282,961 | $0 | - | 0.00% | $0 | $0 | $0 | $0 | $2,021,148 | $2,304,109 | 12.28% | $282,961 | $0 |
| TOTALS | $23,286,428 | $20,001,926 | $3,284,502 | $6,305,694 | 8,674,510 | 31.53% | $1,029,035 | $7,334,729 | $1,404,104 | $64,322 | $13,696,232 | $14,611,917 | 14.10% | $2,255,467 | $34,277 |

**Completed Contracts**

| JOB DESCRIPTION | FINAL CONTRACT PRICE | TOTAL DIRECT COST | TOTAL GROSS PROFITS | GROSS PROFIT % |
|---|---|---|---|---|
| Anchor Inn | $2,500 | $2,500 | $0 | 0.00% |
| Cape Crossing | $15,097,451 | $14,000,579 | $1,096,872 | 7.27% |
| Gonzalez | $318,870 | $338,675 | ($19,805) | 0.00% |
| Habitat - Duplex | $570,892 | $503,661 | $67,231 | 11.78% |
| Habitat - Duplex 2 | $570,762 | $503,661 | $67,101 | 11.76% |
| Hannah (Habitat) | 262,200.00 | $311,591 | ($49,391) | 0.00% |
| KCBC-Foundation | 1,859,344.00 | $1,578,129 | $281,215 | 15.12% |
| KCBC-Shoreline | 70,000 | $59,500 | $10,500 | 15.00% |
| Key Colony | 448,033.29 | $378,150 | $69,883 | 15.60% |
| Kirkbride Home | 61,610.00 | $48,033 | $13,577 | 22.04% |
| Moccio | 4,300.00 | $4,300 | $0 | 0.00% |
| TOTALS | $19,265,962 | $17,728,781 | $1,537,181 | 7.98% |

**FUTURE WIP CASH FLOW**

| | |
|---|---|
| TOTAL CONTRACT PRICE | $23,286,428 |
| REVENUE EARNED TO DATE | $7,334,729 |
| REVENUE LEFT TO EARN | $15,951,699 |
| COST TO COMPLETE | $13,696,232 |
| G.P. LEFT TO EARN | $2,255,467 |
| +/- NET UNDER/(OVERBILLINGS) | ($1,339,782) |
| **FUTURE WIP CASH FLOW** | $915,685 |

Prepared for management purposes only - financial statements are unaudited and unreviewed

# Sherwood Construction, Inc.

**Work in Process Schedule**

Period Ended 12/31/2019

| Project Name | Quote | Projected Cost | Invoice to Date | Cost to Date | Percentage Complete | Percentage Billed | Under / (Over) Billed | Cost in Excess of Billings | Billings in Excess of Cost |
|---|---|---|---|---|---|---|---|---|---|
| **RELATED PARTY** | | | | | | | | | |
| Cape Crossing | 14,000,000 | 14,000,000 | 10,922,915 | 12,851,465 | 91.8% | 78.0% | 13.8% | 1,928,550 | - |
| **Subtotal** | **14,000,000** | **14,000,000** | **10,922,915** | **12,851,465** | | | | **1,928,550** | **-** |
| **THIRD PARTY** | | | | | | | | | |
| Anchor Inn | 2,500 | 2,500 | 2,500 | 2,500 | 100.0% | 100.0% | 0.0% | - | - |
| Ferrucci | 36,155 | 36,155 | 30,000 | 36,155 | 100.0% | 83.0% | 17.0% | 6,155 | - |
| Gonzalez | 318,870 | 334,296 | 236,339 | 334,296 | 100.0% | 74.1% | 25.9% | 82,531 | - |
| Habitat - Duplex | 623,661 | 503,661 | 568,805 | 457,846 | 90.9% | 91.2% | -0.3% | - | 1,875 |
| Habitat - Duplex 2 | 623,661 | 503,661 | 379,744 | 206,021 | 40.9% | 60.9% | -20.0% | - | 124,638 |
| Hannah (Habitat) | 300,614 | 311,611 | 224,066 | 311,611 | 100.0% | 74.5% | 25.5% | 76,549 | - |
| John Curry | 15,972 | 15,972 | 14,100 | 15,972 | 100.0% | 88.3% | 11.7% | 1,872 | - |
| KCBC-Foundation | 1,853,344 | 1,537,223 | 1,853,344 | 1,537,223 | 100.0% | 100.0% | 0.0% | - | - |
| KCBC-Building | 7,500,000 | 6,500,000 | 47,160 | 1,062 | 0.0% | 0.6% | -0.6% | - | 45,934 |
| Key Colony | 423,033 | 369,931 | 423,033 | 369,931 | 100.0% | 100.0% | 0.0% | - | - |
| Kirkbride Home | 61,610 | 48,033 | 61,610 | 48,033 | 100.0% | 100.0% | 0.0% | - | - |
| Moccio | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 100.0% | 100.0% | 0.0% | - | - |
| **Subtotal** | **11,763,720** | **10,167,343** | **3,845,001** | **3,324,950** | | | | **167,107** | **172,446** |
| **Projects Total** | **$ 25,763,720** | **$ 24,167,343** | **$ 14,767,916** | **$ 16,176,416** | | | | **$ 2,095,657** | **$ 172,446** |

# Sherwood Construction, Inc.

## Work-in-Process Schedule

Period Ended 12/31/2018

| Project Name | | Quote | Projected Cost | Invoice to Date | Cost to Date | Percentage Complete | Percentage Billed | Under / (Over) Billed | Cost in Excess of Billings | Billings in Excess of Cost |
|---|---|---|---|---|---|---|---|---|---|---|
| **RELATED PARTY** | | | | | | | | | | |
| Cape Crossing | | 12,000,000 | 12,000,000 | 4,835,836 | 5,919,729 | 49.3% | 40.3% | 9.0% | 1,083,893 | - |
| | **Subtotal** | **12,000,000** | **12,000,000** | **4,835,836** | **5,919,729** | | | | **1,083,893** | **-** |
| **THIRD PARTY** | | | | | | | | | | |
| Gonzalez | | 312,620 | 312,620 | 16,421 | 19,624 | 6.3% | 5.3% | 1.0% | 3,203 | - |
| Habitat - Duplex | | 623,661 | 503,661 | 429,720 | 161,378 | 32.0% | 68.9% | -36.9% | - | 229,892 |
| Habitat - Duplex 2 | | 623,661 | 503,661 | - | 40,301 | 8.0% | 0.0% | 8.0% | 40,301 | - |
| Hannah (Habitat) | | 272,170 | 307,888 | 103,620 | 137,728 | 44.7% | 38.1% | 6.7% | 20,509 | - |
| John Curry | | 16,600 | 15,972 | 14,100 | - | 0.0% | 84.9% | -84.9% | - | 14,100 |
| Kirkbride Home | | 61,610 | 48,033 | 61,610 | 34,461 | 71.7% | 100.0% | -28.3% | - | 17,409 |
| | **Subtotal** | **1,910,322** | **1,691,836** | **625,471** | **393,493** | | | | **64,014** | **261,401** |
| | **Projects Total** | **$ 13,910,322** | **$ 13,691,836** | **$ 5,461,307** | **$ 6,313,222** | | | | **$ 1,147,906** | **$ 261,401** |

Prepared for management purposes only - financial statements are unaudited and unreviewed