In re Canaveral Crossroads, LLC and Sherwood Construction, Inc.

Case No. 6:26-bk-05426-GER, jointly administered with Case No. 6:26-bk-05428-GER

Debtor's Objection to Claim 7-1 of Cherry Village GP, LLC

# EXHIBIT 8

Assignment of Beneficial Interest in Certificate of Deposit from Sherwood Construction, Inc. to Trent Development Group, dated February 20, 2024, with the resolution of Sherwood's board of directors of the same date and the composite exhibits attached to the assignment (personal identifiers and account numbers redacted under Fed. R. Bankr. P. 9037).

# Resolution for Assignment of Beneficial Interest in Certificate of Deposit

## Sherwood Construction, Inc.

## SPECIAL MEETING OF BOARD of DIRECTORS

**February 20, 2024**

A special meeting of the Sherwood Construction, Inc. was held in Orlando, FL on February 20, 2024 at 9:00 am. All of the Board Members were present. Martin Flynn acted as Chairman of the meeting.

Waiving any notice requirement, and upon motion duly made and seconded, the following resolution was unanimously adopted:

RESOLVED, Martin Flynn in his capacity as President of Sherwood Construction, Inc. may assign Sherwood Construction, Inc's beneficial interest in the Certificate of Deposit provided by Kenneth G. Dixon (First State Bank of the Florida Keys account # [redacted] for the Cherry Village project to the owners of the Cherry Village project.

RESOLVED, that Martin Flynn is hereby authorized and directed to take all such actions as he shall deem necessary or advisable to carry out the foregoing resolutions.

There being no further business, the meeting was adjourned at 9:10 am.

Martin Flynn, Director
Sherwood Construction, Inc.

Sherwood Construction, Inc.

DATE: 2/20/2024

TO: Whom It May Concern – Trent Development Group - Cherry Village

FROM: Sherwood Construction

SUBJECT: Resolution for Assignment of Beneficial Interest in Certificate of Deposit

Sherwood Construction, Inc. has a beneficial interest in a certificate of deposit at First State Bank whose main office is at 1201 Simonton Street Key West, FL 33040. The certificate of deposit account number is [redacted] The certificate of deposit is currently security for a Letter of Credit number 154-1214 with Walker and Dunlop, LLC as beneficiary and security for the loan of Pedixon that originally funded the certificate of deposit on December 13, 2022. Thereafter, the interest in the certificate of deposit belongs solely to Sherwood Construction, Inc.

In consideration for Trent Development Group's two promissory notes for advances made on the Cherry Village and Austin Commons projects, Sherwood Construction, Inc. transfers its interest in the First State Bank certificate of deposit number [redacted]

Should the promissory notes (attached as exhibits "A" and "B") otherwise be satisfied, then this assignment to Trent Development Group will terminate and the interest shall revert to Sherwood Construction, Inc.

Martin Flynn
President

Exhibit "A"

# PROMISSORY NOTE

$1,345,726.29 January ___, 2024

**FOR VALUE RECEIVED**, the undersigned, **SHERWOOD CONSTRUCTION, INC.,** a Florida corporation ("**Borrower**"), promises to pay to the order of **CHERRY VILLAGE GP, LLC,** a Florida limited liability company ("**Lender**"), in lawful currency of the United States of America, at its principal office in Nashville, Tennessee, or at such other place as the holder from time to time may designate in writing, the principal sum of **ONE MILLION THREE HUNDRED FORTY-FIVE THOUSAND SEVEN HUNDRED TWENTY-SIX AND 29/100 DOLLARS ($1,345,726.29) ("Principal"),** with no interest thereon. Principal shall be payable as follows:

The entire unpaid principal shall be due and payable on August 1, 2024 (the "**Maturity Date**").

The whole of the Principal sum shall bear, after default, interest at the highest lawful rate then in effect pursuant to applicable law, or at the rate provided herein in the event no highest rate is provided by applicable law.

Upon default hereunder, upon the failure to pay outstanding Principal at the Maturity Date, then at the election of the legal holder hereof, at any time thereafter made and without demand or notice, the owner and holder of this Note shall have the right to declare all sums unpaid hereon at once due and payable. In the event of such default, and the same is placed in the hands of an attorney for collection, or a suit is filed hereon, or if the proceedings are held in bankruptcy, receivership, or the reorganization of Borrower, or other legal or judicial proceedings for the collection hereof, Borrower agrees to pay in addition to the owner and holder of this Note, all costs of collection, including reasonable attorneys' fees.

