**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | Case No. 6:26-bk-05426-GER<br>Chapter 11 |
| CANAVERAL CROSSROADS, LLC,<br>SHERWOOD CONSTRUCTION, INC., | Jointly Administered with<br>Case No. 6:26-bk-05428-GER |
| Debtors.<br>_______________________________/ | |

**DEBTOR'S OBJECTION TO CLAIM 6-1 OF AUSTIN COMMONS GP, LLC FOR PRINCIPAL AND INTEREST THE NOTE DOES NOT ALLOW**

(Applies to Sherwood Construction, Inc., Case No. 6:26-bk-05428-GER, only)

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 within thirty days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Austin Commons GP, LLC asks to be paid $1,357,246.39 on a promissory note for $1,018,700.83 that, by its own terms, carries "no interest." The claim is built on a principal of $1,081,700.83, a transposition in the prayer of Austin

Commons' state-court complaint, and so overstates the principal of the note by $63,000. It then charges interest above the rate the note allows by counting a 360-day year. The Bankruptcy Code disallows what the note does not allow. *11 U.S.C. § 502(b)(1).*

Sherwood objects to the following claim and concedes no amount of it. *M.D. Fla. Bankr. L.R. 3007-1(a).*

| | |
|---|---|
| Claim 6-1 — Austin Commons GP, LLC (unsecured, note) | $1,357,246.39 |
| Most the note allows | $1,290,470.67 |
| Amount conceded | $0.00 |

**Austin Commons lent $1,018,700.83 on a note that bears no interest until default.**

1. On January 24, 2024, Sherwood signed a Promissory Note for $1,018,700.83 payable to Austin Commons GP, LLC. (Ex. 1, Part 2 ¶ 7 & at 8). Martin C. Flynn, Jr. signed it as Sherwood's president. (*Id.* at 9). The note promises the principal "with no interest thereon," due in full on June 1, 2024. (*Id.* at 8). It then provides: "The whole of the principal sum shall bear, after default, interest at the highest lawful rate then in effect pursuant to applicable law." (*Id.*). Tennessee law governs. (*Id.*).

2. Austin Commons' counsel prepared the note. Its footer carries document number 4890-7293-8140, in the same form as the 4914-6672-3192 on the complaint that counsel filed. (*Id.* at 1, 8).

3. On November 6, 2025, Austin Commons sued Sherwood and Flynn on the note, and for fraud, unjust enrichment, and a declaration piercing Sherwood's corporate veil. *Austin Commons GP, LLC v. Sherwood Construction, Inc.*, No. 25-1563-IV (Tenn. Ch. Ct. Davidson Cnty. 2025). (Ex. 1, Part 2 at 1–7). The complaint alleges that "the highest lawful interest rate in effect in Tennessee was 12.50% per annum, or at the rate of $353.72 per day." (*Id.* ¶ 23). Sherwood's petition stayed that action as to Sherwood. *11 U.S.C. § 362(a)(1).*

4. On July 20, 2026, the petition was filed. (Sherwood Doc. 1). Sherwood scheduled the note at $1,018,700.83 and marked it disputed. (Sherwood Doc. 28 at 22). On September 28, 2026, Austin Commons filed Claim 6-1 for $1,357,246.39 as "money loaned," stating that the amount includes interest. (Ex. 1, lines 7–8).

**Claim 6-1 overstates the principal of the note by $63,000.**

5. The note states its principal twice, in words and in figures: "ONE MILLION EIGHTEEN THOUSAND SEVEN HUNDRED AND 83/100 DOLLARS ($1,018,700.83)." (Ex. 1, Part 2 at 8). The complaint pleads the same figure twice. (*Id.* ¶¶ 7, 13). Its prayer then demands judgment "in the principal amount of $1,081,700.83." (*Id.* at 6). Claim 6-1 carries the prayer's figure:

| | |
|---|---|
| Claim 6-1 | $1,357,246.39 |
| Less principal per the complaint's prayer | 1,081,700.83 |
| Remainder | $275,545.56 |
| 779 days, 6/1/24 to 7/20/26, at $353.72 | $275,547.88 |

Measured from the note's true principal, the same claim would carry $338,545.56 of interest, which is 957 days at the claimant's own per-diem, though only 779 days ran from maturity to the petition. The claim is the misstated principal plus 779 days of interest, within $2.32. The principal is $1,018,700.83, and $63,000 of Claim 6-1 rests on nothing.

**The note allows no more than 12.50 percent a year, and Austin Commons charged more.**

6. The note states no rate of its own. It adopts the ceiling Tennessee law sets, and for a written contract signed by the party to be charged that ceiling is "the applicable formula rate." *Tenn. Code Ann. § 47-14-103(2).* Austin Commons pleads that the ceiling was 12.50 percent per annum at default. (Ex. 1, Part 2 ¶ 23). Sherwood accepts that figure for this objection only.

7. A rate per annum is a charge for a year, and a year has 365 days. Austin Commons' per-diem divides the annual charge by 360:

| | |
|---|---|
| Principal | $1,018,700.83 |
| 12.50 percent ÷ 360 days (claimed per day) | $353.72 |
| 12.50 percent ÷ 365 days (per day) | $348.87 |
| Annual rate the claimed per-diem yields | 12.67% |

8. A rate stated per annum fixes the interest charge for a year. Whether a lender may count that charge over 360 days turns on what the parties intended, and a lender may use a 360-day year where the borrower agreed to it. *First Am. Nat'l Bank of Nashville v. Hunter*, 581 S.W.2d 655, 659 (Tenn. Ct. App. 1978).

