**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re:<br><br>Canaveral Crossroads, LLC and<br>Sherwood Construction, Inc.,<br><br>Debtors.<br>_______________________________/ | Chapter 11<br>Case No. 6:26-bk-05426-GER<br>Case No. 6:26-bk-05428-GER<br><br>Jointly Administered under<br>Case No. 6:26-bk-05426-GER |

**PEDIXON LLC'S JOINDER IN UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS' APPLICATIONS TO EMPLOY FROMANG & SMITH, P.A. AS COUNSEL**

PEDIXON LLC ("PEDIXON"), a creditor and party in interest in these jointly administered cases, by and through its undersigned counsel, joins in the *United States Trustee's Limited Objection to Debtors' Applications to Employ Fromang & Smith, P.A. as Counsel* (Doc. 71) (the "Objection"), and states as follows:

1. PEDIXON adopts and incorporates by reference the facts, arguments, and authorities set forth in the Objection as if fully restated herein.

2. As the Objection explains, Sherwood Construction, Inc. ("Sherwood") is scheduled as holding an unsecured claim of approximately $4,500,000.00 against Canaveral Crossroads, LLC ("Canaveral"), representing nearly one-third of Canaveral's total scheduled unsecured debt. Counsel for Sherwood will be duty-bound to maximize that claim, while counsel for Canaveral will be duty-bound to evaluate whether that same claim should be challenged, reduced, subordinated, or recharacterized for the benefit of Canaveral's other creditors. A single firm cannot exercise independent professional judgment on both sides of that dispute. 11 U.S.C. §§ 101(14)(C), 327(a), 327(c); *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 361 (11th Cir. 1994); *Quarles & Brady LLP v. Maxfield (In re Jennings)*, 199 F. App'x 845, 848 (11th Cir. 2006).

3. Joint administration and common ownership do not cure the conflict. The estates remain legally separate, and their creditor bodies are not identical. *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994). PEDIXON has a direct interest in ensuring that the intercompany claim receives independent, arm's-length scrutiny because its own recovery from Canaveral's estate depends on how that claim is allowed and treated.

4. PEDIXON reserves the right to supplement this Joinder, to be heard at any hearing on the Applications, and to raise any additional objections to the employment or compensation of professionals in these cases.

WHEREFORE, PEDIXON LLC respectfully requests that the Court sustain the Objection, deny at least one of the Applications to Employ (Canaveral Doc. 57; Sherwood Doc. 26), require the affected Debtor to retain separate, conflict-free counsel, and grant such further relief as the Court deems just and proper.

DATED: October 13, 2026

Respectfully submitted,

/s/ Jennifer L. Morando
Jennifer L. Morando, Esq.
Florida Bar No. 59363
Jennifer@BransonLaw.com
BRANSON AINSWORTH PLLC
1501 E. Concord Street
Orlando, Florida 32803
Telephone: 407-894-6834
*Counsel for PEDIXON LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2026, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice of electronic filing to all parties registered to receive electronic notice in these cases, including counsel for the Debtors and the Office of the United States Trustee.

/s/ Jennifer L. Morando
Jennifer L. Morando, Esq.