**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11<br>Case No. 6:26-bk-05426-GER |
| Canaveral Crossroads, LLC and<br>Sherwood Construction, Inc., | Case No. 6:26-bk-05428-GER |
| Debtors.<br>_________________________________/ | Jointly Administered under<br>Case No. 6:26-bk-05426-GER |

**SHERWOOD CONSTRUCTION, INC.'S MOTION TO DISMISS ITS CHAPTER 11 CASE UNDER 11 U.S.C. § 1112(b)**

*(Applies to Sherwood Construction, Inc., Case No. 6:26-bk-05428-GER, only)*

Sherwood Construction, Inc., debtor and debtor in possession in Case No. 6:26-bk-05428-GER ("Sherwood"), moves under 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 2002(a)(4) and 9014 for entry of an order dismissing its chapter 11 case without prejudice, and states:

**Sherwood asks the court to dismiss its case as part of the agreed resolution of the United States Trustee's objection to the employment of its counsel.**

1. Sherwood and Canaveral Crossroads, LLC ("Canaveral") each applied to employ Christopher L. Smith and Fromang & Smith, P.A. as counsel (Canaveral Doc. 57; Sherwood Doc. 26). The United States Trustee filed a limited objection to the applications on the ground that Sherwood is scheduled as holding a claim of about $4,500,000 against Canaveral, so that one firm cannot represent both estates (Doc. 71). PEDIXON LLC joined the objection (Doc. 81).

2. To resolve the objection, the Debtors agreed that Fromang & Smith, P.A. will serve as counsel for Canaveral only, and that Sherwood will move to dismiss its case. Sherwood

has elected not to prosecute its chapter 11 case without counsel, and it brings this motion for that reason.

**Sherwood's case began as an involuntary chapter 7 case and was converted to chapter 11 at its request.**

3. On July 20, 2026, three creditors filed an involuntary chapter 7 petition against Sherwood (Sherwood Doc. 1). Sherwood answered and consented to entry of an order for relief (Sherwood Doc. 6) and moved to convert its case to chapter 11 under 11 U.S.C. § 706(a) (Sherwood Doc. 7). On September 8, 2026, the court entered its Order (1) for Relief and (2) Converting Case from Chapter 7 to Chapter 11 (Sherwood Doc. 8). On September 30, 2026, the court ordered Sherwood's case jointly administered with Canaveral's case, with Canaveral's case as the lead case (Sherwood Doc. 29; Canaveral Doc. 61).

4. Sherwood remains a debtor in possession under 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed, and no committee has been formed. Sherwood stopped operating in 2024. It has no employees and no cash. Its assets are claims against third parties. No creditor holds a lien on its property, and it has scheduled no priority claims.

**Cause exists to dismiss Sherwood's case.**

5. On request of a party in interest, and after notice and a hearing, the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause," unless the court determines that appointment of a trustee or examiner under § 1104(a) is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). Sherwood, as debtor, is a party in interest. The grounds listed in § 1112(b)(4) are illustrative, not exclusive.

6. A corporation may appear in federal court only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993). A debtor in possession that will not have counsel cannot perform the duties of a debtor in possession, propose and confirm a plan, or prosecute or defend contested matters. Sherwood's election not to prosecute its case without counsel, made to resolve the objection to the employment of its counsel, is cause to dismiss.

**Dismissal, rather than conversion, is in the best interests of creditors and the estate.**

7. Sherwood has no cash, and no creditor holds a lien on its property. Conversion to chapter 7 would add the cost of a trustee to an estate whose only assets are contingent claims against third parties. Dismissal restores every creditor to its rights and remedies outside bankruptcy without further administrative expense. 11 U.S.C. § 349(b). For the same reasons, appointment of a trustee or examiner under § 1104(a) would not serve creditors, and no unusual circumstances establish that dismissal is not in their best interests. 11 U.S.C. § 1112(b)(2). The United States Trustee does not oppose dismissal.

**Related matters.**

8. Sherwood requests that the order of dismissal (a) terminate joint administration as to Sherwood's case only, without affecting Canaveral's case; (b) dismiss without prejudice the adversary proceeding Sherwood Construction, Inc. v. PEDIXON, LLC, et al., Adv. No. 6:26-ap-00198-GER; and (c) deem moot every pending matter that applies to Sherwood's case only, including Sherwood's objections to Claim 7-1 of Cherry Village GP, LLC (Doc. 79) and Claim 6-1 of Austin Commons GP, LLC (Doc. 80), and its amended application to employ Fromang & Smith, P.A. (Sherwood Doc. 26; see also Doc. 74).

9. Dismissal does not waive, release, or impair any claim of Sherwood against any person, including its claim against Canaveral, which Sherwood retains.

**Notice.**

10. Under Federal Rule of Bankruptcy Procedure 2002(a)(4), Sherwood will serve this motion and notice of any hearing on it at least 21 days before the hearing on the United States Trustee, all creditors on Sherwood's mailing matrix, and all parties requesting notice.

WHEREFORE, Sherwood requests that the court enter an order, substantially in the form attached as Exhibit 1, (a) dismissing Case No. 6:26-bk-05428-GER without prejudice; (b) terminating joint administration as to that case only; (c) dismissing Adv. No. 6:26-ap-00198-GER without prejudice; (d) deeming moot all pending matters that apply to Sherwood's case only; and (e) granting such further relief as is just.

Dated: October 18, 2026

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Email: chris@fromangsmith.com
Counsel for Sherwood Construction, Inc.

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in these jointly administered cases, including the United States Trustee, and that I served a copy by United States mail, first class, postage prepaid, on all creditors and parties in interest on the attached mailing matrix for Case No. 6:26-bk-05428-GER.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire