**ORDERED.**

**Dated: October 30, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| Canaveral Crossroads, LLC and | ) | Case No. 6:26-bk-05426-GER |
| Sherwood Construction, Inc., | ) | Case No. 6:26-bk-05428-GER |
| | ) | |
| Debtors. | ) | Jointly Administered *under* |
| | ) | Case No. 6:26-bk-05426-GER |

**ORDER (1) DISAPPROVING APPLICATIONS TO EMPLOY AND (2) SETTING DEADLINE TO RETAIN COUNSEL**

THESE CASES came before the Court on October 14, 2026 at 1:30 p.m. (the "Hearing") for consideration of the Applications to Employ,[1] seeking to employ Christopher Smith as counsel for Debtors.[2] Guy A. Van Baalen, the Acting United States Trustee for Region 21 (the "UST") filed an Objection[3] to the Applications to Employ,[4] and Debtors filed a Response thereto.[5]

---

[1] *Debtor in Possession's Amended Application to Employ Christopher L. Smith and Fromang & Smith, P.A. as Counsel Under 11 U.S.C. § 327(a)* (Doc. No. 57); *Debtor's Amended Application to Employ Christopher L. Smith and Fromang & Smith, P.A. as Counsel to the Debtor in Possession Under 11 U.S.C. § 327(a), Effective as of September 8, 2026* (Case No. 6:26-bk-05428-GER, Doc. No. 26) (collectively, the "Applications to Employ"). The Applications to Employ were filed prior to these cases being jointly administered.

[2] "Debtors" refers to Canaveral Crossroads, LLC and Sherwood Construction, Inc.

[3] *United States Trustee's Limited Objection to Debtors' Applications to Employ Fromang & Smith, P.A. as Counsel* (Doc. No. 71) (the "Objection").

[4] Pedixon LLC filed a joinder to the Objection. *Pedixon LLC's Joinder in United States Trustee's Limited Objection to Debtors' Applications to Employ Fromang & Smith, P.A. as Counsel* (Doc. No. 81).

[5] *Debtors' Memorandum in Support of Employing Christopher L. Smith in Both Cases and in Response to the United States Trustee's Limited Objection* (Doc. No. 75) (the "Response").

Section 327(a) of the Bankruptcy Code[6] permits a debtor in possession to employ attorneys only if those attorneys "do not hold or represent an interest adverse to the estate" and are "disinterested persons."[7] A "disinterested person" includes a person who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders" by reason of a relationship or connection with the debtor or "for any other reason."[8] Additionally, § 327(c) provides that

> [A] person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

The Court has reviewed the Applications to Employ, the Objection, and the Response, and finds that the UST's objections are well founded. As Sherwood Construction, Inc. asserts that Canaveral Crossroads, LLC owes it approximately $4.5 million, the Court finds that an actual conflict of interest exists; therefore, as an objection has been raised, the Court must disapprove the Applications to Employ. Furthermore, the Court finds that while Sherwood Construction, Inc. requested that its case be dismissed,[9] any such dismissal does not eliminate Mr. Smith's conflict of interest given his representation of both Debtors. Therefore, the Court will disapprove the Applications to Employ.

Because Local Rule 1074-1(a) provides that "[c]orporations, partnerships, trusts, and other persons who are not individuals may appear and be heard only through counsel permitted to

---

[6] Hereinafter, unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.
[7] 11 U.S.C. § 327(a).
[8] 11 U.S.C. § 101(14)(C).
[9] *See Sherwood Construction, Inc.'s Amended Motion to Dismiss Its Chapter 11 Case Under 11 U.S.C. § 1112(b)* (Doc. No. 85).

practice in the Court under Local Rule 2090-1," the Courts finds it appropriate to set a deadline by which Debtors must retain counsel.

For the foregoing reasons, it is **ORDERED**:

1. The Applications to Employ are **DISAPPROVED**.

2. **Prior to the hearing scheduled for November 12, 2026 at 2:30 p.m.** (the "Hearing"), Debtors shall retain new counsel.

3. Failure to retain counsel by the Hearing will result in dismissal of these cases.

4. In the event that the Sherwood Construction, Inc. case is not dismissed at the Hearing, the Court will address whether it is appropriate to vacate the Joint Administration Orders.[10]

# # #

Attorney Christopher Smith is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.

[10] *Order Granting Motion for Joint Administration* (Doc. No. 61); *Order Granting Motion for Joint Administration* (Case No. 6:26-bk-05428-GER, Doc. No. 29) (collectively, the "Joint Administration Orders").