**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CANAVERAL CROSSROADS, LLC, and | Case No. 6:26-bk-05426-GER |
| SHERWOOD CONSTRUCTION, INC., | Case No. 6:26-bk-05428-GER |
| Debtors.<br>_______________________________/ | Jointly Administered under<br>Case No. 6:26-bk-05426-GER |

*Applies to both Debtors*

# CANAVERAL CROSSROADS, LLC AND SHERWOOD CONSTRUCTION, INC.'S MOTION FOR RECONSIDERATION OF THE DEADLINE TO RETAIN NEW COUNSEL (DOC. 94) AND FOR A REASONABLE TIME TO RETAIN COUNSEL

The court's Order (1) Disapproving Applications to Employ and (2) Setting Deadline to Retain Counsel (the "Order") gave Canaveral Crossroads, LLC ("Crossroads") and Sherwood Construction, Inc. ("Sherwood") thirteen days to find, engage, and present for approval new chapter 11 counsel, on pain of dismissal (Doc. 94). Crossroads and Sherwood do not ask the court to revisit the finding of an actual conflict. Crossroads and Sherwood ask for the time the law gives every corporate litigant that loses a lawyer: a reasonable opportunity, customarily thirty days, to retain new counsel before the court dismisses the case. Crossroads and Sherwood move for that relief under *Fed. R. Bankr. P. 9006(b)(1), 9023*, and *9024*. Furthermore, here, the presence of any counsel is important to ensure completion of the global settlement with the PEDixon-related creditors and the pending 9019 motions.

## BACKGROUND

1. On October 14, 2026, the court heard the applications to employ Christopher L. Smith as counsel for Crossroads and for Sherwood (Doc. 57; Case

No. 6:26-bk-05428-GER, Doc. 26). The United States Trustee objected to the applications, and PEDixon LLC joined the objection (Docs. 71, 81).

2. On October 30, 2026, the court entered the Order. The court found that Sherwood's claim against Crossroads creates an actual conflict for counsel to both Crossroads and Sherwood, disapproved the applications under *11 U.S.C. § 327(c)*, and directed Crossroads and Sherwood to retain new counsel before the hearing set for 2:30 p.m. on November 12, 2026 (Doc. 94 ¶¶ 1–2). The Order also provides that "[f]ailure to retain counsel by the Hearing will result in dismissal of these cases." (Doc. 94 ¶ 3).

3. The Order entered on a Friday and allowed thirteen calendar days. Two weekends fall inside that period, and so does Veterans Day, a legal holiday, on November 11, 2026. Counting the day of the hearing, Crossroads and Sherwood had eight business days to comply.

4. Retaining chapter 11 counsel for a corporate debtor takes more than a telephone call. New counsel must clear conflicts against the creditors of two estates, agree on the engagement and the source of any retainer, prepare the verified statement that *Fed. R. Bankr. P. 2014(a)* requires, and apply for approval under *11 U.S.C. § 327(a)* on notice to the United States Trustee. New counsel must also learn two jointly administered cases, two removed state-court actions, a filed plan, and nearly one hundred docket entries before appearing for Crossroads or Sherwood.

5. Crossroads and Sherwood began looking for new counsel when the court entered the Order. Crossroads and Sherwood have consulted Kenneth D. ("Chip") Herron, Jr., of Herron Hill Law Group, PLLC, and Michael C. Kelley, of Lawson Huck Gonzalez, PLLC, and have delivered a written case summary for conflicts review.

6. Crossroads and Sherwood have matters before the court now that require counsel:

(a) Sherwood's Amended Motion to Dismiss Its Chapter 11 Case, set for hearing on November 12, 2026 (Docs. 85, 89).

(b) Sherwood's objection to Claim 3-2 of Billd Exchange, LLC, on a loan Florida law forbids its courts to enforce, and Billd's response, also set for November 12, 2026 (Docs. 68, 96).

(c) The Global Settlement Agreement with PEDixon LLC and the other Dixon Parties, under which PEDixon withdraws a $500,000.00 secured claim against Crossroads (Claim 13-1) and releases the PEDixon mortgage on Crossroads' land, three proceedings involving Sherwood are dismissed with prejudice, and the Dixon Parties pay Crossroads $30,000.00 and Sherwood $10,000.00. Every Dixon Party and every Pitkanen party has now delivered signature pages, and the Settlement Agreement takes effect only after approval in all four related bankruptcy cases. The motions of Crossroads and Sherwood to approve that compromise under *Fed. R. Bankr. P. 9019(a)* are being filed with this motion.

(d) Cape Crossing Townhome Association, Inc.'s motion to appoint a chapter 11 trustee for Crossroads (Doc. 98).

(e) Cape Crossing Townhomes Homeowners Association, Inc.'s objection to confirmation of Crossroads' plan (Doc. 99).

