**ORDERED.**

**Dated: November 13, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re<br><br>Canaveral Crossroads, LLC and<br>Sherwood Construction, Inc.,<br><br>Debtors. | Chapter 11<br>Case No. 6:26-bk-05426-GER<br>Case No. 6:26-bk-05428-GER<br><br>Jointly Administered *under*<br>Case No. 6:26-bk-05426-GER |
| In re<br><br>Canaveral Crossroads, LLC,<br>Case No. 6:26-bk-05426-GER<br><br>Applicable Debtor. | |

**ORDER REMANDING ASSOCIATION ACTION**
**(re: Doc. No. 9)**

THIS CASE came before the Court on October 14, 2026 at 1:30 p.m. upon the *Court's Order to Show Cause Why Court Should Not Abstain and Remand Cases to the Florida State Court* (Doc. No. 16). On August 20, 2026, Debtor Canaveral Crossroads, LLC ("Debtor") filed the Notice of Removal,[1] attempting to remove case number 05-2025-CA-022944-XXCA-BC (the "Association

[1] *Defendant Canaveral Crossroads, LLC's Notice of Removal* (Doc. No. 9) (the "Notice of Removal").

Action") from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. The Notice of Removal details the claims involved in the Association Action.

Debtor alleges that the claims asserted in the Association Action "are, at a minimum, 'related to' the Bankruptcy Case, because they are asserted against the Debtor, seek to establish and liquidate liabilities that would be satisfied from property of the estate, and their resolution could conceivably affect the administration, liquidation, and distribution of the estate."[2] Debtor does not consent to the entry of final orders.[3]

A civil action may only be removed to a bankruptcy court when jurisdiction is established under 28 U.S.C. § 1334.[4] Debtor asserts that the removed claims are "non-core 'related to' proceedings";[5] the Court agrees and finds that the Association Action is within this Court's "related to" jurisdiction under 28 U.S.C. § 1334(b) and strictly involves matters of state law that do not need to be litigated in this Court. Furthermore, permissive abstention is appropriate pursuant to 28 U.S.C. § 1334(c)(1).[6]

Finally, Debtor should have filed the Notice of Removal as an adversary proceeding.[7] Additionally, Local Rule 9027-1 required Debtor to separately file the operative pleadings, substantive rulings, and any pending motions and responses from the Association Action within seven days of the filing of the Notice of Removal; however, Debtor failed to timely do so.

---

[2] Notice of Removal ¶ 8.
[3] Notice of Removal ¶ 11.
[4] 28 U.S.C. § 1452(a).
[5] Notice of Removal ¶ 10.
[6] *See, e.g.*, *Orlando Gateway Partners, LLC v. Good Gateway, LLC (In re Orlando Gateway Partners, LLC)*, 555 B.R. 848, 853 & nn.25 & 27 (Bankr. M.D. Fla. 2016) (recognizing that "[p]ermissive abstention may be raised by the Court *sua sponte*" and that "[c]ourts consider numerous factors when deciding whether to permissively abstain from a proceeding" (first citing *Golf Club at Bridgewater, L.L.C. v. Whitney Bank (In re The Golf Club at Bridgewater, LLC)*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *4 (M.D. Fla. Mar. 22, 2013); and then citing *E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002))).
[7] *See* Fed. R. Bankr. P. 7001(j) (providing that "a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452" is a type of adversary proceeding).

For the foregoing reasons, it is **ORDERED**:

1. The Clerk is directed to **REMAND** the Association Action to the Eighteenth Judicial Circuit in and for Brevard County, Florida, where the Association Action may proceed.

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this Order to the Brevard County Clerk of Courts, P.O. Box 219, Titusville, FL 32781-0219.

3. Nothing in this Order shall in any way alter, impair, or prejudice the parties' substantive or procedural rights in connection with the Association Action.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.