**ORDERED.**

**Dated: November 13, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re<br><br>Canaveral Crossroads, LLC and<br>Sherwood Construction, Inc.,<br><br>Debtors. | Chapter 11<br>Case No. 6:26-bk-05426-GER<br>Case No. 6:26-bk-05428-GER<br><br>Jointly Administered *under*<br>Case No. 6:26-bk-05426-GER |
| In re<br><br>Canaveral Crossroads, LLC,<br>Case No. 6:26-bk-05426-GER<br><br>Applicable Debtor. | |

**ORDER REMANDING FORECLOSURE ACTION**
**(re: Doc. No. 8)**

THIS CASE came before the Court on October 14, 2026 at 1:30 p.m. upon the *Court's Order to Show Cause Why Court Should Not Abstain and Remand Cases to the Florida State Court* (Doc. No. 16). On August 20, 2026, Debtor Canaveral Crossroads, LLC ("Debtor") filed the Notice of Removal,[1] attempting to remove case number 05-2025-CA-038877-XXCA-BC (the "Foreclosure

[1] *Defendant Canaveral Crossroads, LLC's Notice of Removal* (Doc. No. 8) (the "Notice of Removal").

Action") from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. The Notice of Removal details the claims involved in the Foreclosure Action.

Debtor alleges that "[t]he Foreclosure Action seeks to enforce a lien upon, and to establish and liquidate a claim against, the Debtor and property in which the estate has or may have an interest, and its outcome will affect the administration, liquidation, and distribution of the estate."[2] Debtor consents to the entry of final orders.[3]

A civil action may only be removed to a bankruptcy court when jurisdiction is established under 28 U.S.C. § 1334.[4] Debtor asserts that the Foreclosure Action is a "core proceeding";[5] however, the Court finds that the Foreclosure Action is within this Court's "related to" jurisdiction under 28 U.S.C. § 1334(b) and strictly involves matters of state law that do not need to be litigated in this Court. Furthermore, permissive abstention is appropriate pursuant to 28 U.S.C. § 1334(c)(1).[6]

Finally, Debtor should have filed the Notice of Removal as an adversary proceeding.[7] Additionally, Local Rule 9027-1 required Debtor to separately file the operative pleadings, substantive rulings, and any pending motions and responses from the Foreclosure Action within seven days of the filing of the Notice of Removal; however, Debtor failed to timely do so.

For the foregoing reasons, it is **ORDERED**:

---

[2] Notice of Removal ¶ 7.
[3] Notice of Removal ¶ 10.
[4] 28 U.S.C. § 1452(a).
[5] Notice of Removal ¶ 9.
[6] *See, e.g.*, *Orlando Gateway Partners, LLC v. Good Gateway, LLC (In re Orlando Gateway Partners, LLC)*, 555 B.R. 848, 853 & nn.25 & 27 (Bankr. M.D. Fla. 2016) (recognizing that "[p]ermissive abstention may be raised by the Court *sua sponte*" and that "[c]ourts consider numerous factors when deciding whether to permissively abstain from a proceeding" (first citing *Golf Club at Bridgewater, L.L.C. v. Whitney Bank (In re The Golf Club at Bridgewater, LLC)*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *4 (M.D. Fla. Mar. 22, 2013); and then citing *E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002))).
[7] *See* Fed. R. Bankr. P. 7001(j) (providing that "a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452" is a type of adversary proceeding).

1. The Clerk is directed to **REMAND** the Foreclosure Action to the Eighteenth Judicial Circuit in and for Brevard County, Florida, where the Foreclosure Action may proceed.

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this Order to the Brevard County Clerk of Courts, P.O. Box 219, Titusville, FL 32781-0219.

3. Nothing in this Order shall in any way alter, impair, or prejudice the parties' substantive or procedural rights in connection with the Foreclosure Action.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.