**ORDERED.**

**Dated: November 20, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| Canaveral Crossroads, LLC and | ) | Case No. 6:26-bk-05426-GER |
| Sherwood Construction, Inc., | ) | Case No. 6:26-bk-05428-GER |
| | ) | |
| Debtors. | ) | Jointly Administered *under* |
| | ) | Case No. 6:26-bk-05426-GER |

**ORDER[1] (1) GRANTING IN PART MOTION FOR RECONSIDERATION OF THE DEADLINE TO RETAIN NEW COUNSEL AND (2) RESETTING DEADLINE TO RETAIN COUNSEL**

THESE CASES came before the Court on November 12, 2026 at 2:30 p.m. (the "Hearing") for consideration of *Canaveral Crossroads, LLC and Sherwood Construction, Inc.'s Motion for Reconsideration of the Deadline to Retain New Counsel (Doc. 94) and for a Reasonable Time to Retain Counsel* (Doc. No. 102) (the "Motion") filed by Debtors,[2] requesting an extension of the deadline set forth in the *Order (1) Disapproving Applications to Employ and (2) Setting Deadline to Retain Counsel* (Doc. No. 94) (the "Prior Order") for Debtors to retain new counsel and to allow Christopher L. Smith ("Mr. Smith") to act in a limited capacity until the retention of new

[1] The proposed order submitted to the Court was modified in Chambers.
[2] "Debtors" refers to Canaveral Crossroads, LLC ("Canaveral") and Sherwood Construction, Inc.("Sherwood").

counsel. The Court, having considered the Motion and the record, and for the reasons stated in open court at the Hearing, it is

**ORDERED**:

1. The Motion (Doc. No. 102) is **GRANTED IN PART**, and the Prior Order (Doc. No. 94) is amended as set forth herein.

2. **Prior to the hearing scheduled for December 3, 2026 at 11:30 a.m.** (the "Hearing"),[3] Debtors shall retain new counsel.[4]

3. Failure to retain counsel by the Hearing will result in dismissal of these cases.

4. Mr. Smith may act as counsel for Debtors in this jointly administered case on matters with third parties only until the earlier of (a) the Hearing or (b) Debtors retaining new counsel. Mr. Smith serves without any guarantee of compensation, and he may receive from either estate only the compensation, if any, that the Court allows after application and order. Mr. Smith must not take any position for Crossroads or Sherwood on Sherwood's claim against Canaveral.

5. As stated in the Prior Order, in the event that the Sherwood case is not dismissed at the Hearing, the Court will address whether it is appropriate to vacate the Joint Administration Orders.[5]

# # #

Attorney Christopher Smith is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.

---

[3] This includes a hearing on a global compromise and *Canaveral Crossroads, LLC's Amended Motion to Approve Compromise of Controversy and Motion to Shorten Time* (Doc. No. 113).

[4] As of the entry of this Order, an application to employ Herron Hill Law Group, PLLC has been filed with respect to Canaveral Crossroads, LLC. *See Canaveral Crossroads, LLC's Application to Employ Herron Hill Law Group, PLLC as Attorneys* (Doc. No. 111). However, this Order applies to both Debtors, each of whom are required to be represented by counsel.

[5] *Order Granting Motion for Joint Administration* (Doc. No. 61); *Order Granting Motion for Joint Administration* (Case No. 6:26-bk-05428-GER, Doc. No. 29) (the "Joint Administration Orders").