**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CANAVERAL CROSSROADS, LLC, and<br>SHERWOOD CONSTRUCTION, INC., | Case No. 6:26-bk-05426-GER<br>Case No. 6:26-bk-05428-GER |
| Debtors.<br>______________________________/ | Jointly Administered under<br>Case No. 6:26-bk-05426-GER |

**Applies to Sherwood Construction, Inc. only**

**SHERWOOD CONSTRUCTION, INC.'S AMENDED MOTION TO APPROVE COMPROMISE OF CONTROVERSY AND REQUEST FOR HEARING ON DECEMBER 3, 2026**

Sherwood Construction, Inc. ("Sherwood"), as debtor-in-possession, by and through undersigned counsel and pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 1107(a), moves for the entry of an order approving a global compromise by and between Sherwood, the Dixon Parties,[1] the Flynn-Johnson Parties,[2] the Pitkanen Parties,[3] and Yaniv Amar (the "Motion") and in support states as follows:

---

[1] The "Dixon Parties" collectively refers to PEDixon LLC; ZPD LLC; Crescent Sound, Ltd., individually; Crescent Sound, Ltd., in any capacity as trustee of the Tiered Land Trust; Parke Financial Limited Partnership; and Kenneth G. Dixon, individually.

[2] The "Flynn-Johnson Parties" collectively refers to Martin C. Flynn, Jr., individually; Martin C. Flynn, Jr., as debtor and debtor-in-possession in the Flynn Case; Tracey Hester Flynn; 650 85th LLC; WM Holdings Group, LLC aka WM Holdings, LLC; MTF Holdings, LLC; Horton S. Johnson, individually; Horton S. Johnson, as trustee of the Horton S. Johnson Revocable Trust dated August 3, 2012; Horton S. Johnson, as successor trustee of the Tiered Land Trust under section 5.2 of the Settlement Agreement; Homemakers Real Estate, LLC, by and through Lara Roeske Fernandez, as Chapter 11 Trustee; Sherwood Construction, Inc., as debtor-in-possession in the Sherwood Case; Canaveral Crossroads, LLC, as debtor-in-possession in the Canaveral Case; Tiered Capital, Inc.; Cape Crossing Vacation Rentals, LLC; A Marine, Inc.; IMQA Investments, Incorporated; Frank Amodeo, individually, acting through Brian Horwitz, Esq., counsel for the guardians of Frank Amodeo, under section 16.14 of the Settlement Agreement; Holly Bluff Marina, Inc.; Florida Space Coast Resorts, Inc., a dissolved Florida corporation acting through Tiered Capital, Inc.; and Recycled Group of South Carolina, LLC.

[3] The "Pitkanen Parties" collectively refers to Alison Pitkanen, individually; Alison Pitkanen Law Firm LLC; and Alison Pitkanen, P.A.

## RELIEF REQUESTED

Sherwood requests approval of the Global Settlement Agreement and Mutual General Release (the "Settlement Agreement"), a true and correct copy of which, fully executed, is attached hereto as Exhibit A, that globally resolves the disputes among Sherwood, the Dixon Parties, the Flynn-Johnson Parties, the Pitkanen Parties, and Yaniv Amar relating to the Loan Agreement, the TC Loan, the Tiered Land Trust, the alleged guaranty of Sherwood, and the related actions, claims, liens and proofs of claim, as more fully described below. Exhibit A is the same document that Lara Roeske Fernandez, the Chapter 11 Trustee of Homemakers Real Estate, LLC (the "Homemakers Trustee"), filed on November 12, 2026 as Exhibit A to the Motion to Approve Compromise of Controversy and Request for Expedited Hearing in In re Homemakers Real Estate, LLC, Case No. 6:25-bk-05570-GER (the "Homemakers Case"), Doc. No. 459 (the "Homemakers Motion"). Capitalized terms used but not defined in this Motion have the meanings given to them in the Settlement Agreement.

This Motion amends and supersedes Sherwood Construction, Inc.'s Motion to Approve Compromise with the Dixon Parties and Request for Hearing (Doc. No. 101) (the "Original Motion"). The Original Motion was filed on November 10, 2026, before every party had signed the Settlement Agreement, and attached the Settlement Agreement with the signature pages delivered as of November 6, 2026. Every party has now signed the Settlement Agreement. Sherwood requests that the Court hear this Motion on December 3, 2026 at 11:30 a.m., the date and time already set for the preliminary hearing on the Original Motion and the original companion motion of Crossroads (Doc. No. 108) and for the hearing on the Homemakers Motion (Homemakers Case Doc. No. 465).