Borrower and all endorsers and signers hereof, and each of them, expressly waive presentment for payment, notice of nonpayment, protest, notice of protest, brining of suit, and diligence in taking any action to claim the amounts owing hereunder and are and shall be jointly and severally, directly and primarily, liable for the amount of all sums owing and to be owing hereon and agree that this Note, or any payment hereunder, may be extended from time to time without affecting such liability.

This Note shall be governed by and construed under the laws of the State of Tennessee, except as such may be pre-empted by applicable law or regulation of the United States of America governing the charging or receiving of interest.

The provisions hereof shall be binding upon the parties, their successors and assigns. The provisions hereof are severable such that the invalidity or unenforceability of any provision hereof shall not affect the validity or enforceability of the remaining provisions.

**IN WITNESS WHEREOF**, Borrower, intending to be legally bound hereby, has duly executed this Promissory Note as of the day and year first written above.

**BORROWER:**

**SHERWOOD CONSTRUCTION, INC.,**
a Florida corporation

By: ______________________________
Martin C. Flynn, Jr., President

Exhibit "B"

# PROMISSORY NOTE

$1,018,700.83

January ___, 2024

**FOR VALUE RECEIVED**, the undersigned, **SHERWOOD CONSTRUCTION, INC.,** a Florida corporation ("**Borrower**"), promises to pay to the order of **AUSTIN COMMONS GP, LLC,** a Florida limited liability company ("**Lender**"), in lawful currency of the United States of America, at its principal office in Nashville, Tennessee, or at such other place as the holder from time to time may designate in writing, the principal sum of **ONE MILLION EIGHTEEN THOUSAND SEVEN HUNDRED AND 83/100 DOLLARS ($1,018,700.83) ("Principal"),** with no interest thereon. Principal shall be payable as follows:

The entire unpaid principal shall be due and payable on June 1, 2024 (the "**Maturity Date**").

The whole of the principal sum shall bear, after default, interest at the highest lawful rate then in effect pursuant to applicable law, or at the rate provided herein in the event no highest rate is provided by applicable law.

Upon default hereunder, upon the failure to pay outstanding Principal at the Maturity Date, then at the election of the legal holder hereof, at any time thereafter made and without demand or notice, the owner and holder of this Note shall have the right to declare all sums unpaid hereon at once due and payable. In the event of such default, and the same is placed in the hands of an attorney for collection, or a suit is filed hereon, or if the proceedings are held in bankruptcy, receivership, or the reorganization of Borrower, or other legal or judicial proceedings for the collection hereof, Borrower agrees to pay in addition to the owner and holder of this Note, all costs of collection, including reasonable attorneys' fees.

Borrower and all endorsers and signers hereof, and each of them, expressly waive presentment for payment, notice of nonpayment, protest, notice of protest, brining of suit, and diligence in taking any action to claim the amounts owing hereunder and are and shall be jointly and severally, directly and primarily, liable for the amount of all sums owing and to be owing hereon and agree that this Note, or any payment hereunder, may be extended from time to time without affecting such liability.

This Note shall be governed by and construed under the laws of the State of Tennessee, except as such may be pre-empted by applicable law or regulation of the United States of America governing the charging or receiving of interest.

The provisions hereof shall be binding upon the parties, their successors and assigns. The provisions hereof are severable such that the invalidity or unenforceability of any provision hereof shall not affect the validity or enforceability of the remaining provisions.

**IN WITNESS WHEREOF**, Borrower, intending to be legally bound hereby, has duly executed this Promissory Note as of the day and year first written above.

**BORROWER:**

**SHERWOOD CONSTRUCTION, INC.,**
a Florida corporation

By: ______________________________
Martin C. Flynn, Jr., President

Composite Exhibit

# ASSIGNMENT OF DEPOSIT ACCOUNT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $1,008,673.80 | 12-14-2022 | 12-14-2023 | 1541214 | | SHERWOC 01 | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** SHERWOOD CONSTRUCTION INC (TIN: [redacted]
PO BOX 540337
MERRITT ISLAND, FL 32954

**Lender:** First State Bank of the Florida Keys
Key Largo Branch
97670 Overseas Highway
Key Largo, FL 33037
(305) 296-8535

**Grantor:** KENNETH G DIXON (SSN: [redacted]
1627 E VINE ST STE E
KISSIMMEE, FL 34744-3719

---

**THIS ASSIGNMENT OF DEPOSIT ACCOUNT dated December 14, 2022, is made and executed among KENNETH G DIXON ("Grantor"); SHERWOOD CONSTRUCTION INC ("Borrower"); and First State Bank of the Florida Keys ("Lender").**

**ASSIGNMENT.** For valuable consideration, Grantor assigns and grants to Lender a security interest in the Collateral, including without limitation the deposit account(s) and/or certificated deposit account(s) described below, to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.