Sherwood agreed to no such thing. The note says nothing about a 360-day year, and the rate it adopts comes from the statute, not from any bargain over days. Any doubt runs against Austin Commons, whose counsel wrote the note. "An ambiguous provision in a contract generally will be construed against the party drafting it." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 612 (Tenn. 2006).

9. The 360-day count does more than stretch a phrase. The note grants interest at the highest lawful rate and at nothing above it. Interest at 12.67 percent, on Austin Commons' own premise, exceeds the highest lawful rate, so the note does not provide for it. A claim is disallowed to the extent it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *11 U.S.C. § 502(b)(1)*. On the true principal, measured at 365 days, the note allows no more than this:

| | |
|---|---|
| Principal | $1,018,700.83 |
| Interest, 6/1/24 to 7/20/26, 779 days at $348.87 | 271,769.84 |
| Most the note allows | $1,290,470.67 |
| Claim 6-1 | $1,357,246.39 |
| Overstatement | $66,775.72 |

10. That is the most the claim can be, not what it is. The note's rate is the ceiling "then in effect," and the Tennessee formula rate moves weekly with the prime rate. It stood at 11.00 percent per annum on September 29, 2026. (Ex. 2). Read against its drafter, the note carries the ceiling in effect as each day's interest accrued, not the ceiling on the day of default. Sherwood objects to the fixed 12.50

percent rate and holds Austin Commons to proof of the rate in effect for each period it claims.

**Claim 6-1 asserts the note alone, and nothing else may be added to it.**

11. Claim 6-1 states its basis as “money loaned.” (Ex. 1, line 8). The complaint attached to it also pleads fraud, unjust enrichment, and veil-piercing, but those counts seek recovery from Flynn, and the claim assigns no amount to them. (Ex. 1, Part 2 ¶¶ 26–38). The note provides for “reasonable attorneys’ fees” on collection, and the claim asserts none. (*Id.* at 8). Sherwood denies the fraud allegations and objects to any amendment that adds fraud damages, fees, or costs.

12. This objection seeks only to determine the claim. Sherwood reserves its claims under its construction contract with Austin Commons, L.P., the partnership the claimant manages as general partner, for an adversary proceeding or the Tennessee action. *Fed. R. Bankr. P. 3007(b)*. If Austin Commons disputes a fact, an evidentiary hearing will resolve it. *Fed. R. Bankr. P. 9014*.

RELIEF REQUESTED

Claim 6-1 overstates the principal of the note by $63,000, and the note does not allow the interest Austin Commons claims. The law requires the court to:

a. sustain this objection;

b. disallow Claim 6-1 under *11 U.S.C. § 502(b)(1)* to the extent it exceeds $1,290,470.67, the principal of $1,018,700.83 plus interest at no more

than 12.50 percent per annum on a 365-day year from June 1, 2024 to July 20, 2026; and

c. if Austin Commons timely files a response, set a preliminary hearing to fix a schedule for any evidentiary hearing.

Respectfully submitted this 13th day of October, 2026.

/s/ Christopher L. Smith

Christopher L. Smith, Esq.

Florida Bar No. 367461

Fromang & Smith, P.A.

4767 New Broad Street

Orlando, Florida 32814

(407) 999-9739

chris@fromangsmith.com

Counsel for the Debtors in Possession

EXHIBITS

Exhibit 1. Claim 6-1 of Austin Commons GP, LLC, filed September 28, 2026, with the complaint in No. 25-1563-IV, the Promissory Note, and the balance sheets attached to the complaint (Part 2).

Exhibit 2. Tennessee Department of Financial Institutions, Announcement of Maximum Effective Formula Rate of Interest and Historical Listing of Formula Rates under Tenn. Code Ann. § 47-14-103(2), July 30, 2024 through October 6, 2026.

CERTIFICATE OF SERVICE

I certify that on October 13, 2026, I filed this objection with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case and in Case No. 6:26-bk-05428-GER, including the United States Trustee. Counsel for the Debtors in Possession filed it, and no trustee has been appointed in either case. Fed. R. Bankr. P. 3007(a)(2)(B). On the same day, I served this objection, its notice, and its exhibits by first-class United States mail, postage prepaid, on Joseph R. Prochaska, who signed Claim 6-1 as attorney in fact for Austin Commons GP, LLC and is the person Part 1, box 3, of the claim designates to receive notices, at the address stated there, and on Austin Commons GP, LLC itself at its address on the Court's mailing matrix. Fed. R. Bankr. P. 3007(a)(2)(A); M.D. Fla. Bankr. L.R. 3007-1(b).

Signer of Claim 6-1 and notice party designated on it:
Austin Commons GP, LLC
c/o Joseph R. Prochaska
Reno & Cavanaugh, PLLC
424 Church Street Suite 2910
Nashville, TN 37219

The claimant, at its address on the Court's mailing matrix (the matrix lists it as "Trent - Eustis Note"):
Austin Commons GP, LLC
Attn: Managing Member
c/o Austin Commons, LP
1011 Cherry Ave
Nashville, Tennessee 37201

/s/ Christopher L. Smith

Christopher L. Smith, Esq.