(f) The meeting of creditors, which the United States Trustee continued until Crossroads and Sherwood have counsel (Doc. 86), and the exclusive period to file a plan under *11 U.S.C. § 1121(b)*, which ends on January 6, 2027.

7. Crossroads and Sherwood are affiliates. The only matter on which the interests of Crossroads and Sherwood diverge is Sherwood's claim against Crossroads for building Cape Crossing Resort & Marina. The owners of Crossroads fixed that claim at $4,409,909.12 from the figures the accounting firm for both companies developed through 2020 and 2021, with a fourteen percent markup and 4.8 percent simple interest to the petition date. Crossroads has prepared a motion under *Fed. R. Bankr. P. 9019(a)* that puts that compromise

before every creditor of both estates on twenty-one days' notice, so that any creditor with a valid objection can present the objection. Counsel took no part in the discussions that produced the compromise. The role of counsel is limited to filing the motion that puts the compromise before the creditors and the court.

## ARGUMENT

### 1. A corporate debtor that loses counsel is entitled to a reasonable opportunity to retain new counsel, and thirty days is the customary measure.

8. A corporation cannot appear in federal court without a lawyer. The Eleventh Circuit holds that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Local Rule 1074-1(a) applies the same rule in this court, and the Order rests on it (Doc. 94 at 2–3).

9. The rule that requires counsel also requires an opportunity to obtain counsel. Courts dismiss the claims of a corporation for want of a lawyer only after ordering the corporation to retain one and giving the corporation time to comply. In *Palazzo* itself, the district court dismissed the corporate claims only after the plaintiff had been "repeatedly admonished to secure counsel." *Palazzo*, 764 F.2d at 1384–85. The Fifth Circuit vacated a dismissal that came without that opportunity, observing that "[i]n virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004). One course open to the court, the Fifth Circuit explained, is to "order the corporation to retain counsel within a certain period of time." *Id.* at 873 n.5.

10. Florida's appellate courts state the rule directly: "a reasonable opportunity must be given to a corporate litigant to obtain new counsel when a motion to withdraw is granted, even when the withdrawal occurs on the eve of trial." *Yacht Assist, Inc. v. CRP LMC Prop Co.*, 353 So. 3d 65, 68 (Fla. 4th DCA 2022). The period runs from the ruling that removes counsel: "the opportunity to obtain new counsel begins when withdrawal is granted, rather than when new counsel is requested." *Lamaze v. Guthrie*, 411 So. 3d 16, 22 (Fla. 4th DCA 2025). Thirty days is the period courts give. *Baja Village Markets, Inc. v. Baja Supermarket, Inc.*, 712 So. 2d 465, 466 (Fla. 3d DCA 1998) (reversing a default entered after a corporation missed an order to "retain new counsel within thirty days from the time its prior counsel was permitted to withdraw," absent a finding of willful disregard).

**2. Thirteen days, eight of them business days, did not give Crossroads and Sherwood that opportunity.**

11. The Order measured the time to comply from entry of the Order to a hearing already on the calendar for other matters. That period is less than half the customary thirty days, and the period spans two weekends and a federal holiday. No lawyer can responsibly clear conflicts in two estates, negotiate an engagement, prepare a Rule 2014 statement, and file a § 327(a) application in eight business days while preparing to appear on the matters set for the same hearing.

12. Crossroads and Sherwood did not lose counsel through any fault of Crossroads or Sherwood. The court disapproved the employment of undersigned counsel because of a structural conflict between two affiliated debtors, a conflict Crossroads and Sherwood disclosed in the schedules and in the conflict waivers Crossroads and Sherwood signed. Crossroads and Sherwood are not seeking delay. Crossroads and Sherwood are completing a retention already under way and ask only for the time a corporate litigant in that position customarily receives.

### 3. Leaving Crossroads and Sherwood without counsel, even for a short time, would harm the creditors the Order protects.

13. Every matter now pending turns on Crossroads and Sherwood having a lawyer. Without counsel, Crossroads and Sherwood cannot prosecute the motions to approve the Dixon compromise, which removes a $500,000.00 secured claim and a mortgage from Crossroads' land, ends three proceedings involving Sherwood, and brings $40,000.00 into the two estates. Every Dixon Party and every Pitkanen party has now signed that compromise, and the compromise takes effect only when approved in all four related bankruptcy cases. Without counsel, Crossroads cannot answer the trustee motion, which asks for an independent fiduciary rather than dismissal and invites evidence of safeguards (Doc. 98), and cannot answer the plan objection or file an amended plan before the exclusive period ends (Doc. 99). Sherwood cannot prosecute the objection to the Billd claim (Docs. 68, 96).