## JURISDICTION

1. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 9019 and 11 U.S.C. § 1107(a). The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O). Venue is proper under 28 U.S.C. § 1409.

## BACKGROUND

2. Sherwood is a Florida corporation and a general contractor. Sherwood built much of the Cape Crossing Resort & Marina in Merritt Island, Brevard County, Florida, and affordable-housing projects in Florida and Tennessee. Sherwood has not operated since 2024 and holds no real property. The principal assets of Sherwood are receivables owed to Sherwood by former customers.

3. On July 20, 2026, petitioning creditors filed an involuntary chapter 7 petition against Sherwood (Sherwood Doc. No. 1). The Court entered the order for relief and converted the case to chapter 11 on September 8, 2026 (Sherwood Doc. No. 8). On September 30, 2026, the Court ordered joint administration of this case and the case of Canaveral Crossroads, LLC ("Crossroads") under Case No. 6:26-bk-05426-GER (Doc. No. 61; Sherwood Doc. No. 29). Sherwood continues as debtor-in-possession under 11 U.S.C. § 1107(a), acting through Ross Johnston as Chief Restructuring Officer.

4. On October 30, 2026, the Court disapproved the employment of Christopher L. Smith as counsel for Crossroads and Sherwood and set a deadline for Crossroads and Sherwood to retain new counsel (Doc. No. 94). On November 20, 2026, the Court granted in part the motion for reconsideration of that deadline, directed Crossroads and Sherwood to retain new counsel before the hearing on December 3, 2026 at 11:30 a.m., and permitted Mr. Smith to act as

counsel for Crossroads and Sherwood on matters with third parties until the earlier of that hearing or the retention of new counsel (Doc. No. 122). Undersigned counsel files this Motion under that order. This Motion concerns a compromise with third parties. It takes no position on the claim of Sherwood against Crossroads, which the Settlement Agreement preserves (Section 9.6(c)). The Amended Motion to Dismiss Chapter 11 Case filed for Sherwood (Doc. No. 85) is continued to December 3, 2026 at 11:30 a.m. (Doc. No. 107). If this case is dismissed before the Court rules on this Motion, Sherwood will ratify the Settlement Agreement as Section 14.6(a) of the Settlement Agreement provides.

5. In September 2023, PEDixon LLC ("PEDixon"), ZPD LLC ("ZPD"), Tiered Capital, Inc. ("Tiered") and others signed a Loan Agreement dated September 14, 2023 (the "Loan Agreement"). The Loan Agreement did not make a new loan. The Loan Agreement aggregated, for repayment, existing loans made or acquired by PEDixon and ZPD and owed by Tiered and certain of the other Flynn-Johnson Parties, and cross-collateralized the collateral for each of those loans. PEDixon and ZPD separately advanced $750,000.00. The existing loans and the $750,000.00 advance are referred to together as the "TC Loan."[4] PEDixon and ZPD contend that the TC Loan is further supported by a trust referred to as the Tiered Land Trust and by related assignments and transfers.

6. PEDixon and ZPD sued Sherwood as an alleged guarantor of the TC Loan in PEDixon LLC and ZPD LLC v. Martin C. Flynn, Jr., et al., Case No. 2025-CA-002359-CI (Fla. 9th Cir. Ct., Osceola Cnty.) (the "Guaranty Case"). PEDixon also asserted counterclaims against Sherwood in 650 85th, LLC v. PEDixon LLC, Case No. 2025-CA-000518 (Monroe County), removed to this Court as Adv. Pro. No. 6:26-ap-00068-LVV (together, the "650 Case").

[4] Under the Loan Agreement, Tiered is listed as the borrower and certain of the other Flynn-Johnson Parties are listed as guarantors. Both PEDixon and ZPD are controlled by Kenneth G. Dixon.