**COLLATERAL DESCRIPTION.** The word "Collateral" means the following described deposit account(s) and/or certificated deposit account(s) ("Account"):

**CD Account Number [redacted] with Lender with an approximate balance of $1,008,673.80**

together with (A) all interest, whether now accrued or hereafter accruing; (B) all additional deposits hereafter made to the Account; (C) any and all proceeds from the Account; and (D) all renewals, replacements and substitutions for any of the foregoing.

In addition, the word "Collateral" includes all of Grantor's property (however owned if owned by more than one person or entity), in Lender's possession (or in the possession of a third party subject to Lender's control), whether existing now or later and whether tangible or intangible in character, including without limitation each and all of the following:

**(A) All property to which Lender acquires title or documents of title.**

**(B) All property assigned to Lender.**

**(C) All promissory notes, bills of exchange, stock certificates, bonds, savings passbooks, time certificates of deposit, insurance policies, and all other instruments and evidences of an obligation.**

**(D) All records relating to any of the property described in this Collateral section, whether in the form of writing, microfilm, microfiche, or electronic media.**

**BORROWER'S WAIVERS AND RESPONSIBILITIES.** Except as otherwise required under this Agreement or by applicable law, (A) Borrower agrees that Lender need not tell Borrower about any action or inaction Lender takes in connection with this Agreement; (B) Borrower assumes the responsibility for being and keeping informed about the Collateral; and (C) Borrower waives any defenses that may arise because of any action or inaction of Lender, including without limitation any failure of Lender to realize upon the Collateral or any delay by Lender in realizing upon the Collateral; and Borrower agrees to remain liable under the Note no matter what action Lender takes or fails to take under this Agreement.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (A) this Agreement is executed at Borrower's request and not at the request of Lender; (B) Grantor has the full right, power and authority to enter into this Agreement and to pledge the Collateral to Lender; (C) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (D) Lender has made no representation to Grantor about Borrower or Borrower's creditworthiness.

**GRANTOR'S WAIVERS.** Grantor waives all requirements of presentment, protest, demand, and notice of dishonor or non-payment to Borrower or Grantor, or any other party to the Indebtedness or the Collateral. Lender may do any of the following with respect to any obligation of any Borrower, without first obtaining the consent of Grantor: (A) grant any extension of time for any payment, (B) grant any renewal, (C) permit any modification of payment terms or other terms, or (D) exchange or release any Collateral or other security. No such act or failure to act shall affect Lender's rights against Grantor or the Collateral.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Grantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Grantor holds jointly with someone else and all accounts Grantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Grantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

**Ownership.** Grantor is the lawful owner of the Collateral free and clear of all loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Grant Security Interest.** Grantor has the full right, power, and authority to enter into this Agreement and to assign the Collateral to Lender.

**No Prior Assignment.** Grantor has not previously granted a security interest in the Collateral to any other creditor.

**No Further Transfer.** Grantor shall not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Collateral except as provided in this Agreement.

**No Defaults.** There are no defaults relating to the Collateral, and there are no offsets or counterclaims to the same. Grantor will strictly and promptly do everything required of Grantor under the terms, conditions, promises, and agreements contained in or relating to the Collateral.

**Proceeds.** Any and all replacement or renewal certificates, instruments, or other benefits or proceeds related to the Collateral that are

# Certificate of Deposit Receipt

FIRST STATE BANK
OF THE FLORIDA KEYS

This receipt is issued to:

KENNETH G DIXON
1627 E VINE ST, APT/SUITE E
KISSIMMEE, FL 34744

Account Number: [redacted]
Branch Number: 003

Amount $ 1,044,303.00
Date Opened 12/13/2022
Term 12 MONTHS
Maturity Date 01/18/2025
Interest Rate 4.88 %
Annual Percentage Yield 5.00 %
Accrual Method DAILY COMPOUNDING
Opened By WENDY MAYORGA
Amendment Date 1/18/2024
Amendment Reason Rate Change and Term

The account evidenced by this receipt is subject to and further explained in the terms and conditions contained in the account agreement and account disclosures. The account is Not Negotiable and Not Transferable. Only the items checked apply.