14. Dismissal would end those matters for every creditor, not only for Crossroads and Sherwood. The Bankruptcy Code directs a court that finds cause to convert, to dismiss, or to appoint a trustee or examiner, whichever is in the best interests of creditors and the estate. *11 U.S.C. § 1112(b)(1)*. A dismissal for want of counsel, entered before new counsel can be approved, would return Crossroads' land to the foreclosure race the involuntary petition stopped and would take the Dixon compromise out of this court's review before any creditor received the benefit. No creditor has asked for that result.

### 4. The conflict the court found concerns one claim, and no matter pending with a third party turns on it.

15. The conflict is Sherwood's claim against Crossroads (Doc. 94 at 2). On every other matter before the court, Crossroads and Sherwood either stand on the same side or proceed on separate tracks. Crossroads and Sherwood are parties to

the same settlement with the Dixon Parties, and each has filed a separate motion to approve that settlement. The Billd claim objection concerns Sherwood alone. The plan objection and the trustee motion concern Crossroads alone, and the stated ground of the trustee motion, the intercompany claim, is the subject of the compromise Crossroads has prepared for the creditors.

16. The owners of Crossroads resolved the intercompany claim on objective accounting figures and are submitting the resolution to every creditor of both estates. Counsel did not negotiate the resolution and takes no position on the resolution. If a creditor objects, the court will decide the objection on the record. The divided loyalty the Order guards against therefore has no work to do in the interval before new counsel appears.

17. For that interval, undersigned counsel can remain counsel of record for Crossroads and Sherwood on matters with third parties, without taking any position for Crossroads or Sherwood on Sherwood’s claim against Crossroads. Undersigned counsel will serve without any guarantee of compensation and will receive from either estate only such compensation, if any, as the court allows after motion and hearing. That arrangement keeps the estates represented on the matters described above while new counsel completes the retention.

**5. The court has authority to grant this relief, and the motion is timely.**

18. The deadline in the Order is a court-ordered period to act. The court may extend such a period for cause at any time if the request is made before the period expires. *Fed. R. Bankr. P. 9006(b)(1)*. Crossroads and Sherwood file this motion before the November 12, 2026 deadline, and the facts above establish cause.

19. The court may also alter or amend the Order on a motion filed within fourteen days after entry of the Order. *Fed. R. Bankr. P. 9023*. The court entered

the Order on October 30, 2026, and Crossroads and Sherwood file this motion within that period. The grounds for that relief are "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A deadline shorter than the reasonable opportunity the law requires, with dismissal as the consequence, is such an error. The error is also one "which the court should have an opportunity to correct rather than require the party to seek correction through an appeal." *In re Clark*, 252 B.R. 550, 552 (Bankr. M.D. Fla. 2000) (citation omitted). The court may also relieve a party from an order for any other reason that justifies relief. *Fed. R. Bankr. P. 9024*; *Fed. R. Civ. P. 60(b)(6)*.

**RELIEF REQUESTED**

Crossroads and Sherwood ask the court to enter an order:

(a) reconsidering paragraphs 2 and 3 of the Order and extending the deadline for Crossroads and Sherwood to retain new counsel through December 14, 2026, the first business day after the thirtieth day following the November 12, 2026 hearing;

(b) providing that neither case will be dismissed for want of counsel before that date;

(c) permitting Christopher L. Smith to remain counsel of record for Crossroads and Sherwood until new counsel appears, to act on matters with third parties, without any guarantee of compensation and with compensation from either estate limited to such amount, if any, as the court allows after motion and hearing, and without taking any position for Crossroads or Sherwood on Sherwood's claim against Crossroads; and

(d) hearing this motion at 2:30 p.m. on November 12, 2026, with the other matters set for that hearing.

The law gives a corporate litigant a reasonable opportunity to retain counsel before the case is dismissed. Crossroads and Sherwood ask for that opportunity and nothing more.

Respectfully submitted this 10th day of November, 2026.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No.: 367461
Law Offices of Christopher Smith
4767 New Broad Street
Orlando, Florida 32814
Telephone: 689-303-1470
Chris@CLSOrlandoLaw.com
Jessica@CLSOrlandolaw.com
Counsel of record for Canaveral Crossroads, LLC and Sherwood Construction, Inc.

## CERTIFICATE OF SERVICE

I certify that on November 10, 2026, I filed this Canaveral Crossroads, LLC and Sherwood Construction, Inc.'s Motion for Reconsideration of the Deadline to Retain New Counsel (Doc. 94) and for a Reasonable Time to Retain Counsel with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in this case and in Case No. 6:26-bk-05428-GER.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No.: 367461
Law Offices of Christopher Smith
4767 New Broad Street
Orlando, Florida 32814
Telephone: 689-303-1470
Chris@CLSOrlandoLaw.com
Jessica@CLSOrlandolaw.com