Sherwood sued PEDixon and others in Sherwood Construction, Inc. v. PEDixon LLC, et al., Adv. Pro. No. 6:26-ap-00198-GER (the "Sherwood Adversary"). Sherwood scheduled PEDixon as holding a disputed unsecured claim of $2,100,000.00 (Sherwood Doc. No. 28) (the "Scheduled PEDixon Claim"). No Dixon Party and no Pitkanen Party filed a proof of claim in this case. On September 25, 2026, Sherwood made a demand on Alison Pitkanen for an accounting and turnover.

7. The validity and enforceability of the Loan Agreement, the TC Loan, the related guaranties, the Tiered Land Trust and the related assignments and transfers are disputed. The Dixon Parties contend that those loans and documents are valid and enforceable. The Flynn-Johnson Parties, including Sherwood, contend that the loans are usurious, that documents supporting the loans were forged, and that the loans have been repaid. All parties recognize that real money was lent and that money was repaid. The Settlement Agreement does not admit, and does not require any party to admit, any of those positions (Section 1.2 of the Settlement Agreement). The same disputes are pending in the Homemakers Case and in In re Martin C. Flynn, Jr., Case No. 6:26-bk-00399-LVV (the "Flynn Case").

8. In September 2026, at the request of the parties, the Court in the Homemakers Case directed the Homemakers Trustee and PEDixon and ZPD to participate in a judicial settlement conference for a possible resolution of all issues between the Homemakers estate and PEDixon and ZPD (Homemakers Case Doc. No. 386) (the "Judicial Settlement Conference"). In the leadup to the Judicial Settlement Conference, the Homemakers Trustee, the Dixon Parties and the Flynn-Johnson Parties, including Sherwood, explored a potential global resolution of all issues among them.

9. Every party has now signed the Settlement Agreement. The Homemakers Trustee filed the Homemakers Motion on November 12, 2026, with the fully executed Settlement Agreement as Exhibit A, and the Court set the Homemakers Motion for hearing on December 3, 2026 at 11:30 a.m. (Homemakers Case Doc. No. 465). Martin C. Flynn, Jr. filed the companion motion in the Flynn Case on November 13, 2026 (Flynn Case Doc. No. 129). Crossroads filed its amended companion motion in this jointly administered case on November 18, 2026 (Doc. No. 113).

10. Exhibit B to the Settlement Agreement is a separate settlement among PEDixon, ZPD, Martin C. Flynn, Jr., and entities related to Martin C. Flynn, Jr. (the "Flynn Agreement"). The Flynn Agreement governs the claims of PEDixon and ZPD in the Flynn Case, the conveyance of property owned by 650 85th, LLC (the "650 85th Property"), and the release of the mortgage on the residence of Martin C. Flynn, Jr., and approval of the Flynn Agreement is sought in the Flynn Case. Sherwood is not a party to the Flynn Agreement, takes nothing under the Flynn Agreement, and gives nothing under the Flynn Agreement. The Settlement Agreement attached to the Original Motion carried an earlier draft of the Flynn Agreement; the Settlement Agreement attached to this Motion includes the Flynn Agreement as executed on November 11, 2026.

## SETTLEMENT TERMS[5]

11. At the Judicial Settlement Conference, the parties ultimately reached a global settlement as described in detail in the Settlement Agreement attached as Exhibit A, the key

[5] The following section is a summary of the material terms of the Settlement Agreement, provided solely for the convenience of the Court and parties-in-interest. It is qualified in its entirety by reference to the Settlement Agreement, a true and correct copy of which is attached hereto as Exhibit A. In the event of any inconsistency, ambiguity, or conflict between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall control. All parties-in-interest are encouraged to review the Settlement Agreement in its entirety. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

terms of which are more fully described below. The Settlement Agreement must be approved in each of the four Bankruptcy Cases: the Homemakers Case; the Flynn Case; In re Sherwood Construction, Inc., Case No. 6:26-bk-05428-GER; and In re Canaveral Crossroads, LLC, Case No. 6:26-bk-05426-GER. Companion motions under Bankruptcy Rule 9019 have been filed in each of the other cases, as required by Section 14.2 of the Settlement Agreement. The Effective Date is the first business day after the approval orders in all four cases have become Final Orders (or, for any case dismissed before approval, after ratification under Section 14.6 of the Settlement Agreement). The Dixon Payor Parties are PEDixon, ZPD, Crescent Sound, Ltd. and Parke Financial Limited Partnership. Except as otherwise stated below, upon the occurrence of the Effective Date:

a. The Dixon Payor Parties, jointly and severally, shall pay the aggregate sum of $2,500,000.00 (the "Settlement Payment") within fourteen (14) days after the Effective Date, to resolve any and all claims that the four estates and the Flynn-Johnson Parties have against the Dixon Parties, including, but not limited to, the validity and enforceability of the Loan Agreement, the TC Loan, the Tiered Land Trust, and the related guaranties, assignments and transfers (Section 5.1);

b. The Settlement Payment shall be paid by separate payments as follows: (i) $850,000.00 to the Homemakers Trustee, for the Homemakers estate; (ii) $30,000.00 to Crossroads, as debtor-in-possession; (iii) $10,000.00 to Sherwood, as debtor-in-possession; (iv) $10,000.00 to Martin C. Flynn, Jr., as debtor-in-possession; and (v) $1,600,000.00 to the Paying Agent, to be held until the Settlement Consummation Date and then paid to the Global Settlement Trust for distribution among the Parties that are not Estate Parties, Dixon Parties or Pitkanen Parties under separate agreements among

them, as provided in Section 6 of the Settlement Agreement. The portion payable to Sherwood is paid in settlement of the claims and causes of action of the Sherwood estate, including claims under 11 U.S.C. §§ 544, 547, 548 and 550, and does not constitute a payment of rents or of the proceeds of any creditor's collateral;

c. The Dixon Parties and the Pitkanen Parties shall withdraw, with prejudice, all proofs of claim filed by any Dixon Party or Pitkanen Party in the Bankruptcy Cases, including every claim filed by a Dixon Party or a Pitkanen Party in the Canaveral Case or the Sherwood Case, except for the Flynn Allowed Claim (as defined in the Settlement Agreement), which is preserved solely for voting on, and receiving distributions under, a plan in the Flynn Case; the Dixon Parties shall not seek any credit bid, any claim under 11 U.S.C. § 502(h), or any administrative expense claim in the Homemakers Case; and no Dixon Party or Pitkanen Party shall vote any claim in the Bankruptcy Cases, except that PEDixon and ZPD shall vote the Flynn Allowed Claim to accept the plan proposed by Martin C. Flynn, Jr. in the Flynn Case (Section 8.4; Exhibit A, items 11-13);

d. In the Homemakers Case, Proof of Claim 2-1 filed by WM Holdings Group LLC shall be disallowed in full with prejudice; Proof of Claim 3-1 filed by CTO Holdings Inc., as amended by Proof of Claim 3-2, shall be withdrawn with prejudice and disallowed in full with prejudice; Proof of Claim 4-2 filed by IMQA Investments Incorporated, as amended by Proof of Claim 4-3, shall be allowed as a general unsecured claim in the amount of $350,000.00; Proof of Claim 5-2 filed by Horton S. Johnson shall be allowed as a general unsecured claim in the amount of $1,297,493.97; and Proof of Claim 71-1 filed by Tiered shall be disallowed in full with prejudice;

e. Crescent Sound, Ltd. shall resign as trustee of the Tiered Land Trust, and Horton S. Johnson shall be appointed as successor trustee of the Tiered Land Trust;

f. Each Dixon Payor Party shall assign, transfer and relinquish to the Tiered Land Trust, acting through Horton S. Johnson as successor trustee, all right, title and interest, if any, in and to any membership interest, units or other equity of Homemakers Real Estate, LLC, for subsequent conveyance to Horton S. Johnson; provided, however, that nothing in the Settlement Agreement transfers any property of the Homemakers estate or affects the rights or duties of the Homemakers Trustee;

g. All liens, mortgages, security interests, UCC financing statements, notices of lis pendens, assignments and other recorded interests, whether or not recorded, held or asserted by any Dixon Party or Pitkanen Party against any Flynn-Johnson Party, Yaniv Amar, or the property of any Flynn-Johnson Party or Yaniv Amar, or by any Flynn-Johnson Party or Yaniv Amar against any Dixon Party, any Pitkanen Party, or the property of any Dixon Party or Pitkanen Party, shall be released, terminated and canceled effective as of the Settlement Consummation Date, as set forth in the Settlement Agreement, except the mortgage on the 650 85th Property, which is governed by the Flynn Agreement, and any claim or interest between Crossroads and Sherwood preserved under Section 9.6(c) of the Settlement Agreement (Section 7.1; Exhibit E);