- [X] Fixed Interest Rate ☐ Variable Interest Rate
- ☐ Additions Permitted
- [X] Automatically Renewable (renews for the same term at the current rate)
- ☐ Single Maturity (not automatically renewable)

Interest will be paid AT MATURITY

Disposition:

- [X] added to principal (compounded)
- ☐ paid to ☐ checking ☐ savings account no. ______

**OWNERSHIP - CONSUMER**
Select One

- [X] Single-Party Account
- ☐ Joint with Rights of Survivorship
- ☐ Multiple-Party Account
- ☐ Multiple-Party Account - Tenancy by the Entireties
- ☐ Trust Agreement Dated:
- ☐ Other ______

**RIGHTS ON DEATH**
Select One:

- [X] Single-Party Account
- ☐ Multiple-Party Account with Right of Survivorship
- ☐ Multiple-Party Account without Survivorship
- ☐ Single-Party Account with Pay-on-Death
- ☐ Multiple-Party Account with Survivorship and Pay-on-Death

The NUMBER OF ENDORSEMENTS needed for withdrawal or any other purpose is: 1

**BENEFICIARIES OF PAY-ON-DEATH ACCOUNTS:**

**NONCONSUMER ACCOUNTS:** Depositor is a:

- ☐ Partnership ☐ Corporation
- ☐ ______

Authorization dated:

TIN: [redacted]

**SOCIAL SECURITY OR EMPLOYER'S I.D. NUMBER:** Under penalties of perjury I certify that the above number is my correct Taxpayer Identification Number

x By Phone DATE 1/18/24

**BACKUP WITHHOLDING:** Under penalties of perjury I certify that I am a U.S. person (including a U.S. resident alien) and that I am not subject to backup withholding, either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

x By Phone DATE 1/18/24

**SIGNATURES:** I AGREE TO THE TERMS ON THE FRONT AND BACK:

x By Phone.

x ______

x ______

FIRST STATE BANK

# IRREVOCABLE UNCONDITIONAL LETTER OF CREDIT

Beneficiary:
Walker & Dunlop, LLC
Two Charles River Place
63 Kendrick Street
Needham, MA 02494

Letter of Credit No.: 154-1214
Date: December 14, 2022
FHA Project No. 066-35381
GNMA Pool No. CQ4846XCL

To Whom It May Concern:

For the account of Sherwood Construction, Inc., we hereby authorize you or your transferee to draw on us at sight up to an aggregate amount of One Million Eight Thousand Six Hundred Seventy- Three Dollars and 80/100 ($1,008,673.80).

This letter of credit ("Credit") is irrevocable, unconditional, and transferrable. This Credit may be transferred without charge one or more times upon receipt of your written instructions submitted in accordance with the attached transfer form.

Drafts drawn under this Credit must specify the number of this Credit and be presented at the office identified below not later than December 14, 2023, but such expiration date shall be automatically extended without amendment for a period of one year on that date and on each successive expiration date, unless at least 30 days before any expiration date we notify you by registered mail or overnight courier service at the address set forth above (or, if you shall have informed us in writing of a change of address, then at the address so specified) that the letter of credit is not extending beyond the then- current expiration date. Any sight draft may be presented to us by electronic, reprographic, computerized, or automated system or by carbon copy, but in any event, must visibly bear the word "original". If the document is signed, the signature may consist of (or may appear to us as) an original handwritten signature, a facsimile signature or any mechanical or electronic method of authentication.

This Credit sets forth in full terms of our obligation to you, and such undertaking shall not in any way be modified or amplified by any agreement in which this Credit is referred to or to which this Credit relates, and any such reference shall not be deemed to incorporate herein by reference any agreement.

We engage with you that sight drafts drawn under, and in compliance with, the terms of this Credit will be duly honored at First State Bank of the Florida Keys, Attn: Letter of Credit Department, 1201 Simonton Street, Key West, FL 33040.

Yours very truly,

First State Bank of the Florida Keys

By: *Lori Bailey*
Lori Bailey
VP, Market Lending Lender