h. The mutual general releases set forth in the Settlement Agreement shall become effective on the Settlement Funding Date. By those releases, (i) the Dixon Parties, on the one hand, and the Flynn-Johnson Parties (including Sherwood) and Yaniv Amar, on the other hand, release one another, and (ii) the Pitkanen Parties, on the one hand, and every other Party except the Dixon Parties (including Sherwood), on the other

hand, release one another, in each case from all claims, known or unknown, arising from the beginning of the world through the execution of the Settlement Agreement, subject to the exclusions stated therein. Claims between the Dixon Parties and the Pitkanen Parties are not released, but no such claim may be asserted against any Flynn-Johnson Party or Yaniv Amar. No release benefits any person listed on Schedule 2.4 to the Settlement Agreement (the "Excluded Persons"), and Sherwood retains every claim of the Sherwood estate against the Excluded Persons (Sections 2.4, 9.1, 9.2, 9.6 and 9.9; Schedule 2.4);

i. The Homemakers Trustee and the related persons of the Homemakers Trustee shall be released, discharged and held harmless from any and all claims arising from any act, omission, transaction or event occurring through the execution of the Settlement Agreement, which release is effective upon entry of the order approving the Settlement Agreement in the Homemakers Case and shall be final and irrevocable without any exception or exclusion (Section 15);

j. The parties shall dismiss or withdraw, with prejudice, all actions, claims and motions among them, as listed on Exhibit A to the Settlement Agreement, including Horton S. Johnson v. Crescent Sound, Ltd., et al., Case No. 2026-CA-001368-O (Orange County), which is dismissed with prejudice in its entirety (Section 8.1; Exhibit A);

k. Frank Amodeo shall dismiss, with prejudice, the appeal by Frank Amodeo of the Order Denying Motions to Disqualify Pedixon LLC and ZPD LLC From Participation (Homemakers Case Doc. No. 344), pending before the United States District Court for the Middle District of Florida, as Case No. 6:26-cv-02089;

l. As to Sherwood: the Guaranty Case is dismissed with prejudice as to every defendant, the 650 Case, including every counterclaim of PEDixon against

Sherwood, is dismissed with prejudice, and the Sherwood Adversary is dismissed with prejudice (Section 8.1; Exhibit A, items 1, 6 and 16); every claim of the Dixon Parties against Sherwood, including the Scheduled PEDixon Claim, is released (Section 9.1); and Sherwood releases the Dixon Parties and the Pitkanen Parties, including the demand of September 25, 2026 on Alison Pitkanen (Sections 9.2 and 9.9); and

m. Nothing in the Settlement Agreement releases any claim between Crossroads and Sherwood or any amount owed between them (Section 9.6(c)), and nothing in the Settlement Agreement releases any claim of Sherwood against the Excluded Persons, who include Cherry Village GP, LLC; Cherry Village, LP; Austin Commons GP, LLC; Austin Commons, LP; Trent Development; and Surfside Pointe, LLC (Section 9.6(e); Schedule 2.4).

**MEMORANDUM OF LAW**

12. A debtor-in-possession has the rights and powers of a trustee, including the power to seek approval of a compromise of claims of the estate. 11 U.S.C. § 1107(a). Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

13. Rule 9019(a) gives the Court broad authority in approving compromises or settlements. *In re Simmons*, 520 B.R. 136, 141 (Bankr. M.D. Fla. 2014); *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this

discretion, the court should approve the proposed settlement if it is in the best interests of the estate. *Id.* In determining whether a proposed compromise is in the best interests of the estate, the Bankruptcy Court should consider the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990). A court considering the approval of a settlement need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988); *In re Martin*, 91 F.3d 389 (3rd Cir. 1996).

14. Sherwood asserts the Settlement Agreement satisfies the *Justice Oaks* factors and should be approved. The Settlement Agreement resolves, on a global basis, a series of contested issues without the cost and expense of Sherwood defending the Guaranty Case and the counterclaims of PEDixon in the 650 Case and prosecuting the Sherwood Adversary. These contested issues include, but are not limited to, the validity and enforceability of the Loan Agreement, the TC Loan, the alleged guaranty of Sherwood and the Tiered Land Trust, the Scheduled PEDixon Claim, and the claims of Sherwood against PEDixon and Alison Pitkanen. The difficulties to be encountered in the matter of expense, inconvenience and delay necessarily attending to the litigation weigh in favor of compromise, with the costs to litigate these contested issues to trial reducing any recovery, as the claims are complex, facts are disputed and competing expert testimony will be required. Sherwood has no operating revenue. The cost of that litigation

would be paid from the receivables that are the principal source of payment to the creditors of Sherwood.

15. Furthermore, the Settlement Agreement eliminates the Scheduled PEDixon Claim of $2,100,000.00, which would otherwise share in every dollar Sherwood collects, and ends the asserted liability of Sherwood as a guarantor of the TC Loan. Sherwood pays nothing and receives $10,000.00. The Settlement Agreement also preserves the assets that will pay the creditors of Sherwood: no release benefits the Excluded Persons, who include the obligors on the largest receivables of Sherwood (Cherry Village GP, LLC; Cherry Village, LP; Austin Commons GP, LLC; Austin Commons, LP; Trent Development; and Surfside Pointe, LLC), and no claim between Sherwood and Crossroads is released (Section 9.6(c)).

16. As a result, Sherwood believes that the proposed Settlement Agreement is in the best interests of the Sherwood estate and the creditors of Sherwood.

**REQUEST FOR HEARING ON DECEMBER 3, 2026**

17. Sherwood requests that the Court hear this Motion on December 3, 2026 at 11:30 a.m. December 3, 2026 is fewer than twenty-one (21) days after service of this Motion. Cause exists under Bankruptcy Rules 2002(a)(3) and 9006(c)(1) to shorten the notice period. First, the Original Motion, filed on November 10, 2026, sought approval of the same compromise, and the notice setting the Original Motion for preliminary hearing on December 3, 2026 at 11:30 a.m. was filed on November 16, 2026 (Doc. No. 108). Second, this Motion attaches the fully executed Settlement Agreement and describes the same compromise in the form of the Homemakers Motion. Third, the Effective Date occurs only after the approval orders in all four Bankruptcy Cases become Final Orders, and the Homemakers Motion is set for hearing at the same date and time, so a hearing on December 3, 2026 keeps the approvals on one schedule. Fourth, every party

to the Settlement Agreement has agreed to support the motions to approve the Settlement Agreement and not to object to them (Section 14.3 of the Settlement Agreement).

WHEREFORE, Sherwood Construction, Inc., as debtor-in-possession, respectfully requests the entry of an Order: (a) approving the Settlement Agreement in its entirety pursuant to Bankruptcy Rule 9019; (b) authorizing Sherwood, acting through Ross Johnston as Chief Restructuring Officer, to execute the Settlement Agreement and to take all actions reasonably necessary to perform it; (c) finding that notice of this Motion and of the hearing on December 3, 2026 was sufficient under Bankruptcy Rules 2002(a)(3) and 9006(c)(1); (d) providing that, effective as the Settlement Agreement provides, every claim of the Dixon Parties against Sherwood, including the Scheduled PEDixon Claim, is released, and the Guaranty Case (as to Sherwood), the counterclaims of PEDixon against Sherwood in the 650 Case, and the Sherwood Adversary are dismissed with prejudice; (e) providing that nothing in the order or the Settlement Agreement releases any claim between Sherwood and Crossroads or any claim of Sherwood against the Excluded Persons; (f) providing that this Motion supersedes the Original Motion (Doc. No. 101); (g) retaining jurisdiction to interpret and enforce the order and the Settlement Agreement as they affect this case; and (h) granting such other and further relief as is just and equitable.

Dated: November 24, 2026

Respectfully submitted,
/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461
Law Offices of Christopher Smith
4767 New Broad Street
Orlando, Florida 32814
Telephone: (689) 303-1470
Email: Chris@CLSOrlandoLaw.com
Counsel for Sherwood Construction, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 24, 2026, I filed this Motion, with Exhibit A, with the clerk of court through the CM/ECF system, which served it electronically on every party registered for electronic notice in these jointly administered cases, including the parties listed as served electronically on the attached service list. On the same day, under Fed. R. Bankr. P. 2002(a)(3), I served a copy of this Motion by first-class United States mail, postage prepaid, on the 70 parties listed on the attached service list who do not receive service by CM/ECF. The mailed copies do not include Exhibit A, which is 85 pages, is the same document filed as Exhibit A to Doc. No. 113 in this case and Doc. No. 459 in Case No. 6:25-bk-05570-GER, and is available from undersigned counsel on request.

/s/ Christopher L. Smith
Christopher L. Smith, Esq.
Florida Bar No. 367461

## SERVICE LIST

### Sherwood Construction, Inc.'s Amended Motion to Approve Compromise of Controversy (Global Settlement)

Served electronically through CM/ECF on November 25, 2026, and not mailed: United States Trustee (Aleskovsky); Canaveral Crossroads, LLC (Herron); Horton S. Johnson (Leibert); IMQA Investments, Inc. (Kosto); Tamamoi LLC (Savastano); Michael McPhillips (D'Aniello, Crowder); Cape Crossing Condominium Association, Inc., Cape Crossing Townhome Association, Inc. and James Ponson (Crowder); PEDIXON LLC (Ainsworth, Morando, Branson); Ken Dixon, Crescent Sound Ltd., Parke Financial Limited Partnership and ZPD LLC (Branson); Billd Exchange, LLC (Eves, Haughey); Alison Pitkanen and Alison Pitkanen, P.A. (Bado); and the Debtors (Smith). Mailed November 25, 2026, by first-class United States mail, postage prepaid, without Exhibit A, to each party on the Sherwood Construction, Inc. mailing matrix and to each claimant in Case No. 6:26-bk-05428-GER at its Rule 2002(g) notice address who does not receive service by CM/ECF, and to Frank L. Amodeo. On the Sherwood matrix with no mailing address — not served: Christian's Lawn Service, LLC; Duval Master Construction; G&R Windows; Reyes Construction; Cortez.

1. Stratus Roofing
2200 Lucien Way #400
Maitland, FL 32751

2. Reyes Florida Carpentry, Inc.
25874 SW 144th Court
Homestead, FL 33032

3. Violet Mariposa
4409 Hoffner Ave. Unit 547
Orlando, FL 32812

4. Custom Cleaning Inc.
624 73rd St Ocean Apt. 306
Marathon, FL 33050

5. Rapture Air
37206 FL-19
Umatilla, FL 32784

6. ABC Supply Co
PO Box 742067
Atlanta, GA 30374

7. Porch Swing Investments, Inc.
d/b/a Screenmobile of Vero Beach
1425 55th Court SW
Vero Beach, FL 32968

8. Lulich & Attorneys, P.A.
Attn: Daniella Pulido, Esq.
1069 Main Street
Sebastian, FL 32958

9. Pat's Plumbing Service
9627 Gota Road
Windermere, FL 34786

10. Chase Visa
c/o Ken Jones
4409 Hoffner Avenue
Orlando, FL 32812

11. H&L United Construction
1155 Amethyst Dr.
Vero Beach, FL 32968

12. Suncoast Roofing Supply
2251 Mercy Drive
Orlando, FL 32808

13. Ferguson Enterprises
10355 S Orange Ave Ste B
Orlando, FL 32824

14. County Materials
25750 County Rd 561
Astatula, FL 34705

15. Launch Credit Union
300 South Plumosa St.
Merritt Island, FL 32952

16. MPL Company
203 N Edgerton St
Fairland, IN 46126

17. Osceola Windows & Doors
2090 Old Hickory Tree Rd Unit 101
St Cloud, FL 34769

18. HD Supply
3400 Cumberland Blvd SE
Atlanta, GA 30339

19. Pronto Waste Services
7000 NW 35th Ave
Miami, FL 33147

20. Concrete Life
141 East Jefferson St.
Center Hill, FL 33514

21. Sunbelt Rentals
1799 Innovation Pt.
Fort Mill, SC 29715

22. Spectrum Enterprise
400 Washington Blvd.
Stamford, CT 06902

23. Taylorworks IT
1435 W. SR 434 Suite 109
Longwood, FL 32750

24. USA Seamless Gutters
1201 Strimenos Lane
Leesburg, FL 34748

25. Sherwin Williams
101 W Prospect Ave
Cleveland, OH 44115

26. Waste Terminal Cleaning Solutions
3020 NE 41st Terrace
Homestead, FL 33033

27. Waste Management Corp.
800 Capitol Street Suite 3000
Houston, TX 77002

28. High Reach
1371 SW 32nd Way
Deerfield Beach, FL 33442

29. Blue Water Solutions
4000 W 6th St. Suite B214
Lawrence, KS 66049

30. Heyden Supply
575 James Rd.
Alpharetta, GA 30004

31. Luna Master Painting
35546 Shelley Dr.
Leesburg, FL 34788

32. Tiki Huts
19401 SW 187th Ave
Miami, FL 33187

33. Jani King
2469 Sunset Point Rd.
Clearwater, FL 33765

34. Jimmy's AC & Refrigeration
46 43rd Ct
Vero Beach, FL 32968

35. Amerisure
PO Box 9098
Farmington Hills, MI 48333

36. David Littiken Plumbing
13524 Sandcastle Dr.
Groveland, FL 34736

37. Hiti Inc.
PO Box 70299
Philadelphia, PA 19176

38. National Rent-A-Fence
6356 Narcoossee Rd.
Orlando, FL 32822

39. ADT Security
1501 Yamato Rd.
Boca Raton, FL 33431

40. ReadyRefresh
PO Box 856680
Louisville, KY 40285

41. UES
4205 Vineland Rd. Suite L1
Orlando, FL 32811

42. Nextiva
9451 East Via De Ventura
Scottsdale, AZ 85256

43. ADP
1 ADP Boulevard, Mail Stop C421
Roseland, NJ 07068

44. Duke Energy
PO Box 70516
Charlotte, NC 28272

45. E&L Harris Construction
1507 Jefferson Dr.
Mount Dora, FL 32757

46. Outhouse Rentals
2530 State Road 60 West
Lake Wales, FL 33855

47. Spectrum
Charter 2 Digital Place 4th Floor
Simpsonville, SC 29681

48. Afteractive
12001 Research Pkwy #236
Orlando, FL 32826

49. Trent - Cherry Village Note
c/o Cherry Village, L.P.
421 NE 12th Avenue
Homestead, FL 33030

50. Martin C. Flynn, Jr.
14556 Saint Georges Hill Drive
Orlando, FL 32828

51. Trent - Eustis Note
c/o Austin Commons, LP
1011 Cherry Ave
Nashville, TN 37201

52. Pitkanen / Lagenhoff
c/o Alison Pitkanen, Esq.
1980 N. Atlantic Ave, Suite 328
Cocoa Beach, FL 32931

53. Trent Development (Pitkanen)
c/o Alison Pitkanen, Esq.
1980 N. Atlantic Ave, Suite 328
Cocoa Beach, FL 32931

54. Joanna G. Bornmiller
14556 Saint Georges Hill Drive
Orlando, FL 32828

55. Ebenezer Stone LLC
571 SE Crosspoint
Port St. Lucie, FL 34983

56. John Abell
10500 SW 186th St
Cutler Bay, FL 33157

57. Endless Management Construction
720 NE 13th St.
Homestead, FL 33030

58. United Healthcare
PO Box 241029
St Paul, MN 55124

59. Garcia Brothers Construction
13303 SW 315th St.
Homestead, FL 33033

60. Colony Insurance Company
PO Box 469012
San Antonio, TX 78216

61. Cape Crossing Vacation Rentals, LLC
4409 Hoffner Avenue #348
Orlando, FL 32812

62. Factors Construction
4409 Hoffner Avenue
Orlando, FL 32812

63. Tri Star
14556 Saint Georges Hill Drive
Orlando, FL 32828

64. Tiered Capital, Inc.
4409 Hoffner Avenue
Orlando, FL 32812

65. Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

66. Truist Bank
Truist Bank, Support Services
P.O. Box 1847 / 100-50-01-51
Wilson, NC 27894

67. JPMorgan Chase Bank, N.A.
c/o Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

68. Cherry Village GP, LLC
c/o Joseph R. Prochaska, Esq.
Reno & Cavanaugh, PLLC
424 Church Street, Suite 2910
Nashville, TN 37219

69. Austin Commons GP, LLC
c/o Joseph R. Prochaska, Esq.
Reno & Cavanaugh, PLLC
424 Church Street, Suite 2910
Nashville, TN 37219

70. Frank L. Amodeo
1311 Hoffner Avenue
Orlando, FL 32809